## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CLOVER COFFIE, ELIJAH SMITH, and
SHANTE LEGRAND, each individually and
on behalf of all others similarly situated;

Case No. 19-cv-80730-RS

      Plaintiffs,

CLASS ACTION

vs.

Hon. Rodney Smith

FLORIDA CRYSTALS CORPORATION,
a Delaware corporation;
SUGAR CANE GROWERS COOPERATIVE OF FLORIDA,
a Florida not for profit corporation;
UNITED STATES SUGAR CORPORATION,
a Delaware corporation;
FLO-SUN INCORPORATED, a Florida corporation;
AMERICAN SUGAR REFINING, INC.,
a Delaware corporation,
OKEELANTA CORPORATION, a Delaware corporation;
OSCEOLA FARMS CO., a Florida corporation;
SUGARLAND HARVESTING Co.,
a Florida not for profit corporation;
TRUCANE SUGAR CORPORATION,
a Florida corporation; INDEPENDENT
HARVESTING, INC., a Florida corporation;
KING RANCH, INC., a Delaware corporation;
J & J AG PRODUCTS, INC., a Florida corporation;
and Does 1-50;

      Defendants

_____

**MOTION OF DEFENDANTS UNITED STATES SUGAR CORPORATION,
INDEPENDENT HARVESTING, INC., SUGARLAND HARVESTING CO., SUGAR
CANE GROWERS COOPERATIVE OF FLORIDA, TRUCANE SUGAR
CORPORATION, KING RANCH, INC., AND J & J AG PRODUCTS, INC.
TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT AND
SUPPORTING MEMORANDUM OF LAW**

## TABLE OF CONTENTS

Page

INTRODUCTION ......................................................................................................... 1

BACKGROUND ........................................................................................................... 3

ARGUMENT ................................................................................................................ 5

I.      All Of Plaintiffs' Claims Must Be Dismissed Because Plaintiffs Lack Article III
        Standing. ........................................................................................................... 6

II.     All Of Plaintiffs' Claims Must Be Dismissed Because They Are Barred By Florida's
        Right To Farm Act. ........................................................................................... 8

III.    Plaintiffs' Claim For Injunctive Relief Must Be Dismissed Because It Is Subject
        To The Florida Forest Service's Primary Jurisdiction Over Pre-Harvest Burn Permits... 11

CONCLUSION ............................................................................................................. 15

## <u>TABLE OF AUTHORITIES</u>

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)............................................................................................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................................5

*Ehler v. LVDVD, L.C.*,
    319 S.W.3d 817 (Tex. Ct. App. 2010) ...............................................................10

*Flo-Sun, Inc. v. Kirk*,
    783 So.2d 1029 (Fla. 2001)........................................................................ *passim*

*Hill Top Developers v. Holiday Pines Serv. Corp.*,
    478 So. 2d 368 (Fla. 2d DCA 1985) .................................................................11

*Himsel v. Himsel*,
    122 N.E.3d 935 (Ind. Ct. App. 2019)................................................................10

*Key Haven Associated Enters. v. Bd. of Trustees*,
    427 So. 2d 153 (Fla. 1982)...............................................................................12

*Lombardozzi v. Taminco US Inc.*,
    2016 WL 4483856 (N.D. Fla. Aug. 24, 2016)..................................................13

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)............................................................................................6

*Pasco Cty. v. Tampa Farm Servs., Inc.*,
    573 So. 2d 909 (Fla. 2d DCA 1991) ..................................................................8

*Pope v. City of Clearwater*,
    138 F.R.D. 141 (M.D. Fla. 1991).......................................................................6

*Prado-Steinman ex rel. Prado v. Bush*,
    221 F.3d 1266 (11th Cir. 2000) ..........................................................................6

*Prior v. White*,
    80 So. 347 (Fla. 1938).......................................................................................11

*Rancho Viejo LLC v. Tres. Amigos Viejos LLC*,
    123 Cal. Rptr. 479 (Cal. Ct. App. 2002) ..........................................................10

*Shamblin v. Obama for Am.*,
   2015 WL 1754628 (M.D. Fla. Apr. 17, 2015) ..........................................................6

*Simon v. E. Ky. Welfare Rights Org.*,
   426 U.S. 26 (1976) ......................................................................................................6

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016) ................................................................................................6

*Stewart v. Bureaus Inv. Grp. #1, LLC*,
   24 F. Supp. 3d 1142 (M.D. Ala. 2014) .......................................................................6

*Swartout v. Raytheon*,
   2008 WL 2756577 (M.D. Fla. July 14, 2008) ...........................................................13

