UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CLOVER COFFIE, et al.

    Plaintiffs,

vs.

FLORIDA CRYSTALS CORPORATION,
a Delaware corporation;
SUGAR CANE GROWERS COOPERATIVE OF FLORIDA,
a Florida not for profit corporation;
UNITED STATES SUGAR CORPORATION,
a Delaware corporation;
FLO-SUN INCORPORATED, a Florida corporation;
AMERICAN SUGAR REFINING, INC.,
a Delaware corporation;
OKEELANTA CORPORATION, a Delaware corporation;
OSCEOLA FARMS CO., a Florida corporation;
SUGARLAND HARVESTING CO.,
a Florida not for profit corporation;
TRUCANE SUGAR CORPORATION,
a Florida corporation;
INDEPENDENT HARVESTING, INC., a Florida corporation;
KING RANCH, INC., a Delaware corporation;
J & J AG PRODUCTS, INC., a Florida corporation; and
Does 1-50;

    Defendants.
_____/

CASE NO.: 19-CV-80730-RS

CLASS ACTION

Hon. Rodney Smith

**DEFENDANT KING RANCH INC.'S MOTION TO
<u>DISMISS IMPROPER PARTY PURSUANT TO RULE 21</u>**

Defendant, KING RANCH, INC., a Delaware corporation, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 20 and 21, hereby moves this Court to dismiss or sever King Ranch from the above-captioned action for misjoinder, and in support thereof states as follows:

1

## I.     Introduction

King Ranch should be dismissed from the First Amended Class Action Complaint filed by Plaintiffs because King Ranch is not a proper party. King Ranch is a landowner and lessor of property within the Affected Area[1], King Ranch is not engaged in the cultivation of sugarcane. King Ranch should be dropped from the instant action, or the claims against it should be severed, because there is no allegation of, or any factual basis for alleging, a connection between King Ranch and the other defendants with respect to the Plaintiffs' claims.

## II.    Factual Background

On August 28, 2019, Plaintiffs, CLOVER COFFIE, ELIJAH SMITH, and SHANTE LEGRAND (collectively hereinafter "Plaintiffs"), filed their Fist Amended Class Action Complaint (the "Complaint") challenging the pre-harvest burning of sugarcane in and around the towns of Belle Glade, South Bay, Pahokee, Clewiston and Moore Haven, in the area south and east of Lake Okeechobee. All of the allegations in the Complaint contend that all of the defendants engage in the cultivation of sugarcane, including the burning and harvesting of sugarcane. King Ranch is only an owner of land located in the Affected Area and not engaged in any of the acts that caused the alleged damage to Plaintiffs. As such, Plaintiffs cannot allege that Plaintiffs are damaged by any activity of King Ranch, or that any actions by King Ranch arise out of the same transaction, occurrence, or series of transactions or occurrences as those of the other Defendants.[2]

---

[1] All capitalized terms not defined herein will have the same meaning as in the First Amended Class Action Complaint, except King Ranch. King Ranch does not accept the Plaintiffs' definition of King Ranch as set forth in its First Amended Class Action Complaint.

[2] Concurrent with this motion, King Ranch has filed a Motion to Dismiss based in part on the failure of the Complaint to identify with any particularity what actions by King Ranch caused damaged to Plaintiffs. There is no basis to assume any relation or common transaction or occurrence between any actions by King Ranch and any of the actions by any other defendants.

### III.   Legal Standard

District courts enjoy broad discretion to sever or drop parties based on misjoinder. *See Barber v. America's Wholesale Lender*, 289 F.R.D. 364 (M.D. Fla. 2013). Rule 21 of the Federal Rules of Civil Procedure allows the Court, on its own initiative or by motion, to dismiss parties to a case. The rule specifically provides that "on motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Notably, Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, and courts therefore must look to Rule 20 for guidance. *Acevedo v. Alsup's Convenience Stores, Inc.*, 600 F.2d 516, 521 (5th Cir. 2010).

