UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM ARMSTRONG, GLORIA ATKINS, JAMES BROOKS, CLOVER COFFIE, DEBRA JONES, SHANTE LEGRAND, DONALD MCLEAN, ROBERT REIMBOLD, ELIJAH SMITH, and LINDA WELCHER, each individually and on behalf of all others similarly situated;<br><br>    Plaintiffs,<br><br>vs.<br><br>UNITED STATES SUGAR CORPORATION, a Delaware corporation; SUGAR CANE GROWERS COOPERATIVE OF FLORIDA, a Florida not for profit corporation; FLORIDA CRYSTALS CORPORATION, a Delaware corporation; OKEELANTA CORPORATION, a Delaware corporation; OSCEOLA FARMS CO., a Florida corporation; SUGARLAND HARVESTING CO., a Florida not for profit corporation; TRUCANE SUGAR CORPORATION, a Florida corporation; INDEPENDENT HARVESTING, INC., a Florida corporation; and J & J AG PRODUCTS, INC., a Florida corporation;<br><br>    Defendants. | Case No. 19-cv-80730-RS<br><br>CLASS ACTION<br><br>Hon. Rodney Smith |

**DEFENDANTS UNITED STATES SUGAR CORPORATION, INDEPENDENT HARVESTING, INC., SUGARLAND HARVESTING CO., AND J&J AG PRODUCTS, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED CLASS ACTION COMPLAINT**

Plaintiffs notified Defendants on August 26, 2020—the same day Plaintiffs filed their motion for leave to amend (Dkt. 143)—that they would be seeking leave to file a Third Amended Complaint because of an "input error" in their preliminary air model that resulted in all of the model projections being ***overstated by a factor of 60*** in their Second Amended Complaint. Plaintiffs acknowledge that they learned of the "input error" more than two weeks earlier, on

1

August 11, 2020. But Plaintiffs took no immediate action to notify Defendants or the Court or to otherwise correct the public record.

The undersigned Defendants have now had an opportunity to review Plaintiffs' motion for leave to amend—an opportunity that Plaintiffs did not provide to Defendants in advance of their filing. Although the undersigned Defendants have profound concerns about the delay, prejudice, and futility of the proposed amendment, the undersigned Defendants do not object to the proposed amendment.[1] As Plaintiffs concede (at 1 n.3), if leave to amend is granted, Defendants' pending motions to dismiss the Second Amended Complaint (Dkt. 141-42) will become moot. To avoid further unnecessary briefing on a moot motion, the undersigned Defendants believe that it would best promote judicial economy to allow Plaintiffs leave to file the Third Amended Complaint and for Defendants to file new motions to dismiss addressing Plaintiffs' latest allegations. Although Plaintiffs' proposed amendments most obviously affect the issue of Plaintiffs' standing, their erroneous data also permeates their takings and battery claims, which also depend on whether the alleged intrusion of particulate matter from cane burning in nature or amount qualifies as a taking or battery. Judicial and party economy suggests that those issues too should be briefed in the context of the proposed Third Amended Complaint, not a superseded moot complaint.[2]

The undersigned Defendants also respectfully request that the Court award them a portion of their attorneys' fees incurred in moving to dismiss Plaintiffs' admittedly erroneous Second Amended Complaint.

---

[1] The undersigned defendants conferred with the remaining defendants but were unable to agree on how to proceed. The undersigned defendants understand that the remaining defendants will be filing their own response to Plaintiffs' motion for leave.

[2] In the event that the Court denies Plaintiffs' motion for leave to amend, the undersigned Defendants request that they be allowed seven days in which to file their reply brief on their motion to dismiss the Second Amended Complaint.

**A. Plaintiffs' Avoidable Error And Undue Delay Has Prejudiced Defendants.**

Plaintiffs concede that they retained Randy Horsak—the environmental engineer who oversaw the faulty air modeling at issue—on or about July 31, 2018, nearly a year before they filed suit on June 4, 2019. Horsak Aff. ¶ 16.[3] Plaintiffs have therefore already had more than two years to attempt to support their claims in this litigation. Nonetheless, Plaintiffs filed their original and First Amended Complaint without any actual air quality data *or* air modeling to support their claims or trace their alleged injuries to each Defendant. Dkt. 1, 10.

