UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM ARMSTRONG, GLORIA ATKINS, JAMES BROOKS, CLOVER COFFIE, DEBRA JONES, SHANTE LEGRAND, DONALD MCLEAN, ROBERT REIMBOLD, ELIJAH SMITH, and LINDA WELCHER, each individually and on behalf of all others similarly situated; <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES SUGAR CORPORATION, a Delaware corporation; SUGAR CANE GROWERS COOPERATIVE OF FLORIDA, a Florida not for profit corporation; FLORIDA CRYSTALS CORPORATION, a Delaware corporation; OKEELANTA CORPORATION, a Delaware corporation; OSCEOLA FARMS CO., a Florida corporation; SUGARLAND HARVESTING CO., a Florida not for profit corporation; TRUCANE SUGAR CORPORATION, a Florida corporation; INDEPENDENT HARVESTING, INC., a Florida corporation; and J & J AG PRODUCTS, INC., a Florida corporation; <br><br> Defendants | Case No. 19-cv-80730-RS <br><br> CLASS ACTION <br><br> Hon. Rodney Smith |

**DEFENDANTS FLORIDA CRYSTALS CORPORATION,
OSCEOLA FARMS CO., OKEELANTA CORPORATION, AND SUGAR CANE
GROWERS COOPERATIVE OF FLORIDA'S RESPONSE IN
<u>OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND</u>**

Florida Crystals Corporation, Osceola Farms Co., Okeelanta Corporation, and Sugar Cane Growers Cooperative of Florida ("Defendants") oppose Plaintiffs' Motion for Leave to Amend. For well over the past year, Defendants have been forced to defend themselves in court and in the media against ever-changing claims brought by a revolving door of plaintiffs. This Court also has been forced to expend resources on a case that has no merit. Now, Plaintiffs attempt for a fourth time to set forth allegations they believe should survive motions to dismiss. For all the reasons stated in Defendants' motions to dismiss, Plaintiffs' latest attempt fails. That Plaintiffs claim to have now corrected what should have been a glaring over-calculation in their hypothetical air

1

modeling does nothing to save their claims, nor does admitting to the inherent manipulability of such modeling make their claims any more plausible. Indeed, the iteration of Plaintiffs' claims in the Third Amended Complaint is even less plausible than those stated in the Second Amended Complaint, as Plaintiffs have been forced to walk back their prior allegations that all areas in the "Hazard Zone" have air quality exceedances. Plaintiffs' motion for leave should be denied.

## BACKGROUND

Plaintiffs Clover Coffie and Jennie Thompson filed the first iteration of this lawsuit on June 4, 2019. [ECF No. 1] Though the filing of the lawsuit was accompanied by a press conference, *see e.g.,* https://www.youtube.com/watch?v=QIlLJD5FKF4, last accessed Sept. 4, 2020, that complaint was never served on any Defendant. Rather, two months later, Plaintiffs explained to the Court in a Motion to Extend the time for the parties to participate in a joint scheduling conference, that Defendants had not yet been served because Plaintiffs intended to amend their complaint. [ECF No. 8] In their filing, Plaintiffs explained that:

> Subsequent to filing the Complaint, undersigned discovered new information that is being added to an Amended Complaint, and undersigned was approached by new potential Plaintiffs. Therefore, in the interest of judicial economy and efficiency, Plaintiffs have not yet served Defendants, since there will be amendments, plus possible additional Plaintiffs, and such changes will likely affect Defendants' respective responses and/or defenses to the Complaint, the initial disclosures, and the structure of the Joint Scheduling Report. Plaintiffs also anticipate that the Amended Complaint will obviate the need for Defendants to respond to elements in the current Complaint which will likely be removed or changed. Therefore, Plaintiffs posit that it will streamline the Rule 26 and Local Rule 16.1 process if all parties start on the same page with the Amended Complaint.

*Id.* Plaintiffs represented that an amended complaint would be filed and served on Defendants prior to then-existing September 2, 2019 service deadline.

