UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80730-CIV-SMITH

CLOVER COFFIE, *et al.*,

    Plaintiffs,

vs.

FLORIDA CRYSTALS CORPORATION, *et al.*,

    Defendants.

_____/

## ORDER GRANTING MOTION TO AMEND

This matter is before the Court on Plaintiffs' Motion for Leave to File Amended Class Action Complaint (Motion to Amend) [DE 143], the responses filed by different groups of Defendants [DE 145, 147, 149], and Plaintiffs' Replies [DE 146, 150]. This putative class action seeks damages allegedly caused by Defendants' burning of sugarcane as part of the sugarcane harvesting process. Plaintiffs seek leave to amend to correct allegations in their Second Amended Complaint that were based on incorrect air modeling data. As a result of errors in the data, some of the allegations in the Second Amended Complaint overstated air concentration levels of various pollutants. Defendants United States Sugar Corporation, Independent Harvesting, Inc., Sugarland Harvesting Co., and J&J Ag Products, Inc. do not oppose Plaintiffs' Motion but, if the Court grants the Motion to Amend, seek attorneys' fees related to their potentially moot Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint. The remaining Defendants all oppose the Motion to Amend, arguing that amendment is futile and prejudicial to Defendants.

Federal Rule of Civil Procedure 15(a) states that a "court should freely give leave when

justice so requires." "Although [l]eave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.,* 342 F.3d 1281, 1287 (11th Cir. 2003) (alteration in original) (quotations omitted). Defendants opposing amendment (Opposing Defendants) argue that all three grounds for denial are present here.

Opposing Defendants maintain that Plaintiffs are guilty of undue delay, dilatory motive, and bad faith. Opposing Defendants, however, have not shown any of these. Plaintiffs' two-week delay between learning of the errors and filing the Motion to Amend can hardly be considered "undue." Opposing Defendants also argue that Plaintiffs' could have performed the air modeling before filing their Complaint. While this is true, nothing would require them to do so.

Opposing Defendants have also not shown any prejudice. While this case has been pending for over a year, little to no discovery has taken place and the Court has yet to enter a scheduling order. Opposing Defendants maintain that they will be prejudiced by having to continue defending this action and having to file another motion to dismiss. However, the proposed amendments are minor and should, therefore, not require extensive revisions to Opposing Defendants' currently pending motions to dismiss. Thus, Opposing Defendants have not shown any real prejudice.

Opposing Defendants also argue that amendment would be futile because Plaintiffs' Second Amended Complaint should be dismissed. However, given the complexity of the case, the Court believes that the issue of whether Plaintiffs have standing and have adequately alleged their claims is best dealt with through motions to dismiss.

Finally, as to Defendants United States Sugar Corporation, Independent Harvesting, Inc., Sugarland Harvesting Co., and J&J Ag Products, Inc.'s request for attorneys' fees, these

Defendants have provided the Court with no authority establishing that they are entitled to any fees under the circumstances. Accordingly, it is

**ORDERED** that:

1. Plaintiffs' Motion for Leave to File Amended Class Action Complaint [DE 143] is **GRANTED.** Plaintiffs shall file their proposed Third Amended Class Action Complaint as a separate docket entry by **November 12, 2020.**

2. Defendants' Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint [DE 141] is **DENIED as moot.**

3. Defendants Florida Crystals Corporation, Osceola Farms Co., and Okeelanta Corporation's Motion to Dismiss [DE 142] is **DENIED as moot.**

4. Defendants shall file a joint Motion to Dismiss by **December 2, 2020**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 6th day of November, 2020.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record