UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 19-80730-CIV-SMITH

WILLIAM ARMSTRONG, GLORIA ATKINS,
JAMES BROOKS, CLOVER COFFIE, DEBRA
JONES, SHANTE LEGRAND, DONALD
MCLEAN, ROBERT REIMBOLD, ELIJAH
SMITH, and LINDA WELCHER, each individually
and on behalf of all others similarly situated;

    Plaintiffs,

vs.                                                    THE HONORABLE RODNEY SMITH

UNITED STATES SUGAR CORPORATION,
a Delaware corporation; SUGAR CANE
GROWERS COOPERATIVE OF FLORIDA,
a Florida not for profit corporation; FLORIDA
CRYSTALS CORPORATION, a Delaware
corporation; OKEELANTA CORPORATION,
a Delaware corporation; OSCEOLA FARMS CO.,
a Florida corporation; SUGARLAND HARVESTING
CO., a Florida not for profit corporation;
TRUCANE SUGAR CORPORATION,
a Florida corporation; INDEPENDENT
HARVESTING, INC., a Florida corporation; and
J & J AG PRODUCTS, INC., a Florida corporation;

    Defendants
_____

**DEFENDANTS FLORIDA CRYSTALS CORPORATION, OSCEOLA FARMS CO., OKEELANTA CORPORATION, AND
SUGAR CANE GROWERS COOPERATIVE OF FLORIDA'S
MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT AND
<u>SUPPORTING MEMORANDUM OF LAW</u>**

Florida Crystals Corporation, Osceola Farms Co., Okeelanta Corporation, and Sugar Cane Growers Cooperative of Florida ("Defendants") move to dismiss certain claims of Plaintiffs' Third Amended Class Action Complaint ("TAC") based upon the doctrine of primary jurisdiction. Defendants submit this brief to put forth their materially different view on primary jurisdiction, which raises important issues of federalism and state and federal regulatory programs. Pursuant to the Court's Order (Dkt. 140), Defendants file this separate motion to raise such additional arguments.

## BACKGROUND

Plaintiffs ask this Court to declare pre-harvest burning of sugarcane, as implemented under Florida's regulatory program, no longer reasonable and to find that the current air quality standards do not protect human health.  Florida's legislature granted the Florida Department of Environmental Protection "the power and duty to control and prohibit pollution of air" in the Florida Air and Water Pollution Control Act which was intended to balance various public policy issues, including "protection [] of public health, safety, [] and economic well-being." Fla. Stat. § 403.021(6). Florida's Division of Forest Services (FFS), "for purposes of pollution control," regulates "open burning connected with . . . agricultural . . . operations." Fla. Stat. § 570.07(28). Plaintiffs attack these programs, claiming that they are not protective and that Defendants' compliance with regulations and permits should be enjoined and the subject of a generalized area-wide damages action—in all but name, a public nuisance action.

Plaintiffs repeatedly claim that agency decisions adversely target them, to lessen impacts to other communities, and that air pollution regulations are not protective. *See* TAC ¶¶ 9, 119-127, 179, 225-26. Thus, Plaintiffs' theory is that FFS permits, and Defendants' compliance therewith, are the cause of the harm.  Plaintiffs' claim that agency decisions are infirm should be addressed, in the first instance, through available administrative remedies.  These issues should not be left to "federal courts to substitute their personal notions of sound public policy. . . ." *Deen v. Egleston*, 597 F.3d 1223, 1233 (11th Cir. 2010).  Plaintiffs want this Court to become a super regulator and develop agricultural practices permitted in the State of Florida.  Principles of primary jurisdiction and comity should cause a federal court to shy away from that invitation.

## ARGUMENT

Plaintiffs wish to pursue two types of relief, injunctive and damages.

