# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 9:19-CV-80730-RS

WILLIAM ARMSTRONG, GLORIA ATKINS, JAMES BROOKS, CLOVER COFFIE, DEBRA JONES, SHANTE LEGRAND, DONALD MCLEAN, ROBERT REIMBOLD, ELIJAH SMITH, and LINDA WELCHER, each individually and on behalf of all others similarly situated;

                    Plaintiffs,

vs.

UNITED STATES SUGAR CORPORATION, a Delaware corporation; SUGAR CANE GROWERS COOPERATIVE OF FLORIDA, a Florida not for profit corporation; FLORIDA CRYSTALS CORPORATION, a Delaware corporation; OKEELANTA CORPORATION, a Delaware corporation; OSCEOLA FARMS CO., a Florida corporation; SUGARLAND HARVESTING CO., a Florida not for profit corporation; TRUCANE SUGAR CORPORATION, a Florida corporation; INDEPENDENT HARVESTING, INC., a Florida corporation; and J & J AG PRODUCTS, INC., a Florida corporation;

                    Defendants.

THE HONORABLE RODNEY SMITH

_____

**DEFENDANTS FLORIDA CRYSTALS CORPORATION, OSCEOLA FARMS CO., OKEELANTA CORPORATION'S, AND SUGAR CANE GROWERS COOPERATIVE OF FLORIDA'S REPLY IN SUPPORT OF MOTION TO <u>DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT</u>**

## PLAINTIFFS' CLAIMS SHOULD BE DISMISSED UNDER THE DOCTRINE OF PRIMARY JURISDICTION.

Plaintiffs' fundamentally inconsistent positions regarding their challenge to agency regulations and permits demonstrate why this Court should dismiss this action based on the doctrine of primary jurisdiction. First, Plaintiffs argue this case presents a simple tort claim against private activity. Then, in their civil rights claim they cast the FFS and its regulations and permitting of agricultural burning as rising to the level of state action. Plaintiffs' allegations are that compliance with FFS regulations and permits are the principal cause of the harm and justify a taking claim.

No matter how they paint it, this is not a simple tort action that is within the expertise of courts.  Plaintiffs want this Court to create new standards via *general* federal common law, and have this Court find that Defendants' conduct violates the new judicially-imposed standards, even though it complies with state law. Plaintiffs repeatedly claim that agency regulations and decisions adversely target them, so as to harm them and lessen impacts to other communities, and that the air pollution regulations are not adequately protective. *See* TAC ¶¶9, 119-127, 179, 225-226, 231. This underpins every theory of liability, and directly implicates -- and involves the Court in challenges to -- regulatory programs, what air quality is protective, and what conduct most directly impacts that air quality. This is a far cry from the straightforward injury claims in *Sher* or *Lombardozzi*, where the tortfeasors had *violated*, not followed, regulatory decisions.

Plaintiffs obfuscate this distinction by arguing that permits cannot generally preclude damages claims.  But, based on their allegations, this is a suit challenging air quality standards, the agencies granted the discretion to enforce such standards, and the state's decisions on how to balance protective measures with various conduct within the state.  The TAC is replete with attacks on the state's program, regulations and permitting decisions, while plaintiffs' civil rights claim is premised on obedience with those agency decisions as the basis for the requisite state action. *See* TAC ¶¶225-226, 231. The same allegations underpin the negligence and medical monitoring claim, where Plaintiffs view the agency decisions on wind conditions as targeting their communities and creating the basis of liability. *See* TAC ¶¶119-27.  Plaintiffs want this Court to create law that does not currently exist, and they want this Court to override the agencies and the legislative authority provided to them, in favor of Plaintiffs' "better way."  This path has been condemned by federal courts since *Erie*.  The doctrine of primary jurisdiction and the disfavor of the creation of general federal common law claims counsels this Court to decline to exercise its jurisdiction over these matters until the relevant agencies have been able to address Plaintiffs' complaints. *Flo-Sun, Inc.*, 783 So. 2d 1029, 1037 (Fla. 2001).

|  |  |
|---|---|
| Dated: December 16, 2020 | By: /s/ Mark D. Anstoetter<br>Jennifer A. McLoone, Esq.<br>Florida Bar No. 29234<br>SHOOK, HARDY & BACON L.L.P.<br>Citigroup Center, Suite 3200<br>201 S. Biscayne Blvd.<br>Miami, Florida 33131<br>Ph: (305) 358-5171<br>Fax: (305) 358-7470<br>jmcloone@shb.com<br><br>Mark D. Anstoetter, Esq.<br>(Pro hac vice)<br>Brent Dwerlkotte, Esq.<br>(Pro hac vice)<br>SHOOK, HARDY & BACON L.L.P.<br>2555 Grand Blvd.<br>Kansas City, MO 64108<br>Ph:  (816) 474 6550<br>Fax: (816) 421-5547<br>manstoetter@shb.com<br>dbdwerlkotte@shb.com<br><br>Joseph P. Klock, Jr. Esq.<br>Florida Bar No. 156678<br>Gabriel E. Nieto, P.A.<br>Florida Bar No. 147559<br>RASCO KLOCK PEREZ NIETO PL<br>2555 Ponce de Leon Blvd., Suite 600<br>Coral Gables, Florida 333134<br>Ph:  (305) 467-711<br>Fax: (305) 675-7707<br>jklock@rascoklock.com<br>gnieto@rascoklock.com<br><br>David S. Dee, Esq.<br>Florida Bar No. 281999<br>GARDNER, BIST, BOWDEN, BUSH, DEE, LAVIA & WRIGHT, P.A.<br>1300 Thomaswood Drive<br>Tallahassee, Florida 32308<br>Ph:  (850) 385-0070<br>Fax: (850) 385-5416<br>ddee@gbwlegal.com<br><br>***Counsel for Defendants Florida Crystals Corporation, Osceola Farms Co., and Okeelanta Corporation*** |

3

By: /s/ Gary V. Perko
Gary K. Hunter
Florida Bar No. 949779
Gary V. Perko
Florida Bar No. 855898
Mohammad O. Jazil
Florida Bar No. 72556
HOPPING GREEN & SAMS, P.A.
119 S. Monroe Street, Suite 300
Tallahassee, FL 32301
Telephone: (850) 222-7500
Facsimile: (850) 224-8551
garyh@hgslaw.com
garyp@hgslaw.com
mjazil@hgslaw.com

David J. Abbey
Florida Bar No. 228222
Jennifer J. Kennedy
Florida Bar No. 517267
ABBEY, ADAMS, BYELICK & MUELLER, LLP
3201 U.S. Highway 19 South, 9th Floor
St. Petersburg, Florida 333711
Telephone: (727) 821-2080
Facsimile: (727) 822-3970
dabbey@abbeyadams.com
kennedy@abbeyadams.com

*Counsel for Defendant Sugar Cane Growers Cooperative of Florida*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 16th day of December 2020, the above and foregoing document was filed electronically through the CM/ECF system which sent notification of such filing to all known counsel of record.

      /s/Jennifer McLoone
      Jennifer McLoone

4817-5151-7396 v1