UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-80730-SMITH/MATTHEWMAN

WILLIAM ARMSTRONG, *et al.*,

    Plaintiffs,

vs.

UNITED STATES SUGAR CORP., *et al.*,

    Defendants.
_____/

## ORDER SETTING DISCOVERY PROCEDURE

THIS CAUSE is before the Court pursuant to an Order referring all discovery and discovery motions to the undersigned United States Magistrate Judge [DE 172] entered by United States District Judge Rodney Smith. To ensure an expeditious and just discovery process, it is hereby **ORDERED** as follows:

1. <u>Pre-hearing Communication</u>:  If a discovery dispute arises, the parties must confer either **in person or via telephone** to resolve their discovery disputes before seeking court intervention.  Email correspondence alone does not constitute a sufficient conferral. During the course of this conversation, counsel shall discuss the available options for resolving the dispute without court intervention and make a concerted, good faith effort to arrive at a mutually acceptable resolution.

The Court directs all parties and their counsel to read Chief Justice John Roberts' 2015 Year-End Report on the Federal Judiciary, in which he discusses the importance of the December 1, 2015 amendments to the Federal Rules of Civil Procedure.  *See* Chief Justice John Roberts, *2015 Year–End Report on the Federal Judiciary,* https://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf.  Pursuant to the Rules, all parties and their counsel are required to size and shape their discovery requests to the requisites of a case.  "Specifically, the pretrial process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Id*. at p. 7; *see e.g. O'Boyle v. Sweetapple*, Case No. 14-81250-CIV-Marra/Matthewman, 2016 WL 492655, n. 2 (S.D. Fla. Feb. 8, 2016). This also means that parties and their counsel are required to confer in good faith before filing any discovery motion in an honest effort to resolve discovery disputes and ensure the just, speedy and inexpensive determination of every action or proceeding.  As stated by Chief Justice Roberts:

> I cannot believe that many members of the bar went to law school because of a burning desire to spend their professional life wearing down opponents with creatively burdensome discovery requests or evading legitimate requests through dilatory tactics. The test for plaintiffs' and defendants' counsel alike is whether they will affirmatively search out cooperative solutions, chart a cost-effective course of litigation, and assume shared responsibility with opposing counsel to achieve just results.

*Year-End Report* at p. 11.

2. <u>Discovery Motions</u>:  If the parties are unable to resolve their discovery disputes without court intervention, the movant shall file a discovery motion.  All discovery motions shall be **no longer than five (5) pages**.  The purpose of the motion is merely to frame the discovery issues and succinctly explain the dispute.  The moving party MUST attach as exhibits any materials relevant to the discovery dispute (e.g., discovery demands and discovery responses).

The opposing party must file a response to the motion, **no longer than five (5) pages**, within **five (5) business days** of service of the discovery motion.  The moving party shall have **three (3) business days** from the date of service of the response to file a reply if it chooses to do so.  The reply shall be **no longer than five (5) pages**.

If the Court determines that a discovery hearing on the motion is necessary, the Court will then enter an order setting the matter down for a hearing.

3. <u>Pre-Hearing Discussions</u>:  The parties are encouraged to continue to pursue settlement of any disputed discovery matters even after the hearing is scheduled.  If those efforts are successful, counsel should contact Judge Matthewman's chambers as soon as practicable so that the hearing can be timely canceled.  Alternatively, if the parties resolve some, but not all, of their issues before the hearing, counsel shall timely contact chambers to relay which issues are no longer in dispute.

*To the extent that this Order conflicts with the procedures set forth in the Local Rules for the Southern District of Florida, this Order takes precedence.*  The Court expects all parties to act courteously and professionally in the resolution of their discovery dispute.  The Court may impose appropriate sanctions upon a finding of failure to comply with this Order or other discovery misconduct.

**DONE and ORDERED** in Chambers this 14th day of September, 2021, at West Palm Beach, Palm Beach County in the Southern District of Florida.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge