**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| WILLIAM ARMSTRONG, GLORIA ATKINS, JAMES BROOKS, CLOVER COFFIE, DEBRA JONES, SHANTE LEGRAND, DONALD MCLEAN, ROBERT REIMBOLD, ELIJAH SMITH, and LINDA WILCHER, each individually and on behalf of all others similarly situated;<br><br>      Plaintiffs,<br><br>v.<br><br>UNITED STATES SUGAR CORPORATION, *et al.*,<br><br>      Defendants. | Case No. 9:19-cv-80730-RS-MM |

**<u>DEFENDANT OKEELANTA CORPORATION'S MOTION TO COMPEL</u>**

Defendant, Okeelanta Corporation, by and through undersigned counsel, and pursuant to Rule 37 of the Federal Rules of Civil Procedure, Local Rule 26.1(g)(2) and the Court's September 14, 2021 Order Setting Discovery Procedure (ECF No. 174), moves this Court for an Order compelling discovery responses from Plaintiffs, as set forth herein:

1. In this action, Plaintiffs seek certification of two classes of individuals who bring claims against Defendants for property damage and medical monitoring, allegedly arising out of Defendants' agricultural practices.

2. On October 22, 2021, Defendants propounded First Sets of Requests for Production of Documents to Plaintiffs, and on November 9, 2021, Defendant Okeelanta Corporation served First Sets of Interrogatories to Plaintiffs (collectively, "Defendants' Discovery Requests"). Plaintiffs responded to Defendants' Discovery Requests on December 17, 2021.  See Composite **Exhibit A**.

3. All parties have engaged in significant meet and confer discussions regarding Plaintiffs' responses, both in writing and via Zoom conferences on January 17 and 21, 2021. The correspondence memorializing the discussions is attached as composite **Exhibit B**.

4. First, by way of this Motion, Okeelanta seeks an order compelling Plaintiffs to provide the supplemental responses they have promised. For example, Clover Coffie and Shante Legrand's December 17, 2021 written discovery responses provided no meaningful responses and repeatedly stated that "Plaintiff intends to supplement [his/her] response.". To date, no such responses have been received.[1]

---

[1] Plaintiffs' counsel represented that the responses are forthcoming, but understand the timing constraints by which this Motion needs to be filed. The Parties are likewise waiting for Plaintiff's counsel to determine if Ms. Wilcher's claims will proceed in light of her passing.

5.      Next, Plaintiffs have agreed to provide supplemental responses in both their January 6 response letter and following the Zoom conference conferrals, as memorialized in January 22, 2021 emails between counsel. Given the timing constraints under which the Parties are operating vis-à-vis the Court's Scheduling Order [ECF No. 172], and so as to comply with the timing requirements of Local Rule 26.1(g),[2] Okeelanta seeks an order compelling Plaintiffs to provide all supplemental responses forthwith.

6.      Finally, three issues remain on which the Parties seek resolution from this Court:

- Property Damage Plaintiffs: Disclosure of communications with banks and lenders;

- Medical Monitoring Plaintiffs: Discovery of Plaintiffs' mental health conditions/providers; and,

- Medical Monitoring Plaintiffs: Discovery of identities of non-parties Plaintiffs claim have lung cancer (the condition for which Plaintiffs seek medical monitoring) in the class area, or within Plaintiffs' own families.

## ARGUMENT

**Request No. 17 (Wilcher, Jones, Brooks, Atkins, Armstrong) and Request No. 10 (Coffie, McLean, Reimbold, Smith)**.

These Requests ask for Plaintiffs to produce "[a]ll communications with real estate brokers, real estate agents, real estate appraisers, real estate inspectors, banks, lenders, and real estate tax authorities, and all real estate tax assessments and bills, generated or received since the date You purchased the property to which you refer in ¶ 45 of the TAC." After conferral, Plaintiffs have agreed to provide responsive information but have sought to limit the request for "communications with … banks, lenders" only to banks or lenders related to the value of property or appraisals. Defendants do not agree to this limitation and request that any communications with banks or lenders be produced, as communications associated with, for example, mortgages or mortgage

---

[2] The Parties agreed to a seven-day extension of the deadline by which to raise discovery disputes, as contemplated by Local Rule 26.1(g), so that they could complete the conferral process.