*Toback v. GNC Holdings, Inc.*,
   2013 WL 5206103 (S.D. Fla. Sept. 13, 2013) ............................................................6

*United States v. W. Pac. R.R. Co.*,
   352 U.S. 59 (1956) ....................................................................................................11

**Statutes**

Fla. Stat. § 376.313 .........................................................................................................1

Fla. Stat. § 590.02(10)(a) ......................................................................................2, 11, 14

Fla. Stat. § 590.125 ..................................................................................................1, 3, 10

Fla. Stat. § 823.14 .............................................................................................2, 8, 9, 10

**Other Authorities**

Fed. R. Civ. P. 8 ..............................................................................................................1

Fed. R. Civ. P. 12(b)(6) ...................................................................................................1

Fla. Admin. Code § 5I.2.006 ....................................................................................1, 3, 4, 8

1 *Newburg on Class Actions* § 2:5 (5th ed. 2011) ..........................................................6

Defendants United States Sugar Corporation ("U.S. Sugar"), Independent Harvesting, Inc. ("Independent"), Sugarland Harvesting Co. ("Sugarland"), Sugar Cane Growers Cooperative of Florida (the "Cooperative"), Trucane Sugar Corporation ("Trucane"), King Ranch, Inc. ("King Ranch"), and J & J Ag Products, Inc. ("J & J") move to dismiss Plaintiffs' First Amended Class Action Complaint (the "Complaint") pursuant to Fed. R. Civ. P. 8 and 12(b)(6). U.S. Sugar, Independent, Sugarland, Cooperative, Trucane, King Ranch, and J & J have worked diligently with other defendants to comply with this Court's September 20, 2019 briefing order (Dkt. 57) and join in Parts III (ultrahazardous activity claim), IV (medical monitoring claim), and V (injunctive relief claim) of Defendant Florida Crystals Corporation's Motion to Dismiss. We set out here our position on other issues.

## INTRODUCTION

Plaintiffs Clover Coffie, Elijah Smith, and Shante Legrand filed this putative class action challenging the pre-harvest burning of sugarcane in and around the towns of Belle Glade, South Bay, Pahokee, Clewiston, and Moore Haven, in the area south and east of Lake Okeechobee. Pre-harvest burning is a safe, century-old method of harvesting that is strictly regulated and performed under permits issued daily by the Florida Forest Service pursuant to Fla. Stat. § 590.125 and Fla. Admin. Code § 5I.2.006. Plaintiffs sued twelve defendants who allegedly engage in pre-harvest burning in and around Belle Glade, South Bay, Pahokee, Clewiston, and Moore Haven.  Plaintiffs assert causes of action for negligence, ultrahazardous activity, strict liability under Fla. Stat. § 376.313, trespass, nuisance, medical monitoring, and injunctive relief.

Plaintiffs' Complaint should be dismissed for several independent reasons. ***First***, Plaintiffs lack Article III standing. Even in a putative class action, the named plaintiffs are required to trace their alleged injuries to each defendant and cannot rely on absent class members. The Complaint makes no effort to trace Plaintiffs' alleged injuries to *any* defendant,

1

including movants here. Coffie and Smith seek to represent all property owners across an expansive "Affected Area" in Belle Glade, South Bay, Pahokee, Clewiston, and Moore Haven, but the Complaint contains no factual allegations to state a plausible claim that Coffie's and Smith's properties were damaged by any particular defendant, let alone all of them. Similarly, Legrand seeks to represent residents of Belle Glade, South Bay, Pahokee, Clewiston, and Moore Haven in seeking medical monitoring, but the Complaint contains no factual allegations to state a plausible claim that Legrand was exposed to pollutants from pre-harvest burning performed by any particular defendant, let alone all of them.  Plaintiffs' lack of Article III standing requires dismissal of all of their claims.

*Second*, pre-harvest burning of sugarcane is protected by Florida's Right to Farm Act ("RTFA"), Fla. Stat. § 823.14. The RTFA protects farmers from nuisance and related claims where a farm operation has been in operation for more than one year, was not a nuisance when first established, and conforms to generally accepted agricultural and management practices. *Id.* § 823.14(4)(a). Plaintiffs' claims are precisely the type of claims that the RTFA was designed to protect against. The Complaint readily establishes that the RTFA applies here, and makes no attempt to allege otherwise. The RTFA requires dismissal of all of Plaintiffs' claims. Plaintiffs cannot use tort claims to dictate that farmers practice Plaintiffs' preferred farming method.