Rule 20 of the Federal Rules of Civil Procedure defines who may be permissively joined as defendants. Joinder is appropriate only if:

(A)   any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; **and**

(B)   any question of law or fact to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added). Thus, Rule 20 permits joinder of multiple defendants only if two requirements are satisfied: transactional relatedness and commonality. *See Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000). Further, courts have such broad discretion that *even* when the technical requirements of Rule 20 are met the court may sever claims and drop parties when the interests of judicial economy so require. *See Lasseter v. Restaurant Developers, LLC*, 2018 WL 4091987 (M.D. Fla. 2018); *see also Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 368 (M.D. Fla. 2013).

### IV. <u>Argument</u>: King Ranch is Not a Proper Party and Should be Dismissed

King Ranch should be dismissed because King Ranch is not a proper party to this litigation. King Ranch is solely an owner of land located in the Affected Area and not engaged in the cultivation of sugarcane. Although King Ranch owns various parcels of land located within the Affected Area, King Ranch does not engage in <u>any</u> activities related to the cultivation of sugarcane. Plaintiffs improperly join King Ranch in this action without alleging any right to relief against King Ranch that arises out of "the same transaction, occurrence, or series of transactions or occurrences" as the other defendants. Fed. R. Civ. P. 20(a)(2)(A). Further, there is no common question of law or fact because King Ranch does not engage in any activity similar to that of the other Defendants. Permissive joinder of King Ranch is not appropriate, and King Ranch is not a proper party to this action.

*King Ranch is Not Engaged in the Cultivation of Sugarcane*

Every single allegation in Plaintiffs' Complaint stems from activities associated with the cultivation of sugarcane, including the burning and harvesting of the crop. Each cause of action alleged in Plaintiffs' Complaint against King Ranch relies on the assumption that King Ranch "conducted sugarcane cultivation activities." Compl. ¶ 20. This is simply not accurate. King Ranch is a landowner and does not engage in any activities related to the growing or harvesting of sugarcane.

King Ranch leases parcels of land in the Affected Area to Big B Sugar Corporation, a Florida corporation ("Big B Sugar"). Big B Sugar is engaged in the cultivation of sugarcane on the land that it leases from King Ranch that is located in the Affected Area. King Ranch and Big B Sugar are two legally distinct entities, organized under the laws of two different states. King Ranch is a Delaware corporation organized under the laws of the state of Delaware on March 24,

2011. *See* Entity Details, *State of Delaware, Department of State: Division of Corporations*, https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx (last visited Oct. 17, 2019). Big B Sugar is a Florida corporation organized under the laws of the state of Florida on October 7, 1963. *See* Detail by Entity Name, *Division of Corporations an official State of Florida website*, http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=BIGBSUGAR%202744170&aggregateId=domp-274417-c8d9a3a3-81f1-4654-9d54-b5f2b919c3f6&searchTerm=big%20b%20sugar&listNameOrder=BIGBSUGAR%202744170 (last visited on Oct. 17, 2019). It is well settled that one corporation will not be liable for the activities of a separate and distinct legal entity. *See U.S. v. Bestfoods et al.*, 524 U.S. 51 (1988); *see also Mendez v. JFK Medical Center Limited Partnership*, 2018 WL 5045210, at *3 (S.D.Fla. Sept. 4, 2018); *Reynolds Am., Inc. v. Gero*, 56 So. 3d 117, 120 (Fla. 3d DCA 2011); *Sun Trust Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp. 2d 1246, 1268-69 (S.D. Fla. 2011). King Ranch is clearly not a proper party because it is not engaged in any of the actions about which Plaintiffs complain.

Plaintiffs also incorrectly allege that King Ranch is "the largest member of Defendant [the Sugar Cane Growers Cooperative of Florida] SCGC." Compl. ¶ 20. King Ranch is <u>not</u> a member of SCGC, and also cannot be a member of SCGC because King Ranch is not engaged in the cultivation of sugarcane. King Ranch is not a proper party to Plaintiffs' Complaint and King Ranch should be dropped as a party.