The Court dismissed Plaintiffs' First Amended Complaint for lack of Article III standing because Plaintiffs' allegations against the entire sugar industry across all of an approximately 675-square mile area were far too generic to plausibly trace their alleged injuries to each Defendant. *Coffie v. Florida Crystals Corp.*, 2020 WL 2739724, at *3-4 (S.D. Fla. May 8, 2020). The Court allowed Plaintiffs an opportunity to amend to attempt to cure the standing deficiencies, but warned that "Plaintiffs and their counsel shall be guided by the dictates of Federal Rule of Civil Procedure 11 in drafting their Second Amended Complaint." *Id.* at *4, 11.

On June 22, 2020—after the Court granted Plaintiffs a one-month extension of time to complete their air modeling (Dkt. 121, 126)—Plaintiffs filed the Second Amended Complaint. Dkt. 129. The next day, Plaintiffs' counsel issued a press release publicizing their preliminary air modeling. Ex. A.[4] Like the Second Amended Complaint, the press release stated that "during the five years modeled, approximately 99.8% of the receptors in the 13,000 square kilometers evaluated exceeded the 24-hour U.S. National Ambient Air Quality Standards for $PM_{2.5}$,

---

[3] Mr. Horsack did not perform the preliminary air modeling himself and appears to have limited experience in air modeling. Mr. Horsack instead contracted out the air modeling to another firm, Spirit Environmental. Horsak Aff. ¶ 17.

[4] *Available at* https://www.hbsslaw.com/cases/florida-sugar-cane-burning/pressrelease/florida-sugarcane-burning-hagens-berman-and-berman-law-group-file-amended-class-action-complaint-on-behalf-of-florida-residents-over-toxic-sugarcane-burning (last visited Aug. 31, 2020).

particulate matter that is especially damaging to human health." *Id.* Plaintiffs' press release further stated that "[i]n some cases, this modeling found an extreme impact" up to "*340 times*" NAAQS. *Id.* (emphasis in original). And Plaintiffs' counsel added that because the modeling "relies on a conservative method," "the full impact … may be significantly higher." *Id.* All that turns out to be false. Plaintiffs now concede that their air modeling was wrong.

On August 10, 2020, Defendants filed their motions to dismiss the Second Amended Complaint, which pointed out that Plaintiffs' preliminary air modeling was orders of magnitude higher than actual, publicly-available air data collected by the Florida Department of Environmental Protection and higher than data for various catastrophic events including massive California wildfires and volcanic eruptions. Dkt. 141-42. The next day, August 11, 2020, Plaintiffs' expert ran a "quality check" and discovered an "input error" that resulted in all of the model projections being overstated by a factor of 60. Motion for Leave at 1.[5] Rather than promptly notify Defendants or issue an immediate correction, however, Plaintiffs waited until August 26, 2020—the day their response to the motions to dismiss was due—to acknowledge the error.

During that 15-day gap, the press continued to publish reports of Plaintiffs' faulty air modeling. For example, on August 19, 2020, Grist.com published a lengthy article on sugarcane burning that mirrored many of the allegations in Plaintiffs' Second Amended Complaint, including the preliminary air modeling that Plaintiffs already knew was wrong:

> Over five years of air modeling conducted by experts hired by the law firm, PM 2.5 levels in the Glades exceeded national air quality standards across 99.8 percent of the roughly 5,000-square-mile

---

[5] This is not the first time that Plaintiffs' expert, Mr. Horsack, has run into trouble for relying on unreliable, preliminary data. *See Coleman v. Union Carbide Corp.*, 2013 WL 5461855, at *35 (S.D.W.V. Sept. 30, 2013) (excluding Mr. Horsack's opinions where he used preliminary testing data to fashion final opinions and "surprising[ly]" "never conducted any air sampling").

> region they modeled, the complaint states. In one extreme case, Pahokee's levels measured 340 times the national standard.