On August 28, 2019, Plaintiff Clover Coffie, joined by Elijiah Wood and Shante LeGrand, filed a First Amended Class Action Complaint. [ECF No. 10]. That Complaint was dismissed by this Court in its May 8, 2020 Order. [ECF No. 121]. The Court found that Plaintiffs lacked Article III standing, noting that "[t]here is nothing in the Amended Complaint alleging that Plaintiffs have been exposed to smoke and ash from all of these dozens of sugarcane producers." *Id.* The Court also dismissed *with* prejudice 1) Plaintiffs' trespass and nuisance claims under Florida's Right to Farm Act, finding that Defendants' preharvest burning has been an acceptable agricultural practice for decades; and 2) Plaintiffs' strict liability for ultrahazardous activity claim because, contrary to Plaintiffs' allegations, sugarcane burning is not potentially ultrahazardous. *Id.* The Court dismissed

2

without prejudice Plaintiffs' medical monitoring claim, granting Plaintiffs leave to amend to cure their standing allegations and their medical monitoring allegations. *Id.* Plaintiffs and their counsel were required to file any Second Amended Complaint by May 22, 2020, and were to "be guided by the dictates of Federal Rule of Civil Procedure 11 in drafting their Second Amended Complaint." *Id.*

On May 15, 2020, Plaintiffs filed an Expedited Motion, seeking a one-month extension of time to file their Second Amended Complaint. [ECF No. 121]. Plaintiffs explained that they "read the Court's Order to require some data analysis to establish standing in this case." *Id.* Plaintiffs represented that they "have worked closely with an air dispersion modeling expert to begin creating detailed models . . . " but that the "air dispersion modeling expert requires approximately one month to complete his analysis." *Id.* Plaintiffs also represented that they had reached out to, but were unable to contact, doctors "to further develop their medical monitoring allegations" and the requested extension "will allow Plaintiffs to engage in further fact-finding." *Id.* The Court granted Plaintiffs' Motion. [ECF No. 126].

On June 22, 2020, Plaintiffs Coffie, Smith and LeGrand, now joined by eight additional plaintiffs,[1] filed a Second Amended Complaint [ECF No. 129], the filing of which was also announced via press release. [ECF No. 145-1 (attaching press release)]. Consistent with the briefing schedule agreed to by the Parties, Defendants moved to dismiss the Second Amended Complaint. [ECF No. 141-42]. Defendants argued that Plaintiffs' claims, based on hypothetical air modeling with undisclosed inputs, were implausible and belied by real world facts. Defendants also argued that Plaintiffs' claims should be dismissed based on the primary jurisdiction doctrine, among other reasons. Defendants' motions to dismiss remain pending.

On the eve of Plaintiffs' responsive deadline, Plaintiffs' counsel notified Defendants of an "input error" in the modeling upon which Plaintiffs' Second Amended Complaint allegations were based. Based on this "input error," the values alleged in Plaintiffs' Second Amended Complaint were inflated by a factor of 60. Although the error was reportedly discovered on August 11, neither Defendants nor this Court were notified for two weeks. Plaintiffs therefore filed both an Opposition to Defendants' Motions to Dismiss and the instant Motion seeking leave to file a Third Amended Complaint "for the narrow purpose of curing this error." [ECF Nos. 142-143].

---

[1] Shortly after filing, Plaintiff R. Butts, Inc. dismissed his claims. [ECF No. 137].

Contemporaneously with the filing of this Opposition, Defendants herein have filed a reply in support of their Motions to Dismiss directed at the Second Amended Complaint.[2]

## ARGUMENT

Plaintiffs' Motion should be denied. The amendments Plaintiffs now seek to make in their Third Amended Complaint do not cure the deficiencies identified in the Second Amended Complaint that is the subject of the pending Motions to Dismiss. To the contrary, correcting the "input error" renders Plaintiffs' claims less plausible than they were in the Second Amended Complaint. Plaintiffs have had ample opportunity to state viable claims, have repeatedly delayed in their effort to do so, all the while engaging in a media campaign against Defendants. Given the work that has already gone in to defending Plaintiffs' claims, Defendants will be significantly prejudiced should Plaintiffs be granted leave to file yet another complaint.