1

Turning first to injunctive relief, this Court previously dismissed Plaintiffs' request for injunctive relief under the primary jurisdiction doctrine,[1] holding that Plaintiffs were in essence seeking the same relief the Supreme Court of Florida rejected in *Flo–Sun, Inc. v. Kirk,* 783 So. 2d 1029, 1037 (Fla. 2001). Despite the Court's conclusion, the TAC again seeks to enjoin "any further burn events." TAC ¶ 233. Plaintiffs' claim for injunctive relief should be dismissed.

Plaintiffs' other claims would permit a finding of liability to upend an established regulatory process, end sugarcane burning, and dictate public policy as to agriculture and air quality. Plaintiffs challenge the regulatory schemes of three different agencies—the Florida Department of Agriculture and Consumer Services, FDEP and EPA. Plaintiffs' Complaint is replete with attacks on the state's program, regulations and permitting decisions. *See* TAC ¶¶ 119-27, 225-26, 231. These allegations underpin the negligence, Section 1983, medical monitoring and battery claims, where Plaintiffs claim the agency decisions target their communities. *See id*.

This places the regulatory program itself on trial -- precisely the evil that the doctrine of primary jurisdiction is designed to allow a Court to avoid, by deferring to an agency with expertise that may be helpful, to protect the integrity of the regulatory scheme administered by the agency, and to promote consistency in areas of public policy. *Flo-Sun, Inc.,* 783 So. 2d at 1037; *United States v. Western Pac. R. Co.*, 352 U.S. 59 (1956) (because matters concerned transportation policy within purview of Interstate Commerce Commission, court should have deferred to agency under primary jurisdiction); *Palmer v. Amazon.com, Inc*., 2020 WL 6388599 (ED NY 2020) (dismissing claims based on workplace conditions which OSHA has primary responsibility for).

Plaintiffs' challenge to FFS' regulatory program should be rejected because FFS has exclusive control over burning in Florida pursuant to state law. Fla. Stat. § 590.02(10); TAC ¶ 225. There is no claim that any pre-harvest burning was conducted negligently. Plaintiffs instead formulate the duty prong of negligence as "exercise[ing] reasonable care in their sugarcane harvesting," because their theory is that any act of pre-harvest burning, as opposed to Plaintiffs' preferred "green" harvesting, is the breach of the duty prong of negligence. *See* TAC ¶ 210. Having alleged inadequate protections and inherent fault with the extensive regulatory network of controls over burning, Plaintiffs invite the Court to create its own judicial remedy different from the regulatory scheme approved by the appropriate administrative agency. The proper remedy to dispute such agency rules and permits is to challenge them under available administrative remedies. *Flo–Sun, Inc.*, 783 So. 2d at 1037; Fla. Stat. §§ 120.54, .68.

---

[1] *Coffie v. Fla. Crystals Corp.,* 460 F. Supp. 3d 1297, 1309-11 (S.D. Fla. 2020).

Plaintiffs' allegations challenging air standards further demonstrate why this matter should in the first instance be addressed administratively. Plaintiffs challenge EPA's National Ambient Air Quality Standards (NAAQS) for $PM_{2.5}$, alleging that "the current $PM_{2.5}$ standards do not adequately protect human health" and "the 24 hour [$PM_{2.5}$] standard should be revised downwards to between 30 and 25 µg/m." TAC ¶ 132, 179. At bottom, Plaintiffs seek to impose a more stringent air quality standard in the putative class area, effectively superseding the state and federal agency standards. However, any action challenging the adequacy of the NAAQS must be brought in the D.C. Circuit. 42 U.S.C. § 7606(b)(1); *Sierra Club v. EPA*, 955 F.3d 56, 60-61 (D.C. Cir. 2020).