3

applications, property disclosures as part of financing, sales, purchases or attempts to sell or purchase property, title documents, deeds, liens, personal loan, etc. are likewise relevant to the condition of Plaintiffs' property and any claimed damage to their property, as they now contend in this lawsuit.  Thus, Okeelanta requests that Plaintiffs' objection be overruled.

**Interrogatory Nos. 2 and 3 (Jones, Atkins, Brooks, Armstrong, Wilcher); Interrogatory Nos. 1 and 2 (Legrand) and Request Nos. 2 and 4 (Jones, Atkins, Brooks, Armstrong, Legrand, Wilcher)**

These discovery requests seeks information and documents relating to Plaintiffs' medical history, including the identification of "all Medical Conditions, injuries, illnesses, or disabilities you have been diagnosed with or that you believe you have" as well as the identification of "each Healthcare Provider that You have seen (including any treatment, hospitalization, visit, consultation, etc.), including the name of the individual professional and the corresponding hospital, entity, practice, group, or affiliation."  During the conferral process, Plaintiffs agreed to provide the requested information other than related to mental health.  Okeelanta does not agree to this limitation as information regarding a plaintiff's mental health is relevant and discoverable.

Plaintiffs contend they are in need of medical monitoring because they are at a greater risk of developing lung cancer as a result of Defendants' activities.  Courts have recognized that a medical monitoring claim is replete with individualized issues regarding exposure, causation, and risk/predisposition, to name a few.  A plaintiff's mental health history is likewise relevant to their risk assessment and their own subjective belief about whether they are at an increased risk as well as whether they are in need of monitoring.  Moreover, Plaintiffs seek to represent a class of individuals who they claim share the same heightened risk of lung cancer.  Again, Plaintiffs' mental health is relevant to their typicality and adequacy as class representatives and may explain divergence amongst class members as to their understanding of risk and their desire for medical

monitoring. Thus, Okeelanta requests that Plaintiffs' objection to discovery regarding mental health providers/treatment be overruled.

**Okeelanta Interrogatory No. 4 (Atkins, Brooks, Armstrong)**

These Interrogatories seek the identification of "all individuals who reside in the Glades Agricultural Area, including but not limited to yourself, who you believe suffer from or have been diagnosed with lung cancer." Without any citation in support, Plaintiffs claim that disclosure of this information by Plaintiffs and/or their representatives would violate HIPPA. During the conferral process, Plaintiffs have expressed a confidentiality concern about providing the identities of non-parties who they know or believe have lung cancer.[3] Plaintiffs do not cite any privilege that prevents the disclosure of this information, nor is there one.

Here, the identification of individuals residing within the "Glades Agricultural Area" (defined to include the area defined by Plaintiffs as the "affected area for purposes of this action", TAC (ECF No. 152) at ¶ 23) including Plaintiffs, whom Plaintiffs believe suffer from or have been diagnosed with lung cancer is directly relevant to Plaintiffs' claim that members within the "affected area" are "at heightened risk of developing lung cancer". TAC (ECF No. 152) at ¶ 18. While Plaintiffs claim data on the prevalence of medical conditions in the affected communities is publicly available, what is not publicly available is any firsthand knowledge held by *these Plaintiffs* which forms the basis of their lawsuit and the allegations.