*Third*,  Plaintiffs' claim for injunctive relief seeking to enjoin all future pre-harvest burning falls squarely within the primary jurisdiction doctrine. By statute, the decision on whether to grant permits for a pre-harvest burn is exclusively entrusted to the Florida Forest Service and is beyond the ordinary experience of judges and juries. *See* Fla. Stat. § 590.02(10)(a) (granting the Forest Service "exclusive authority" over permits for agricultural burning). The Florida Supreme Court held as much in *Flo-Sun, Inc. v. Kirk*, 783 So.2d 1029, 1037 (Fla. 2001),

another putative class action filed by Belle Glade residents against U.S. Sugar and others over the pre-harvest burning of sugarcane (among other practices). Plaintiffs' attempt to re-litigate the same request for injunctive relief that failed in *Kirk* must be rejected. Thus, even if the Complaint otherwise survived (and it should not), Plaintiffs' claim for injunctive relief should be dismissed.

## BACKGROUND

### *Pre-Harvest Sugarcane Burning*

Plaintiffs challenge the longstanding practice of pre-harvest burning of sugarcane in the area south and east of Lake Okeechobee. Compl. ¶ 1. Sugarcane cultivation in the area dates back to at least the early 1930s. *Id.* ¶¶ 28, 39. Prior to harvesting sugarcane stalks from about October to March, sugar companies first complete pre-harvest burning. *Id.* ¶ 45. That process consists of setting a controlled fire to a 40-80 acre sugarcane field to burn off the outer leaves from the cane stalks, which are full of water and thus do not ignite or burn. *Id.* ¶¶ 45, 47. As Plaintiffs acknowledge, pre-harvest burning has benefits and makes the harvesting and processing of cane stalks quicker and easier. *Id.* ¶ 46. Among other benefits, pre-harvest burning facilitates the harvesting process by removing excess biomass, reduces dangers from snakes and insects, and increases the sugar content of the stalk by evaporating water. *Id.*

Pre-harvest sugarcane burning is regulated by the Florida Forest Service. *Id.* ¶ 47; *see* Fla. Stat. § 590.125; Fla. Admin. Code § 5I.2.006. Each burn is performed under a Forest Service permit for the particular burn. *See* Fla. Stat. § 590.125(3); Fla. Admin. Code § 5I.2.006(2). Permits are issued the day of the burn, or for early morning burns, the night before. *Id.* § 5I.2.006(1). In advance of each burn, the operator completes a "prescription" providing the details of the proposed burn, including a site description, map, fire breaks, personnel and equipment, desired weather factors, desired fire behavior factors, and an evaluation of

anticipated impacts on smoke sensitive areas. *Id.* § 5I.2.006(2)(a). The Forest Service then sets any "special requirements … in order to protect public health and safety," including onsite inspections, restricting wind direction, limiting burn periods, and requiring specific personnel and equipment onsite. *Id.* The Forest Service also "plot[s] [the] burn on a map and generate[s] a smoke plume … to make sure there are no potential problems with the smoke." Florida Forest Service, *Steps to get a prescribed burning authorization in Florida* (Ex. A).[1] And the Forest Service continues to update and enhance its regulation of pre-harvest sugarcane burns. *See* Florida Forest Service, *Procedures for Burning Sugarcane* (Sept. 30, 2019) (Ex. B); Agriculture Comm'r Nicole Fried, Press Release (Oct 1, 2019) (Ex. C).[2] If conditions are not appropriate, the Forest Service will deny the burn permit, forcing the operator to use other harvesting methods (or forego harvesting that day). Compl. ¶ 57. Moreover, if, during a burn, the Forest Service "determines that there is a threat to life, public safety or property," it will take "immediate suppression action." Fla. Admin. Code § 5I.2.006(1).

*Plaintiffs' Allegations*

Coffie owns real property in Belle Glade, purportedly "in close proximity to many of Defendants' sugarcane fields." Compl. ¶ 7. Smith owns property in Clewiston, also purportedly "in close proximity to many of Defendants' sugarcane fields, and which, upon information and belief, is harmed by burning fields in Palm Beach County." *Id.* ¶ 8. Without providing factual allegations concerning any particular burn performed by any particular defendant at any particular location, Plaintiffs allege generally that sugarcane burning emits smoke and ash that

---

[1] *Available at* https://www.freshfromflorida.com/content/download/39865/868283/prescribed_burning_authorization_steps.pdf (last visited Oct. 18, 2019).