### *As an Owner and Lessor of Land King Ranch is Improperly Joined*

In addition to King Ranch being a separate and distinct entity and not engaged in any of the actions alleged by Plaintiffs in the Complaint, Plaintiffs should not join King Ranch in this litigation simply because King Ranch is a lessor. King Ranch leases land located in the Affected

Area to Big B Sugar. A lessor is not liable for the acts of the lessee. *See Bovis v. 7-Eleven, Inc.*, 505 So.2d 661, 664 (Fla. 5th DCA 1987) (stating that a lessor is not liable for injuries caused solely by lessee's operations and activities on the leased premises). Accordingly, Plaintiffs are not entitled to permissively join King Ranch because Plaintiffs are not entitled to any relief against King Ranch. Any alleged liability of King Ranch arising out of the cultivation of sugarcane is misplaced. King Ranch is not a proper party to this suit, and Plaintiffs fail to state a single cause of action against King Ranch. King Ranch is not engaged in any alleged transaction or occurrence that is the same as the other defendants, and therefore, permissive joinder is not appropriate. This Court should dismiss King Ranch from the above-styled cause of action.

## V. Conclusion

For all of the reasons set forth above, King Ranch is misjoined in this action. Plaintiffs do not assert a single cause of action against King Ranch as a lessor of parcels located within the Affected Area. King Ranch cannot be joined in this action. King Ranch is not a proper party to this lawsuit and should be dismissed entirely.

WHEREFORE, Defendant, KING RANCH, INC., respectfully requests that this Court enter an order dismissing all claims by the Plaintiffs in the First Amended Class Action Complaint against King Ranch, that King Ranch no longer be a party to this lawsuit, along with any further relief that the Court deems just and appropriate under the circumstances.

Date: October 18, 2019.

      */s/ Heidi M. Mitchell*
      Timothy J. Kiley, Esq.
      Florida Bar No.: 0044352
      Heidi M. Mitchell, Esq.
      Florida Bar No.: 0121988
      **Winderweedle, Haines, Ward**
        **& Woodman, PA**
      329 Park Avenue South, Second Floor

        Winter Park, FL 32789
        T: 407-423-4246
        F: 407-645-3728
        Email: tkiley@whww.com;
        hmitchell@whww.com
        Secondary Email: acothran@whww.com;
        thiggens@whww.com
        *Attorneys for Defendant, King Ranch, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been sent this 18th day of October, 2019 to all those listed on the attached Service List via the Court's CM/ECF service.

        */s/ Heidi M. Mitchell*
        Heidi M. Mitchell, Esq.
        Florida Bar No.: 0121988

**SERVICE LIST**
**Case # 9:19-cv-80730-RS**
*Coffie, et al. v. King Ranch, et al.*

| *Attorneys for Plaintiffs* | *Of Counsel for Plaintiffs* |
|---|---|
| Joseph C. Schultz, Esq. <br> Zachary West, Esq. <br> The Berman Law Group <br> PO Box 272789 <br> Boca Raton, FL 33427 <br> Schultz - T: 561-826-5200 <br> West - T: 352-514-3791 <br> F: 561-826-5201 <br> Primary Email:service@thebermanlawgroup.com <br> Secondary Email: jschulz@thebermanlawgroup.com <br> zwest@thebermanlawgroup.com | Matthew T. Moore, Esq. <br> Matt Moore Law <br> 330 N. Andrews Avenue, Suite 450 <br> Fort Lauderdale, FL 33301 <br> T: 954-908-7766 <br> Primary Email: matthew@mattmoore-law.com |
| *Attorneys for Defendant,* <br> *Sugar Cane Growers Cooperative of Florida* <br> Jennifer J. Kennedy, Esq. <br> Abbey, Adams, Byelick & Mueller, LLP <br> 360 Central Avenue, 11th Floor <br> St. Petersburg, FL 33711 <br> T: 727-821-2080 <br> F: 727-822-3970 <br> Email: jkennedy@abbeyadams.com <br> ServiceJKennedy@AbbeyAdams.com <br><br> David J. Abbey, Esq. <br> Abbey, Adams, Byelick & Mueller, LLP <br> 3201 US Highway 19 South, 9th Floor <br> St. Petersburg, FL 33711 <br> T: 727-821-2080 <br> Email: servicedabbey@abbeyadams.com <br> PRO HAC VICE | *Attorneys for Defendants United States Sugar* <br> *Corporation, Sugarland Harvesting Co., and* <br> *Independent Harvesting, Inc.* <br> Brian M. McPherson, Esq. <br> Gregor J. Schwinghammer, Jr., Esq. <br> Gunster, Yoakley & Stewart, PA <br> 777 S. Flagler Drive, Suite 500 East <br> West Palm Beach, FL 33401 <br> T: 561-655-1980 <br> F: 561-655-5677 <br> Primary Email: bmcpherson@gunster.com <br> gschwinghammer@gunster.com <br> Secondary Emails: eservice@gunster.com <br> jhoppel@gunster.com <br><br> Mark R. Ter Molen, Esq. <br> Timothy S. Bishop, Esq. <br> Mayer Brown, LLP <br> 71 South Wacker Drive <br> Chicago, IL 60606 <br> Ter Molen - T: 312-701-7307 <br> Bishop – T: 312-701-7829 <br> Email: mtermolen@mayerbrown.com <br> tbishop@mayerbrown.com <br> PRO HAC VICE |