*Available at* https://grist.org/justice/the-glades-florida-sugarcane-burn/. Indeed, to this day, the press release with the faulty preliminary air modeling results remains on Plaintiffs' counsels' website (see *supra* at 3 n.4) and they have not issued any sort of retraction or correction of the false information they disseminated. In short, Defendants have been significantly prejudiced by Plaintiffs' faulty preliminary air modeling.

### B. Plaintiffs' Amendment Has Mooted Defendants' Pending Motion To Dismiss And Requires That Defendants File A New Motion To Dismiss

Not only have Defendants been prejudiced by Plaintiffs publicizing false, inflammatory data that even a modicum of consideration prior to filing their complaint would have revealed to be false, Defendants also expended resources to file a motion to dismiss based on Plaintiffs' false allegations. Because, as Plaintiffs now concede, Defendants' pending motion has been mooted by their new complaint, the undersigned Defendants plan to file a new motion to dismiss if Plaintiffs' motion to amend is granted (and, accordingly, not to file a reply brief addressing the existing motion to dismiss).

Although the undersigned Defendants do not oppose Plaintiffs' motion for leave to amend, the undersigned Defendants request that the Court award them a portion of their attorneys' fees incurred in moving to dismiss Plaintiffs' admittedly erroneous Second Amended Complaint.  While the undersigned Defendants are not seeking all of their attorneys' fees because they will be able to re-use parts of the prior motion to dismiss, some of their attorneys' fees were specific to analyzing and refuting the preliminary air modeling that Plaintiffs now concede was erroneous.  Plaintiffs—who are represented by Hagens Berman, one of the largest Plaintiffs' firms in the country—should have discovered the error long before Defendants filed

738085486.1

their motions to dismiss. Plaintiffs' preliminary air modeling was orders of magnitude higher than actual, publicly-available air data in the putative class area, and after Defendants filed their motions to dismiss, Plaintiffs' experts admittedly discovered the "input error" the next day simply by running a "quality check" on the data.

If the Court agrees that a partial award of attorneys' fees is appropriate to compensate for Defendants' wasted effort on a motion to dismiss, the undersigned Defendants will seek to negotiate a resolution with Plaintiffs and bring any dispute about the amount to this Court only if necessary.

Dated: August 31, 2020                                          Respectfully submitted,

By: */s/Gregor J. Schwinghammer, Jr.*
Gregor J. Schwinghammer, Jr.
Florida Bar No. 90158
Brian M. McPherson
Florida Bar No. 735541
GUNSTER, YOAKLEY & STEWART, P.A.
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone:  (561) 833-1970
Facsimile:  (561) 655-5677
gschwinghammer@gunster.com
bmcpherson@gunster.com

By: */s/Eugene K. Pettis*
Eugene K. Pettis
Florida Bar No. 508454
HALICZER PETTIS & SCHWAMM, P.A.
100 SE 3rd Avenue
Seventh Floor,
Fort Lauderdale, FL 33394
Telephone: (954) 523-9922
Facsimile:  (954) 522-2512
service@hpslegal.com

Mark Ter Molen
Timothy S. Bishop
MAYER BROWN LLP
71 South Wacker Drive

6

738085486.1

Chicago, IL  60606
Telephone:  (312) 782-0600
Facsimile:  (312) 701-7711
mtermolen@mayerbrown.com
tbishop@mayerbrown.com

*Counsel for Defendants U.S. Sugar Corporation, Independent Harvesting, Inc., and Sugarland Harvesting Co.*

By: */s/ Andrew S. Connell, Jr.*
Andrew S. Connell, Jr.,
Florida Bar No. 038430
LITCHFIELD CAVO, LLP
600 Corporate Drive Suite 600
Ft. Lauderdale, Florida 33334
Telephone: 954/689-3000
Facsimile: 954/689-3001
connell@litchfieldcavo.com

*Counsel for Defendant J & J Ag Products, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of August, 2020, I filed the foregoing through the Court's CM/ECF system, which sent notification to all counsel of record.

*/s/ Gregor J. Schwinghammer, Jr.*