As an aside, that certain co-Defendants have made a strategic litigation decision not to oppose Plaintiffs' filing of a Third Amended Complaint does not detract from Defendants' arguments. Indeed, in their Response, those Defendants raise many of these same points. [ECF No. 145]. That is because the points raised by Defendants herein are undisputed. That those co-Defendants have reserved their challenge to the Third Amended Complaint for a motion to dismiss, rather than opposing Plaintiffs' Motion for Leave to Amend, should not affect this Court's adjudication of Plaintiffs' Motion. The only complaint pending before this Court, and thus the operative complaint, is the Second Amended Complaint. For all the reasons explained herein, the amendments proposed in Plaintiffs' Third Amended Complaint do not cure the dismissal arguments raised by Defendants as to the Second Amended Complaint. Thus, allowing the amendment without first adjudicating those issues, serves only to kick the can down the road in violation of Rule 1 and causing all parties and this Court to devote more resources to this matter. For the reasons set forth in Defendants' pending Motions to Dismiss and the contemporaneously filed Reply to the Motion to Dismiss by Defendants Florida Crystals Corporation, Osceola Farms Co., Okeelanta Corporation and Sugar Cane Growers Cooperative of Florida, the SAC should be dismissed and leave to amend should be denied.

---

[2] Certain co-defendants have requested seven days from any Order denying Plaintiffs' instant Motion to file their Reply in Support of Defendants' Motion to Dismiss. [ECF No. 145].

I.      THE STANDARD FOR PLAINTIFFS' MOTION FOR LEAVE TO AMEND

Plaintiffs do not have an absolute right to amend under Federal Rule of Civil Procedure 15(a), but rather must seek approval from this Court. *See Shipner v. Air Lines, Inc*., 868 F.2d 401, 407 (11th Cir. 1989) (holding trial court did not err in denying the plaintiff's motion to amend). The district court has the discretion to deny a motion to amend a pleading pursuant to Rule 15(a), and its decision will not be reversed absent an abuse of discretion. *See Lawrence v. United States*, No. 8:03-CV-660-T-17EAJ, 2004 U.S. Dist. LEXIS 15445, *7 (M.D. Fla. July 28, 2004) (stating that discretion is not abused when the Court denies a motion to amend that would prejudice the defendant); *see also Baker v. Monroe Twp.,* 50 F.3d 1186, 1190 (3rd Cir. 1995) (holding that the district court did not abuse its discretion in denying motion to amend complaint to correct fictitious names stemming from the plaintiffs' lack of diligence).

Leave to amend should be denied when "a substantial reason exists to deny leave to amend." *Shipner*, 868 F.2d at 407. There is a "substantial reason" to deny amendment when (1) amendment would be futile, (2) amendment would be prejudicial to the opposing party, or (3) there has been bad faith, undue delay, dilatory motive, or repeated failures to cure deficiencies by amendments on behalf of the moving party. *See U.S. Fire Ins. Co. v. Freedom Vill. of Sun City Ctr.*, No. 8:04-cv-2783-T-23TBM, 2006 U.S. Dist. LEXIS 3231, *3 (M.D. Fla. Jan. 26, 2006); *see also Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (affirming denial of motion to amend where it would have been futile, caused undue delay and expense, and resulted in unfair prejudice to the individual defendants); *Technical Res. Servs., Inc. v. Dornier Med. Sys., Inc*., 134 F.3d 1458, 1463-64 (11th Cir. 1998) (holding that the district court did not abuse its discretion by denying motion to amend that would have unduly prejudiced the defendant); *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993) (affirming denial of leave to amend where it would be futile to allow the addition of a time-barred claim).

"In deciding whether leave to amend should be granted, courts consider factors such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *See Auf v. Howard Univ.*, Case No. 19-22065, 2020 WL 1452350 (S.D. Fla. Mar. 25, 2020) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

## II.     PLAINTIFFS' MOTION FOR LEAVE TO AMEND SHOULD BE DENIED

### A.     Plaintiffs' Third Amended Complaint Is Futile Because Plaintiffs Lack Standing and the Claims in the Third Amended Complaint Are Subject to Dismissal.