Because Plaintiffs base their claims on Defendants' compliance with state agency permits, regulations, and air quality standards, this case is far different from *Sher* and *Lombardozzi*. 2008 WL 2756570 (M.D. Fla. 2008); 2016 WL 4483856 (N.D. Fla. 2016). Both *Sher* and *Lombaradozzi* presented straightforward damage claims that did *not* conflict with or challenge regulatory decisions. *Sher* involved actions relating to claims of a discrete plume of water pollution. There was no claim that pollutant levels complied with regulatory requirements, nor that permit conditions created the alleged impacts to plaintiffs. The court based its decision, in part, on the finding that "[t]he efficiency of the progress of the agency action will not be impeded in any way by the resolution of damages in this case." 2008 WL 2756570 at 3. Similarly, *Lombardozzi,* involved claims related to odors, and rather than complying with regulations, the facility was operating *in violation of* its permit condition on objectionable odors. 2016 WL 4483856, at *4.

*In both cases, there was no conflict between finding liability and the agency regulations or permits.* The opposite is true here: compliance with agency policies is at the heart of the alleged basis of Plaintiffs' injuries, and the TAC alleges that (i) there is *no* permissible way to conduct sugarcane burning and (ii) following the agency policies creates or exacerbates the harm. Plaintiffs' theory effectively eviscerates the regulatory program and authorizing legislation in a way that is incomparable to *Sher* and *Lombardozzi*.

## CONCLUSION

Plaintiffs' claims concerning negligence, Section 1983, medical monitoring and battery should be dismissed so their challenges to the regulatory scheme, air quality standards, and issues of public policy can be considered by the appropriate agencies in the first instance.

Dated: November 25, 2020

By: /s/ Mark D. Anstoetter
Jennifer A. McLoone, Esq.
Florida Bar No. 29234
SHOOK, HARDY & BACON L.L.P.
Citigroup Center, Suite 3200
201 S. Biscayne Blvd.
Miami, Florida 33131
Ph: (305) 358-5171
Fax: (305) 358-7470
jmcloone@shb.com

Mark D. Anstoetter, Esq.
(Pro hac vice)
Brent Dwerlkotte, Esq.
(Pro hac vice)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Ph:  (816) 474 6550
Fax: (816) 421-5547
manstoetter@shb.com
dbdwerlkotte@shb.com

Joseph P. Klock, Jr. Esq.
Florida Bar No. 156678
Gabriel E. Nieto, P.A.
Florida Bar No. 147559
RASCO KLOCK PEREZ NIETO PL
2555 Ponce de Leon Blvd., Suite 600
Coral Gables, Florida 333134
Ph:  (305) 467-711
Fax: (305) 675-7707
jklock@rascoklock.com
gnieto@rascoklock.com

David S. Dee, Esq.
Florida Bar No. 281999
GARDNER, BIST, BOWDEN, BUSH,
DEE, LAVIA & WRIGHT, P.A.
1300 Thomaswood Drive
Tallahassee, Florida 32308
Ph:  (850) 385-0070
Fax: (850) 385-5416
ddee@gbwlegal.com

**Counsel for Defendants Florida Crystals Corporation, Osceola Farms Co., and Okeelanta Corporation**

4

By: /s/ Gary V. Perko
Gary K. Hunter
Florida Bar No. 949779
Gary V. Perko
Florida Bar No. 855898
Mohammad O. Jazil
Florida Bar No. 72556
HOPPING GREEN & SAMS, P.A.
119 S. Monroe Street, Suite 300
Tallahassee, FL 32301
Telephone: (850) 222-7500
Facsimile: (850) 224-8551
garyh@hgslaw.com
garyp@hgslaw.com
mjazil@hgslaw.com

David J. Abbey
Florida Bar No. 228222
Jennifer J. Kennedy
Florida Bar No. 517267
ABBEY, ADAMS, BYELICK & MUELLER, LLP
3201 U.S. Highway 19 South, 9th Floor
St. Petersburg, Florida 333711
Telephone: (727) 821-2080
Facsimile: (727) 822-3970
dabbey@abbeyadams.com
kennedy@abbeyadams.com

*Counsel for Defendant Sugar Cane Growers Cooperative of Florida*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 25th day of November 2020, the above and foregoing document was filed electronically through the CM/ECF system which sent notification of such filing to all known counsel of record.

   /s/Jennifer McLoone
Jennifer McLoone