Similarly, Plaintiffs' objection that the discussion of "a link between the carcinogenic byproducts of sugarcane burning and lung cancer and the benefits to the affected communities of a medical monitoring protocol . . . will be the subject of expert report and opinion" mischaracterizes the substance of these requests, which seek information concerning Plaintiffs'

---

[3] Plaintiffs' counsel explained that some individuals may simply know of someone who has lung cancer but may not know who that person is. In those instances, Plaintiffs agree to indicate as such in their Interrogatory Answers.

*own* subjective knowledge of individuals within the "affected area" whom Plaintiffs believe suffer from or have been diagnosed with lung cancer, which knowledge is not protected by any legally recognized privilege.

**Okeelanta Interrogatory Nos. 7 (Legrand) and 9 (Jones, Atkins, Brooks, Armstrong, Wilcher)**

These interrogatories seek the identification of Plaintiffs' "immediate family members (parents, siblings, spouse, children, grandparents, and grandchildren) who have had or currently have lung cancer, and for each state (a) the name of the relative; (b) the date of diagnosis; (c) whether the relative is living or deceased (and if so, date of death); (d) that relative's current or last known residence; and (e) that relative's employment history." Plaintiffs again object by claiming a purported HIPPA violation will occur if this information is furnished. However, this information is relevant to a host of issues, including whether Plaintiffs' alleged need for medical monitoring is due to some inherited condition or predisposition, rather than a purported exposure to sugarcane burning. *See Perez v. Metabolife Intern. Inc.*, 218 F.R.D. 262 (S.D. Fla. 2003) (explaining the individualized issues inherent in a medical monitoring claim including an individual's family history which may create an increased risk for certain diseases and which may indicate monitoring is appropriate for reasons other than those caused by Defendants' actions); *see also Bassette v. Health Mgmt. Res. Corp.*, 661 So. 2d 317, 319 (Fla. 2d DCA 1995) (recognizing that medical records of plaintiff's father could be relevant to whether plaintiff's alleged psychosis and depression were due to some inherited condition or predisposition). Plaintiffs have not identified any legitimate basis on which to withhold this information.

WHEREFORE, Defendants respectfully request that this Court grant this motion and enter an Order compelling supplemental discovery responses from Plaintiffs as requested herein

|  |  |
|---|---|
| Dated: January 24, 2021. | */s/ Jennifer A. McLoone*<br>Jennifer A. McLoone, Esq.<br>Florida Bar No. 29234<br>SHOOK, HARDY & BACON L.L.P.<br>Citigroup Center, Suite 3200<br>201 S. Biscayne Blvd.<br>Miami, Florida 33131<br>Ph: (305) 358-5171/Fax: (305) 358-7470<br>jmcloone@shb.com<br><br>Mark D. Anstoetter, Esq.<br>*(admitted pro hac vice)*<br>David Brent Dwerlkotte, Esq.<br>(admitted *pro hac vice*)<br>SHOOK, HARDY & BACON L.L.P.<br>2555 Grand Blvd.<br>Kansas City, MO 64108<br>Ph:  (816) 474 6550/Fax: (816) 421-5547<br>manstoetter@shb.com<br>dbwerlkotte@shb.com<br><br>Joseph P. Klock, Jr. Esq.<br>Florida Bar No. 156678<br>Gabriel E. Nieto, P.A.<br>Florida Bar No. 147559<br>RASCO KLOCK PEREZ NIETO PL<br>2555 Ponce de Leon Blvd., Suite 600<br>Coral Gables, Florida 333134<br>Ph:  (305) 467-711/Fax: (305) 675-7707<br>jklock@rascoklock.com<br><br>David S. Dee, Esq.<br>Florida Bar No. 281999<br>GARDNER, BIST, BOWDEN, BUSH,<br>DEE, LAVIA & WRIGHT, P.A.<br>1300 Thomaswood Drive<br>Tallahassee, Florida 32308<br>Ph:  (850) 385-0070/Fax: (850) 385-5416<br>ddee@gbwlegal.com<br><br>***Attorneys for Florida Crystals Corporation, Okeelanta Corporation, and Osceola Farms*** |