[2] *Available at* https://www.fdacs.gov/News-Events/Press-Releases/2019-Press-Releases/Commissioner-Nikki-Fried-Announces-Major-Changes-to-Prescribed-Burning (last visited Oct. 18, 2019).

they refer to as "black snow" and that "black snow" is deposited on real properties, requires pressure washing, and either decreases property values or precludes properties from "participat[ing] in the general rise in property values, and economic stimulus programs." *Id.* ¶¶ 52, 56. Plaintiffs define the "Affected Area" as various township and range areas associated with Belle Glade, South Bay, Pahokee, Clewiston, and Moore Haven. *Id.* ¶¶ 1, 6. Coffie and Smith seek to represent a "Property Owner Class" of all persons and legal entities that own, or at any time within the applicable statute of limitations period owned, real property within the "Affected Area." *Id.* ¶ 122.

Legrand lives in Belle Glade, purportedly "in close proximity to many of Defendants' sugarcane fields." *Id.* ¶ 9. Again without providing factual allegations concerning any particular burn performed by any particular defendant at any particular location, Plaintiffs allege that Legrand has been exposed to pollutants from pre-harvest burning. *Id.* Plaintiffs vaguely allege, on information and belief, that residents of the "Affected Area" have experienced a higher incidence of respiratory conditions such as asthma. *Id.* ¶¶ 76-77. Legrand seeks to represent a "Medical Monitoring Class" of all persons who have resided in the "Affected Area" for at least one burn season during the applicable statute of limitations period. *Id.* ¶ 123.

Excluded from the putative classes are all employees of any Defendant, and members of their immediate families, among others. *Id.* ¶ 124.

## ARGUMENT

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility" only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts insist upon "'specificity in pleading' … to avoid

the potentially enormous expense of discovery in cases with no 'reasonably founded hope'" of success. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007).

## I.     All Of Plaintiffs' Claims Must Be Dismissed Because Plaintiffs Lack Article III Standing.

Article III standing requires that the "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). In a putative class action, the named plaintiffs must have standing in their own right. *Id.* at 1547 n.6 ("That a suit may be a class action … adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.") (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) (internal citations omitted)). Moreover, "at least one named class representative [must have] Article III standing to raise each class subclaim." *Prado-Steinman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279-80 (11th Cir. 2000).

Furthermore, in a multi-defendant class action like this, "the class representative herself must have Article III standing to sue each named defendant." *Stewart v. Bureaus Inv. Grp. #1, LLC*, 24 F. Supp. 3d 1142, 1154 (M.D. Ala. 2014); *see Shamblin v. Obama for Am.*, 2015 WL 1754628, at *4 (M.D. Fla. Apr. 17, 2015) ("'The plaintiff's standing to bring an action against each defendant named in the Complaint must be established independently of [Rule] 23.'"); *Pope v. City of Clearwater*, 138 F.R.D. 141, 145 (M.D. Fla. 1991) ("'The plaintiff must establish his personal standing to sue each defendant….'"); 1 *Newburg on Class Actions* § 2:5 (5th ed. 2011)

6

("class representatives do not have standing to sue defendants who have not injured them, even if those defendants allegedly injured other class members."); *see also Toback v. GNC Holdings, Inc.*, 2013 WL 5206103, at *4-5 (S.D. Fla. Sept. 13, 2013) (holding that named plaintiff lacked standing to raise claims concerning products he did not personally purchase).

Here, two named plaintiffs—Coffie and Smith—allegedly own property in the area of Belle Glade, South Bay, Pahokee, Clewiston, and Moore Haven and seek to represent a "Property Owner Class" of all property owners in the "Affected Area" south and east of Lake Okeechobee. Compl. ¶¶ 1, 7-8, 122. Similarly, a single named plaintiff—Legrand—allegedly resides in the "Affected Area" and seeks to represent a "Medical Monitoring Class" of all residents who have lived in the "Affected Area" for at least one burn season within the limitations period. *Id.* ¶¶ 1, 9, 123. The Complaint, however, is entirely devoid of factual allegations to plausibly trace Plaintiffs' alleged injuries to all Defendants or to any defendant in particular.

With respect to Coffie's and Smith's property damage claims, the Complaint alleges that Coffie and Smith own real property located in Belle Glade and Clewiston, respectively, and that their properties are "in close proximity to *many* of Defendants' sugarcane fields." Compl. ¶¶ 7-8 (emphasis added). The Complaint therefore seemingly concedes that Coffie and Smith cannot trace their alleged property damage to *all* defendants. The Complaint also makes no effort to trace Coffie's or Smith's alleged property damage to any particular defendant. The Complaint does not allege which defendants have sugarcane fields in purported "close proximity" to Coffie's or Smith's property, nor does the Complaint allege any other facts to state a plausible claim that Coffie's or Smith's property was damaged by a particular defendant's pre-harvest burning. For example, the Complaint does not identify the specific locations or dates of any

particular burns or how those burns purportedly impacted Coffie's or Smith's property. *See, e.g.,* *id.* ¶ 8 (alleging only "on information and belief" and in conclusory fashion that Smith's property in Clewiston "is harmed by burning fields in Palm Beach County").