| | |
|---|---|
| ***Attorneys for Florida Crystals Corporation, Flo-Sun Incorporated, American Sugar Refining, Inc., Okeelanta Corporation, and Osceola Farms***<br>Jennifer Ann McLoone, Esq.<br>Shook, Hardy & Bacon, LLP<br>201 South Biscayne Blvd., Suite 3200<br>Miami, FL 33131<br>T: 305-358-5171<br>F: 305-358-7470<br>Email: jmcloone@shb.com | ***Attorneys for Florida Crystals Corporation, Flo-Sun Incorporated, American Sugar Refining, Inc., Okeelanta Corporation, and Osceola Farms***<br>David Brent Dwerlkotte, Esq.<br>Mark D. Anstoetter, Esq.<br>Shook, Hardy & Bacon, LLP<br>2555 Grand Boulevard<br>Kansas City, MO 64108<br>T: 816-474-6550<br>Email: dbdwerlkotte@shb.com<br>manstoetter@shb.com<br>PRO HAC VICE |
| ***Attorneys for King Ranch, Inc.***<br>J. Jeffrey Deery, Esq.<br>Timothy J. Kiley, Esq.<br>Heidi M. Mitchell, Esq.<br>Winderweedle, Haines, Ward & Woodman, PA<br>329 Park Avenue South, 2nd Floor<br>Winter Park, FL 32789<br>T: 407-423-4246<br>F: 407-645-3728<br>Email:  jdeery@whww.com; tkiley@whww.com; hmitchell@whww.com<br>Secondary Email: acothran@whww.com; thiggens@whww.com | ***Attorneys for Trucane Sugar Corporation***<br>Mark A. Hendricks, Esq.<br>Forrest L. Andrews, Esq.<br>Lydecker Diaz<br>1221 Brickell Avenue, 19th Floor<br>Miami, FL 33131<br>T: 305-416-3180<br>F: 305-416-3190<br>Email:  mah@lydeckerdiaz.com; fla@lydeckerdiaz.com<br>Secondary Email:  ih@lydeckerdiaz.com; adl@lydeckerdiaz.com |
| ***Co-Counsel for US Sugar Corporation, Sugarland Harvesting Co., and Independent Harvesting, Inc.***<br>Eugene K. Pettis, Esq.<br>Haliczer Pettis & Schwamm, PA<br>One Financial Plaza, 7th Floor<br>100 SE 3rd Avenue<br>Fort Lauderdale, FL 33394<br>T: 954-523-9922<br>F: 954-522-2512<br>Email:  Service@hpslegal.com | ***Attorneys for J &J Ag Products, Inc.***<br>Andrew S. Connell, Jr., Esq.<br>Litchfield Cavo LLP<br>600 Corporate Drive, Suite 600<br>Ft. Lauderdale, FL 33334<br>T: 954-689-3000<br>F: 954-689-3001<br>Email:  Connell@litchfieldcavo.com; deatley@litchfieldcavo.com |