Courts should exercise their discretion to deny motions to amend where the proposed amendments are futile. *See Halliburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985) (affirming the district court denial of an amendment as futile). Denial of leave to amend "is justified by futility when the 'complaint as amended is still subject to dismissal.'" *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (quoting *Halliburton & Assocs., Inc.*, 774 F.2d at 444); *accord Morris v. Rinker*, No. 3:04-CV-252-J-32TEM, 2005 U.S. Dist. LEXIS 33919, *29 (M.D. Fla. Apr. 14, 2005) (denying leave to amend where the court concluded that a second amendment would be futile); *Mahon v. City of Largo*, 829 F. Supp. 377, 385 (M.D. Fla. 1993) (denying leave to amend based on futility). "As such, the futility test is essentially the same as that for a motion to dismiss." *Cornett v. Lender Processing Servs., Inc.*, Case No. 3:12-cv-233, 2012 WL 12903878 (S.D. Fla. Oct. 31, 2012).

Similarly, an amendment is futile where the party proposing the amendment lacks standing. *See Live Entm't, Inc. v. Digex, Inc*., 300 F. Supp. 2d 1273, 1280 (S.D. Fla. 2003) (denying leave to amend where new party lacked standing); *McCabe v. Trombley*, 867 F. Supp. 120, 127 (N.D.N.Y. 1994) (denying leave to amend as futile where the proposed party lacked standing). To satisfy constitutional standing requirements, "[p]laintiff must show an injury in fact, causation, and redressability." *Moyer v. Walt Disney World Co.*, 146 F. Supp. 2d 1249, 1253 (M.D. Fla. 2000) (denying motion for leave to amend because party lacked standing) (citing *Jairath v. Dyer*, 154 F.3d 1280, 1283 n.8 (11th Cir. 1998)).

Here, it would be futile to allow Plaintiffs to file the Third Amended Complaint. Plaintiffs' Third Amended Complaint simply seeks to restate Plaintiffs' hypothetical modeling this time by a reduced factor of 60. However, it was not simply the over-inflated estimates that rendered Plaintiffs' claims implausible. Instead, as explained in Defendants' Motion to Dismiss, Plaintiffs' very use of hypothetical air modeling, contradicted by ***actual*** air quality data, renders Plaintiffs' claims implausible, regardless of whether results of that modeling are reduced by a factor of 60. Indeed, other than changing the numerical modeling results, Plaintiffs' Third Amended Complaint states the same substantive claims (and suffers from the same substantive deficiencies) as Plaintiffs' Second Amended Complaint. Thus, for the same reasons set forth in Defendants'

4818-0809-2106 v3

Motions to Dismiss [ECF 141], Plaintiffs still lack standing to proceed with their claims and allowing Plaintiffs to file the Third Amended Complaint, even with the purportedly corrected modeling figures, would be futile.

Defendants refer this Court to the arguments made in Defendants' contemporaneously filed Reply in Support of Motions to Dismiss, as well as the original arguments in Defendants' Motions to Dismiss.[3] As explained therein, though Plaintiffs have reduced the values generated by their modeling, Plaintiffs still do not base their modeling on real world data, a well-established and necessary requisite for performing any modeling. Indeed, Plaintiffs' expert Randy Horsak was excluded on that very same basis, as explained in Defendants' Reply. In *Coleman*, Horsak's opinions were found not to be reliable because of faulty AERMOD air modeling (just as occurred here), and because Horsak failed to do exactly what Plaintiffs argue does not need to be done here – verify and validate with real world data – something that Horsak admitted needed to be done. *See Coleman v. Union Carbide Corp.*, Case No. 2:11-0366, 2013 WL 5461855 (S.D. W. Va. Sept. 30, 2013). Moreover, and again as in *Coleman*, even if Plaintiffs corrected their "input error," Plaintiffs' modeling still utterly fails to account for other potential contributing sources. ECF 141 at 8 n.7, 9. (In fact, the actual 24-hour $PM_{2.5}$ concentrations recorded in Belle Glade were often highest in the months *outside* of the burn season). This failing not only further divorces Plaintiffs' modeling results from actual real world data, it also renders the model unreliable and Plaintiffs' claims based thereon implausible. *See id.* at *38-39.[4] Indeed, when real world data is considered, Plaintiffs' modeling (even reduced by a factor of 60 and not accounting for emissions from other potential sources) is still twice as high as 2016 real world data for the hypothetical output modeled in Belle Glade. *Compare* ECF 141 at 8 (actual 5 highest 24-hour measured $PM_{2.5}$ concentrations in 2016 from all sources ranging from 19.3 -23.7 µg/m3), *with* ECF 143-1 at 136 of 212 (highest hypothetical $PM_{2.5}$ output from sugar cane burning, and no other source, of 66 µg/m3 in 2016).