With respect to Legrand's medical monitoring claim, the Complaint alleges that Legrand lives somewhere in Belle Glade. Compl. ¶ 9. The Complaint does not allege that Legrand was exposed to pollutants from any particular defendant's pre-harvest burning. It does not identify the specific locations or dates of any particular burns or how Legrand was allegedly exposed to those burns.

These missing allegations are critical because open burning permits issued by the Florida Forest Service specifically require burners to avoid impacts on populated areas, and burn permits are not issued if weather conditions on a particular day are not appropriate. *See supra* at 3-4; Fla. Admin. Code § 5I-2.006; Compl. ¶ 57 (acknowledging that burn permits are "occasionally" denied by the Forest Service). Thus, it is not enough to establish standing merely to allege in conclusory fashion that the defendants engaged in pre-harvest burning in the general area "south and east of Lake Okeechobee." *E.g.,* Compl. ¶ 1. The Complaint must allege sufficient factual matter to plausibly trace Coffie's, Smith's, and Thompson's alleged property damages and exposures to each particular defendant. The Complaint makes no effort to do so and should be dismissed for lack of standing for this reason alone.

## II.    All Of Plaintiffs' Claims Must Be Dismissed Because They Are Barred By Florida's Right To Farm Act.

Florida's Right to Farm Act (the "RTFA") protects longtime farm operations—including pre-harvest burning of sugarcane—from nuisance and similar claims like those asserted here. The RTFA provides that "[n]o farm operation which has been in operation for 1 year or more since its established date of operation and which was not a nuisance at the time of its established

date of operation shall be a public or private nuisance if the farm operation conforms to generally accepted agricultural and management practices." Fla. Stat. § 823.14(4)(a).

The Florida legislature enacted the RTFA "to protect established farmers from the expenses and harassment of lawsuits aimed at declaring this vital industry to be a nuisance." *Pasco Cty. v. Tampa Farm Servs., Inc.*, 573 So. 2d 909, 912 (Fla. 2d DCA 1991); *see* Fla Stat. § 823.14(2) ("It is the purpose of this act to protect reasonable agricultural activities conducted on farm land from nuisance suits."). The legislature specifically found (*id.*) that:

> agricultural production is a major contributor to the economy of the state; that agricultural lands constitute unique and irreplaceable resources of statewide importance; that the continuation of agricultural activities preserves the landscape and environmental resources of the state, contributes to the increase of tourism, and furthers the economic self-sufficiency of the people of the state; and that the encouragement, development, improvement, and preservation of agriculture will result in a general benefit to the health and welfare of the people of the state.

Pre-harvest sugarcane burning falls squarely within the protection of the RTFA. First, pre-harvest sugarcane burning is a "farm operation." The RTFA broadly defines "farm operation" as "all conditions or activities … which occur on a farm in connection with the production of farm … products," specifically including, but not limited to, "the generation of noise, odors, dust, and fumes." Fla. Stat. § 823.14(3)(b); *see also id.* § 823.14(3)(c) (defining "farm product" as "any plant, as defined in s. 581.011 … and includes, but is not limited to, any product derived therefrom"); *id.* § 581.011 (27) (defining "plants and plant products" as "trees, shrubs, vines, forage and cereal plants, and all other plants and plant parts, including cuttings, grafts, scions, buds, fruit, vegetables, roots, bulbs, seeds, wood, lumber, and all products made from them").

Second, pre-harvest sugarcane burning is a "generally accepted agricultural and management practice." Fla. Stat. § 823.14(4)(a). As the Complaint admits (at ¶¶ 44-47), pre-harvest burning is a longstanding practice in Palm Beach County and elsewhere in Florida that, among other things, (i) facilitates harvesting by removing excess biomass; (ii) reduces dangers from snakes and insects; and (iii) increases the sugar content of the stalk by evaporating water. Indeed, burns are statutorily permitted and strictly regulated by the Florida Forest Service, showing that burning is "generally accepted" as an appropriate agricultural practice by regulators and the legislature. Fla. Stat. § 590.125.

Finally, there is no allegation anywhere in the Complaint that pre-harvest burning was a nuisance to Plaintiffs or anyone else at the time of U.S. Sugar's established date of operation going as far back as the early 1930s. *E.g.,* Compl. ¶ 39 (alleging that U.S. Sugar was formed when Charles Stuart Mott purchased assets near Clewiston from Southern Sugar Company); *see* Fla. Stat. § 823.14(3)(d) (defining "established date of operation" as "the date the farm operation commenced"). Nor does the Complaint allege that sugarcane burning was recognized as a nuisance before any other defendant began operations. The Complaint therefore does not allege any basis for avoiding the RTFA's application.