---

[3] Contrary to the assertions of Plaintiffs and Co-Defendants, Plaintiffs' instant motion does not moot the pending Motion to Dismiss. Rather, judicial economy and efficiency weigh in favor of adjudicating the pending Motions to Dismiss first, and only if claims survive, determining whether Plaintiffs should be allowed to amend. To allow Plaintiffs' Third Amended Complaint first, without resolution of the Motion to Dismiss, serves only to delay the proceedings and cause the parties to engage in yet another round of motion practice.

[4] Plaintiffs' reliance on AERMOD modeling in support of their medical monitoring claim is particularly futile as AERMOD is not an exposure model, while medical monitoring is based on exposure.

7

Even further, the modeled output is belied by the Florida Department of Environmental Protection ("FDEP") findings that the Florida meets and exceeds air quality standards, including being in full compliance with NAAQS for $PM_{2.5}$ from all sources.

Moreover, apart from the arguments originally raised in Defendants' Motions to Dismiss, Plaintiffs' proposed Third Amended Complaint is futile for yet another reason. Not only does Plaintiffs' revised modeling not increase the plausibility of Plaintiffs' claims, it actually makes them less plausible. Whereas Plaintiffs' Second Amended Complaint alleged uniformly that all receptors throughout the class area reported exceedances of air quality standards, Plaintiffs' updated modeling no longer demonstrates that. Rather, under Plaintiffs' revised modeling, Plaintiffs concede that the alleged effects of burns are *not* uniform throughout the class area, with some receptors showing no air quality exceedances at all. *See e.g.,* Third Am. Compl. ¶¶ 12, 14. Plaintiffs attempt to overcome this issue, and FDEP's findings that Florida meets and exceeds air quality standards, by consistently regurgitating its conclusory claim that all receptors showed pollutants from Defendants' burns (and that therefore everyone in the class area is affected). However, individuals "affected" at levels within health-based regulatory limits hardly state plausible claims for relief, in particular for medical monitoring. *See Jacobs v. Osmose, Inc.*, 2002 WL 34241682 (S.D. Fla. Jan. 3, 2002). Thus, both for the reasons stated in Defendants' Motions to Dismiss and for these additional reasons, Plaintiffs' Third Amended Complaint is futile.

### B. Defendants Would Be Prejudiced If Plaintiffs' Third Amended Complaint is Permitted, Particularly Without a Ruling on Defendants' Motion to Dismiss.

Courts also should deny leave to amend where doing so would be prejudicial to the opponent. *See Technical Res. Servs., Inc.*, 134 F.3d at 463-64 (holding that the district court did not abuse its discretion by denying motion to amend that would have unduly prejudiced the defendant). Here, Defendants will be prejudiced should this Court grant Plaintiffs' Motion, particularly without first ruling on Defendants' Motions to Dismiss. First, Defendants have been forced to defend themselves for well over a year from Plaintiffs' claims. Indeed, Defendants have already expended time and resources on two rounds of motion to dismiss briefing, one of which is pending before this Court. Defendants have also spent countless hours and resources building their defenses, and engaging with Plaintiffs and Co-Defendants on case management related issues. While Defendants have been incurring litigation expense, Plaintiffs have pivoted to building their Complaint around a hypothetical model in a one-sided, iterative, and prejudicial process to take a

8

free look at Defendants' arguments. And when Plaintiffs are called out for their implausible work, they simply turn the knob on their black box modeling machine in an attempt to reposition their allegations in the hope of surviving another day. [ECF No. 143-1, Horsak Aff. ¶¶ 23-25][5].