On its face, the RTFA bars all claims for "public or private nuisance." Fla. Stat. § 823.14(4)(a). Courts, however, have prevented plaintiffs from circumventing the protections afforded by right to farm laws like Florida's by packaging nuisance claims as a trespass or some other cause of action. *See*, *e.g.*, *Himsel v. Himsel*, 122 N.E.3d 935, 945 (Ind. Ct. App. 2019) (holding that plaintiffs could not "create an end run around the protections of the RTFA" by bringing trespass and negligent siting claims); *Ehler v. LVDVD, L.C.*, 319 S.W.3d 817, 823-24 (Tex. Ct. App. 2010) ("Permitting [plaintiffs] to avoid the application of [the statute] by pleading

10

a nuisance action as a trespass would eviscerate the statute and deny [defendants] the protection intended by the Legislature when it passed the Right to Farm Act."); *Rancho Viejo LLC v. Tres. Amigos Viejos LLC*, 123 Cal. Rptr. 479, 488 (Cal. Ct. App. 2002) ("a plaintiff cannot avoid the immunity provided by the statute by simply recharacterizing or relabeling the conduct in the guise of trespass to bring it outside the statute.").

All Plaintiffs' claims come down to allegations that that pre-harvest sugarcane burning is a nuisance, *i.e.*, that it "either annoys, injures, or endangers the comfort, health, repose or safety of the citizen, or which unlawfully interferes with or tends to obstruct, or in any way renders unsafe and unsecure other persons in life or in the use of their property." *Prior v. White*, 80 So. 347, 355 (Fla. 1938). The RTFA therefore bars not only Plaintiffs' nuisance claims, but all of their claims, which for that reason must be dismissed.

**III.    Plaintiffs' Claim For Injunctive Relief Must Be Dismissed Because It Is Subject To The Florida Forest Service's Primary Jurisdiction Over Pre-Harvest Burn Permits.**

While most of Plaintiffs' claims seek monetary damages, in Count VII, Plaintiffs seek injunctive relief enjoining "[a]ll future pre-harvest burning within the Affected Area." Compl. ¶ 189. That broad request for injunctive relief squarely implicates the Florida Forest Service's extensive expertise and jurisdiction over prescribed burning. By statute, "the Florida Forest Service has *exclusive authority* to require and issue authorizations for ... agricultural ... burning. An agency, commission, department, county, municipality, or other political subdivision of the state may not adopt or enforce laws, regulations, rules, or policies pertaining to ... agricultural ... burning." Fla. Stat. § 590.02(10)(a) (emphasis added). Under Florida's primary jurisdiction doctrine, the Court should defer to the Florida Forest Service. The Florida Supreme Court addressed this exact issue and held as much in *Kirk*, 783 So. 2d at 1037-40.

11

The primary jurisdiction doctrine is "designed and intended to achieve a 'proper relationship between the courts and administrative agencies charged with particular regulatory duties.'" *Hill Top Developers v. Holiday Pines Serv. Corp.*, 478 So. 2d 368, 370 (Fla. 2d DCA 1985) (quoting *United States v. W. Pac. R.R. Co.*, 352 U.S. 59, 63 (1956)). The doctrine provides that "when a party seeks to invoke the original jurisdiction of a trial court by asserting an issue which is beyond the ordinary experience of judges and juries, but within an administrative agency's special competence, the court should refrain from exercising its jurisdiction over that issue until such time as the issue has been ruled upon by the agency." *Kirk*, 783 So. 2d at 1037. The doctrine "enables a court to have the benefit of an agency's experience and expertise in matters with which the court is not familiar, protects the integrity of the regulatory scheme administered by the agency, and promotes consistency and uniformity in areas of public policy. *Id.* (citing *Key Haven Associated Enters. v. Bd. of Trustees*, 427 So. 2d 153, 157 (Fla. 1982)).

The Florida Supreme Court addressed the primary jurisdiction doctrine when residents of Belle Glade filed a putative class action challenging pre-harvest burning (among other practices) in the mid-1990s. In *Kirk*, Belle Glade residents filed suit against U.S. Sugar and other defendants for allegedly "maintain[ing] a public nuisance by engaging in the cultivation, harvesting, and processing of sugar cane in a manner that annoys the community," including through the use of pre-harvest burning. 783 So. 2d at 1032; *see Kirk et al. v. U.S. Sugar Corp. et al.*, Case No. CL 95-8733, Second Am. Compl. ¶ 6(c) (Fla. Cir. Ct. Jan. 7, 2000) (alleging that U.S. Sugar and other defendants created a nuisance by "harvesting crops in a manner which includes the use of intentionally set fires releasing vast quantities of smoke, cinders, soot, and other particulate matter into the air, which also negatively impacts upon the quality of air extending substantially beyond the boundaries of Defendants' own land") (Ex. D). Like here, the

12

plaintiffs in *Kirk* sought injunctive relief enjoining pre-harvest burning (and other practices). *Id.* at p. 6.