As such, even though this case remains at the pleading stage, given Plaintiffs' early reliance on experts, the request for leave to amend is akin to a party requesting leave to amend after summary judgment motions have been filed or after experts have been disclosed and cross-examined, situations in which courts are well within their discretion to deny amendment based on prejudice. *See e.g., Holman v. Lee Memorial Health Sys.*, Case No. 2:18-cv-76-FtM-38MRM, 2019 WL 5874135 (M.D. Fla. Jul. 24, 2019) (denying motion for leave to amend, finding prejudice to defendants, and placing "substantial weight on the fact that expert disclosures have already been exchanged"), *adopted by* 2019 WL 4200640 (finding prejudice to defendants where witnesses will have to be redeposed as a result the proffered amendment); *Stevenson v. Cyprus Amax Minerals Co., et al.*, Case No. 6:17-cv-417-Orl-40DCI, 2018 WL 8608319 (M.D. Fla. Mar. 7, 2018) (denying motion for leave to amend complaint where discovery was closed and plaintiff had disclosed experts); *Fla. Evergreen Foliage v. E.I. DuPont de Nemours and Co.*, 336 F. Supp. 2d 1239, 1256-57 (S.D. Fla. July 26, 2004) (denying motion for leave to amend and finding prejudice to defendant and "the justice system itself" where allowing amendment would cause a situation "where issues are being resolved in a piecemeal fashion with no logical conclusion"). Allowing Plaintiffs to amend simply allows Plaintiffs to turn the knobs and re-run their model, over and over again changing the inputs arbitrarily, in response to Defendants' arguments, leaving Defendants shooting at a constantly moving target of hypothetical modeling "results." It is not just the continued expenditure of resources defending this case that prejudices Defendants, but the prejudice of having to again point out Plaintiffs' deficiencies and engage in yet another round of Plaintiffs' iterative pleading process.

In addition to defending themselves in court, Defendants have been forced to defend themselves against Plaintiffs' media campaign as well. The press conference announcing the filing of the original complaint (which was never served on any defendant), and the press release announcing the filing of the Second Amended Complaint are the most salient examples. Notably,

---

[5] For reference, Defendants' Motions to Dismiss were filed on August 10; the same day that Plaintiffs' counsel represented that Plaintiffs' air modeling expert was asked "to perform [sic], just to make sure the input data files were correct."

Plaintiffs' counsel's press release announcing the filing of the Second Amended Complaint includes the very same modeling results that Plaintiffs now admit are erroneous:

> Notably, during the five years modeled, approximately 99.8% of the receptors in the 13,000 square kilometers evaluated exceeded the 24-hour U.S. National Ambient Air Quality Standards for $PM_{2.5,}$ particulate matter that is especially damaging to human health. In some cases, this modeling found an extreme impact: in 2014, for example, one receptor in Pahokee exceeded the national standard by roughly *340 times*. The Plaintiffs' model also estimates that benzo[a]pyrene, a confirmed human carcinogen emitted by Defendants exceeded the US EPA's May 2020 Regional Screening Level in all seven communities. "This estimate relies on a conservative method, so the full impact of the Defendants' pre-harvest burning may be significantly higher," Berman added.

*See* 6/23/20 Press Release, Hagens Berman and Berman Law Group File Amended Class-Action Complaint on Behalf of Florida Residents Over Toxic Sugarcane Burning [ECF No. 145-1].[6] The reputational damage to Defendants from Plaintiffs' ongoing – and now admittedly false – media campaign, as well as Defendants' costs to defend itself both in court and in the media make clear the prejudice to Defendants in allowing yet another amendment of Plaintiffs' complaint, particularly given the pending Motions to Dismiss. For all the reasons explained above, allowing Plaintiffs leave to amend to file the Third Amended Complaint would cause Defendants prejudice and therefore should not be granted.

### C. Plaintiffs Are Guilty of Undue Delay, Dilatory Motive and Bad Faith and Have Had Ample Opportunities to Amend.

Plaintiffs' amendment should also be denied because Plaintiffs have been dilatory, have engaged in undue delay, and have acted in bad faith. While there is no scheduling order entered yet in this case to establish a deadline for amendments to pleadings, the Third Amended Complaint is Plaintiffs' fourth such attempt. Moreover, Plaintiffs' motion follows a year of litigating and the expenditure of time and resources by Defendants and the Court. In particular, this Court has