The Florida Supreme Court held that public nuisance claims seeking injunctive relief were appropriately stayed under the primary jurisdiction doctrine, finding that "it is abundantly apparent that the comprehensive legislative scheme established to deal with environmental concerns is aptly suited to address the complex technical issues that may arise in the case." *Kirk*, 783 So. 2d at 1040.  The Court further explained that "[t]his legislative scheme is implemented by numerous volumes of regulations containing extensively detailed, scientific criteria and is enforced by agencies having the required experience and expertise…. These are not simple, routine matters which may be easily understood by trial judges and juries." *Id.* The applicability of *Kirk* to this case is underlined by the Florida Forest Service's ongoing refinement of its burn permit procedures, which were recently revised to even more strongly regulate when and where pre-harvest burns are permitted and how they must be conducted, in keeping with industry practice. *See* Florida Forest Service, *Procedures for Burning Sugarcane* (Sept. 30, 2019) (Ex. B); Agriculture Comm'r Nicole Fried, Press Release (Oct 1, 2019) (Ex. C).

In *Kirk*, the trial court had distinguished between claims for public nuisance seeking injunctive relief, which were stayed by the primary jurisdiction doctrine, and private damage claims, which were not stayed. 783 So. 2d at 1033 n.2. After *Kirk*, other courts have recognized the same distinction. *See Lombardozzi v. Taminco US Inc.*, 2016 WL 4483856, at *1-4 (N.D. Fla. Aug. 24, 2016) (rejecting primary jurisdiction challenge to tort claims "for [d]amages," but finding that public nuisance claim "for injunctive relief … may require dismissal or abatement" under the primary jurisdiction doctrine); *Swartout v. Raytheon*, 2008 WL 2756577, at *3 (M.D. Fla. July 14, 2008) (declining to apply primary jurisdiction doctrine to claims seeking "damages

13

for the loss of use and decrease in property value caused by the contaminants, not the general enforcement of the state's pollution laws in the form of an adjudication of a public nuisance").

Here, although Plaintiffs have carefully avoided pleading a public nuisance claim, Plaintiffs assert a separate cause of action seeking injunctive relief banning all future pre-harvest burning throughout the "Affected Area." Compl. ¶¶ 183-89. That is the same relief sought by the plaintiffs in *Kirk*. As in *Kirk*, Plaintiffs' request for injunctive relief falls squarely within the purview of the Florida Forest Service and its "exclusive authority" over "agricultural … burning." Fla. Stat. § 590.02(10)(a). Plaintiffs' request for injunctive relief falls directly under *Kirk* and the primary jurisdiction doctrine and therefore must be dismissed.

Finally, in *Kirk*, the Florida Supreme Court acknowledged an exception to the primary jurisdiction doctrine where an administrative agency has committed "egregious or devastating" errors. 783 So. 2d at 1038. This exception presents a high bar. As the Court explained (*id.*), a plaintiff generally must allege that Florida's Administrative Procedure Act ("APA"), Fla. Stat. ch. 120, "provides no remedy" and satisfy the following criteria:

> (1) the complaint must demonstrate some compelling reason why the APA … does not avail the complainants in their grievance against the agency; or (2) the complaint must allege a lack of general authority in the agency and, if it is shown, that the APA has no remedy for it; or (3) illegal conduct by the agency must be shown and, if that is the case, that the APA cannot remedy that illegality; or (4) agency ignorance of the law, the facts, or public good must be shown and, if any of that is the case, that the [APA] provides no remedy; or (5) a claim must be made that the agency ignores or refuses to recognize related to substantial interests and refuses to afford a hearing or otherwise refuses to recognize that the complainants' grievance is cognizable administratively.