---

[6] Plaintiffs' counsel have since retracted this press release, but nonetheless issued a new statement standing by the claims proffered in their Third Amended Complaint. *See* *https://www.marketwatch.com/press-release/hagens-berman-and-berman-law-group-correct-amended-class-action-complaint-filed-on-behalf-of-florida-residents-over-toxic-sugarcane-burning-2020-09-08?mod=mw_more_headlines&tesla=y*, last accessed Sept. 9, 2020. Tellingly, Plaintiffs' counsel appears to have retracted the press release yesterday, only after certain co-defendants argued prejudice in a filing last week [ECF No. 145], yet another example of Plaintiffs attempting to better their litigation position with the benefit of Defendants' arguments. And, in any event, the retraction does not lessen the prejudice from Plaintiffs' counsel's media campaign.

already entered numerous case management related orders and has ruled substantively on a prior Motion to Dismiss brought by Defendants, allowing Plaintiffs the opportunity to amend. Plaintiffs' Second Amended Complaint went well beyond the leave granted by this Court in its May 2020 order, including by adding new plaintiffs, a new battery class, new allegations related to COVID-19 and new substantive claims, while simultaneously failing to cure the standing and pleading deficiencies. Defendants' Motions to Dismiss the Second Amended Complaint, with the filing of Defendants' reply contemporaneously with this Opposition, are fully briefed by Defendants herein.[7]

The Eleventh Circuit has upheld district courts' denials of motions for leave to amend on the grounds of undue delay. Likewise, this Court has recognized that leave to amend need not be granted where the parties and the court have expended "considerable time and resources litigating prior claims." *See Fla. Evergreen Foliage*, 336 F. Supp. 2d at 1254-55 (discussing Eleventh Circuit case law and citing *Dannebrog Rederi AS v. M/V TRUE DREAM*, 146 F. Supp. 2d 1307, 1316-17 (S.D. Fla. 2001)). Moreover, courts should deny a motion to amend when the relevant information was previously available to the plaintiff. *See Senger Bros. Nursery, Inc. v. E.I. du Pont de Nemours & Co.*, 184 F.R.D. 674, 679 (M.D. Fla. 1999) (denying motion to amend where there was no evidence that information sought to be added was unavailable when the complaint was filed).

Pre-harvest sugarcane burning, as all iterations of Plaintiffs' complaints make clear, is nothing new. It is a long-established, firmly regulated practice. Not only is the practice of pre-harvest prescribed burns of sugar cane well-established, Plaintiffs' motion makes clear that Plaintiffs have been working with their expert since 2018, well over one year prior to filing this lawsuit and more than two years prior to the instant motion. Despite his retention, neither Plaintiffs' original complaint, nor Plaintiffs' First Amended Class Action Complaint contained any air quality data (which is publicly available), much less any hypothetical air modeling. Furthermore, Plaintiffs still do not allege facts tracing any harm to a particular Plaintiff from a particular Defendant, despite multiple attempts to do so.

Upon this Court's Order dismissing Plaintiffs' First Amended Complaint, Plaintiffs requested additional time to file their Second Amended Complaint beyond that granted by this Court, specifically for Plaintiffs' air modeling experts[8] to complete their work. Plaintiffs delayed

---

[7] *See* footnote 2.

[8] As mentioned below, Plaintiffs' expert affiant is not their air modeling expert.

11

two weeks from the time they claim to have learned of the "input error" to notify Defendants and the Court, leaving Defendants' Motion to Dismiss pending before the Court and choosing to file both a response to Defendants' Motions to Dismiss contemporaneously with the instant motion.

Plaintiffs do not cite any new facts or evidence that Plaintiffs learned, necessitating the amendments proffered in the Third Amended Complaint. Rather, Plaintiffs seek leave to file a Third Amended Complaint apparently as a result of a mistake made by their air modeling experts. Those experts have not submitted affidavits in support of Plaintiffs' Motion. Instead, Plaintiffs' Motion is supported by the affidavit of Randy Horsack, PhD, whose self-stated role is "to coordinate and manage the air quality assessments." Notably, Plaintiffs' expert affiant is *not* Plaintiffs' air modeling expert. It is not his work that led to the "input error" at issue, nor is he the one who detected the "input error." Thus, it is unclear how he claims to base his affidavit on personal knowledge or how much stock this Court should put in his sworn explanation as to how or when the reported "error" occurred.