Plaintiffs do not invoke the "egregious or devastating" error exception in their Complaint. The only allegations that could possibly be construed as alleging "egregious or devastating" errors by the Florida Forest Service are the Complaint's allegations concerning the sugar

14

industry's purported "Political Influence." Compl. ¶¶ 111-120. Plaintiffs allege that the sugar industry has made "extensive" campaign contributions and has "well-funded lobbying operations," "which has allowed [the industry] to persist largely unchallenged in their archaic practice of pre-harvest sugarcane burning." *Id.* ¶¶ 112, 120. The Florida Supreme Court rejected those same allegations in *Kirk*. As the Supreme Court explained there, the plaintiffs did not allege that the APA provides no remedy but instead offered "little more than general and vague allusions relating to a governmental conspiracy propelled by campaign contributions." *Kirk*, 783 So. 2d at 1039. The Court further explained that "allegations that political contributions equate to political corruption are insufficient." *Id.*

Accordingly, Plaintiffs have not alleged any basis for avoiding the application of the primary jurisdiction doctrine, the Supreme Court's decision in *Kirk* is controlling here, and Plaintiffs' claim for injunctive relief seeking to enjoin all future pre-harvest burning in the "Affected Area" must be dismissed.

### CONCLUSION

For the foregoing reasons, the Complaint should be dismissed with prejudice.


Dated: October 18, 2019                              Respectfully submitted,

By: */s/ Gregor J. Schwinghammer, Jr.*
Gregor J. Schwinghammer, Jr.
Florida Bar No. 90158
Brian M. McPherson
Florida Bar No. 735541
GUNSTER, YOAKLEY & STEWART, P.A.
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone:  (561) 833-1970
Facsimile:  (561) 655-5677
gschwinghammer@gunster.com
bmcpherson@gunster.com

15

By: /s/ Eugene K. Pettis
Eugene K. Pettis
Florida Bar No. 508454
HALICZER PETTIS & SCHWAMM, P.A.
100 SE 3rd Avenue
Seventh Floor,
Fort Lauderdale, FL 33394
Telephone: (954) 523-9922
Facsimile:  (954) 522-2512
service@hpslegal.com


Mark Ter Molen
Timothy S. Bishop
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL  60606
Telephone:  (312) 782-0600
Facsimile:  (312) 701-7711
mtermolen@mayerbrown.com
tbishop@mayerbrown.com

*Counsel for Defendants U.S. Sugar Corporation,
Independent Harvesting, Inc., and Sugarland
Harvesting Co.*

By: /s/ Gary V. Perko
Gary K. Hunter
Florida Bar No. 949779
Gary V. Perko
Florida Bar No. 855898
Mohammad O. Jazil
Florida Bar No. 72556
HOPPING GREEN & SAMS, P.A.
119 S. Monroe Street, Suite 300
Tallahassee, FL 32301
Telephone: (850) 222-7500
Facsimile: (850) 224-8551
garyh@hgslaw.com
garyp@hgslaw.com
mjazil@hgslaw.com

David J. Abbey
Florida Bar No. 228222

16

Jennifer J. Kennedy
Florida Bar No. 517267
ABBEY, ADAMS, BYELICK & MUELLER,
LLP
3201 U.S. Highway 19 South, 9th Floor
St. Petersburg, Florida 333711
Telephone: (727) 821-2080
Facsimile: (727) 822-3970
dabbey@abbeyadams.com
kennedy@abbeyadams.com

*Counsel for Defendant Sugar Cane Growers*
*Cooperative of Florida*

By: /s/ Forrest L. Andrews
Mark A. Hendricks
Florida Bar No. 768146
Forrest L. Andrews
Florida Bar No. 17782
LYDECKER DIAZ
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Telephone: (305) 416-3180
Facsimile: (305) 416-3190
mah@lydeckerdiaz.com
fla@lydeckerdiaz.com

*Counsel for Defendant*
*Trucane Sugar Corporation*

By: /s/ Heidi M. Mitchell
Timothy J. Kiley
Florida Bar No. 0044352
Heidi M. Mitchell
Florida Bar No. 0121988
WINDERWEEDLE, HAINES, WARD
  & WOODMAN, PA
329 Park Avenue South, Second Floor
Winter Park, FL 32789
Telephone: (407) 423-4246
Facsimile: (407) 645-3728
tkiley@whww.com
hmitchell@whww.com

*Counsel for Defendant King Ranch, Inc.*

17

By: /s/ Andrew S. Connell, Jr.
Andrew S. Connell, Jr.,
Florida Bar No. 038430
LITCHFIELD CAVO, LLP
600 Corporate Drive Suite 600
Ft. Lauderdale, Florida 33334
Telephone: 954/689-3000
Facsimile: 954/689-3001
connell@litchfieldcavo.com

*Counsel for Defendant J & J Ag Products, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of October, 2019, I filed the foregoing through the

Court's CM/ECF system, which sent notification to all counsel of record.

*/s/ Gregor J. Schwinghammer, Jr.*
GREGOR J. SCHWINGHAMMER, JR.

FTL_ACTIVE 5374614.1

19