What is clear, however, is that Plaintiffs could have performed air modeling and actual air analysis as early as 2018, and certainly before filing the original complaint, the First Amended Class Action Complaint, or during the five-month time period during which Defendants' Motions to Dismiss the First Amended Class Action Complaint were under advisement by this Court. Plaintiffs likewise could have been diligent in performing modeling during the extra month afforded by the Court for the filing of the Second Amended Complaint, or during the six weeks in which the Second Amended Complaint was pending prior to Defendants' Motions being filed. Finally, Plaintiffs could have immediately notified Defendants and the Court that the Second Amended Complaint was based on modeling that was overstated by a factor of 60, instead of leaving the Motion pending before this Court and waiting until their Response to Defendants' Motion to Dismiss was due.

No one is asking Plaintiffs to have seen into the future. In fact, the very rub here is that Plaintiffs' allegations do not include facts in the present. Rule 11 requires a reasonable investigation and that the claims are supported by facts and law, which after such reasonable investigation, can still be brought forward in court. Plaintiffs' allegations rely on hypothetical modeling which is unclear was ever reasonably investigated. Plaintiffs have been dilatory in prosecuting their case, resulting in undue delay and the prospect of yet another round of briefing. All the while, Plaintiffs have chosen to litigate their case in the press, an effort that smacks of bad faith. Regardless, Plaintiffs have had ample opportunity to amend – once as of right, and twice

12

with the benefit of Defendants' Motions and a Court Order to guide them. Plaintiffs' motion should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to Amend should be denied.

4818-0809-2106 v3

Dated: September 9, 2020

By: /s/ Mark D. Anstoetter
Jennifer A. McLoone, Esq.
Florida Bar No. 29234
SHOOK, HARDY & BACON L.L.P.
Citigroup Center, Suite 3200
201 S. Biscayne Blvd.
Miami, Florida 33131
Ph: (305) 358-5171
Fax: (305) 358-7470
jmcloone@shb.com

Mark D. Anstoetter, Esq.
(Pro hac vice)
Brent Dwerlkotte, Esq.
(Pro hac vice)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Ph:   (816) 474 6550
Fax: (816) 421-5547
manstoetter@shb.com
dbdwerlkotte@shb.com

Joseph P. Klock, Jr. Esq.
Florida Bar No. 156678
Gabriel E. Nieto, P.A.
Florida Bar No. 147559
RASCO KLOCK PEREZ NIETO PL
2555 Ponce de Leon Blvd., Suite 600
Coral Gables, Florida 333134
Ph:  (305) 467-711
Fax: (305) 675-7707
jklock@rascoklock.com
gnieto@rascoklock.com

David S. Dee, Esq.
Florida Bar No. 281999
GARDNER, BIST, BOWDEN, BUSH,
DEE, LAVIA & WRIGHT, P.A.
1300 Thomaswood Drive
Tallahassee, Florida 32308
Ph:  (850) 385-0070
Fax: (850) 385-5416
ddee@gbwlegal.com

***Counsel for Defendants Florida Crystals Corporation, Osceola Farms Co., and Okeelanta Corporation***

14

**-and-**

*/s/ Gary K. Hunter*
Gary K. Hunter
Florida  Bar No. 949779
Gary V. Perko
Florida Bar No. 855898
Mohammad O. Jazil
Florida Bar No. 72556
HOPPING GREEN & SAMS, P.A.
119 S. Monroe Street, Suite 300
Tallahassee, FL 32301
Ph:  (850) 222-7500
Fax:  (850) 224-8551
garyh@hgslaw.com
garyp@hgslaw.com
mjazil@hgslaw.com

Jennifer J. Kennedy, Esq.
Florida Bar No. 517267
David J. Abbey
Florida Bar No. 228222
ABBEY, ADAMS, BYELICK
& MUELLER, LLP
3201 U.S. Highway 19 South, 9th Floor
St. Petersburg, Florida 333711
Ph.: (727) 821-2080
Fax: (727) 822-3970
ServiceJKennedy@AbbeyAdams.com
dabbey@abbeyadams.com
jkennedy@abbeyadams.com

*Counsel for Sugar Cane Growers Cooperative of Florida*

4818-0809-2106 v3