Composite Exhibit A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM ARMSTRONG, GLORIA ATKINS, JAMES BROOKS, CLOVER COFFIE, DEBRA JONES, SHANTE LEGRAND, DONALD MCLEAN, ROBERT REIMBOLD, ELIJAH SMITH, and LINDA WILCHER, each individually and on behalf of all others similarly situated;<br><br>        Plaintiffs,<br><br> v.<br><br>UNITED STATES SUGAR CORPORATION, a Delaware Corporation; SUGAR CANE GROWERS COOPERATIVE OF FLORIDA, a Florida not for profit corporation; FLORIDA CRYSTALS CORPORATION, a Delaware corporation; OKEELANTA CORPORATION, a Delaware corporation; OSCEOLA FARMS, a Florida corporation; SUGARLAND HARVESTING CO., a Florida not for profit corporation, TRUCANE SUGAR CORPORATION, a Florida corporation; INDEPENDENT HARVESTING, INC., a Florida corporation; and J & J AG PRODUCTS, INC., a Florida corporation,<br><br>        Defendants. | No. 9:19-cv-80730-RS-MM<br><br>**PLAINTIFF ARMSTRONG'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION** |

Plaintiff William Armstrong, by and through undersigned counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby submits the following objections and responses to Defendants' First Set of Requests for Production of Documents.

## I.     PRELIMINARY STATEMENT

Plaintiff's responses and objections to these Requests for Production of Documents are made for the sole purpose of this litigation. Each response is subject to all objections as to relevance, materiality, propriety, admissibility, privilege, privacy, and any and all other objections on grounds that would require the exclusion of any response herein if such were offered in Court, and such objections are reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended in this response.  Plaintiff's response to all or any part of the Requests for Production should not be taken as an admission that: (1) Plaintiff accepts or admits the existence of any fact(s) set forth in or assumed by the Requests for Production; or (2) Plaintiff has in their possession, custody, or control documents responsive to that Request for Production; or (3) documents responsive to that Request for Production exist. Plaintiff's response to all or any part of any Request for Production of Documents is not intended to be, and shall not be, a waiver by Plaintiff of all or any part of Plaintiff's objection(s) to that Request for Production of Documents.

The following responses are based upon information known at this time and are given without prejudice to Plaintiff's right to supplement or amend these responses prior to trial or to produce evidence based on subsequently discovered information.

## II.     GENERAL OBJECTIONS

1.      Plaintiff objects to these Requests for Production of Documents to the extent they purport to request information that is not relevant to the claims or defenses of the parties, nor reasonably calculated to lead to the discovery of admissible information. Plaintiff will respond to

Defendants' discovery requests to the extent required by the Federal Rules of Civil Procedure and orders of the Court.

2.      Plaintiff objects to these Requests for Production of Documents to the extent they seek information not available or known to Plaintiff. Plaintiff's responses are based upon, and therefore are limited by, Plaintiff's present knowledge and recollection, and consequently, Plaintiff reserves the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made.

3.      Plaintiff objects to these Requests for Production of Documents to the extent the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff will comply with Defendants' requests to the extent required by Rule 26(b)(1).

4.      Plaintiff objects to and will not comply with these Requests for Production of Documents to the extent they seek information that would cause unreasonable annoyance, embarrassment, oppression, burden, or expense to the Plaintiff or others.

5.      Plaintiff objects to these Requests for Production of Documents to the extent they are vague, ambiguous, or incomprehensible. Plaintiff will make reasonable efforts to discern Defendants' intent and define Plaintiff's understanding.

6.      Plaintiff objects to these Requests for Production of Documents to the extent they seek information outside the scope of this litigation. As such, these Requests for Production of Documents are overly broad, unduly burdensome, and seek information that is neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff will only respond with information regarding the events at issue in this litigation.

7.      Plaintiff objects to these Requests for Production of Documents the extent that they seek information that is already in Defendants' possession, custody, or control, or is equally available to Defendant. Plaintiff's responses are based on and limited by Plaintiff's present

knowledge and recollection. To the extent the information sought is already in Defendant's possession, custody, or control, or is equally available to Defendant, Plaintiff will not supplement their response.

8. Plaintiff objects to these Requests for Production of Documents to the extent they call for legal conclusions. Plaintiff will not respond to discovery requests that call for legal conclusions.

9. Plaintiff reserves until the time of trial all objections as to the relevance or admissibility of any information provided in response to these Requests for Production of Documents. The supplying of any information contained herein does not constitute an admission by Plaintiff that such document or information is relevant or admissible or that any statement or characterization in these Requests for Production of Documents is accurate or complete.

10. Plaintiff objects to these Requests for Production of Documents to the extent they purport to require Plaintiff to disclose information concerning any expert or other person or entity retained by Plaintiff's counsel to assist in the preparation of Plaintiff's case: (a) to the extent any such person or entity will not be designated by Plaintiffs as a trial witness on the grounds that such disclosure is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) on the grounds that any such present disclosure is prejudicial to Plaintiff's preparation of this case and is not required by the Federal Rules of Civil Procedure.

11. Plaintiff objects to these Requests for Production of Documents to the extent that they seek discovery directed at unnamed members of the proposed class. Absent special circumstances, discovery of absent class members is not permitted. Plaintiff will not respond to discovery directed at absent class members.

12. Plaintiff objects to these Requests for Production of Documents to the extent they are premature, in that discovery in this case is ongoing. Plaintiff reserves the rights to make additional

objections to these Requests for Production of Documents and to supplement and amend Plaintiff's objections and responses.

13.     Plaintiff objects to these Requests for Production of Documents to the extent that they seek information and documents protected from disclosure by the attorney-client privilege, the work product doctrine, or some other privilege or immunity from discovery. Plaintiff will not produce privileged documents or disclose privileged information.

14.     All responses given below incorporate the above General Objections and no response given by Plaintiff shall be deemed to constitute a waiver of any such objections.

## III.     OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**Request for Production No. 1: Any visual depiction (including photographs, images, and videos) of any smoke, smoke plume, particulate matter, or other emissions or remnants from any burning, of any source on Your property or in the Glades Agricultural Area.**

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 2: All paper and electronic records (including, but not limited to, visit notes and medication records), reports, photographs, films, and diagnostic images of any kind related to You and generated or obtained in connection with medical or psychological examination, evaluation, testing, diagnosis, care, treatment, therapy, or counseling that You received from any Healthcare Provider at any time.**

> **RESPONSE:**  Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks records generated or obtained in connection with any "psychological examination, evaluation, testing, diagnosis, care, treatment, therapy, or counseling."  These records are not relevant to any issue in the case.  Plaintiff further objects to this request as overly broad and unduly burdensome to the extent that it appears to seek records related to any medical examination, for any purpose, "at any time," which would include disclosure of records of births and deliveries, childhood illness, orthopedic injuries, and a host of other conditions which are highly unlikely to contain any information about toxic exposure.

> Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and period of this request.  To the extent records are produced, Plaintiff will provide an authorization subject to an appropriate protective order.

**Request for Production No. 3**: Documents sufficient to identify every medication, drug, and/or pharmaceutical, whether prescription or over the counter, taken by You at any time while residing in the Glades Agricultural Area and for ten years prior to You residing in the Glades Agricultural Area.

> **RESPONSE:** Plaintiff objects to this request as overly broad and unduly burdensome to the extent it seeks information about both prescription and over the counter medications Plaintiff has taken for a period that potentially extends back for decades. This would potentially include, for instance, information about over-the-counter medicine taken decades ago, as well as information about medicine taken for psychological problems, all of which are highly unlikely to contain any information about toxic exposure. Moreover, this request would implicate every cold, flu, headache, stomach ache, bout of diarrhea, or other minor ailment that involved taking an aspirin, analgesic, alka-seltzer, or other routine remedy that Plaintiff ever took over a lifetime, which is not only impossible for a person with eidetic memory, but facially overbroad and unduly burdensome.

> Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the period and scope of this request.

**Request for Production No. 4**: All Documents or records referring to or reflecting any Medical Condition(s), injuries, illnesses, or disabilities.

> **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks "all documents" and "all records" related to "any" medical conditions, injuries, illnesses, or disabilities; as currently drafted, this would potentially encompass a vast universe of documents extending well beyond Plaintiff's medical records, from any period, all of which are highly unlikely to contain any information about toxic exposure.

> To the extent this request seeks medical records, Plaintiff further objects to this request as duplicative of Request Nos. 2 and 3.

> Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and period of this Request.

**Request for Production No. 5**: All Documents or records referring to or reflecting any diseases(s)/health condition(s) of Your immediate family members.

> **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome. The health conditions of Plaintiff's immediate family members are not relevant to any issue in the case. Plaintiff further objects to this request to the extent that it would require the disclosure of third parties' protected health information, in violation of HIPAA. Plaintiff's family members are not parties to this case.

> In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 6**: Documents sufficient to identify all insurance companies that have covered You under a policy of health, life, or disability insurance at any time while You resided in the Glades Agricultural Area or in the ten years prior to You residing in the Glades Agricultural Area.

> **RESPONSE:**  Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks documents sufficient to identify policies related to "life" and "disability" insurance, neither of which is relevant to any issue in this case.
>
> Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and period of this Request.

**Request for Production No. 7**: All records generated or obtained in connection with health insurance coverage (including not only private health insurance but also Medicare, Medicaid, and other government provided health insurance) You have had or applied for, including without limitation all health insurance policies, all claims You have submitted for health insurance benefits as well as all materials You submitted in support of such claims, all correspondence, all statements of account, all notices of acceptance and notices of rejection, all invoices and receipts, and all demands for and notices of subrogation.

> **RESPONSE:**  Plaintiff further objects to this request as overly broad and unduly burdensome to the extent that it appears to seek records and associated "materials" related to any health insurance coverage, provided for any purpose, at any time, which would include disclosure of records of births and deliveries, childhood illness, orthopedic injuries, and a host of other conditions which are highly unlikely to contain any information about toxic exposure.   To the extent this request seeks medical records, Plaintiff further objects to this request as duplicative of Request Nos. 2-4.
>
> Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and period of this Request.

**Request for Production No. 8**: Documents sufficient to identify all claims, lawsuits, demands, or requests for benefits You have ever made for any physical injury or medical condition at any time.

> **RESPONSE:**  Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks documents sufficient to identify "all" claims, lawsuits, demands, or requests for benefits related to "any" physical injury or medical condition, from any time, which would include disclosure of records of births and deliveries, childhood illness, orthopedic injuries, and a host of other conditions which are highly unlikely to contain any information about toxic exposure.  To the extent this request seeks documents related medical records, Plaintiff further objects to this request as duplicative of Request Nos. 2-4.
>
> Subject to and without waiving the above General Objections, Plaintiff will produce documents sufficient to identify all legal claims and lawsuits ever made for any physical injury or medical condition.

**Request for Production No. 9**: All deeds (including warranty deeds) and trust instruments related to the property to which You refer in ¶ 24 of the TAC.

> **RESPONSE:** Plaintiffs object to this request to the extent it seeks publicly available records to which Defendants have equal access.  Subject to and without waiving his objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 10**: All radon certificates and notices, asbestos certificates and notices, lead certificates and notices, and inspection reports related to the property to which You refer in ¶ 24 of the TAC.

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 11**: All Documents related the financing and valuation of the property to which You refer in ¶ 24 of the TAC, including but not limited to, all warranties, mortgages, mortgage notes, mortgage statements, documentation of home equity lines of credit, assignments, appraisal reports and photographs, Documents relating to any efforts to finance or refinance, Documents relating to any effort to post the property as collateral to secure a loan or other financial obligation, and liens related to the property.

> **RESPONSE:**  Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome.  Plaintiff does not seek damages for the diminution in value of Plaintiff's property; consequently, the documents sought by this request, all of which relate to the "financing and valuation" of Plaintiff's property, are not relevant to any of the issues in this case.
>
> In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 12**: All Documents relating to any rental or attempted rental of the property to which You refer in ¶ 24 of the TAC, whether by You or by a prior owner of Your property, including the rental price and all property disclosures provided by You or any previous owners.

> **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome.  Plaintiff does not seek lost use or loss of income damages for Plaintiff's property; consequently, the documents sought by this request are not relevant to any issue in this case.
>
> In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 13**: All Documents relating to any sale or attempted sale of the property to which You refer in ¶ 24 of the TAC, including but not limited to, all purchase and sale agreements, listing agreements, or brokerage contracts relating to the potential or proposed sale of Your property.

> **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome.  Plaintiff does not seek damages for the diminution in value of Plaintiff's property; consequently, the documents sought by this request, all of which relate to the "financing and valuation" of Plaintiff's property, are not relevant to any of the issues in this case.

> In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 14**: All photographs and videotapes that depict the claimed damage to the property (or parts of it) to which You refer in ¶ 24 of the TAC.

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 15**: All estimates, proposals, contracts and amendments thereto, work orders, bills of material, punch lists, invoices, receipts, inspection reports, progress reports, photographs, and videotapes generated or obtained in connection with Home Renovations to the property referenced in ¶ 24 of the TAC.

> **RESPONSE:**  Plaintiff objects to this Request as irrelevant, overly broad, and unduly burdensome to the extent it seeks "all" estimates, proposals, contracts and amendments thereto, work orders, bills of material, punch lists, invoices, receipts, inspection reports, progress reports, photographs, and videotapes, without any time limit or specification as to the type of renovation performed.  Defendants define "Home Renovations" to include "all repairs, rehabilitation, refurbishment, remodeling, rebuilding, reconstruction, abatement, mitigation, or remediation work."  Therefore, as written, this request would capture a large volume of irrelevant documents, like routine home repairs (e.g., broken pipes, plumbing issues) or improvements (e.g., bathroom or kitchen remodels).

> Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 16**: Documents sufficient to identify all individuals or entities who perform or have performed periodic or routine maintenance on the property to which You refer in ¶ 24 of the TAC, from the time You purchased the property until present, including the type of maintenance performed, the frequency with which the maintenance was performed, the reason for the maintenance, and the time period within which each identified individual or entity performed the maintenance.

**RESPONSE:** Plaintiff objects to this Request as irrelevant, overly broad, and unduly burdensome to the extent it seeks documents dating back to the time Plaintiff's home was purchased, a period that extends well beyond the class period and potentially back decades.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents from June 4, 2009, through the present, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 17**: All Communications with real estate brokers, real estate agents, real estate appraisers, real estate inspectors, banks, lenders, and real estate tax authorities, and all real estate tax assessments and bills, generated or received since the date You purchased the property to which You refer in ¶ 24 of the TAC.

**RESPONSE:**  Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome.  Plaintiff does not seek damages for the diminution in value of Plaintiff's property; consequently, the documents sought by this request, all of which relate to the valuation and/or sale of Plaintiff's property, are not relevant to any of the issues in this case. Plaintiff further objects to this request to the extent that it seeks categories of documents, including tax assessments, that are publicly available, and to which Defendants therefore have equal access.

In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 18**: All offers to sell, offers to buy, and Communications with prospective purchasers generated or received since the date You purchased the property to which You refer in ¶ 24 of the TAC.

**RESPONSE:**  Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome.  Plaintiff does not seek damages for the diminution in value of Plaintiff's property; consequently, the documents sought by this request, all of which relate to the valuation and/or sale of Plaintiff's property, are not relevant to any of the issues in this case.

In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 19**: Documents sufficient to identify all individuals who have come to the property to which You refer in ¶ 24 of the TAC as guests from the time You purchased the property until present.

**RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome, as the identities of the individuals who have come to Plaintiff's property, much less the identity of all such individuals dating back to the time of purchase, is not relevant to any issue in this case. Moreover, this request would be impossible to answer competently even for someone with eidetic memory.

Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and period of this Request.

**Request for Production No. 20: Documents sufficient to identify all properties You have owned or currently own other than the property to which You refer in ¶ 24 of the TAC.**

RESPONSE: Plaintiff objects to this request as irrelevant and overly broad to the extent it seeks documents sufficient to identify property outside of the class area. Plaintiff's ownership of such property is not relevant to any issue in the case.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents sufficient to identify all properties Plaintiff currently owns, or has previously owned, in the class area, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 21: All Documents supporting Your claims for damages of the property to which You refer in ¶ 24 of the TAC, including (a) all bills of sale, invoices, receipts, purchase and sale agreements, contracts, and warranties generated or received in connection with Your acquisition; (b) all warranty and guarantee claims You submitted; (c) all records You submitted in support of insurance claims and all notices, correspondence, check stubs, invoices, and receipts You received in response to such claims; (d) all policies of homeowner's insurance and applications of homeowner's insurance; (e) all photographs and videotapes depicting the property and any before and after condition; (f) all appraisals; (g) all repair and servicing records, including all estimates, proposals, contracts, work orders, parts lists, bills of material, job tickets, warranties, guarantees, invoices, receipts, an correspondence; and (h) all contracts, invoices, receipts, warranties, guarantees, correspondence generated in connection with replacement.**

RESPONSE: Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Plaintiff further objects to subparts (a), (b), (c), and (d) of this request as duplicative of Request Nos. 11, 13, 17, and 18, to the extent this request seeks documents related to the diminution in value of Plaintiff's property. The documents sought in subparts (a)-(d) of this request, all of which relate to the valuation and/or sale of Plaintiff's property, are not relevant to any of the issues in this case.

Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to further understand and narrow the scope of this request.

**Request for Production No. 22: All Documents and Communications concerning analytical testing, sampling, or monitoring (including, but not limited to sampling or monitoring of air using any device including Purple Air monitors, groundwater, surface water, soil, dust, ash, wood, and paint) in and around the Glades Agricultural Area (including on the property to which You refer in ¶ 24 of the TAC) for potential contamination, environmental conditions, air quality, or hazardous substances, whether conducted by You or an outside engineers, experts, or consultants acting on Your behalf.**

**RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 23**: **Documents and Communications relating to any investigation or other efforts to determine the source of alleged particulate matter, smoke, or pollutants found at the property to which You refer in ¶ 24 of the TAC or elsewhere in the Glades Agricultural Area, whether conducted by You or an outside engineers, experts, or consultants acting on Your behalf.**

**RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 24**: **All Documents relating to any environmental reports or studies conducted relating to the property to which You refer in ¶ 24 of the TAC or any other property within the Glades Agricultural Area.**

**RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product.  Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court.  Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 25**: **All input and output data and files for all AERMOD simulations, iterations, and related pre-processors, including (a) AERSURFACE input and output files; (b) AERMAP input and output files; (c) AERMINUTE input and output files; (d) AERMET input and output files; (e) AERMOD input and output files; (f) raw data used to produce emissions files for AERMOD including Florida Forest Service burn records; (g) spreadsheets or programs used to process the emissions data for input into AERMOD; and (h) post processing spreadsheets or programs used to process the output from the AERMOD simulations.**

RESPONSE: Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product.  Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court.  Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 26**: **All input and output files and data for the INPUFF simulations, including (a) any raw data used as input to the INPUFF simulations; (b) any preprocessing of the raw data to format it for INPUFF; (c) all INPUFF model input and output files; and (d) a copy of the INPUFF cod as used in the analysis described in the TAC.**

RESPONSE: Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 27**: **All modeling files, input and output data, and processing used to generate Figure 31 in the TAC.**

    **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 28**: **All modeling files, input and output data, and processing used to generate Figure 32 in the TAC.**

    **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 29**: **To the extent not produced in response to Request Nos. 25-28, all Documents and Communications related to: (a) how emission sources were characterized in the models, including location, emission rate, initial dimensions (including field or area size), release height, etc.; (b) how emission rates were calculated, including emission factors used and burn-specific parameters; (c) the meteorological data used in modeling, how it was processed into model-ready format, and how the meteorological data were matched with burn event; (d) outputs of all burn events modeled, including date, location, geographical area, time of burn, and duration of burn; (e) all model input and output files; (f) all raw meteorological data used in the modeling; (g) all meteorological processing files and processed meteorological data used in the modeling; (h) all surface characteristic data, terrain data, and data processing files used in the modeling; and (i) the particle size distribution for all modeled constituents including PM, PM2.5, and PM10.**

    **RESPONSE:** Plaintiff objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent

this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 30: All Documents and Communications generated by You or Your consultants or experts related to modeling, calculations, monitoring, or risk assessments conducted in drafting the TAC, including but not limited to, the modeling, calculations, monitoring, and/or risk assessments referenced in ¶¶ 13, 14, 153, 157, 158, 162, 170, 184, 214, 235, 239 of the TAC.**

RESPONSE: Plaintiff objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the Court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 31: All Documents and Communications relied upon by You or Your consultants or experts related to modeling, calculations, monitoring, or risk assessments conducted in drafting the TAC, including but not limited to, the modeling, calculations, monitoring, and/or risk assessments referenced in ¶¶ 13, 14, 153, 157, 158, 162, 170, 184, 214, 235, 239 of the TAC.**

RESPONSE: Plaintiffs objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the Court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 32**: All articles, publications, or other sources referenced or cited in the TAC, and all interpretations or summaries of all articles, publications, or other sources referenced or cited in the TAC.

> **RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine, including "all interpretations or summaries of all articles, publications, or other sources referenced or cited in the TAC."
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 33**: All complaint logs maintained by the Florida Department of Health between 1988 and the present, as referenced in ¶ 124 of the TAC.

> **RESPONSE:** Plaintiff objects to this request because it seeks publicly available records maintained by the Florida Department of Health to which Defendants have equal access.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 34**: All Documents obtained by You at Meetings or hearings You attended at which sugarcane farming, sugarcane burning, particulate matter, smoke, and/or pollutants was discussed.

> **RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 35**: All Documents generated by You at Meetings or hearings You attended at which sugarcane farming, sugarcane burning, particulate matter, smoke, and/or pollutants was discussed.

> **RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 36**: All logs, diaries, journals, notes, or other Documents prepared by You related to Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c) sugarcane burning; (d) Defendants; (d) Your claimed damages; or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

     **RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.

     Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 37**: All written or recorded statements, reports, or complaints made by You[1] to any individual, entity, or third party (including, but not limited to, any reports to local, state, or other government employee, official, or agency) referring or relating to the alleged pollutants, smoke, or particulate matter coming from Defendants' sugarcane agricultural activities.

     **RESPONSE:** Plaintiff objects to this request as unduly burdensome, overbroad, and not proportional to the needs of the case, to the extent Defendants seek statements, reports, or complaints to *any* "individual," "entity," or "third party." Plaintiff further objects to the term "any individual, entity, or third party" as overly broad, vague, and ambiguous.

     Subject to and without waiving these and the above General Objections, Plaintiff will produce all written or recorded statements, reports or complaints made to any local, state, or other government employee, official, or agency, to the extent these documents are not privileged and do not constitute attorney work product, and to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 38**: Documents constituting, referring to, or relating to any Communication between You and any federal, state, municipal or local governmental entity or Agency (including, but not limited to, (1) the Florida Department of Agriculture and Consumer Services; (2) the Florida Department of Health; (3) the Florida Forest Service; (4) the Florida Department of Environmental Protection; and (5) the United States Environmental Protection Agency) concerning Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c) sugarcane burning; (d) Defendants; (e) Your claimed damages; or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

---

[1] Please note that "You" is defined to include Yourself, individually, as well as agents including Your attorneys, so any communications from Your counsel or other agents to third-parties is also subject to this request.

**RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 39**: Documents constituting, referring to, or relating to any Communication between You and any federal, state, municipal or local governmental entity or Agency (including, but not limited to, (1) the Florida Department of Agriculture and Consumer Services; (2) the Florid Department of Health; (3) the Florida Forest Service; (4) the Florida Department of Environmental Protection; and (5) the United States Environmental Protection Agency) relating to federal or state tools to track and map the effects of sugarcane burning.

**RESPONSE:** Subject to and without the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 40**: Documents constituting, referring to, or relating to any Communication between You and any other Plaintiff concerning Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, and/or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c) sugarcane burning; (d) Defendants; (e) Your claimed damages; and/or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

**RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine. Plaintiff objects to this request as overly broad, irrelevant, and not proportional to the needs of this case. In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 41**: Documents constituting, referring to, or relating to any Communication between You and any Defendant or Defendants' employees, directors, officers, representatives, or agents concerning Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, and/or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c) sugarcane burning; (d) Defendants; (e) Your claimed damages; and/or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

**RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks documents "referring" or "relating" to any communications with Defendants. Plaintiff further objects to this request to the extent it seeks communications already in Defendants' possession.

Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 42**: **Copies of any maps of burn events, smoke plumes, and ash plumes, referred to in Your Initial Disclosures.**

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 43**: **All EPA data referred to in Your Initial Disclosures.**

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 44**: **All documents identified or referred to in Your Initial Disclosures, not otherwise produced.**

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 45**: **Documents sufficient to identify any person or entity other than You and Your counsel, who have any financial interest in the outcome of this case.**

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff states that Plaintiff is not aware of any documents in Plaintiff's possession, custody, or control responsive to this request.

**Request for Production No. 46**: **All Documents supporting, relating to, demonstrating, or evidencing Your allegation that pesticides, fungicides, and herbicides migrated, as a result of Defendants' actions, as alleged in ¶ 133 of the Third Amended Complaint.**

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.
>
> Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Discovery is ongoing; Plaintiff will supplement this response to the extent required by the Federal Rules of Civil Procedure and orders of the court.

**Request for Production No. 47**: **Any Documents on which Plaintiffs or their expert witnesses intend to rely in support of their motion for class certification, including all Documents and Communications considered or relied upon by expert witnesses in forming their opinions.**

      **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

      Discovery is ongoing; Plaintiff will supplement this response to the extent required by the Federal Rules of Civil Procedure and orders of the court.

**Request for Production No. 48**: **Color copies (front and back) of Your Health Insurance cards, Medicare cards, and/or Medicaid cards.**

      **RESPONSE:** Subject to an appropriate protective order, Plaintiff will produce responsive documents, if any, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 49**: **A color copy of Your Florida Driver's License or Florida identification card.**

      **RESPONSE:** Subject to an appropriate protective order, Plaintiff will produce responsive documents, if any, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 50**: **Documents sufficient to identify any expert witness on whom You intend to rely in support motion for class certification, including all information required by Rule 26(a)(2)(B).**

      **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

      Discovery is ongoing; Plaintiff will supplement this response to the extent required by the Federal Rules of Civil Procedure and orders of the court.

DATED: December 17, 2021        HAGENS BERMAN SOBOL SHAPIRO LLP


By */s/ Steve W. Berman*
   Steve W. Berman (*pro hac vice*)
Theodore Wojcik (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com

Matthew T. Moore, Esq.
Joseph C. Schultz, Esq.
Zachary West, Esq.
THE BERMAN LAW GROUP
PO Box 272789
Boca Raton, FL 33427
Tel: 561-826-5200
Fax: 561-826-5201
Primary Email:
service@thebermanlawgroup.com
Secondary Email:
mmoore@thebermanlawgroup.com;
jschulz@thebermanlawgroup.com;
zwest@thebermanlawgroup.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing to be served by electronic mail on all counsel or parties of record on the service list.

Dated:  December 17, 2021                    */s/ Steve W. Berman*
                                             Steve W. Berman

## SERVICE LIST

***Attorneys for Defendant J &J Ag Products, Inc. Andrew S. Connell, Jr., Esq.***
Litchfield Cavo LLP
600 Corporate Drive, Suite 600
Ft. Lauderdale, FL 33334
Tel: 954-689-3000
Fax: 954-689-3001
Connell@litchfieldcavo.com
deatley@litchfieldcavo.com

***Attorneys for Defendant Sugar Cane Growers Cooperative of Florida***
Jennifer J. Kennedy, Esq.
Abbey, Adams, Byelick & Mueller, LLP
360 Central Avenue, 11th Floor
St. Petersburg, FL 33711
T: 727-821-2080
F: 727-822-3970
jkennedy@abbeyadams.com
ServiceJKennedy@AbbeyAdams.com

David J. Abbey, Esq.
Abbey, Adams, Byelick & Mueller, LLP
3201 US Highway 19 South, 9th Floor
St. Petersburg, FL 33711
T: 727-821-2080
servicedabbey@abbeyadams.com
*Pro Hac Vice*

***Attorneys for Defendants United States Sugar Corporation, Sugarland Harvesting Co., and Independent Harvesting, Inc.***
Brian M. McPherson, Esq.
Gregor J. Schwinghammer, Jr., Esq.
Gunster, Yoakley & Stewart, PA
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
T: 561-655-1980
F: 561-655-5677
Primary Email: bmcpherson@gunster.com;
gschwinghammer@gunster.com;
Secondary Emails: eservice@gunster.com;
jhoppel@gunster.com

Mark R. Ter Molen, Esq.
Timothy S. Bishop, Esq.
Mayer Brown, LLP
71 South Wacker Drive
Chicago, IL 60606
Ter Molen – T: 312-701-7307
Bishop – T: 312-701-7829
mtermolen@mayerbrown.com;
tbishop@mayerbrown.com

***Attorneys for Defendants Florida Crystals Corporation, Flo Sun Incorporated, American Sugar Refining, Inc., Okeelanta Corporation, and Osceola Farms***
Jennifer Ann McLoone, Esq.
Shook, Hardy & Bacon, LLP
201 South Biscayne Blvd., Suite 3200
Miami, FL 33131
T: 305-358-5171
F: 305-358-7470
jmcloone@shb.com

David Brent Dwerlkotte, Esq.
Mark D. Anstoetter, Esq.
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO 64108
T: 816-474-6550
dbdwerlkotte@shb.com;
manstoetter@shb.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM ARMSTRONG, GLORIA ATKINS, JAMES BROOKS, CLOVER COFFIE, DEBRA JONES, SHANTE LEGRAND, DONALD MCLEAN, ROBERT REIMBOLD, ELIJAH SMITH, and LINDA WILCHER, each individually and on behalf of all others similarly situated; | No. 9:19-cv-80730-RS-MM |
| | **PLAINTIFF ATKINS' OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION** |
| Plaintiffs, | |
| v. | |
| UNITED STATES SUGAR CORPORATION, a Delaware Corporation; SUGAR CANE GROWERS COOPERATIVE OF FLORIDA, a Florida not for profit corporation; FLORIDA CRYSTALS CORPORATION, a Delaware corporation; OKEELANTA CORPORATION, a Delaware corporation; OSCEOLA FARMS, a Florida corporation; SUGARLAND HARVESTING CO., a Florida not for profit corporation, TRUCANE SUGAR CORPORATION, a Florida corporation; INDEPENDENT HARVESTING, INC., a Florida corporation; and J & J AG PRODUCTS, INC., a Florida corporation, | |
| Defendants. | |

Plaintiff Gloria Atkins, by and through undersigned counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby submits the following objections and responses to Defendants' First Set of Requests for Production of Documents.

## I.        PRELIMINARY STATEMENT

Plaintiff's responses and objections to these Requests for Production of Documents are made for the sole purpose of this litigation. Each response is subject to all objections as to relevance, materiality, propriety, admissibility, privilege, privacy, and any and all other objections on grounds that would require the exclusion of any response herein if such were offered in Court, and such objections are reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended in this response.  Plaintiff's response to all or any part of the Requests for Production should not be taken as an admission that: (1) Plaintiff accepts or admits the existence of any fact(s) set forth in or assumed by the Requests for Production; or (2) Plaintiff has in their possession, custody, or control documents responsive to that Request for Production; or (3) documents responsive to that Request for Production exist. Plaintiff's response to all or any part of any Request for Production of Documents is not intended to be, and shall not be, a waiver by Plaintiff of all or any part of Plaintiff's objection(s) to that Request for Production of Documents.

The following responses are based upon information known at this time and are given without prejudice to Plaintiff's right to supplement or amend these responses prior to trial or to produce evidence based on subsequently discovered information.

## II.        GENERAL OBJECTIONS

1.        Plaintiff objects to these Requests for Production of Documents to the extent they purport to request information that is not relevant to the claims or defenses of the parties, nor reasonably calculated to lead to the discovery of admissible information. Plaintiff will respond to

Defendants' discovery requests to the extent required by the Federal Rules of Civil Procedure and orders of the Court.

2.      Plaintiff objects to these Requests for Production of Documents to the extent they seek information not available or known to Plaintiff. Plaintiff's responses are based upon, and therefore are limited by, Plaintiff's present knowledge and recollection, and consequently, Plaintiff reserves the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made.

3.      Plaintiff objects to these Requests for Production of Documents to the extent the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff will comply with Defendants' requests to the extent required by Rule 26(b)(1).

4.      Plaintiff objects to and will not comply with these Requests for Production of Documents to the extent they seek information that would cause unreasonable annoyance, embarrassment, oppression, burden, or expense to the Plaintiff or others.

5.      Plaintiff objects to these Requests for Production of Documents to the extent they are vague, ambiguous, or incomprehensible. Plaintiff will make reasonable efforts to discern Defendants' intent and define Plaintiff's understanding.

6.      Plaintiff objects to these Requests for Production of Documents to the extent they seek information outside the scope of this litigation. As such, these Requests for Production of Documents are overly broad, unduly burdensome, and seek information that is neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff will only respond with information regarding the events at issue in this litigation.

7.      Plaintiff objects to these Requests for Production of Documents the extent that they seek information that is already in Defendants' possession, custody, or control, or is equally available to Defendant. Plaintiff's responses are based on and limited by Plaintiff's present

knowledge and recollection. To the extent the information sought is already in Defendant's possession, custody, or control, or is equally available to Defendant, Plaintiff will not supplement their response.

8.      Plaintiff objects to these Requests for Production of Documents to the extent they call for legal conclusions. Plaintiff will not respond to discovery requests that call for legal conclusions.

9.      Plaintiff reserves until the time of trial all objections as to the relevance or admissibility of any information provided in response to these Requests for Production of Documents. The supplying of any information contained herein does not constitute an admission by Plaintiff that such document or information is relevant or admissible or that any statement or characterization in these Requests for Production of Documents is accurate or complete.

10.      Plaintiff objects to these Requests for Production of Documents to the extent they purport to require Plaintiff to disclose information concerning any expert or other person or entity retained by Plaintiff's counsel to assist in the preparation of Plaintiff's case: (a) to the extent any such person or entity will not be designated by Plaintiffs as a trial witness on the grounds that such disclosure is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) on the grounds that any such present disclosure is prejudicial to Plaintiff's preparation of this case and is not required by the Federal Rules of Civil Procedure.

11.      Plaintiff objects to these Requests for Production of Documents to the extent that they seek discovery directed at unnamed members of the proposed class. Absent special circumstances, discovery of absent class members is not permitted. Plaintiff will not respond to discovery directed at absent class members.

12.      Plaintiff objects to these Requests for Production of Documents to the extent they are premature, in that discovery in this case is ongoing. Plaintiff reserves the rights to make additional

objections to these Requests for Production of Documents and to supplement and amend Plaintiff's objections and responses.

13.     Plaintiff objects to these Requests for Production of Documents to the extent that they seek information and documents protected from disclosure by the attorney-client privilege, the work product doctrine, or some other privilege or immunity from discovery. Plaintiff will not produce privileged documents or disclose privileged information.

14.     All responses given below incorporate the above General Objections and no response given by Plaintiff shall be deemed to constitute a waiver of any such objections.

### III. OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**Request for Production No. 1: Any visual depiction (including photographs, images, and videos) of any smoke, smoke plume, particulate matter, or other emissions or remnants from any burning, of any source on Your property or in the Glades Agricultural Area.**

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 2: All paper and electronic records (including, but not limited to, visit notes and medication records), reports, photographs, films, and diagnostic images of any kind related to You and generated or obtained in connection with medical or psychological examination, evaluation, testing, diagnosis, care, treatment, therapy, or counseling that You received from any Healthcare Provider at any time.**

> **RESPONSE:**  Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks records generated or obtained in connection with any "psychological examination, evaluation, testing, diagnosis, care, treatment, therapy, or counseling."  These records are not relevant to any issue in the case.  Plaintiff further objects to this request as overly broad and unduly burdensome to the extent that it appears to seek records related to any medical examination, for any purpose, "at any time," which would include disclosure of records of births and deliveries, childhood illness, orthopedic injuries, and a host of other conditions which are highly unlikely to contain any information about toxic exposure.

> Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and period of this request.  To the extent records are produced, Plaintiff will provide an authorization subject to an appropriate protective order.

**Request for Production No. 3**: Documents sufficient to identify every medication, drug, and/or pharmaceutical, whether prescription or over the counter, taken by You at any time while residing in the Glades Agricultural Area and for ten years prior to You residing in the Glades Agricultural Area.

> **RESPONSE:** Plaintiff objects to this request as overly broad and unduly burdensome to the extent it seeks information about both prescription and over the counter medications Plaintiff has taken for a period that potentially extends back for decades. This would potentially include, for instance, information about over-the-counter medicine taken decades ago, as well as information about medicine taken for psychological problems, all of which are highly unlikely to contain any information about toxic exposure. Moreover, this request would implicate every cold, flu, headache, stomach ache, bout of diarrhea, or other minor ailment that involved taking an aspirin, analgesic, alka-seltzer, or other routine remedy that Plaintiff ever took over a lifetime, which is not only impossible for a person with eidetic memory, but facially overbroad and unduly burdensome.
>
> Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the period and scope of this request.

**Request for Production No. 4**: All Documents or records referring to or reflecting any Medical Condition(s), injuries, illnesses, or disabilities.

> **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks "all documents" and "all records" related to "any" medical conditions, injuries, illnesses, or disabilities; as currently drafted, this would potentially encompass a vast universe of documents extending well beyond Plaintiff's medical records, from any period, all of which are highly unlikely to contain any information about toxic exposure.
>
> To the extent this request seeks medical records, Plaintiff further objects to this request as duplicative of Request Nos. 2 and 3.
>
> Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and period of this Request.

**Request for Production No. 5**: All Documents or records referring to or reflecting any diseases(s)/health condition(s) of Your immediate family members.

> **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome. The health conditions of Plaintiff's immediate family members are not relevant to any issue in the case. Plaintiff further objects to this request to the extent that it would require the disclosure of third parties' protected health information, in violation of HIPAA. Plaintiff's family members are not parties to this case.
>
> In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 6**: Documents sufficient to identify all insurance companies that have covered You under a policy of health, life, or disability insurance at any time while You resided in the Glades Agricultural Area or in the ten years prior to You residing in the Glades Agricultural Area.

> **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks documents sufficient to identify policies related to "life" and "disability" insurance, neither of which is relevant to any issue in this case.

> Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and period of this Request.

**Request for Production No. 7**: All records generated or obtained in connection with health insurance coverage (including not only private health insurance but also Medicare, Medicaid, and other government provided health insurance) You have had or applied for, including without limitation all health insurance policies, all claims You have submitted for health insurance benefits as well as all materials You submitted in support of such claims, all correspondence, all statements of account, all notices of acceptance and notices of rejection, all invoices and receipts, and all demands for and notices of subrogation.

> **RESPONSE:** Plaintiff further objects to this request as overly broad and unduly burdensome to the extent that it appears to seek records and associated "materials" related to any health insurance coverage, provided for any purpose, at any time, which would include disclosure of records of births and deliveries, childhood illness, orthopedic injuries, and a host of other conditions which are highly unlikely to contain any information about toxic exposure. To the extent this request seeks medical records, Plaintiff further objects to this request as duplicative of Request Nos. 2-4.

> Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and period of this Request.

**Request for Production No. 8**: Documents sufficient to identify all claims, lawsuits, demands, or requests for benefits You have ever made for any physical injury or medical condition at any time.

> **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks documents sufficient to identify "all" claims, lawsuits, demands, or requests for benefits related to "any" physical injury or medical condition, from any time, which would include disclosure of records of births and deliveries, childhood illness, orthopedic injuries, and a host of other conditions which are highly unlikely to contain any information about toxic exposure. To the extent this request seeks documents related medical records, Plaintiff further objects to this request as duplicative of Request Nos. 2-4.

> Subject to and without waiving the above General Objections, Plaintiff will produce documents sufficient to identify all legal claims and lawsuits ever made for any physical injury or medical condition.

**Request for Production No. 9**: All deeds (including warranty deeds) and trust instruments related to the property to which You refer in ¶ 31 of the TAC.

> **RESPONSE:** Plaintiffs object to this request to the extent it seeks publicly available records to which Defendants have equal access.  Subject to and without waiving his objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 10**: All radon certificates and notices, asbestos certificates and notices, lead certificates and notices, and inspection reports related to the property to which You refer in ¶ 31 of the TAC.

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 11**: All Documents related the financing and valuation of the property to which You refer in ¶ 31 of the TAC, including but not limited to, all warranties, mortgages, mortgage notes, mortgage statements, documentation of home equity lines of credit, assignments, appraisal reports and photographs, Documents relating to any efforts to finance or refinance, Documents relating to any effort to post the property as collateral to secure a loan or other financial obligation, and liens related to the property.

> **RESPONSE:**  Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome.  Plaintiff does not seek damages for the diminution in value of Plaintiff's property; consequently, the documents sought by this request, all of which relate to the "financing and valuation" of Plaintiff's property, are not relevant to any of the issues in this case.
>
> In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 12**: All Documents relating to any rental or attempted rental of the property to which You refer in ¶ 31 of the TAC, whether by You or by a prior owner of Your property, including the rental price and all property disclosures provided by You or any previous owners.

> **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome.  Plaintiff does not seek lost use or loss of income damages for Plaintiff's property; consequently, the documents sought by this request are not relevant to any issue in this case.
>
> In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 13**: **All Documents relating to any sale or attempted sale of the property to which You refer in ¶ 31 of the TAC, including but not limited to, all purchase and sale agreements, listing agreements, or brokerage contracts relating to the potential or proposed sale of Your property.**

> **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome.  Plaintiff does not seek damages for the diminution in value of Plaintiff's property; consequently, the documents sought by this request, all of which relate to the "financing and valuation" of Plaintiff's property, are not relevant to any of the issues in this case.

> In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 14**: All photographs and videotapes that depict the claimed damage to the property (or parts of it) to which You refer in ¶ 31 of the TAC.

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 15**: **All estimates, proposals, contracts and amendments thereto, work orders, bills of material, punch lists, invoices, receipts, inspection reports, progress reports, photographs, and videotapes generated or obtained in connection with Home Renovations to the property referenced in ¶ 31 of the TAC.**

> **RESPONSE:**  Plaintiff objects to this Request as irrelevant, overly broad, and unduly burdensome to the extent it seeks "all" estimates, proposals, contracts and amendments thereto, work orders, bills of material, punch lists, invoices, receipts, inspection reports, progress reports, photographs, and videotapes, without any time limit or specification as to the type of renovation performed.  Defendants define "Home Renovations" to include "all repairs, rehabilitation, refurbishment, remodeling, rebuilding, reconstruction, abatement, mitigation, or remediation work."  Therefore, as written, this request would capture a large volume of irrelevant documents, like routine home repairs (e.g., broken pipes, plumbing issues) or improvements (e.g., bathroom or kitchen remodels).

> Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 16**: **Documents sufficient to identify all individuals or entities who perform or have performed periodic or routine maintenance on the property to which You refer in ¶ 31 of the TAC, from the time You purchased the property until present, including the type of maintenance performed, the frequency with which the maintenance was performed, the reason for the maintenance, and the time period within which each identified individual or entity performed the maintenance.**

**RESPONSE:** Plaintiff objects to this Request as irrelevant, overly broad, and unduly burdensome to the extent it seeks documents dating back to the time Plaintiff's home was purchased, a period that extends well beyond the class period and potentially back decades.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents from June 4, 2009, through the present, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 17:** All Communications with real estate brokers, real estate agents, real estate appraisers, real estate inspectors, banks, lenders, and real estate tax authorities, and all real estate tax assessments and bills, generated or received since the date You purchased the property to which You refer in ¶ 31 of the TAC.

**RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome. Plaintiff does not seek damages for the diminution in value of Plaintiff's property; consequently, the documents sought by this request, all of which relate to the valuation and/or sale of Plaintiff's property, are not relevant to any of the issues in this case. Plaintiff further objects to this request to the extent that it seeks categories of documents, including tax assessments, that are publicly available, and to which Defendants therefore have equal access.

In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 18:** All offers to sell, offers to buy, and Communications with prospective purchasers generated or received since the date You purchased the property to which You refer in ¶ 31 of the TAC.

**RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome. Plaintiff does not seek damages for the diminution in value of Plaintiff's property; consequently, the documents sought by this request, all of which relate to the valuation and/or sale of Plaintiff's property, are not relevant to any of the issues in this case.

In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 19:** Documents sufficient to identify all individuals who have come to the property to which You refer in ¶ 31 of the TAC as guests from the time You purchased the property until present.

**RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome, as the identities of the individuals who have come to Plaintiff's property, much less the identity of all such individuals dating back to the time of purchase, is not relevant to any issue in this case. Moreover, this request would be impossible to answer competently even for someone with eidetic memory.

Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and period of this Request.

**Request for Production No. 20**: **Documents sufficient to identify all properties You have owned or currently own other than the property to which You refer in ¶ 31 of the TAC.**

    **RESPONSE:** Plaintiff objects to this request as irrelevant and overly broad to the extent it seeks documents sufficient to identify property outside of the class area. Plaintiff's ownership of such property is not relevant to any issue in the case.

    Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents sufficient to identify all properties Plaintiff currently owns, or has previously owned, in the class area, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 21**: **All Documents supporting Your claims for damages of the property to which You refer in ¶ 31 of the TAC, including (a) all bills of sale, invoices, receipts, purchase and sale agreements, contracts, and warranties generated or received in connection with Your acquisition; (b) all warranty and guarantee claims You submitted; (c) all records You submitted in support of insurance claims and all notices, correspondence, check stubs, invoices, and receipts You received in response to such claims; (d) all policies of homeowner's insurance and applications of homeowner's insurance; (e) all photographs and videotapes depicting the property and any before and after condition; (f) all appraisals; (g) all repair and servicing records, including all estimates, proposals, contracts, work orders, parts lists, bills of material, job tickets, warranties, guarantees, invoices, receipts, an correspondence; and (h) all contracts, invoices, receipts, warranties, guarantees, correspondence generated in connection with replacement.**

    **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

    Plaintiff further objects to subparts (a), (b), (c), and (d) of this request as duplicative of Request Nos. 11, 13, 17, and 18, to the extent this request seeks documents related to the diminution in value of Plaintiff's property. The documents sought in subparts (a)-(d) of this request, all of which relate to the valuation and/or sale of Plaintiff's property, are not relevant to any of the issues in this case.

    Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to further understand and narrow the scope of this request.

**Request for Production No. 22**: **All Documents and Communications concerning analytical testing, sampling, or monitoring (including, but not limited to sampling or monitoring of air using any device including Purple Air monitors, groundwater, surface water, soil, dust, ash, wood, and paint) in and around the Glades Agricultural Area (including on the property to which You refer in ¶ 31 of the TAC) for potential contamination, environmental conditions, air quality, or hazardous substances, whether conducted by You or an outside engineers, experts, or consultants acting on Your behalf.**

**RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 23: Documents and Communications relating to any investigation or other efforts to determine the source of alleged particulate matter, smoke, or pollutants found at the property to which You refer in ¶ 31 of the TAC or elsewhere in the Glades Agricultural Area, whether conducted by You or an outside engineers, experts, or consultants acting on Your behalf.**

**RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 24: All Documents relating to any environmental reports or studies conducted relating to the property to which You refer in ¶ 31 of the TAC or any other property within the Glades Agricultural Area.**

**RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 25**: **All input and output data and files for all AERMOD simulations, iterations, and related pre-processors, including (a) AERSURFACE input and output files; (b) AERMAP input and output files; (c) AERMINUTE input and output files; (d) AERMET input and output files; (e) AERMOD input and output files; (f) raw data used to produce emissions files for AERMOD including Florida Forest Service burn records; (g) spreadsheets or programs used to process the emissions data for input into AERMOD; and (h) post processing spreadsheets or programs used to process the output from the AERMOD simulations.**

RESPONSE: Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 26**: **All input and output files and data for the INPUFF simulations, including (a) any raw data used as input to the INPUFF simulations; (b) any preprocessing of the raw data to format it for INPUFF; (c) all INPUFF model input and output files; and (d) a copy of the INPUFF cod as used in the analysis described in the TAC.**

RESPONSE: Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product.  Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court.  Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 27**: All modeling files, input and output data, and processing used to generate Figure 31 in the TAC.

**RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 28**: All modeling files, input and output data, and processing used to generate Figure 32 in the TAC.

**RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 29**: To the extent not produced in response to Request Nos. 25-28, all Documents and Communications related to: (a) how emission sources were characterized in the models, including location, emission rate, initial dimensions (including field or area size), release height, etc.; (b) how emission rates were calculated, including emission factors used and burn-specific parameters; (c) the meteorological data used in modeling, how it was processed into model-ready format, and how the meteorological data were matched with burn event; (d) outputs of all burn events modeled, including date, location, geographical area, time of burn, and duration of burn; (e) all model input and output files; (f) all raw meteorological data used in the modeling; (g) all meteorological processing files and processed meteorological data used in the modeling; (h) all surface characteristic data, terrain data, and data processing files used in the modeling; and (i) the particle size distribution for all modeled constituents including PM, PM2.5, and PM10.

**RESPONSE:** Plaintiff objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product.  Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court.  Plaintiff also objects to the extent

this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 30: All Documents and Communications generated by You or Your consultants or experts related to modeling, calculations, monitoring, or risk assessments conducted in drafting the TAC, including but not limited to, the modeling, calculations, monitoring, and/or risk assessments referenced in ¶¶ 13, 14, 153, 157, 158, 162, 170, 184, 214, 235, 239 of the TAC.**

RESPONSE: Plaintiff objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the Court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 31: All Documents and Communications relied upon by You or Your consultants or experts related to modeling, calculations, monitoring, or risk assessments conducted in drafting the TAC, including but not limited to, the modeling, calculations, monitoring, and/or risk assessments referenced in ¶¶ 13, 14, 153, 157, 158, 162, 170, 184, 214, 235, 239 of the TAC.**

RESPONSE: Plaintiffs objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the Court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 32**: **All articles, publications, or other sources referenced or cited in the TAC, and all interpretations or summaries of all articles, publications, or other sources referenced or cited in the TAC.**

> **RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine, including "all interpretations or summaries of all articles, publications, or other sources referenced or cited in the TAC."
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 33**: **All complaint logs maintained by the Florida Department of Health between 1988 and the present, as referenced in ¶ 124 of the TAC.**

> **RESPONSE:** Plaintiff objects to this request because it seeks publicly available records maintained by the Florida Department of Health to which Defendants have equal access.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 34**: **All Documents obtained by You at Meetings or hearings You attended at which sugarcane farming, sugarcane burning, particulate matter, smoke, and/or pollutants was discussed.**

> **RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 35**: **All Documents generated by You at Meetings or hearings You attended at which sugarcane farming, sugarcane burning, particulate matter, smoke, and/or pollutants was discussed.**

> **RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 36**: All logs, diaries, journals, notes, or other Documents prepared by You related to Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c) sugarcane burning; (d) Defendants; (d) Your claimed damages; or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

 RESPONSE: Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.

 Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 37**: All written or recorded statements, reports, or complaints made by You[1] to any individual, entity, or third party (including, but not limited to, any reports to local, state, or other government employee, official, or agency) referring or relating to the alleged pollutants, smoke, or particulate matter coming from Defendants' sugarcane agricultural activities.

 RESPONSE: Plaintiff objects to this request as unduly burdensome, overbroad, and not proportional to the needs of the case, to the extent Defendants seek statements, reports, or complaints to *any* "individual," "entity," or "third party." Plaintiff further objects to the term "any individual, entity, or third party" as overly broad, vague, and ambiguous.

 Subject to and without waiving these and the above General Objections, Plaintiff will produce all written or recorded statements, reports or complaints made to any local, state, or other government employee, official, or agency, to the extent these documents are not privileged and do not constitute attorney work product, and to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 38**: Documents constituting, referring to, or relating to any Communication between You and any federal, state, municipal or local governmental entity or Agency (including, but not limited to, (1) the Florida Department of Agriculture and Consumer Services; (2) the Florida Department of Health; (3) the Florida Forest Service; (4) the Florida Department of Environmental Protection; and (5) the United States Environmental Protection Agency) concerning Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c) sugarcane burning; (d) Defendants; (e) Your claimed damages; or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

---

 [1] Please note that "You" is defined to include Yourself, individually, as well as agents including Your attorneys, so any communications from Your counsel or other agents to third-parties is also subject to this request.

**RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 39**: Documents constituting, referring to, or relating to any Communication between You and any federal, state, municipal or local governmental entity or Agency (including, but not limited to, (1) the Florida Department of Agriculture and Consumer Services; (2) the Florid Department of Health; (3) the Florida Forest Service; (4) the Florida Department of Environmental Protection; and (5) the United States Environmental Protection Agency) relating to federal or state tools to track and map the effects of sugarcane burning.

**RESPONSE:** Subject to and without the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 40**: Documents constituting, referring to, or relating to any Communication between You and any other Plaintiff concerning Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, and/or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c) sugarcane burning; (d) Defendants; (e) Your claimed damages; and/or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

**RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.  Plaintiff objects to this request as overly broad, irrelevant, and not proportional to the needs of this case.  In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 41**: Documents constituting, referring to, or relating to any Communication between You and any Defendant or Defendants' employees, directors, officers, representatives, or agents concerning Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, and/or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c) sugarcane burning; (d) Defendants; (e) Your claimed damages; and/or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

**RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks documents "referring" or "relating" to any communications with Defendants.  Plaintiff further objects to this request to the extent it seeks communications already in Defendants' possession.

Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 42**: **Copies of any maps of burn events, smoke plumes, and ash plumes, referred to in Your Initial Disclosures.**

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 43**: **All EPA data referred to in Your Initial Disclosures.**

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 44**: **All documents identified or referred to in Your Initial Disclosures, not otherwise produced.**

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 45**: **Documents sufficient to identify any person or entity other than You and Your counsel, who have any financial interest in the outcome of this case.**

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff states that Plaintiff is not aware of any documents in Plaintiff's possession, custody, or control responsive to this request.

**Request for Production No. 46**: **All Documents supporting, relating to, demonstrating, or evidencing Your allegation that pesticides, fungicides, and herbicides migrated, as a result of Defendants' actions, as alleged in ¶ 133 of the Third Amended Complaint.**

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.
>
> Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Discovery is ongoing; Plaintiff will supplement this response to the extent required by the Federal Rules of Civil Procedure and orders of the court.

**Request for Production No. 47**: Any Documents on which Plaintiffs or their expert witnesses intend to rely in support of their motion for class certification, including all Documents and Communications considered or relied upon by expert witnesses in forming their opinions.

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.
>
> Discovery is ongoing; Plaintiff will supplement this response to the extent required by the Federal Rules of Civil Procedure and orders of the court.

**Request for Production No. 48**: Color copies (front and back) of Your Health Insurance cards, Medicare cards, and/or Medicaid cards.

> **RESPONSE:** Subject to an appropriate protective order, Plaintiff will produce responsive documents, if any, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 49**: A color copy of Your Florida Driver's License or Florida identification card.

> **RESPONSE:** Subject to an appropriate protective order, Plaintiff will produce responsive documents, if any, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 50**: Documents sufficient to identify any expert witness on whom You intend to rely in support motion for class certification, including all information required by Rule 26(a)(2)(B).

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.
>
> Discovery is ongoing; Plaintiff will supplement this response to the extent required by the Federal Rules of Civil Procedure and orders of the court.

DATED: December 17, 2021

HAGENS BERMAN SOBOL SHAPIRO LLP

By */s/ Steve W. Berman*  _____
    Steve W. Berman (*pro hac vice*)
Theodore Wojcik (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com

Matthew T. Moore, Esq.
Joseph C. Schultz, Esq.
Zachary West, Esq.
THE BERMAN LAW GROUP
PO Box 272789
Boca Raton, FL 33427
Tel: 561-826-5200
Fax: 561-826-5201
Primary Email:
service@thebermanlawgroup.com
Secondary Email:
mmoore@thebermanlawgroup.com;
jschulz@thebermanlawgroup.com;
zwest@thebermanlawgroup.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing to be served by electronic mail on all counsel or parties of record on the service list.


Dated:  December 17, 2021                    _/s/ Steve W. Berman_____
                                             Steve W. Berman

## SERVICE LIST

***Attorneys for Defendant J &J Ag Products, Inc. Andrew S. Connell, Jr., Esq.***
Litchfield Cavo LLP
600 Corporate Drive, Suite 600
Ft. Lauderdale, FL 33334
Tel: 954-689-3000
Fax: 954-689-3001
Connell@litchfieldcavo.com
deatley@litchfieldcavo.com

***Attorneys for Defendant Sugar Cane Growers Cooperative of Florida***
Jennifer J. Kennedy, Esq.
Abbey, Adams, Byelick & Mueller, LLP
360 Central Avenue, 11th Floor
St. Petersburg, FL 33711
T: 727-821-2080
F: 727-822-3970
jkennedy@abbeyadams.com
ServiceJKennedy@AbbeyAdams.com

David J. Abbey, Esq.
Abbey, Adams, Byelick & Mueller, LLP
3201 US Highway 19 South, 9th Floor
St. Petersburg, FL 33711
T: 727-821-2080
servicedabbey@abbeyadams.com
*Pro Hac Vice*

***Attorneys for Defendants United States Sugar Corporation, Sugarland Harvesting Co., and Independent Harvesting, Inc.***
Brian M. McPherson, Esq.
Gregor J. Schwinghammer, Jr., Esq.
Gunster, Yoakley & Stewart, PA
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
T: 561-655-1980
F: 561-655-5677
Primary Email: bmcpherson@gunster.com;
gschwinghammer@gunster.com;
Secondary Emails: eservice@gunster.com;
jhoppel@gunster.com

Mark R. Ter Molen, Esq.
Timothy S. Bishop, Esq.
Mayer Brown, LLP
71 South Wacker Drive
Chicago, IL 60606
Ter Molen – T: 312-701-7307
Bishop – T: 312-701-7829
mtermolen@mayerbrown.com;
tbishop@mayerbrown.com

***Attorneys for Defendants Florida Crystals Corporation, Flo Sun Incorporated, American Sugar Refining, Inc., Okeelanta Corporation, and Osceola Farms***
Jennifer Ann McLoone, Esq.
Shook, Hardy & Bacon, LLP
201 South Biscayne Blvd., Suite 3200
Miami, FL 33131
T: 305-358-5171
F: 305-358-7470
jmcloone@shb.com

David Brent Dwerlkotte, Esq.
Mark D. Anstoetter, Esq.
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO 64108
T: 816-474-6550
dbdwerlkotte@shb.com;
manstoetter@shb.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM ARMSTRONG, GLORIA ATKINS, JAMES BROOKS, CLOVER COFFIE, DEBRA JONES, SHANTE LEGRAND, DONALD MCLEAN, ROBERT REIMBOLD, ELIJAH SMITH, and LINDA WILCHER, each individually and on behalf of all others similarly situated;<br><br>        Plaintiffs,<br><br> v.<br><br>UNITED STATES SUGAR CORPORATION, a Delaware Corporation; SUGAR CANE GROWERS COOPERATIVE OF FLORIDA, a Florida not for profit corporation; FLORIDA CRYSTALS CORPORATION, a Delaware corporation; OKEELANTA CORPORATION, a Delaware corporation; OSCEOLA FARMS, a Florida corporation; SUGARLAND HARVESTING CO., a Florida not for profit corporation, TRUCANE SUGAR CORPORATION, a Florida corporation; INDEPENDENT HARVESTING, INC., a Florida corporation; and J & J AG PRODUCTS, INC., a Florida corporation,<br><br>        Defendants. | No. 9:19-cv-80730-RS-MM<br><br>**PLAINTIFF BROOKS' OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION** |

Plaintiff James Brooks, by and through undersigned counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby submits the following objections and responses to Defendants' First Set of Requests for Production of Documents.

## I.      PRELIMINARY STATEMENT

Plaintiff's responses and objections to these Requests for Production of Documents are made for the sole purpose of this litigation. Each response is subject to all objections as to relevance, materiality, propriety, admissibility, privilege, privacy, and any and all other objections on grounds that would require the exclusion of any response herein if such were offered in Court, and such objections are reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended in this response.  Plaintiff's response to all or any part of the Requests for Production should not be taken as an admission that: (1) Plaintiff accepts or admits the existence of any fact(s) set forth in or assumed by the Requests for Production; or (2) Plaintiff has in their possession, custody, or control documents responsive to that Request for Production; or (3) documents responsive to that Request for Production exist. Plaintiff's response to all or any part of any Request for Production of Documents is not intended to be, and shall not be, a waiver by Plaintiff of all or any part of Plaintiff's objection(s) to that Request for Production of Documents.

The following responses are based upon information known at this time and are given without prejudice to Plaintiff's right to supplement or amend these responses prior to trial or to produce evidence based on subsequently discovered information.

## II.      GENERAL OBJECTIONS

1.      Plaintiff objects to these Requests for Production of Documents to the extent they purport to request information that is not relevant to the claims or defenses of the parties, nor reasonably calculated to lead to the discovery of admissible information. Plaintiff will respond to

Defendants' discovery requests to the extent required by the Federal Rules of Civil Procedure and orders of the Court.

2.      Plaintiff objects to these Requests for Production of Documents to the extent they seek information not available or known to Plaintiff. Plaintiff's responses are based upon, and therefore are limited by, Plaintiff's present knowledge and recollection, and consequently, Plaintiff reserves the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made.

3.      Plaintiff objects to these Requests for Production of Documents to the extent the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff will comply with Defendants' requests to the extent required by Rule 26(b)(1).

4.      Plaintiff objects to and will not comply with these Requests for Production of Documents to the extent they seek information that would cause unreasonable annoyance, embarrassment, oppression, burden, or expense to the Plaintiff or others.

5.      Plaintiff objects to these Requests for Production of Documents to the extent they are vague, ambiguous, or incomprehensible. Plaintiff will make reasonable efforts to discern Defendants' intent and define Plaintiff's understanding.

6.      Plaintiff objects to these Requests for Production of Documents to the extent they seek information outside the scope of this litigation. As such, these Requests for Production of Documents are overly broad, unduly burdensome, and seek information that is neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff will only respond with information regarding the events at issue in this litigation.

7.      Plaintiff objects to these Requests for Production of Documents the extent that they seek information that is already in Defendants' possession, custody, or control, or is equally available to Defendant. Plaintiff's responses are based on and limited by Plaintiff's present

knowledge and recollection. To the extent the information sought is already in Defendant's possession, custody, or control, or is equally available to Defendant, Plaintiff will not supplement their response.

8.      Plaintiff objects to these Requests for Production of Documents to the extent they call for legal conclusions. Plaintiff will not respond to discovery requests that call for legal conclusions.

9.      Plaintiff reserves until the time of trial all objections as to the relevance or admissibility of any information provided in response to these Requests for Production of Documents. The supplying of any information contained herein does not constitute an admission by Plaintiff that such document or information is relevant or admissible or that any statement or characterization in these Requests for Production of Documents is accurate or complete.

10.     Plaintiff objects to these Requests for Production of Documents to the extent they purport to require Plaintiff to disclose information concerning any expert or other person or entity retained by Plaintiff's counsel to assist in the preparation of Plaintiff's case: (a) to the extent any such person or entity will not be designated by Plaintiffs as a trial witness on the grounds that such disclosure is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) on the grounds that any such present disclosure is prejudicial to Plaintiff's preparation of this case and is not required by the Federal Rules of Civil Procedure.

11.     Plaintiff objects to these Requests for Production of Documents to the extent that they seek discovery directed at unnamed members of the proposed class. Absent special circumstances, discovery of absent class members is not permitted. Plaintiff will not respond to discovery directed at absent class members.

12.     Plaintiff objects to these Requests for Production of Documents to the extent they are premature, in that discovery in this case is ongoing. Plaintiff reserves the rights to make additional

objections to these Requests for Production of Documents and to supplement and amend Plaintiff's objections and responses.

13.     Plaintiff objects to these Requests for Production of Documents to the extent that they seek information and documents protected from disclosure by the attorney-client privilege, the work product doctrine, or some other privilege or immunity from discovery. Plaintiff will not produce privileged documents or disclose privileged information.

14.     All responses given below incorporate the above General Objections and no response given by Plaintiff shall be deemed to constitute a waiver of any such objections.

### III.OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**Request for Production No. 1: Any visual depiction (including photographs, images, and videos) of any smoke, smoke plume, particulate matter, or other emissions or remnants from any burning, of any source on Your property or in the Glades Agricultural Area.**

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 2: All paper and electronic records (including, but not limited to, visit notes and medication records), reports, photographs, films, and diagnostic images of any kind related to You and generated or obtained in connection with medical or psychological examination, evaluation, testing, diagnosis, care, treatment, therapy, or counseling that You received from any Healthcare Provider at any time.**

> **RESPONSE:**  Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks records generated or obtained in connection with any "psychological examination, evaluation, testing, diagnosis, care, treatment, therapy, or counseling."  These records are not relevant to any issue in the case.  Plaintiff further objects to this request as overly broad and unduly burdensome to the extent that it appears to seek records related to any medical examination, for any purpose, "at any time," which would include disclosure of records of births and deliveries, childhood illness, orthopedic injuries, and a host of other conditions which are highly unlikely to contain any information about toxic exposure.
>
> Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and period of this request.  To the extent records are produced, Plaintiff will provide an authorization subject to an appropriate protective order.

**Request for Production No. 3**: Documents sufficient to identify every medication, drug, and/or pharmaceutical, whether prescription or over the counter, taken by You at any time while residing in the Glades Agricultural Area and for ten years prior to You residing in the Glades Agricultural Area.

      **RESPONSE:** Plaintiff objects to this request as overly broad and unduly burdensome to the extent it seeks information about both prescription and over the counter medications Plaintiff has taken for a period that potentially extends back for decades. This would potentially include, for instance, information about over-the-counter medicine taken decades ago, as well as information about medicine taken for psychological problems, all of which are highly unlikely to contain any information about toxic exposure. Moreover, this request would implicate every cold, flu, headache, stomach ache, bout of diarrhea, or other minor ailment that involved taking an aspirin, analgesic, alka-seltzer, or other routine remedy that Plaintiff ever took over a lifetime, which is not only impossible for a person with eidetic memory, but facially overbroad and unduly burdensome.

      Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the period and scope of this request.

**Request for Production No. 4**: All Documents or records referring to or reflecting any Medical Condition(s), injuries, illnesses, or disabilities.

      **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks "all documents" and "all records" related to "any" medical conditions, injuries, illnesses, or disabilities; as currently drafted, this would potentially encompass a vast universe of documents extending well beyond Plaintiff's medical records, from any period, all of which are highly unlikely to contain any information about toxic exposure.

      To the extent this request seeks medical records, Plaintiff further objects to this request as duplicative of Request Nos. 2 and 3.

      Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and period of this Request.

**Request for Production No. 5**: All Documents or records referring to or reflecting any diseases(s)/health condition(s) of Your immediate family members.

      **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome. The health conditions of Plaintiff's immediate family members are not relevant to any issue in the case. Plaintiff further objects to this request to the extent that it would require the disclosure of third parties' protected health information, in violation of HIPAA. Plaintiff's family members are not parties to this case.

      In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 6**: Documents sufficient to identify all insurance companies that have covered You under a policy of health, life, or disability insurance at any time while You resided in the Glades Agricultural Area or in the ten years prior to You residing in the Glades Agricultural Area.

> **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks documents sufficient to identify policies related to "life" and "disability" insurance, neither of which is relevant to any issue in this case.
>
> Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and period of this Request.

**Request for Production No. 7**: All records generated or obtained in connection with health insurance coverage (including not only private health insurance but also Medicare, Medicaid, and other government provided health insurance) You have had or applied for, including without limitation all health insurance policies, all claims You have submitted for health insurance benefits as well as all materials You submitted in support of such claims, all correspondence, all statements of account, all notices of acceptance and notices of rejection, all invoices and receipts, and all demands for and notices of subrogation.

> **RESPONSE:** Plaintiff further objects to this request as overly broad and unduly burdensome to the extent that it appears to seek records and associated "materials" related to any health insurance coverage, provided for any purpose, at any time, which would include disclosure of records of births and deliveries, childhood illness, orthopedic injuries, and a host of other conditions which are highly unlikely to contain any information about toxic exposure. To the extent this request seeks medical records, Plaintiff further objects to this request as duplicative of Request Nos. 2-4.
>
> Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and period of this Request.

**Request for Production No. 8**: Documents sufficient to identify all claims, lawsuits, demands, or requests for benefits You have ever made for any physical injury or medical condition at any time.

> **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks documents sufficient to identify "all" claims, lawsuits, demands, or requests for benefits related to "any" physical injury or medical condition, from any time, which would include disclosure of records of births and deliveries, childhood illness, orthopedic injuries, and a host of other conditions which are highly unlikely to contain any information about toxic exposure. To the extent this request seeks documents related medical records, Plaintiff further objects to this request as duplicative of Request Nos. 2-4.
>
> Subject to and without waiving the above General Objections, Plaintiff will produce documents sufficient to identify all legal claims and lawsuits ever made for any physical injury or medical condition.

**Request for Production No. 9**: All deeds (including warranty deeds) and trust instruments related to the property to which You refer in ¶ 37 of the TAC.

    **RESPONSE:** Plaintiffs object to this request to the extent it seeks publicly available records to which Defendants have equal access.  Subject to and without waiving his objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 10**: All radon certificates and notices, asbestos certificates and notices, lead certificates and notices, and inspection reports related to the property to which You refer in ¶ 37 of the TAC.

    **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 11**: All Documents related the financing and valuation of the property to which You refer in ¶ 37 of the TAC, including but not limited to, all warranties, mortgages, mortgage notes, mortgage statements, documentation of home equity lines of credit, assignments, appraisal reports and photographs, Documents relating to any efforts to finance or refinance, Documents relating to any effort to post the property as collateral to secure a loan or other financial obligation, and liens related to the property.

    **RESPONSE:**  Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome.  Plaintiff does not seek damages for the diminution in value of Plaintiff's property; consequently, the documents sought by this request, all of which relate to the "financing and valuation" of Plaintiff's property, are not relevant to any of the issues in this case.

    In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 12**: All Documents relating to any rental or attempted rental of the property to which You refer in ¶ 37 of the TAC, whether by You or by a prior owner of Your property, including the rental price and all property disclosures provided by You or any previous owners.

    **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome.  Plaintiff does not seek lost use or loss of income damages for Plaintiff's property; consequently, the documents sought by this request are not relevant to any issue in this case.

    In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 13**: All Documents relating to any sale or attempted sale of the property to which You refer in ¶ 37 of the TAC, including but not limited to, all purchase and sale agreements, listing agreements, or brokerage contracts relating to the potential or proposed sale of Your property.

> **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome.  Plaintiff does not seek damages for the diminution in value of Plaintiff's property; consequently, the documents sought by this request, all of which relate to the "financing and valuation" of Plaintiff's property, are not relevant to any of the issues in this case.
>
> In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 14**: All photographs and videotapes that depict the claimed damage to the property (or parts of it) to which You refer in ¶ 37 of the TAC.

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 15**: All estimates, proposals, contracts and amendments thereto, work orders, bills of material, punch lists, invoices, receipts, inspection reports, progress reports, photographs, and videotapes generated or obtained in connection with Home Renovations to the property referenced in ¶ 37 of the TAC.

> **RESPONSE:**  Plaintiff objects to this Request as irrelevant, overly broad, and unduly burdensome to the extent it seeks "all" estimates, proposals, contracts and amendments thereto, work orders, bills of material, punch lists, invoices, receipts, inspection reports, progress reports, photographs, and videotapes, without any time limit or specification as to the type of renovation performed.  Defendants define "Home Renovations" to include "all repairs, rehabilitation, refurbishment, remodeling, rebuilding, reconstruction, abatement, mitigation, or remediation work."  Therefore, as written, this request would capture a large volume of irrelevant documents, like routine home repairs (e.g., broken pipes, plumbing issues) or improvements (e.g., bathroom or kitchen remodels).
>
> Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 16**: Documents sufficient to identify all individuals or entities who perform or have performed periodic or routine maintenance on the property to which You refer in ¶ 37 of the TAC, from the time You purchased the property until present, including the type of maintenance performed, the frequency with which the maintenance was performed, the reason for the maintenance, and the time period within which each identified individual or entity performed the maintenance.

**RESPONSE:** Plaintiff objects to this Request as irrelevant, overly broad, and unduly burdensome to the extent it seeks documents dating back to the time Plaintiff's home was purchased, a period that extends well beyond the class period and potentially back decades.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents from June 4, 2009, through the present, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 17**: All Communications with real estate brokers, real estate agents, real estate appraisers, real estate inspectors, banks, lenders, and real estate tax authorities, and all real estate tax assessments and bills, generated or received since the date You purchased the property to which You refer in ¶ 37 of the TAC.

**RESPONSE:**  Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome.  Plaintiff does not seek damages for the diminution in value of Plaintiff's property; consequently, the documents sought by this request, all of which relate to the valuation and/or sale of Plaintiff's property, are not relevant to any of the issues in this case. Plaintiff further objects to this request to the extent that it seeks categories of documents, including tax assessments, that are publicly available, and to which Defendants therefore have equal access.

In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 18**: All offers to sell, offers to buy, and Communications with prospective purchasers generated or received since the date You purchased the property to which You refer in ¶ 37 of the TAC.

**RESPONSE:**  Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome.  Plaintiff does not seek damages for the diminution in value of Plaintiff's property; consequently, the documents sought by this request, all of which relate to the valuation and/or sale of Plaintiff's property, are not relevant to any of the issues in this case.

In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 19**: Documents sufficient to identify all individuals who have come to the property to which You refer in ¶ 37 of the TAC as guests from the time You purchased the property until present.

**RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome, as the identities of the individuals who have come to Plaintiff's property, much less the identity of all such individuals dating back to the time of purchase, is not relevant to any issue in this case. Moreover, this request would be impossible to answer competently even for someone with eidetic memory.

Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and period of this Request.

**Request for Production No. 20: Documents sufficient to identify all properties You have owned or currently own other than the property to which You refer in ¶ 37 of the TAC.**

RESPONSE: Plaintiff objects to this request as irrelevant and overly broad to the extent it seeks documents sufficient to identify property outside of the class area. Plaintiff's ownership of such property is not relevant to any issue in the case.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents sufficient to identify all properties Plaintiff currently owns, or has previously owned, in the class area, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 21: All Documents supporting Your claims for damages of the property to which You refer in ¶ 37 of the TAC, including (a) all bills of sale, invoices, receipts, purchase and sale agreements, contracts, and warranties generated or received in connection with Your acquisition; (b) all warranty and guarantee claims You submitted; (c) all records You submitted in support of insurance claims and all notices, correspondence, check stubs, invoices, and receipts You received in response to such claims; (d) all policies of homeowner's insurance and applications of homeowner's insurance; (e) all photographs and videotapes depicting the property and any before and after condition; (f) all appraisals; (g) all repair and servicing records, including all estimates, proposals, contracts, work orders, parts lists, bills of material, job tickets, warranties, guarantees, invoices, receipts, an correspondence; and (h) all contracts, invoices, receipts, warranties, guarantees, correspondence generated in connection with replacement.**

RESPONSE: Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Plaintiff further objects to subparts (a), (b), (c), and (d) of this request as duplicative of Request Nos. 11, 13, 17, and 18, to the extent this request seeks documents related to the diminution in value of Plaintiff's property. The documents sought in subparts (a)-(d) of this request, all of which relate to the valuation and/or sale of Plaintiff's property, are not relevant to any of the issues in this case.

Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to further understand and narrow the scope of this request.

**Request for Production No. 22: All Documents and Communications concerning analytical testing, sampling, or monitoring (including, but not limited to sampling or monitoring of air using any device including Purple Air monitors, groundwater, surface water, soil, dust, ash, wood, and paint) in and around the Glades Agricultural Area (including on the property to which You refer in ¶ 37 of the TAC) for potential contamination, environmental conditions, air quality, or hazardous substances, whether conducted by You or an outside engineers, experts, or consultants acting on Your behalf.**

**RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 23: Documents and Communications relating to any investigation or other efforts to determine the source of alleged particulate matter, smoke, or pollutants found at the property to which You refer in ¶ 37 of the TAC or elsewhere in the Glades Agricultural Area, whether conducted by You or an outside engineers, experts, or consultants acting on Your behalf.**

**RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 24: All Documents relating to any environmental reports or studies conducted relating to the property to which You refer in ¶ 37 of the TAC or any other property within the Glades Agricultural Area.**

**RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product.  Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court.  Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 25**: All input and output data and files for all AERMOD simulations, iterations, and related pre-processors, including (a) AERSURFACE input and output files; (b) AERMAP input and output files; (c) AERMINUTE input and output files; (d) AERMET input and output files; (e) AERMOD input and output files; (f) raw data used to produce emissions files for AERMOD including Florida Forest Service burn records; (g) spreadsheets or programs used to process the emissions data for input into AERMOD; and (h) post processing spreadsheets or programs used to process the output from the AERMOD simulations.

RESPONSE: Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product.  Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court.  Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 26**: All input and output files and data for the INPUFF simulations, including (a) any raw data used as input to the INPUFF simulations; (b) any preprocessing of the raw data to format it for INPUFF; (c) all INPUFF model input and output files; and (d) a copy of the INPUFF cod as used in the analysis described in the TAC.

RESPONSE: Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product.  Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court.  Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 27**: **All modeling files, input and output data, and processing used to generate Figure 31 in the TAC.**

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 28**: **All modeling files, input and output data, and processing used to generate Figure 32 in the TAC.**

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 29**: **To the extent not produced in response to Request Nos. 25-28, all Documents and Communications related to: (a) how emission sources were characterized in the models, including location, emission rate, initial dimensions (including field or area size), release height, etc.; (b) how emission rates were calculated, including emission factors used and burn-specific parameters; (c) the meteorological data used in modeling, how it was processed into model-ready format, and how the meteorological data were matched with burn event; (d) outputs of all burn events modeled, including date, location, geographical area, time of burn, and duration of burn; (e) all model input and output files; (f) all raw meteorological data used in the modeling; (g) all meteorological processing files and processed meteorological data used in the modeling; (h) all surface characteristic data, terrain data, and data processing files used in the modeling; and (i) the particle size distribution for all modeled constituents including PM, PM2.5, and PM10.**

> **RESPONSE:** Plaintiff objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product.  Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court.  Plaintiff also objects to the extent

this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 30**: **All Documents and Communications generated by You or Your consultants or experts related to modeling, calculations, monitoring, or risk assessments conducted in drafting the TAC, including but not limited to, the modeling, calculations, monitoring, and/or risk assessments referenced in ¶¶ 13, 14, 153, 157, 158, 162, 170, 184, 214, 235, 239 of the TAC.**

RESPONSE: Plaintiff objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the Court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 31**: **All Documents and Communications relied upon by You or Your consultants or experts related to modeling, calculations, monitoring, or risk assessments conducted in drafting the TAC, including but not limited to, the modeling, calculations, monitoring, and/or risk assessments referenced in ¶¶ 13, 14, 153, 157, 158, 162, 170, 184, 214, 235, 239 of the TAC.**

RESPONSE: Plaintiffs objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the Court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 32**: All articles, publications, or other sources referenced or cited in the TAC, and all interpretations or summaries of all articles, publications, or other sources referenced or cited in the TAC.

> **RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine, including "all interpretations or summaries of all articles, publications, or other sources referenced or cited in the TAC."
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 33**: All complaint logs maintained by the Florida Department of Health between 1988 and the present, as referenced in ¶ 124 of the TAC.

> **RESPONSE:** Plaintiff objects to this request because it seeks publicly available records maintained by the Florida Department of Health to which Defendants have equal access.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 34**: All Documents obtained by You at Meetings or hearings You attended at which sugarcane farming, sugarcane burning, particulate matter, smoke, and/or pollutants was discussed.

> **RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 35**: All Documents generated by You at Meetings or hearings You attended at which sugarcane farming, sugarcane burning, particulate matter, smoke, and/or pollutants was discussed.

> **RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 36**: All logs, diaries, journals, notes, or other Documents prepared by You related to Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c) sugarcane burning; (d) Defendants; (d) Your claimed damages; or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

     **RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.

     Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 37**: All written or recorded statements, reports, or complaints made by You[1] to any individual, entity, or third party (including, but not limited to, any reports to local, state, or other government employee, official, or agency) referring or relating to the alleged pollutants, smoke, or particulate matter coming from Defendants' sugarcane agricultural activities.

     **RESPONSE:** Plaintiff objects to this request as unduly burdensome, overbroad, and not proportional to the needs of the case, to the extent Defendants seek statements, reports, or complaints to *any* "individual," "entity," or "third party." Plaintiff further objects to the term "any individual, entity, or third party" as overly broad, vague, and ambiguous.

     Subject to and without waiving these and the above General Objections, Plaintiff will produce all written or recorded statements, reports or complaints made to any local, state, or other government employee, official, or agency, to the extent these documents are not privileged and do not constitute attorney work product, and to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 38**: Documents constituting, referring to, or relating to any Communication between You and any federal, state, municipal or local governmental entity or Agency (including, but not limited to, (1) the Florida Department of Agriculture and Consumer Services; (2) the Florida Department of Health; (3) the Florida Forest Service; (4) the Florida Department of Environmental Protection; and (5) the United States Environmental Protection Agency) concerning Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c) sugarcane burning; (d) Defendants; (e) Your claimed damages; or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

---

    [1] Please note that "You" is defined to include Yourself, individually, as well as agents including Your attorneys, so any communications from Your counsel or other agents to third-parties is also subject to this request.

**RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 39**: Documents constituting, referring to, or relating to any Communication between You and any federal, state, municipal or local governmental entity or Agency (including, but not limited to, (1) the Florida Department of Agriculture and Consumer Services; (2) the Florid Department of Health; (3) the Florida Forest Service; (4) the Florida Department of Environmental Protection; and (5) the United States Environmental Protection Agency) relating to federal or state tools to track and map the effects of sugarcane burning.

**RESPONSE:** Subject to and without the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 40**: Documents constituting, referring to, or relating to any Communication between You and any other Plaintiff concerning Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, and/or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c) sugarcane burning; (d) Defendants; (e) Your claimed damages; and/or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

**RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.  Plaintiff objects to this request as overly broad, irrelevant, and not proportional to the needs of this case.  In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 41**: Documents constituting, referring to, or relating to any Communication between You and any Defendant or Defendants' employees, directors, officers, representatives, or agents concerning Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, and/or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c) sugarcane burning; (d) Defendants; (e) Your claimed damages; and/or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

**RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks documents "referring" or "relating" to any communications with Defendants.  Plaintiff further objects to this request to the extent it seeks communications already in Defendants' possession.

Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 42**: **Copies of any maps of burn events, smoke plumes, and ash plumes, referred to in Your Initial Disclosures.**

    **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 43**: **All EPA data referred to in Your Initial Disclosures.**

    **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 44**: **All documents identified or referred to in Your Initial Disclosures, not otherwise produced.**

    **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 45**: **Documents sufficient to identify any person or entity other than You and Your counsel, who have any financial interest in the outcome of this case.**

    **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff states that Plaintiff is not aware of any documents in Plaintiff's possession, custody, or control responsive to this request.

**Request for Production No. 46**: **All Documents supporting, relating to, demonstrating, or evidencing Your allegation that pesticides, fungicides, and herbicides migrated, as a result of Defendants' actions, as alleged in ¶ 133 of the Third Amended Complaint.**

    **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

    Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

    Discovery is ongoing; Plaintiff will supplement this response to the extent required by the Federal Rules of Civil Procedure and orders of the court.

**Request for Production No. 47**: **Any Documents on which Plaintiffs or their expert witnesses intend to rely in support of their motion for class certification, including all Documents and Communications considered or relied upon by expert witnesses in forming their opinions.**

    **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

    Discovery is ongoing; Plaintiff will supplement this response to the extent required by the Federal Rules of Civil Procedure and orders of the court.

**Request for Production No. 48**: **Color copies (front and back) of Your Health Insurance cards, Medicare cards, and/or Medicaid cards.**

    **RESPONSE:** Subject to an appropriate protective order, Plaintiff will produce responsive documents, if any, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 49**: **A color copy of Your Florida Driver's License or Florida identification card.**

    **RESPONSE:** Subject to an appropriate protective order, Plaintiff will produce responsive documents, if any, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 50**: **Documents sufficient to identify any expert witness on whom You intend to rely in support motion for class certification, including all information required by Rule 26(a)(2)(B).**

    **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

    Discovery is ongoing; Plaintiff will supplement this response to the extent required by the Federal Rules of Civil Procedure and orders of the court.

DATED: December 17, 2021          HAGENS BERMAN SOBOL SHAPIRO LLP

By */s/ Steve W. Berman*
   Steve W. Berman (*pro hac vice*)
Theodore Wojcik (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com

Matthew T. Moore, Esq.
Joseph C. Schultz, Esq.
Zachary West, Esq.
THE BERMAN LAW GROUP
PO Box 272789
Boca Raton, FL 33427
Tel: 561-826-5200
Fax: 561-826-5201
Primary Email:
service@thebermanlawgroup.com
Secondary Email:
mmoore@thebermanlawgroup.com;
jschulz@thebermanlawgroup.com;
zwest@thebermanlawgroup.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing to be served by electronic mail on all counsel or parties of record on the service list.


Dated:  December 17, 2021

/s/ Steve W. Berman
Steve W. Berman

## SERVICE LIST

***Attorneys for Defendant J &J Ag Products, Inc. Andrew S. Connell, Jr., Esq.***
Litchfield Cavo LLP
600 Corporate Drive, Suite 600
Ft. Lauderdale, FL 33334
Tel: 954-689-3000
Fax: 954-689-3001
Connell@litchfieldcavo.com
deatley@litchfieldcavo.com

***Attorneys for Defendant Sugar Cane Growers Cooperative of Florida***
Jennifer J. Kennedy, Esq.
Abbey, Adams, Byelick & Mueller, LLP
360 Central Avenue, 11th Floor
St. Petersburg, FL 33711
T: 727-821-2080
F: 727-822-3970
jkennedy@abbeyadams.com
ServiceJKennedy@AbbeyAdams.com

David J. Abbey, Esq.
Abbey, Adams, Byelick & Mueller, LLP
3201 US Highway 19 South, 9th Floor
St. Petersburg, FL 33711
T: 727-821-2080
servicedabbey@abbeyadams.com
*Pro Hac Vice*

***Attorneys for Defendants United States Sugar Corporation, Sugarland Harvesting Co., and Independent Harvesting, Inc.***
Brian M. McPherson, Esq.
Gregor J. Schwinghammer, Jr., Esq.
Gunster, Yoakley & Stewart, PA
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
T: 561-655-1980
F: 561-655-5677
Primary Email: bmcpherson@gunster.com;
gschwinghammer@gunster.com;
Secondary Emails: eservice@gunster.com;
jhoppel@gunster.com

Mark R. Ter Molen, Esq.
Timothy S. Bishop, Esq.
Mayer Brown, LLP
71 South Wacker Drive
Chicago, IL 60606
Ter Molen – T: 312-701-7307
Bishop – T: 312-701-7829
mtermolen@mayerbrown.com;
tbishop@mayerbrown.com

***Attorneys for Defendants Florida Crystals Corporation, Flo Sun Incorporated, American Sugar Refining, Inc., Okeelanta Corporation, and Osceola Farms***
Jennifer Ann McLoone, Esq.
Shook, Hardy & Bacon, LLP
201 South Biscayne Blvd., Suite 3200
Miami, FL 33131
T: 305-358-5171
F: 305-358-7470
jmcloone@shb.com

David Brent Dwerlkotte, Esq.
Mark D. Anstoetter, Esq.
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO 64108
T: 816-474-6550
dbdwerlkotte@shb.com;
manstoetter@shb.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM ARMSTRONG, GLORIA ATKINS, JAMES BROOKS, CLOVER COFFIE, DEBRA JONES, SHANTE LEGRAND, DONALD MCLEAN, ROBERT REIMBOLD, ELIJAH SMITH, and LINDA WILCHER, each individually and on behalf of all others similarly situated; | No. 9:19-cv-80730-RS-MM<br><br>**PLAINTIFF COFFIE'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION** |

                                Plaintiffs,

     v.

UNITED STATES SUGAR CORPORATION, a Delaware Corporation; SUGAR CANE GROWERS COOPERATIVE OF FLORIDA, a Florida not for profit corporation; FLORIDA CRYSTALS CORPORATION, a Delaware corporation; OKEELANTA CORPORATION, a Delaware corporation; OSCEOLA FARMS, a Florida corporation; SUGARLAND HARVESTING CO., a Florida not for profit corporation, TRUCANE SUGAR CORPORATION, a Florida corporation; INDEPENDENT HARVESTING, INC., a Florida corporation; and J & J AG PRODUCTS, INC., a Florida corporation,

                             Defendants.

Plaintiff Clover Coffie, by and through undersigned counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby submits the following objections and responses to Defendants' First Set of Requests for Production of Documents.

## I.    PRELIMINARY STATEMENT

Plaintiff's responses and objections to these Requests for Production of Documents are made for the sole purpose of this litigation. Each response is subject to all objections as to relevance, materiality, propriety, admissibility, privilege, privacy, and any and all other objections on grounds that would require the exclusion of any response herein if such were offered in Court, and such objections are reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended in this response.  Plaintiff's response to all or any part of the Requests for Production should not be taken as an admission that: (1) Plaintiff accepts or admits the existence of any fact(s) set forth in or assumed by the Requests for Production; or (2) Plaintiff has in their possession, custody, or control documents responsive to that Request for Production; or (3) documents responsive to that Request for Production exist. Plaintiff's response to all or any part of any Request for Production of Documents is not intended to be, and shall not be, a waiver by Plaintiff of all or any part of Plaintiff's objection(s) to that Request for Production of Documents.

The following responses are based upon information known at this time and are given without prejudice to Plaintiff's right to supplement or amend these responses prior to trial or to produce evidence based on subsequently discovered information.

## II.    GENERAL OBJECTIONS

1.    Plaintiff objects to these Requests for Production of Documents to the extent they purport to request information that is not relevant to the claims or defenses of the parties, nor reasonably calculated to lead to the discovery of admissible information. Plaintiff will respond to

Defendants' discovery requests to the extent required by the Federal Rules of Civil Procedure and orders of the Court.

2.      Plaintiff objects to these Requests for Production of Documents to the extent they seek information not available or known to Plaintiff. Plaintiff's responses are based upon, and therefore are limited by, Plaintiff's present knowledge and recollection, and consequently, Plaintiff reserves the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made.

3.      Plaintiff objects to these Requests for Production of Documents to the extent the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff will comply with Defendants' requests to the extent required by Rule 26(b)(1).

4.      Plaintiff objects to and will not comply with these Requests for Production of Documents to the extent they seek information that would cause unreasonable annoyance, embarrassment, oppression, burden, or expense to the Plaintiff or others.

5.      Plaintiff objects to these Requests for Production of Documents to the extent they are vague, ambiguous, or incomprehensible. Plaintiff will make reasonable efforts to discern Defendants' intent and define Plaintiff's understanding.

6.      Plaintiff objects to these Requests for Production of Documents to the extent they seek information outside the scope of this litigation. As such, these Requests for Production of Documents are overly broad, unduly burdensome, and seek information that is neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff will only respond with information regarding the events at issue in this litigation.

7.      Plaintiff objects to these Requests for Production of Documents the extent that they seek information that is already in Defendants' possession, custody, or control, or is equally available to Defendant. Plaintiff's responses are based on and limited by Plaintiff's present

knowledge and recollection. To the extent the information sought is already in Defendant's possession, custody, or control, or is equally available to Defendant, Plaintiff will not supplement their response.

8.     Plaintiff objects to these Requests for Production of Documents to the extent they call for legal conclusions. Plaintiff will not respond to discovery requests that call for legal conclusions.

9.     Plaintiff reserves until the time of trial all objections as to the relevance or admissibility of any information provided in response to these Requests for Production of Documents. The supplying of any information contained herein does not constitute an admission by Plaintiff that such document or information is relevant or admissible or that any statement or characterization in these Requests for Production of Documents is accurate or complete.

10.     Plaintiff objects to these Requests for Production of Documents to the extent they purport to require Plaintiff to disclose information concerning any expert or other person or entity retained by Plaintiff's counsel to assist in the preparation of Plaintiff's case: (a) to the extent any such person or entity will not be designated by Plaintiffs as a trial witness on the grounds that such disclosure is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) on the grounds that any such present disclosure is prejudicial to Plaintiff's preparation of this case and is not required by the Federal Rules of Civil Procedure.

11.     Plaintiff objects to these Requests for Production of Documents to the extent that they seek discovery directed at unnamed members of the proposed class. Absent special circumstances, discovery of absent class members is not permitted. Plaintiff will not respond to discovery directed at absent class members.

12.     Plaintiff objects to these Requests for Production of Documents to the extent they are premature, in that discovery in this case is ongoing. Plaintiff reserves the rights to make additional

objections to these Requests for Production of Documents and to supplement and amend Plaintiff's objections and responses.

13.     Plaintiff objects to these Requests for Production of Documents to the extent that they seek information and documents protected from disclosure by the attorney-client privilege, the work product doctrine, or some other privilege or immunity from discovery. Plaintiff will not produce privileged documents or disclose privileged information.

14.     All responses given below incorporate the above General Objections and no response given by Plaintiff shall be deemed to constitute a waiver of any such objections.

### III.OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**Request for Production No. 1: Any visual depiction (including photographs, images, and videos) of any smoke, smoke plume, particulate matter, or other emissions or remnants from any burning, of any source on Your property or in the Glades Agricultural Area.**

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 2: All deeds (including warranty deeds) and trust instruments related to the property to which You refer in ¶ 45 of the TAC.**

> **RESPONSE:** Plaintiffs object to this request to the extent it seeks publicly available records to which Defendants have equal access.  Subject to and without waiving his objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 3: All radon certificates and notices, asbestos certificates and notices, lead certificates and notices, and inspection reports related to the property to which You refer in ¶ 45 of the TAC.**

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 4: All Documents related the financing and valuation of the property to which You refer in ¶ 45 of the TAC, including but not limited to, all warranties, mortgages, mortgage notes, mortgage statements, documentation of home equity lines of credit,**

**assignments, appraisal reports and photographs, Documents relating to any efforts to finance or refinance, Documents relating to any effort to post the property as collateral to secure a loan or other financial obligation, and liens related to the property.**

> **RESPONSE:**  Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome.  Plaintiff does not seek damages for the diminution in value of Plaintiff's property; consequently, the documents sought by this request, all of which relate to the "financing and valuation" of Plaintiff's property, are not relevant to any of the issues in this case.

> In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 5**: **All Documents relating to any rental or attempted rental of the property to which You refer in ¶ 45 of the TAC, whether by You or by a prior owner of Your property, including the rental price and all property disclosures provided by You or any previous owners.**

> **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome.  Plaintiff does not seek lost use or loss of income damages for Plaintiff's property; consequently, the documents sought by this request are not relevant to any issue in this case.

> In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 6**: **All Documents relating to any sale or attempted sale of the property to which You refer in ¶ 45 of the TAC, including but not limited to, all purchase and sale agreements, listing agreements, or brokerage contracts relating to the potential or proposed sale of Your property.**

> **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome.  Plaintiff does not seek damages for the diminution in value of Plaintiff's property; consequently, the documents sought by this request, all of which relate to the "financing and valuation" of Plaintiff's property, are not relevant to any of the issues in this case.

> In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 7**: All photographs and videotapes that depict the claimed damage to the property (or parts of it) to which You refer in ¶ 45 of the TAC.

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 8**: **All estimates, proposals, contracts and amendments thereto, work orders, bills of material, punch lists, invoices, receipts, inspection reports, progress reports, photographs, and videotapes generated or obtained in connection with Home Renovations to the property referenced in ¶ 45 of the TAC.**

> **RESPONSE:**  Plaintiff objects to this Request as irrelevant, overly broad, and unduly burdensome to the extent it seeks "all" estimates, proposals, contracts and amendments thereto, work orders, bills of material, punch lists, invoices, receipts, inspection reports, progress reports, photographs, and videotapes, without any time limit or specification as to the type of renovation performed.  Defendants define "Home Renovations" to include "all repairs, rehabilitation, refurbishment, remodeling, rebuilding, reconstruction, abatement, mitigation, or remediation work."  Therefore, as written, this request would capture a large volume of irrelevant documents, like routine home repairs (e.g., broken pipes, plumbing issues) or improvements (e.g., bathroom or kitchen remodels).

> Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 9**: **Documents sufficient to identify all individuals or entities who perform or have performed periodic or routine maintenance on the property to which You refer in ¶ 45 of the TAC, from the time You purchased the property until present, including the type of maintenance performed, the frequency with which the maintenance was performed, the reason for the maintenance, and the time period within which each identified individual or entity performed the maintenance.**

> **RESPONSE:** Plaintiff objects to this Request as irrelevant, overly broad, and unduly burdensome to the extent it seeks documents dating back to the time Plaintiff's home was purchased, a period that extends well beyond the class period and potentially back decades.

> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents from June 4, 2009, through the present, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 10**: **All Communications with real estate brokers, real estate agents, real estate appraisers, real estate inspectors, banks, lenders, and real estate tax authorities, and all real estate tax assessments and bills, generated or received since the date You purchased the property to which You refer in ¶ 45 of the TAC.**

> **RESPONSE:**  Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome.  Plaintiff does not seek damages for the diminution in value of Plaintiff's property; consequently, the documents sought by this request, all of which relate to the valuation and/or sale of Plaintiff's property, are not relevant to any of the issues in this case.  Plaintiff further objects to this request to the extent that it seeks categories of documents, including tax assessments, that are publicly available, and to which Defendants therefore have equal access.

In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 11: All offers to sell, offers to buy, and Communications with prospective purchasers generated or received since the date You purchased the property to which You refer in ¶ 45 of the TAC.**

RESPONSE:  Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome.  Plaintiff does not seek damages for the diminution in value of Plaintiff's property; consequently, the documents sought by this request, all of which relate to the valuation and/or sale of Plaintiff's property, are not relevant to any of the issues in this case.

In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 12: Documents sufficient to identify all individuals who have come to the property to which You refer in ¶ 45 of the TAC as guests from the time You purchased the property until present.**

RESPONSE: Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome, as the identities of the individuals who have come to Plaintiff's property, much less the identity of all such individuals dating back to the time of purchase, is not relevant to any issue in this case. Moreover, this request would be impossible to answer competently even for someone with eidetic memory.

Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and period of this Request.

**Request for Production No. 13: Documents sufficient to identify all properties You have owned or currently own other than the property to which You refer in ¶ 45 of the TAC.**

RESPONSE: Plaintiff objects to this request as irrelevant and overly broad to the extent it seeks documents sufficient to identify property outside of the class area.  Plaintiff's ownership of such property is not relevant to any issue in the case.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents sufficient to identify all properties Plaintiff currently owns, or has previously owned, in the class area, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 14: All Documents supporting Your claims for damages of the property to which You refer in ¶ 45 of the TAC, including (a) all bills of sale, invoices, receipts, purchase and sale agreements, contracts, and warranties generated or received in connection with Your acquisition; (b) all warranty and guarantee claims You submitted; (c) all records You submitted in support of insurance claims and all notices, correspondence, check stubs, invoices, and receipts You received in response to such claims; (d) all policies of homeowner's insurance and applications of homeowner's insurance; (e) all photographs and videotapes**

depicting the property and any before and after condition; (f) all appraisals; (g) all repair and servicing records, including all estimates, proposals, contracts, work orders, parts lists, bills of material, job tickets, warranties, guarantees, invoices, receipts, an correspondence; and (h) all contracts, invoices, receipts, warranties, guarantees, correspondence generated in connection with replacement.

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.
>
> Plaintiff further objects to subparts (a), (b), (c), and (d) of this request as duplicative of Request Nos. 4, 6, 10, and 11, to the extent this request seeks documents related to the diminution in value of Plaintiff's property. The documents sought in subparts (a)-(d) of this request, all of which relate to the valuation and/or sale of Plaintiff's property, are not relevant to any of the issues in this case.
>
> Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to further understand and narrow the scope of this request.

**Request for Production No. 15**: All Documents and Communications concerning analytical testing, sampling, or monitoring (including, but not limited to sampling or monitoring of air using any device including Purple Air monitors, groundwater, surface water, soil, dust, ash, wood, and paint) in and around the Glades Agricultural Area (including on the property to which You refer in ¶ 45 of the TAC) for potential contamination, environmental conditions, air quality, or hazardous substances, whether conducted by You or an outside engineers, experts, or consultants acting on Your behalf.

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.
>
> Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product.  Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court.  Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 16**: Documents and Communications relating to any investigation or other efforts to determine the source of alleged particulate matter, smoke, or pollutants found at the property to which You refer in ¶ 45 of the TAC or elsewhere in the Glades

**Agricultural Area, whether conducted by You or an outside engineers, experts, or consultants acting on Your behalf.**

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.
>
> Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 17: All Documents relating to any environmental reports or studies conducted relating to the property to which You refer in ¶ 45 of the TAC or any other property within the Glades Agricultural Area.**

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.
>
> Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 18: All input and output data and files for all AERMOD simulations, iterations, and related pre-processors, including (a) AERSURFACE input and output files; (b) AERMAP input and output files; (c) AERMINUTE input and output files; (d) AERMET input and output files; (e) AERMOD input and output files; (f) raw data used to produce emissions files for AERMOD including Florida Forest Service burn records; (g) spreadsheets or programs used to process the emissions data for input into AERMOD; and (h)**

post processing spreadsheets or programs used to process the output from the AERMOD simulations.

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.
>
> Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 19**: All input and output files and data for the INPUFF simulations, including (a) any raw data used as input to the INPUFF simulations; (b) any preprocessing of the raw data to format it for INPUFF; (c) all INPUFF model input and output files; and (d) a copy of the INPUFF cod as used in the analysis described in the TAC.

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.
>
> Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 20**: All modeling files, input and output data, and processing used to generate Figure 31 in the TAC.

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney

work product, to the extent such documents exist and are in Plaintiff's possession, custody, or
control.

**Request for Production No. 21: All modeling files, input and output data, and processing used
to generate Figure 32 in the TAC.**

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will
> produce responsive documents, if any, that are not privileged and do not constitute attorney
> work product, to the extent such documents exist and are in Plaintiff's possession, custody, or
> control.

**Request for Production No. 22: To the extent not produced in response to Request Nos. 18-21,
all Documents and Communications related to: (a) how emission sources were characterized in
the models, including location, emission rate, initial dimensions (including field or area size),
release height, etc.; (b) how emission rates were calculated, including emission factors used and
burn-specific parameters; (c) the meteorological data used in modeling, how it was processed
into model-ready format, and how the meteorological data were matched with burn event; (d)
outputs of all burn events modeled, including date, location, geographical area, time of burn,
and duration of burn; (e) all model input and output files; (f) all raw meteorological data used
in the modeling; (g) all meteorological processing files and processed meteorological data used
in the modeling; (h) all surface characteristic data, terrain data, and data processing files used
in the modeling; and (i) the particle size distribution for all modeled constituents including PM,
PM2.5, and PM10.**

> **RESPONSE:** Plaintiff objects to this request to the extent that it seeks to obtain discovery of
> opinion testimony prematurely and outside the scope of expert discovery contemplated by the
> Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of
> consulting expert work product. Such testimony will be disclosed in accordance with the
> Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent
> this request seeks documents protected by the attorney-client privilege and work product
> doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will
> produce responsive documents, if any, that are not privileged and do not constitute attorney
> work product, to the extent such documents exist and are in Plaintiff's possession, custody, or
> control.

**Request for Production No. 23: All Documents and Communications generated by You or
Your consultants or experts related to modeling, calculations, monitoring, or risk assessments
conducted in drafting the TAC, including but not limited to, the modeling, calculations,
monitoring, and/or risk assessments referenced in ¶¶ 13, 14, 153, 157, 158, 162, 170, 184, 214,
235, 239 of the TAC.**

> **RESPONSE:** Plaintiff objects to this request to the extent that it seeks to obtain discovery of
> opinion testimony prematurely and outside the scope of expert discovery contemplated by the
> Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure
> of consulting expert work product. Such testimony will be disclosed in accordance with the
> Federal Rules of Civil Procedure and orders of the Court. Plaintiff also objects to the extent

this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 24**: **All Documents and Communications relied upon by You or Your consultants or experts related to modeling, calculations, monitoring, or risk assessments conducted in drafting the TAC, including but not limited to, the modeling, calculations, monitoring, and/or risk assessments referenced in ¶¶ 13, 14, 153, 157, 158, 162, 170, 184, 214, 235, 239 of the TAC.**

RESPONSE: Plaintiffs objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the Court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 25**: **All articles, publications, or other sources referenced or cited in the TAC, and all interpretations or summaries of all articles, publications, or other sources referenced or cited in the TAC.**

RESPONSE: Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine, including "all interpretations or summaries of all articles, publications, or other sources referenced or cited in the TAC."

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 26**: **All complaint logs maintained by the Florida Department of Health between 1988 and the present, as referenced in ¶ 124 of the TAC.**

RESPONSE: Plaintiff objects to this request because it seeks publicly available records maintained by the Florida Department of Health to which Defendants have equal access.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney

work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 27**: All Documents obtained by You at Meetings or hearings You attended at which sugarcane farming, sugarcane burning, particulate matter, smoke, and/or pollutants was discussed.

> **RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 28**: All Documents generated by You at Meetings or hearings You attended at which sugarcane farming, sugarcane burning, particulate matter, smoke, and/or pollutants was discussed.

> **RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 29**: All logs, diaries, journals, notes, or other Documents prepared by You related to Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c) sugarcane burning; (d) Defendants; (d) Your claimed damages; or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

> **RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 30**: All written or recorded statements, reports, or complaints made by You[1] to any individual, entity, or third party (including, but not limited to, any

---

[1] Please note that "You" is defined to include Yourself, individually, as well as agents including Your attorneys, so any communications from Your counsel or other agents to third-parties is also subject to this request.

reports to local, state, or other government employee, official, or agency) referring or relating to the alleged pollutants, smoke, or particulate matter coming from Defendants' sugarcane agricultural activities.

> **RESPONSE:** Plaintiff objects to this request as unduly burdensome, overbroad, and not proportional to the needs of the case, to the extent Defendants seek statements, reports, or complaints to *any* "individual," "entity," or "third party." Plaintiff further objects to the term "any individual, entity, or third party" as overly broad, vague, and ambiguous.

> Subject to and without waiving these and the above General Objections, Plaintiff will produce all written or recorded statements, reports or complaints made to any local, state, or other government employee, official, or agency, to the extent these documents are not privileged and do not constitute attorney work product, and to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 31**: Documents constituting, referring to, or relating to any Communication between You and any federal, state, municipal or local governmental entity or Agency (including, but not limited to, (1) the Florida Department of Agriculture and Consumer Services; (2) the Florida Department of Health; (3) the Florida Forest Service; (4) the Florida Department of Environmental Protection; and (5) the United States Environmental Protection Agency) concerning Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c) sugarcane burning; (d) Defendants; (e) Your claimed damages; or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 32**: Documents constituting, referring to, or relating to any Communication between You and any federal, state, municipal or local governmental entity or Agency (including, but not limited to, (1) the Florida Department of Agriculture and Consumer Services; (2) the Florid Department of Health; (3) the Florida Forest Service; (4) the Florida Department of Environmental Protection; and (5) the United States Environmental Protection Agency) relating to federal or state tools to track and map the effects of sugarcane burning.

> **RESPONSE:** Subject to and without the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 33**: Documents constituting, referring to, or relating to any Communication between You and any other Plaintiff concerning Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, and/or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c)

sugarcane burning; (d) Defendants; (e) Your claimed damages; and/or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

> **RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.  Plaintiff objects to this request as overly broad, irrelevant, and not proportional to the needs of this case.  In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 34**: Documents constituting, referring to, or relating to any Communication between You and any Defendant or Defendants' employees, directors, officers, representatives, or agents concerning Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, and/or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c) sugarcane burning; (d) Defendants; (e) Your claimed damages; and/or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

> **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks documents "referring" or "relating" to any communications with Defendants.  Plaintiff further objects to this request to the extent it seeks communications already in Defendants' possession.
>
> Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 35**: Copies of any maps of burn events, smoke plumes, and ash plumes, referred to in Your Initial Disclosures.

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 36**: All EPA data referred to in Your Initial Disclosures.

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 37**: All documents identified or referred to in Your Initial Disclosures, not otherwise produced.

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 38**: **Documents sufficient to identify any person or entity other than You and Your counsel, who have any financial interest in the outcome of this case.**

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff states that Plaintiff is not aware of any documents in Plaintiff's possession, custody, or control responsive to this request.

**Request for Production No. 39**: **All Documents supporting, relating to, demonstrating, or evidencing Your allegation that pesticides, fungicides, and herbicides migrated, as a result of Defendants' actions, as alleged in ¶ 133 of the Third Amended Complaint.**

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.
>
> Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Discovery is ongoing; Plaintiff will supplement this response to the extent required by the Federal Rules of Civil Procedure and orders of the court.

**Request for Production No. 40**: **Any Documents on which Plaintiffs or their expert witnesses intend to rely in support of their motion for class certification, including all Documents and Communications considered or relied upon by expert witnesses in forming their opinions.**

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.
>
> Discovery is ongoing; Plaintiff will supplement this response to the extent required by the Federal Rules of Civil Procedure and orders of the court.

**Request for Production No. 41**: **A color copy of Your Florida Driver's License or Florida identification card.**

> **RESPONSE:** Subject to an appropriate protective order, Plaintiff will produce responsive documents, if any, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 42**: **Documents sufficient to identify any expert witness on whom You intend to rely in support motion for class certification, including all information required by Rule 26(a)(2)(B).**

**RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Discovery is ongoing; Plaintiff will supplement this response to the extent required by the Federal Rules of Civil Procedure and orders of the court.

DATED: December 17, 2021

HAGENS BERMAN SOBOL SHAPIRO LLP

By */s/ Steve W. Berman*

    Steve W. Berman (*pro hac vice*)
Theodore Wojcik (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com

Matthew T. Moore, Esq.
Joseph C. Schultz, Esq.
Zachary West, Esq.
THE BERMAN LAW GROUP
PO Box 272789
Boca Raton, FL 33427
Tel: 561-826-5200
Fax: 561-826-5201
Primary Email:
service@thebermanlawgroup.com
Secondary Email:
mmoore@thebermanlawgroup.com;
jschulz@thebermanlawgroup.com;
zwest@thebermanlawgroup.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing to be served by electronic mail on all counsel or parties of record on the service list.

Dated:  December 17, 2021                          */s/ Steve W. Berman*
                                                   Steve W. Berman

## SERVICE LIST

**Attorneys for Defendant J &J Ag Products, Inc. Andrew S. Connell, Jr., Esq.**
Litchfield Cavo LLP
600 Corporate Drive, Suite 600
Ft. Lauderdale, FL 33334
Tel: 954-689-3000
Fax: 954-689-3001
Connell@litchfieldcavo.com
deatley@litchfieldcavo.com

**Attorneys for Defendant Sugar Cane Growers Cooperative of Florida**
Jennifer J. Kennedy, Esq.
Abbey, Adams, Byelick & Mueller, LLP
360 Central Avenue, 11th Floor
St. Petersburg, FL 33711
T: 727-821-2080
F: 727-822-3970
jkennedy@abbeyadams.com
ServiceJKennedy@AbbeyAdams.com

David J. Abbey, Esq.
Abbey, Adams, Byelick & Mueller, LLP
3201 US Highway 19 South, 9th Floor
St. Petersburg, FL 33711
T: 727-821-2080
servicedabbey@abbeyadams.com
*Pro Hac Vice*

**Attorneys for Defendants United States Sugar Corporation, Sugarland Harvesting Co., and Independent Harvesting, Inc.**
Brian M. McPherson, Esq.
Gregor J. Schwinghammer, Jr., Esq.
Gunster, Yoakley & Stewart, PA
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
T: 561-655-1980
F: 561-655-5677
Primary Email: bmcpherson@gunster.com;
gschwinghammer@gunster.com;
Secondary Emails: eservice@gunster.com;
jhoppel@gunster.com

Mark R. Ter Molen, Esq.
Timothy S. Bishop, Esq.
Mayer Brown, LLP
71 South Wacker Drive
Chicago, IL 60606
Ter Molen – T: 312-701-7307
Bishop – T: 312-701-7829
mtermolen@mayerbrown.com;
tbishop@mayerbrown.com

***Attorneys for Defendants Florida Crystals Corporation, Flo Sun Incorporated, American Sugar Refining, Inc., Okeelanta Corporation, and Osceola Farms***
Jennifer Ann McLoone, Esq.
Shook, Hardy & Bacon, LLP
201 South Biscayne Blvd., Suite 3200
Miami, FL 33131
T: 305-358-5171
F: 305-358-7470
jmcloone@shb.com

David Brent Dwerlkotte, Esq.
Mark D. Anstoetter, Esq.
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO 64108
T: 816-474-6550
dbdwerlkotte@shb.com;
manstoetter@shb.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM ARMSTRONG, GLORIA ATKINS, JAMES BROOKS, CLOVER COFFIE, DEBRA JONES, SHANTE LEGRAND, DONALD MCLEAN, ROBERT REIMBOLD, ELIJAH SMITH, and LINDA WILCHER, each individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES SUGAR CORPORATION, a Delaware Corporation; SUGAR CANE GROWERS COOPERATIVE OF FLORIDA, a Florida not for profit corporation; FLORIDA CRYSTALS CORPORATION, a Delaware corporation; OKEELANTA CORPORATION, a Delaware corporation; OSCEOLA FARMS, a Florida corporation; SUGARLAND HARVESTING CO., a Florida not for profit corporation, TRUCANE SUGAR CORPORATION, a Florida corporation; INDEPENDENT HARVESTING, INC., a Florida corporation; and J & J AG PRODUCTS, INC., a Florida corporation,<br><br>Defendants. | No. 9:19-cv-80730-RS-MM<br><br>**PLAINTIFF JONES' OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION** |

Plaintiff Debra Jones, by and through undersigned counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby submits the following objections and responses to Defendants' First Set of Requests for Production of Documents.

## I.      PRELIMINARY STATEMENT

Plaintiff's responses and objections to these Requests for Production of Documents are made for the sole purpose of this litigation. Each response is subject to all objections as to relevance, materiality, propriety, admissibility, privilege, privacy, and any and all other objections on grounds that would require the exclusion of any response herein if such were offered in Court, and such objections are reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended in this response.  Plaintiff's response to all or any part of the Requests for Production should not be taken as an admission that: (1) Plaintiff accepts or admits the existence of any fact(s) set forth in or assumed by the Requests for Production; or (2) Plaintiff has in their possession, custody, or control documents responsive to that Request for Production; or (3) documents responsive to that Request for Production exist. Plaintiff's response to all or any part of any Request for Production of Documents is not intended to be, and shall not be, a waiver by Plaintiff of all or any part of Plaintiff's objection(s) to that Request for Production of Documents.

The following responses are based upon information known at this time and are given without prejudice to Plaintiff's right to supplement or amend these responses prior to trial or to produce evidence based on subsequently discovered information.

## II.      GENERAL OBJECTIONS

1.      Plaintiff objects to these Requests for Production of Documents to the extent they purport to request information that is not relevant to the claims or defenses of the parties, nor reasonably calculated to lead to the discovery of admissible information. Plaintiff will respond to

Defendants' discovery requests to the extent required by the Federal Rules of Civil Procedure and orders of the Court.

2.      Plaintiff objects to these Requests for Production of Documents to the extent they seek information not available or known to Plaintiff. Plaintiff's responses are based upon, and therefore are limited by, Plaintiff's present knowledge and recollection, and consequently, Plaintiff reserves the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made.

3.      Plaintiff objects to these Requests for Production of Documents to the extent the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff will comply with Defendants' requests to the extent required by Rule 26(b)(1).

4.      Plaintiff objects to and will not comply with these Requests for Production of Documents to the extent they seek information that would cause unreasonable annoyance, embarrassment, oppression, burden, or expense to the Plaintiff or others.

5.      Plaintiff objects to these Requests for Production of Documents to the extent they are vague, ambiguous, or incomprehensible. Plaintiff will make reasonable efforts to discern Defendants' intent and define Plaintiff's understanding.

6.      Plaintiff objects to these Requests for Production of Documents to the extent they seek information outside the scope of this litigation. As such, these Requests for Production of Documents are overly broad, unduly burdensome, and seek information that is neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff will only respond with information regarding the events at issue in this litigation.

7.      Plaintiff objects to these Requests for Production of Documents the extent that they seek information that is already in Defendants' possession, custody, or control, or is equally available to Defendant. Plaintiff's responses are based on and limited by Plaintiff's present

knowledge and recollection. To the extent the information sought is already in Defendant's possession, custody, or control, or is equally available to Defendant, Plaintiff will not supplement their response.

8.      Plaintiff objects to these Requests for Production of Documents to the extent they call for legal conclusions. Plaintiff will not respond to discovery requests that call for legal conclusions.

9.      Plaintiff reserves until the time of trial all objections as to the relevance or admissibility of any information provided in response to these Requests for Production of Documents. The supplying of any information contained herein does not constitute an admission by Plaintiff that such document or information is relevant or admissible or that any statement or characterization in these Requests for Production of Documents is accurate or complete.

10.      Plaintiff objects to these Requests for Production of Documents to the extent they purport to require Plaintiff to disclose information concerning any expert or other person or entity retained by Plaintiff's counsel to assist in the preparation of Plaintiff's case: (a) to the extent any such person or entity will not be designated by Plaintiffs as a trial witness on the grounds that such disclosure is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) on the grounds that any such present disclosure is prejudicial to Plaintiff's preparation of this case and is not required by the Federal Rules of Civil Procedure.

11.      Plaintiff objects to these Requests for Production of Documents to the extent that they seek discovery directed at unnamed members of the proposed class. Absent special circumstances, discovery of absent class members is not permitted. Plaintiff will not respond to discovery directed at absent class members.

12.      Plaintiff objects to these Requests for Production of Documents to the extent they are premature, in that discovery in this case is ongoing. Plaintiff reserves the rights to make additional

objections to these Requests for Production of Documents and to supplement and amend Plaintiff's objections and responses.

13.     Plaintiff objects to these Requests for Production of Documents to the extent that they seek information and documents protected from disclosure by the attorney-client privilege, the work product doctrine, or some other privilege or immunity from discovery. Plaintiff will not produce privileged documents or disclose privileged information.

14.     All responses given below incorporate the above General Objections and no response given by Plaintiff shall be deemed to constitute a waiver of any such objections.

### III. OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**Request for Production No. 1**: **Any visual depiction (including photographs, images, and videos) of any smoke, smoke plume, particulate matter, or other emissions or remnants from any burning, of any source on Your property or in the Glades Agricultural Area.**

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 2**: **All paper and electronic records (including, but not limited to, visit notes and medication records), reports, photographs, films, and diagnostic images of any kind related to You and generated or obtained in connection with medical or psychological examination, evaluation, testing, diagnosis, care, treatment, therapy, or counseling that You received from any Healthcare Provider at any time.**

> **RESPONSE:**  Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks records generated or obtained in connection with any "psychological examination, evaluation, testing, diagnosis, care, treatment, therapy, or counseling."  These records are not relevant to any issue in the case.  Plaintiff further objects to this request as overly broad and unduly burdensome to the extent that it appears to seek records related to any medical examination, for any purpose, "at any time," which would include disclosure of records of births and deliveries, childhood illness, orthopedic injuries, and a host of other conditions which are highly unlikely to contain any information about toxic exposure.
>
> Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and period of this request.  To the extent records are produced, Plaintiff will provide an authorization subject to an appropriate protective order.

**Request for Production No. 3**: Documents sufficient to identify every medication, drug, and/or pharmaceutical, whether prescription or over the counter, taken by You at any time while residing in the Glades Agricultural Area and for ten years prior to You residing in the Glades Agricultural Area.

> **RESPONSE:** Plaintiff objects to this request as overly broad and unduly burdensome to the extent it seeks information about both prescription and over the counter medications Plaintiff has taken for a period that potentially extends back for decades. This would potentially include, for instance, information about over-the-counter medicine taken decades ago, as well as information about medicine taken for psychological problems, all of which are highly unlikely to contain any information about toxic exposure. Moreover, this request would implicate every cold, flu, headache, stomach ache, bout of diarrhea, or other minor ailment that involved taking an aspirin, analgesic, alka-seltzer, or other routine remedy that Plaintiff ever took over a lifetime, which is not only impossible for a person with eidetic memory, but facially overbroad and unduly burdensome.

> Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the period and scope of this request.

**Request for Production No. 4**: All Documents or records referring to or reflecting any Medical Condition(s), injuries, illnesses, or disabilities.

> **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks "all documents" and "all records" related to "any" medical conditions, injuries, illnesses, or disabilities; as currently drafted, this would potentially encompass a vast universe of documents extending well beyond Plaintiff's medical records, from any period, all of which are highly unlikely to contain any information about toxic exposure.

> To the extent this request seeks medical records, Plaintiff further objects to this request as duplicative of Request Nos. 2 and 3.

> Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and period of this Request.

**Request for Production No. 5**: All Documents or records referring to or reflecting any diseases(s)/health condition(s) of Your immediate family members.

> **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome. The health conditions of Plaintiff's immediate family members are not relevant to any issue in the case. Plaintiff further objects to this request to the extent that it would require the disclosure of third parties' protected health information, in violation of HIPAA. Plaintiff's family members are not parties to this case.

> In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 6**: **Documents sufficient to identify all insurance companies that have covered You under a policy of health, life, or disability insurance at any time while You resided in the Glades Agricultural Area or in the ten years prior to You residing in the Glades Agricultural Area.**

    **RESPONSE:**  Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks documents sufficient to identify policies related to "life" and "disability" insurance, neither of which is relevant to any issue in this case.

    Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and period of this Request.

**Request for Production No. 7**: **All records generated or obtained in connection with health insurance coverage (including not only private health insurance but also Medicare, Medicaid, and other government provided health insurance) You have had or applied for, including without limitation all health insurance policies, all claims You have submitted for health insurance benefits as well as all materials You submitted in support of such claims, all correspondence, all statements of account, all notices of acceptance and notices of rejection, all invoices and receipts, and all demands for and notices of subrogation.**

    **RESPONSE:**  Plaintiff further objects to this request as overly broad and unduly burdensome to the extent that it appears to seek records and associated "materials" related to any health insurance coverage, provided for any purpose, at any time, which would include disclosure of records of births and deliveries, childhood illness, orthopedic injuries, and a host of other conditions which are highly unlikely to contain any information about toxic exposure.   To the extent this request seeks medical records, Plaintiff further objects to this request as duplicative of Request Nos. 2-4.

    Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and period of this Request.

**Request for Production No. 8**: **Documents sufficient to identify all claims, lawsuits, demands, or requests for benefits You have ever made for any physical injury or medical condition at any time.**

    **RESPONSE:**  Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks documents sufficient to identify "all" claims, lawsuits, demands, or requests for benefits related to "any" physical injury or medical condition, from any time, which would include disclosure of records of births and deliveries, childhood illness, orthopedic injuries, and a host of other conditions which are highly unlikely to contain any information about toxic exposure.  To the extent this request seeks documents related medical records, Plaintiff further objects to this request as duplicative of Request Nos. 2-4.

    Subject to and without waiving the above General Objections, Plaintiff will produce documents sufficient to identify all legal claims and lawsuits ever made for any physical injury or medical condition.

**Request for Production No. 9**: All deeds (including warranty deeds) and trust instruments related to the property to which You refer in ¶ 49 of the TAC.

> **RESPONSE:** Plaintiffs object to this request to the extent it seeks publicly available records to which Defendants have equal access.  Subject to and without waiving his objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 10**: All radon certificates and notices, asbestos certificates and notices, lead certificates and notices, and inspection reports related to the property to which You refer in ¶ 49 of the TAC.

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 11**: All Documents related the financing and valuation of the property to which You refer in ¶ 49 of the TAC, including but not limited to, all warranties, mortgages, mortgage notes, mortgage statements, documentation of home equity lines of credit, assignments, appraisal reports and photographs, Documents relating to any efforts to finance or refinance, Documents relating to any effort to post the property as collateral to secure a loan or other financial obligation, and liens related to the property.

> **RESPONSE:**  Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome.  Plaintiff does not seek damages for the diminution in value of Plaintiff's property; consequently, the documents sought by this request, all of which relate to the "financing and valuation" of Plaintiff's property, are not relevant to any of the issues in this case.
>
> In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 12**: All Documents relating to any rental or attempted rental of the property to which You refer in ¶ 49 of the TAC, whether by You or by a prior owner of Your property, including the rental price and all property disclosures provided by You or any previous owners.

> **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome.  Plaintiff does not seek lost use or loss of income damages for Plaintiff's property; consequently, the documents sought by this request are not relevant to any issue in this case.
>
> In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 13**: All Documents relating to any sale or attempted sale of the property to which You refer in ¶ 49 of the TAC, including but not limited to, all purchase and sale agreements, listing agreements, or brokerage contracts relating to the potential or proposed sale of Your property.

> **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome.  Plaintiff does not seek damages for the diminution in value of Plaintiff's property; consequently, the documents sought by this request, all of which relate to the "financing and valuation" of Plaintiff's property, are not relevant to any of the issues in this case.
>
> In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 14**: All photographs and videotapes that depict the claimed damage to the property (or parts of it) to which You refer in ¶ 49 of the TAC.

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 15**: All estimates, proposals, contracts and amendments thereto, work orders, bills of material, punch lists, invoices, receipts, inspection reports, progress reports, photographs, and videotapes generated or obtained in connection with Home Renovations to the property referenced in ¶ 49 of the TAC.

> **RESPONSE:**  Plaintiff objects to this Request as irrelevant, overly broad, and unduly burdensome to the extent it seeks "all" estimates, proposals, contracts and amendments thereto, work orders, bills of material, punch lists, invoices, receipts, inspection reports, progress reports, photographs, and videotapes, without any time limit or specification as to the type of renovation performed.  Defendants define "Home Renovations" to include "all repairs, rehabilitation, refurbishment, remodeling, rebuilding, reconstruction, abatement, mitigation, or remediation work."  Therefore, as written, this request would capture a large volume of irrelevant documents, like routine home repairs (e.g., broken pipes, plumbing issues) or improvements (e.g., bathroom or kitchen remodels).
>
> Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 16**: Documents sufficient to identify all individuals or entities who perform or have performed periodic or routine maintenance on the property to which You refer in ¶ 49 of the TAC, from the time You purchased the property until present, including the type of maintenance performed, the frequency with which the maintenance was performed, the reason for the maintenance, and the time period within which each identified individual or entity performed the maintenance.

**RESPONSE:** Plaintiff objects to this Request as irrelevant, overly broad, and unduly burdensome to the extent it seeks documents dating back to the time Plaintiff's home was purchased, a period that extends well beyond the class period and potentially back decades.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents from June 4, 2009, through the present, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 17**: All Communications with real estate brokers, real estate agents, real estate appraisers, real estate inspectors, banks, lenders, and real estate tax authorities, and all real estate tax assessments and bills, generated or received since the date You purchased the property to which You refer in ¶ 49 of the TAC.

**RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome. Plaintiff does not seek damages for the diminution in value of Plaintiff's property; consequently, the documents sought by this request, all of which relate to the valuation and/or sale of Plaintiff's property, are not relevant to any of the issues in this case. Plaintiff further objects to this request to the extent that it seeks categories of documents, including tax assessments, that are publicly available, and to which Defendants therefore have equal access.

In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 18**: All offers to sell, offers to buy, and Communications with prospective purchasers generated or received since the date You purchased the property to which You refer in ¶ 49 of the TAC.

**RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome. Plaintiff does not seek damages for the diminution in value of Plaintiff's property; consequently, the documents sought by this request, all of which relate to the valuation and/or sale of Plaintiff's property, are not relevant to any of the issues in this case.

In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 19**: Documents sufficient to identify all individuals who have come to the property to which You refer in ¶ 49 of the TAC as guests from the time You purchased the property until present.

**RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome, as the identities of the individuals who have come to Plaintiff's property, much less the identity of all such individuals dating back to the time of purchase, is not relevant to any issue in this case. Moreover, this request would be impossible to answer competently even for someone with eidetic memory.

Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and period of this Request.

**Request for Production No. 20: Documents sufficient to identify all properties You have owned or currently own other than the property to which You refer in ¶ 49 of the TAC.**

RESPONSE: Plaintiff objects to this request as irrelevant and overly broad to the extent it seeks documents sufficient to identify property outside of the class area. Plaintiff's ownership of such property is not relevant to any issue in the case.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents sufficient to identify all properties Plaintiff currently owns, or has previously owned, in the class area, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 21: All Documents supporting Your claims for damages of the property to which You refer in ¶ 49 of the TAC, including (a) all bills of sale, invoices, receipts, purchase and sale agreements, contracts, and warranties generated or received in connection with Your acquisition; (b) all warranty and guarantee claims You submitted; (c) all records You submitted in support of insurance claims and all notices, correspondence, check stubs, invoices, and receipts You received in response to such claims; (d) all policies of homeowner's insurance and applications of homeowner's insurance; (e) all photographs and videotapes depicting the property and any before and after condition; (f) all appraisals; (g) all repair and servicing records, including all estimates, proposals, contracts, work orders, parts lists, bills of material, job tickets, warranties, guarantees, invoices, receipts, an correspondence; and (h) all contracts, invoices, receipts, warranties, guarantees, correspondence generated in connection with replacement.**

RESPONSE: Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Plaintiff further objects to subparts (a), (b), (c), and (d) of this request as duplicative of Request Nos. 11, 13, 17, and 18, to the extent this request seeks documents related to the diminution in value of Plaintiff's property. The documents sought in subparts (a)-(d) of this request, all of which relate to the valuation and/or sale of Plaintiff's property, are not relevant to any of the issues in this case.

Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to further understand and narrow the scope of this request.

**Request for Production No. 22: All Documents and Communications concerning analytical testing, sampling, or monitoring (including, but not limited to sampling or monitoring of air using any device including Purple Air monitors, groundwater, surface water, soil, dust, ash, wood, and paint) in and around the Glades Agricultural Area (including on the property to which You refer in ¶ 49 of the TAC) for potential contamination, environmental conditions, air quality, or hazardous substances, whether conducted by You or an outside engineers, experts, or consultants acting on Your behalf.**

**RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 23**: **Documents and Communications relating to any investigation or other efforts to determine the source of alleged particulate matter, smoke, or pollutants found at the property to which You refer in ¶ 49 of the TAC or elsewhere in the Glades Agricultural Area, whether conducted by You or an outside engineers, experts, or consultants acting on Your behalf.**

**RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 24**: **All Documents relating to any environmental reports or studies conducted relating to the property to which You refer in ¶ 49 of the TAC or any other property within the Glades Agricultural Area.**

**RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 25**: **All input and output data and files for all AERMOD simulations, iterations, and related pre-processors, including (a) AERSURFACE input and output files; (b) AERMAP input and output files; (c) AERMINUTE input and output files; (d) AERMET input and output files; (e) AERMOD input and output files; (f) raw data used to produce emissions files for AERMOD including Florida Forest Service burn records; (g) spreadsheets or programs used to process the emissions data for input into AERMOD; and (h) post processing spreadsheets or programs used to process the output from the AERMOD simulations.**

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 26**: **All input and output files and data for the INPUFF simulations, including (a) any raw data used as input to the INPUFF simulations; (b) any preprocessing of the raw data to format it for INPUFF; (c) all INPUFF model input and output files; and (d) a copy of the INPUFF cod as used in the analysis described in the TAC.**

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 27**: All modeling files, input and output data, and processing used to generate Figure 31 in the TAC.

RESPONSE: Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 28**: All modeling files, input and output data, and processing used to generate Figure 32 in the TAC.

RESPONSE: Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 29**: To the extent not produced in response to Request Nos. 25-28, all Documents and Communications related to: (a) how emission sources were characterized in the models, including location, emission rate, initial dimensions (including field or area size), release height, etc.; (b) how emission rates were calculated, including emission factors used and burn-specific parameters; (c) the meteorological data used in modeling, how it was processed into model-ready format, and how the meteorological data were matched with burn event; (d) outputs of all burn events modeled, including date, location, geographical area, time of burn, and duration of burn; (e) all model input and output files; (f) all raw meteorological data used in the modeling; (g) all meteorological processing files and processed meteorological data used in the modeling; (h) all surface characteristic data, terrain data, and data processing files used in the modeling; and (i) the particle size distribution for all modeled constituents including PM, PM2.5, and PM10.

RESPONSE: Plaintiff objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent

this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 30**: **All Documents and Communications generated by You or Your consultants or experts related to modeling, calculations, monitoring, or risk assessments conducted in drafting the TAC, including but not limited to, the modeling, calculations, monitoring, and/or risk assessments referenced in ¶¶ 13, 14, 153, 157, 158, 162, 170, 184, 214, 235, 239 of the TAC.**

RESPONSE: Plaintiff objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the Court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 31**: **All Documents and Communications relied upon by You or Your consultants or experts related to modeling, calculations, monitoring, or risk assessments conducted in drafting the TAC, including but not limited to, the modeling, calculations, monitoring, and/or risk assessments referenced in ¶¶ 13, 14, 153, 157, 158, 162, 170, 184, 214, 235, 239 of the TAC.**

RESPONSE: Plaintiffs objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the Court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 32**: All articles, publications, or other sources referenced or cited in the TAC, and all interpretations or summaries of all articles, publications, or other sources referenced or cited in the TAC.

>RESPONSE: Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine, including "all interpretations or summaries of all articles, publications, or other sources referenced or cited in the TAC."
>
>Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 33**: All complaint logs maintained by the Florida Department of Health between 1988 and the present, as referenced in ¶ 124 of the TAC.

>RESPONSE: Plaintiff objects to this request because it seeks publicly available records maintained by the Florida Department of Health to which Defendants have equal access.
>
>Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 34**: All Documents obtained by You at Meetings or hearings You attended at which sugarcane farming, sugarcane burning, particulate matter, smoke, and/or pollutants was discussed.

>RESPONSE: Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.
>
>Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 35**: All Documents generated by You at Meetings or hearings You attended at which sugarcane farming, sugarcane burning, particulate matter, smoke, and/or pollutants was discussed.

>RESPONSE: Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.
>
>Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 36**: All logs, diaries, journals, notes, or other Documents prepared by You related to Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c) sugarcane burning; (d) Defendants; (d) Your claimed damages; or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

> **RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.

> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 37**: All written or recorded statements, reports, or complaints made by You[1] to any individual, entity, or third party (including, but not limited to, any reports to local, state, or other government employee, official, or agency) referring or relating to the alleged pollutants, smoke, or particulate matter coming from Defendants' sugarcane agricultural activities.

> **RESPONSE:** Plaintiff objects to this request as unduly burdensome, overbroad, and not proportional to the needs of the case, to the extent Defendants seek statements, reports, or complaints to *any* "individual," "entity," or "third party." Plaintiff further objects to the term "any individual, entity, or third party" as overly broad, vague, and ambiguous.

> Subject to and without waiving these and the above General Objections, Plaintiff will produce all written or recorded statements, reports or complaints made to any local, state, or other government employee, official, or agency, to the extent these documents are not privileged and do not constitute attorney work product, and to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 38**: Documents constituting, referring to, or relating to any Communication between You and any federal, state, municipal or local governmental entity or Agency (including, but not limited to, (1) the Florida Department of Agriculture and Consumer Services; (2) the Florida Department of Health; (3) the Florida Forest Service; (4) the Florida Department of Environmental Protection; and (5) the United States Environmental Protection Agency) concerning Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c) sugarcane burning; (d) Defendants; (e) Your claimed damages; or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

---

[1] Please note that "You" is defined to include Yourself, individually, as well as agents including Your attorneys, so any communications from Your counsel or other agents to third-parties is also subject to this request.

**RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 39**: Documents constituting, referring to, or relating to any Communication between You and any federal, state, municipal or local governmental entity or Agency (including, but not limited to, (1) the Florida Department of Agriculture and Consumer Services; (2) the Florid Department of Health; (3) the Florida Forest Service; (4) the Florida Department of Environmental Protection; and (5) the United States Environmental Protection Agency) relating to federal or state tools to track and map the effects of sugarcane burning.

**RESPONSE:** Subject to and without the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 40**: Documents constituting, referring to, or relating to any Communication between You and any other Plaintiff concerning Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, and/or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c) sugarcane burning; (d) Defendants; (e) Your claimed damages; and/or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

**RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine. Plaintiff objects to this request as overly broad, irrelevant, and not proportional to the needs of this case. In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 41**: Documents constituting, referring to, or relating to any Communication between You and any Defendant or Defendants' employees, directors, officers, representatives, or agents concerning Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, and/or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c) sugarcane burning; (d) Defendants; (e) Your claimed damages; and/or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

**RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks documents "referring" or "relating" to any communications with Defendants. Plaintiff further objects to this request to the extent it seeks communications already in Defendants' possession.

Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 42**: Copies of any maps of burn events, smoke plumes, and ash plumes, referred to in Your Initial Disclosures.

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 43**: All EPA data referred to in Your Initial Disclosures.

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 44**: All documents identified or referred to in Your Initial Disclosures, not otherwise produced.

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 45**: Documents sufficient to identify any person or entity other than You and Your counsel, who have any financial interest in the outcome of this case.

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff states that Plaintiff is not aware of any documents in Plaintiff's possession, custody, or control responsive to this request.

**Request for Production No. 46**: All Documents supporting, relating to, demonstrating, or evidencing Your allegation that pesticides, fungicides, and herbicides migrated, as a result of Defendants' actions, as alleged in ¶ 133 of the Third Amended Complaint.

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.
>
> Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Discovery is ongoing; Plaintiff will supplement this response to the extent required by the Federal Rules of Civil Procedure and orders of the court.

**Request for Production No. 47**: Any Documents on which Plaintiffs or their expert witnesses intend to rely in support of their motion for class certification, including all Documents and Communications considered or relied upon by expert witnesses in forming their opinions.

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.
>
> Discovery is ongoing; Plaintiff will supplement this response to the extent required by the Federal Rules of Civil Procedure and orders of the court.

**Request for Production No. 48**: Color copies (front and back) of Your Health Insurance cards, Medicare cards, and/or Medicaid cards.

> **RESPONSE:** Subject to an appropriate protective order, Plaintiff will produce responsive documents, if any, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 49**: A color copy of Your Florida Driver's License or Florida identification card.

> **RESPONSE:** Subject to an appropriate protective order, Plaintiff will produce responsive documents, if any, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 50**: Documents sufficient to identify any expert witness on whom You intend to rely in support motion for class certification, including all information required by Rule 26(a)(2)(B).

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.
>
> Discovery is ongoing; Plaintiff will supplement this response to the extent required by the Federal Rules of Civil Procedure and orders of the court.

DATED: December 17, 2021

HAGENS BERMAN SOBOL SHAPIRO LLP

By */s/ Steve W. Berman*
    Steve W. Berman (*pro hac vice*)
Theodore Wojcik (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com

Matthew T. Moore, Esq.
Joseph C. Schultz, Esq.
Zachary West, Esq.
THE BERMAN LAW GROUP
PO Box 272789
Boca Raton, FL 33427
Tel: 561-826-5200
Fax: 561-826-5201
Primary Email:
service@thebermanlawgroup.com
Secondary Email:
mmoore@thebermanlawgroup.com;
jschulz@thebermanlawgroup.com;
zwest@thebermanlawgroup.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing to be served by electronic mail on all counsel or parties of record on the service list.

Dated:  December 17, 2021                          */s/ Steve W. Berman*
                                                    Steve W. Berman

## SERVICE LIST

***Attorneys for Defendant J &J Ag Products, Inc. Andrew S. Connell, Jr., Esq.***
Litchfield Cavo LLP
600 Corporate Drive, Suite 600
Ft. Lauderdale, FL 33334
Tel: 954-689-3000
Fax: 954-689-3001
Connell@litchfieldcavo.com
deatley@litchfieldcavo.com

***Attorneys for Defendant Sugar Cane Growers Cooperative of Florida***
Jennifer J. Kennedy, Esq.
Abbey, Adams, Byelick & Mueller, LLP
360 Central Avenue, 11th Floor
St. Petersburg, FL 33711
T: 727-821-2080
F: 727-822-3970
jkennedy@abbeyadams.com
ServiceJKennedy@AbbeyAdams.com

David J. Abbey, Esq.
Abbey, Adams, Byelick & Mueller, LLP
3201 US Highway 19 South, 9th Floor
St. Petersburg, FL 33711
T: 727-821-2080
servicedabbey@abbeyadams.com
*Pro Hac Vice*

***Attorneys for Defendants United States Sugar Corporation, Sugarland Harvesting Co., and Independent Harvesting, Inc.***
Brian M. McPherson, Esq.
Gregor J. Schwinghammer, Jr., Esq.
Gunster, Yoakley & Stewart, PA
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
T: 561-655-1980
F: 561-655-5677
Primary Email: bmcpherson@gunster.com;
gschwinghammer@gunster.com;
Secondary Emails: eservice@gunster.com;
jhoppel@gunster.com

Mark R. Ter Molen, Esq.
Timothy S. Bishop, Esq.
Mayer Brown, LLP
71 South Wacker Drive
Chicago, IL 60606
Ter Molen – T: 312-701-7307
Bishop – T: 312-701-7829
mtermolen@mayerbrown.com;
tbishop@mayerbrown.com

***Attorneys for Defendants Florida Crystals Corporation, Flo Sun Incorporated, American Sugar Refining, Inc., Okeelanta Corporation, and Osceola Farms***
Jennifer Ann McLoone, Esq.
Shook, Hardy & Bacon, LLP
201 South Biscayne Blvd., Suite 3200
Miami, FL 33131
T: 305-358-5171
F: 305-358-7470
jmcloone@shb.com

David Brent Dwerlkotte, Esq.
Mark D. Anstoetter, Esq.
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO 64108
T: 816-474-6550
dbdwerlkotte@shb.com;
manstoetter@shb.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM ARMSTRONG, GLORIA ATKINS, JAMES BROOKS, CLOVER COFFIE, DEBRA JONES, SHANTE LEGRAND, DONALD MCLEAN, ROBERT REIMBOLD, ELIJAH SMITH, and LINDA WILCHER, each individually and on behalf of all others similarly situated; | No. 9:19-cv-80730-RS-MM **PLAINTIFF LEGRAND'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION** |

Plaintiffs,

v.

UNITED STATES SUGAR CORPORATION, a
Delaware Corporation; SUGAR CANE
GROWERS COOPERATIVE OF FLORIDA, a
Florida not for profit corporation; FLORIDA
CRYSTALS CORPORATION, a Delaware
corporation; OKEELANTA CORPORATION, a
Delaware corporation; OSCEOLA FARMS, a
Florida corporation; SUGARLAND
HARVESTING CO., a Florida not for profit
corporation, TRUCANE SUGAR
CORPORATION, a Florida corporation;
INDEPENDENT HARVESTING, INC., a
Florida corporation; and J & J AG PRODUCTS,
INC., a Florida corporation,

Defendants.

Plaintiff Shante Legrand, by and through undersigned counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby submits the following objections and responses to Defendants' First Set of Requests for Production of Documents.

## I.      PRELIMINARY STATEMENT

Plaintiff's responses and objections to these Requests for Production of Documents are made for the sole purpose of this litigation. Each response is subject to all objections as to relevance, materiality, propriety, admissibility, privilege, privacy, and any and all other objections on grounds that would require the exclusion of any response herein if such were offered in Court, and such objections are reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended in this response. Plaintiff's response to all or any part of the Requests for Production should not be taken as an admission that: (1) Plaintiff accepts or admits the existence of any fact(s) set forth in or assumed by the Requests for Production; or (2) Plaintiff has in their possession, custody, or control documents responsive to that Request for Production; or (3) documents responsive to that Request for Production exist. Plaintiff's response to all or any part of any Request for Production of Documents is not intended to be, and shall not be, a waiver by Plaintiff of all or any part of Plaintiff's objection(s) to that Request for Production of Documents.

The following responses are based upon information known at this time and are given without prejudice to Plaintiff's right to supplement or amend these responses prior to trial or to produce evidence based on subsequently discovered information.

## II.      GENERAL OBJECTIONS

1.      Plaintiff objects to these Requests for Production of Documents to the extent they purport to request information that is not relevant to the claims or defenses of the parties, nor reasonably calculated to lead to the discovery of admissible information. Plaintiff will respond to

Defendants' discovery requests to the extent required by the Federal Rules of Civil Procedure and orders of the Court.

2.      Plaintiff objects to these Requests for Production of Documents to the extent they seek information not available or known to Plaintiff. Plaintiff's responses are based upon, and therefore are limited by, Plaintiff's present knowledge and recollection, and consequently, Plaintiff reserves the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made.

3.      Plaintiff objects to these Requests for Production of Documents to the extent the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff will comply with Defendants' requests to the extent required by Rule 26(b)(1).

4.      Plaintiff objects to and will not comply with these Requests for Production of Documents to the extent they seek information that would cause unreasonable annoyance, embarrassment, oppression, burden, or expense to the Plaintiff or others.

5.      Plaintiff objects to these Requests for Production of Documents to the extent they are vague, ambiguous, or incomprehensible. Plaintiff will make reasonable efforts to discern Defendants' intent and define Plaintiff's understanding.

6.      Plaintiff objects to these Requests for Production of Documents to the extent they seek information outside the scope of this litigation. As such, these Requests for Production of Documents are overly broad, unduly burdensome, and seek information that is neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff will only respond with information regarding the events at issue in this litigation.

7.      Plaintiff objects to these Requests for Production of Documents the extent that they seek information that is already in Defendants' possession, custody, or control, or is equally available to Defendant. Plaintiff's responses are based on and limited by Plaintiff's present

knowledge and recollection. To the extent the information sought is already in Defendant's possession, custody, or control, or is equally available to Defendant, Plaintiff will not supplement their response.

8.      Plaintiff objects to these Requests for Production of Documents to the extent they call for legal conclusions. Plaintiff will not respond to discovery requests that call for legal conclusions.

9.      Plaintiff reserves until the time of trial all objections as to the relevance or admissibility of any information provided in response to these Requests for Production of Documents. The supplying of any information contained herein does not constitute an admission by Plaintiff that such document or information is relevant or admissible or that any statement or characterization in these Requests for Production of Documents is accurate or complete.

10.      Plaintiff objects to these Requests for Production of Documents to the extent they purport to require Plaintiff to disclose information concerning any expert or other person or entity retained by Plaintiff's counsel to assist in the preparation of Plaintiff's case: (a) to the extent any such person or entity will not be designated by Plaintiffs as a trial witness on the grounds that such disclosure is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) on the grounds that any such present disclosure is prejudicial to Plaintiff's preparation of this case and is not required by the Federal Rules of Civil Procedure.

11.      Plaintiff objects to these Requests for Production of Documents to the extent that they seek discovery directed at unnamed members of the proposed class. Absent special circumstances, discovery of absent class members is not permitted. Plaintiff will not respond to discovery directed at absent class members.

12.      Plaintiff objects to these Requests for Production of Documents to the extent they are premature, in that discovery in this case is ongoing. Plaintiff reserves the rights to make additional

objections to these Requests for Production of Documents and to supplement and amend Plaintiff's objections and responses.

   13. Plaintiff objects to these Requests for Production of Documents to the extent that they seek information and documents protected from disclosure by the attorney-client privilege, the work product doctrine, or some other privilege or immunity from discovery. Plaintiff will not produce privileged documents or disclose privileged information.

   14. All responses given below incorporate the above General Objections and no response given by Plaintiff shall be deemed to constitute a waiver of any such objections.

### III. OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**Request for Production No. 1: Any visual depiction (including photographs, images, and videos) of any smoke, smoke plume, particulate matter, or other emissions or remnants from any burning, of any source on Your property or in the Glades Agricultural Area.**

   **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 2: All paper and electronic records (including, but not limited to, visit notes and medication records), reports, photographs, films, and diagnostic images of any kind related to You and generated or obtained in connection with medical or psychological examination, evaluation, testing, diagnosis, care, treatment, therapy, or counseling that You received from any Healthcare Provider at any time.**

   **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks records generated or obtained in connection with any "psychological examination, evaluation, testing, diagnosis, care, treatment, therapy, or counseling." These records are not relevant to any issue in the case. Plaintiff further objects to this request as overly broad and unduly burdensome to the extent that it appears to seek records related to any medical examination, for any purpose, "at any time," which would include disclosure of records of births and deliveries, childhood illness, orthopedic injuries, and a host of other conditions which are highly unlikely to contain any information about toxic exposure.

   Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and period of this request. To the extent records are produced, Plaintiff will provide an authorization subject to an appropriate protective order.

**Request for Production No. 3**: Documents sufficient to identify every medication, drug, and/or pharmaceutical, whether prescription or over the counter, taken by You at any time while residing in the Glades Agricultural Area and for ten years prior to You residing in the Glades Agricultural Area.

      **RESPONSE:** Plaintiff objects to this request as overly broad and unduly burdensome to the extent it seeks information about both prescription and over the counter medications Plaintiff has taken for a period that potentially extends back for decades. This would potentially include, for instance, information about over-the-counter medicine taken decades ago, as well as information about medicine taken for psychological problems, all of which are highly unlikely to contain any information about toxic exposure. Moreover, this request would implicate every cold, flu, headache, stomach ache, bout of diarrhea, or other minor ailment that involved taking an aspirin, analgesic, alka-seltzer, or other routine remedy that Plaintiff ever took over a lifetime, which is not only impossible for a person with eidetic memory, but facially overbroad and unduly burdensome.

      Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the period and scope of this request.

**Request for Production No. 4**: All Documents or records referring to or reflecting any Medical Condition(s), injuries, illnesses, or disabilities.

      **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks "all documents" and "all records" related to "any" medical conditions, injuries, illnesses, or disabilities; as currently drafted, this would potentially encompass a vast universe of documents extending well beyond Plaintiff's medical records, from any period, all of which are highly unlikely to contain any information about toxic exposure.

      To the extent this request seeks medical records, Plaintiff further objects to this request as duplicative of Request Nos. 2 and 3.

      Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and period of this Request.

**Request for Production No. 5**: All Documents or records referring to or reflecting any diseases(s)/health condition(s) of Your immediate family members.

      **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome. The health conditions of Plaintiff's immediate family members are not relevant to any issue in the case. Plaintiff further objects to this request to the extent that it would require the disclosure of third parties' protected health information, in violation of HIPAA. Plaintiff's family members are not parties to this case.

      In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 6**: Documents sufficient to identify all insurance companies that have covered You under a policy of health, life, or disability insurance at any time while You resided in the Glades Agricultural Area or in the ten years prior to You residing in the Glades Agricultural Area.

> **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks documents sufficient to identify policies related to "life" and "disability" insurance, neither of which is relevant to any issue in this case.
>
> Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and period of this Request.

**Request for Production No. 7**: All records generated or obtained in connection with health insurance coverage (including not only private health insurance but also Medicare, Medicaid, and other government provided health insurance) You have had or applied for, including without limitation all health insurance policies, all claims You have submitted for health insurance benefits as well as all materials You submitted in support of such claims, all correspondence, all statements of account, all notices of acceptance and notices of rejection, all invoices and receipts, and all demands for and notices of subrogation.

> **RESPONSE:** Plaintiff further objects to this request as overly broad and unduly burdensome to the extent that it appears to seek records and associated "materials" related to any health insurance coverage, provided for any purpose, at any time, which would include disclosure of records of births and deliveries, childhood illness, orthopedic injuries, and a host of other conditions which are highly unlikely to contain any information about toxic exposure.  To the extent this request seeks medical records, Plaintiff further objects to this request as duplicative of Request Nos. 2-4.
>
> Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and period of this Request.

**Request for Production No. 8**: Documents sufficient to identify all claims, lawsuits, demands, or requests for benefits You have ever made for any physical injury or medical condition at any time.

> **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks documents sufficient to identify "all" claims, lawsuits, demands, or requests for benefits related to "any" physical injury or medical condition, from any time, which would include disclosure of records of births and deliveries, childhood illness, orthopedic injuries, and a host of other conditions which are highly unlikely to contain any information about toxic exposure.  To the extent this request seeks documents related medical records, Plaintiff further objects to this request as duplicative of Request Nos. 2-4.
>
> Subject to and without waiving the above General Objections, Plaintiff will produce documents sufficient to identify all legal claims and lawsuits ever made for any physical injury or medical condition.

**Request for Production No. 9**: **All Documents and Communications concerning analytical testing, sampling, or monitoring (including, but not limited to sampling or monitoring of air using any device including Purple Air monitors, groundwater, surface water, soil, dust, ash, wood, and paint) in and around the Glades Agricultural Area (including on the property to which You refer in ¶ 56 of the TAC) for potential contamination, environmental conditions, air quality, or hazardous substances, whether conducted by You or an outside engineers, experts, or consultants acting on Your behalf.**

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.
>
> Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 10**: **Documents and Communications relating to any investigation or other efforts to determine the source of alleged particulate matter, smoke, or pollutants found at the property to which You refer in ¶ 56 of the TAC or elsewhere in the Glades Agricultural Area, whether conducted by You or an outside engineers, experts, or consultants acting on Your behalf.**

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.
>
> Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 11**: **All Documents relating to any environmental reports or studies conducted relating to the property to which You refer in ¶ 56 of the TAC or any other property within the Glades Agricultural Area.**

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.
>
> Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 12**: **All input and output data and files for all AERMOD simulations, iterations, and related pre-processors, including (a) AERSURFACE input and output files; (b) AERMAP input and output files; (c) AERMINUTE input and output files; (d) AERMET input and output files; (e) AERMOD input and output files; (f) raw data used to produce emissions files for AERMOD including Florida Forest Service burn records; (g) spreadsheets or programs used to process the emissions data for input into AERMOD; and (h) post processing spreadsheets or programs used to process the output from the AERMOD simulations.**

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.
>
> Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 13**: **All input and output files and data for the INPUFF simulations, including (a) any raw data used as input to the INPUFF simulations; (b) any preprocessing of the raw data to format it for INPUFF; (c) all INPUFF model input and output files; and (d) a copy of the INPUFF cod as used in the analysis described in the TAC.**

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.
>
> Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 14**: **All modeling files, input and output data, and processing used to generate Figure 31 in the TAC.**

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 15**: **All modeling files, input and output data, and processing used to generate Figure 32 in the TAC.**

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 16**: **To the extent not produced in response to Request Nos. 12-15, all Documents and Communications related to: (a) how emission sources were characterized in the models, including location, emission rate, initial dimensions (including field or area size), release height, etc.; (b) how emission rates were calculated, including emission factors used and burn-specific parameters; (c) the meteorological data used in modeling, how it was processed into model-ready format, and how the meteorological data were matched with burn event; (d) outputs of all burn events modeled, including date, location, geographical area, time of burn, and duration of burn; (e) all model input and output files; (f) all raw meteorological data used in the modeling; (g) all meteorological processing files and processed meteorological data used in the modeling; (h) all surface characteristic data, terrain data, and data processing files used**

in the modeling; and (i) the particle size distribution for all modeled constituents including PM, PM2.5, and PM10.

> **RESPONSE:** Plaintiff objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 17**: All Documents and Communications generated by You or Your consultants or experts related to modeling, calculations, monitoring, or risk assessments conducted in drafting the TAC, including but not limited to, the modeling, calculations, monitoring, and/or risk assessments referenced in ¶¶ 13, 14, 153, 157, 158, 162, 170, 184, 214, 235, 239 of the TAC.

> **RESPONSE:** Plaintiff objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the Court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 18**: All Documents and Communications relied upon by You or Your consultants or experts related to modeling, calculations, monitoring, or risk assessments conducted in drafting the TAC, including but not limited to, the modeling, calculations, monitoring, and/or risk assessments referenced in ¶¶ 13, 14, 153, 157, 158, 162, 170, 184, 214, 235, 239 of the TAC.

> **RESPONSE:** Plaintiffs objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the Court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 19**: All articles, publications, or other sources referenced or cited in the TAC, and all interpretations or summaries of all articles, publications, or other sources referenced or cited in the TAC.

**RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine, including "all interpretations or summaries of all articles, publications, or other sources referenced or cited in the TAC."

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 20**: All complaint logs maintained by the Florida Department of Health between 1988 and the present, as referenced in ¶ 124 of the TAC.

**RESPONSE:** Plaintiff objects to this request because it seeks publicly available records maintained by the Florida Department of Health to which Defendants have equal access.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 21**: All Documents obtained by You at Meetings or hearings You attended at which sugarcane farming, sugarcane burning, particulate matter, smoke, and/or pollutants was discussed.

**RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 22**: All Documents generated by You at Meetings or hearings You attended at which sugarcane farming, sugarcane burning, particulate matter, smoke, and/or pollutants was discussed.

**RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 23**: All logs, diaries, journals, notes, or other Documents prepared by You related to Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c) sugarcane burning; (d) Defendants; (d) Your claimed damages; or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

**RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 24**: All written or recorded statements, reports, or complaints made by You[1] to any individual, entity, or third party (including, but not limited to, any reports to local, state, or other government employee, official, or agency) referring or relating to the alleged pollutants, smoke, or particulate matter coming from Defendants' sugarcane agricultural activities.

**RESPONSE:** Plaintiff objects to this request as unduly burdensome, overbroad, and not proportional to the needs of the case, to the extent Defendants seek statements, reports, or complaints to *any* "individual," "entity," or "third party." Plaintiff further objects to the term "any individual, entity, or third party" as overly broad, vague, and ambiguous.

Subject to and without waiving these and the above General Objections, Plaintiff will produce all written or recorded statements, reports or complaints made to any local, state, or other government employee, official, or agency, to the extent these documents are not privileged and do not constitute attorney work product, and to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 25**: Documents constituting, referring to, or relating to any Communication between You and any federal, state, municipal or local governmental entity or Agency (including, but not limited to, (1) the Florida Department of Agriculture and Consumer Services; (2) the Florida Department of Health; (3) the Florida Forest Service; (4) the Florida Department of Environmental Protection; and (5) the United States Environmental Protection Agency) concerning Your claims set forth in the TAC, including but not limited to,

---

[1] Please note that "You" is defined to include Yourself, individually, as well as agents including Your attorneys, so any communications from Your counsel or other agents to third-parties is also subject to this request.

(a) the alleged pollutants, smoke, or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c) sugarcane burning; (d) Defendants; (e) Your claimed damages; or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

    **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 26**: Documents constituting, referring to, or relating to any Communication between You and any federal, state, municipal or local governmental entity or Agency (including, but not limited to, (1) the Florida Department of Agriculture and Consumer Services; (2) the Florid Department of Health; (3) the Florida Forest Service; (4) the Florida Department of Environmental Protection; and (5) the United States Environmental Protection Agency) relating to federal or state tools to track and map the effects of sugarcane burning.

    **RESPONSE:** Subject to and without the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 27**: Documents constituting, referring to, or relating to any Communication between You and any other Plaintiff concerning Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, and/or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c) sugarcane burning; (d) Defendants; (e) Your claimed damages; and/or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

    **RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine. Plaintiff objects to this request as overly broad, irrelevant, and not proportional to the needs of this case. In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 28**: Documents constituting, referring to, or relating to any Communication between You and any Defendant or Defendants' employees, directors, officers, representatives, or agents concerning Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, and/or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c) sugarcane burning; (d) Defendants; (e) Your claimed damages; and/or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

    **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks documents "referring" or "relating" to any communications with Defendants. Plaintiff further objects to this request to the extent it seeks communications already in Defendants' possession.

Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 29: Copies of any maps of burn events, smoke plumes, and ash plumes, referred to in Your Initial Disclosures.**

**RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 30: All EPA data referred to in Your Initial Disclosures.**

**RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 31: All documents identified or referred to in Your Initial Disclosures, not otherwise produced.**

**RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 32: Documents sufficient to identify any person or entity other than You and Your counsel, who have any financial interest in the outcome of this case.**

**RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff states that Plaintiff is not aware of any documents in Plaintiff's possession, custody, or control responsive to this request.

**Request for Production No. 33: All Documents supporting, relating to, demonstrating, or evidencing Your allegation that pesticides, fungicides, and herbicides migrated, as a result of Defendants' actions, as alleged in ¶ 133 of the Third Amended Complaint.**

**RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent

this request seeks documents protected by the attorney-client privilege and work product doctrine.

Discovery is ongoing; Plaintiff will supplement this response to the extent required by the Federal Rules of Civil Procedure and orders of the court.

**Request for Production No. 34: Any Documents on which Plaintiffs or their expert witnesses intend to rely in support of their motion for class certification, including all Documents and Communications considered or relied upon by expert witnesses in forming their opinions.**

**RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Discovery is ongoing; Plaintiff will supplement this response to the extent required by the Federal Rules of Civil Procedure and orders of the court.

**Request for Production No. 35: Color copies (front and back) of Your Health Insurance cards, Medicare cards, and/or Medicaid cards.**

**RESPONSE:** Subject to an appropriate protective order, Plaintiff will produce responsive documents, if any, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 36: A color copy of Your Florida Driver's License or Florida identification card.**

**RESPONSE:** Subject to an appropriate protective order, Plaintiff will produce responsive documents, if any, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 37: Documents sufficient to identify any expert witness on whom You intend to rely in support motion for class certification, including all information required by Rule 26(a)(2)(B).**

**RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Discovery is ongoing; Plaintiff will supplement this response to the extent required by the Federal Rules of Civil Procedure and orders of the court.

DATED: December 17, 2021

HAGENS BERMAN SOBOL SHAPIRO LLP

By */s/ Steve W. Berman*
    Steve W. Berman (*pro hac vice*)
Theodore Wojcik (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com

Matthew T. Moore, Esq.
Joseph C. Schultz, Esq.
Zachary West, Esq.
THE BERMAN LAW GROUP
PO Box 272789
Boca Raton, FL 33427
Tel: 561-826-5200
Fax: 561-826-5201
Primary Email:
service@thebermanlawgroup.com
Secondary Email:
mmoore@thebermanlawgroup.com;
jschulz@thebermanlawgroup.com;
zwest@thebermanlawgroup.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing to be served by electronic mail on all counsel or parties of record on the service list.

Dated:  December 17, 2021

/s/ Steve W. Berman
Steve W. Berman

## SERVICE LIST

***Attorneys for Defendant J &J Ag Products, Inc. Andrew S. Connell, Jr., Esq.***
Litchfield Cavo LLP
600 Corporate Drive, Suite 600
Ft. Lauderdale, FL 33334
Tel: 954-689-3000
Fax: 954-689-3001
Connell@litchfieldcavo.com
deatley@litchfieldcavo.com

***Attorneys for Defendant Sugar Cane Growers Cooperative of Florida***
Jennifer J. Kennedy, Esq.
Abbey, Adams, Byelick & Mueller, LLP
360 Central Avenue, 11th Floor
St. Petersburg, FL 33711
T: 727-821-2080
F: 727-822-3970
jkennedy@abbeyadams.com
ServiceJKennedy@AbbeyAdams.com

David J. Abbey, Esq.
Abbey, Adams, Byelick & Mueller, LLP
3201 US Highway 19 South, 9th Floor
St. Petersburg, FL 33711
T: 727-821-2080
servicedabbey@abbeyadams.com
*Pro Hac Vice*

***Attorneys for Defendants United States Sugar Corporation, Sugarland Harvesting Co., and Independent Harvesting, Inc.***
Brian M. McPherson, Esq.
Gregor J. Schwinghammer, Jr., Esq.
Gunster, Yoakley & Stewart, PA
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
T: 561-655-1980
F: 561-655-5677
Primary Email: bmcpherson@gunster.com;
gschwinghammer@gunster.com;
Secondary Emails: eservice@gunster.com;
jhoppel@gunster.com

Mark R. Ter Molen, Esq.
Timothy S. Bishop, Esq.
Mayer Brown, LLP
71 South Wacker Drive
Chicago, IL 60606
Ter Molen – T: 312-701-7307
Bishop – T: 312-701-7829
mtermolen@mayerbrown.com;
tbishop@mayerbrown.com

***Attorneys for Defendants Florida Crystals Corporation, Flo Sun Incorporated, American Sugar Refining, Inc., Okeelanta Corporation, and Osceola Farms***
Jennifer Ann McLoone, Esq.
Shook, Hardy & Bacon, LLP
201 South Biscayne Blvd., Suite 3200
Miami, FL 33131
T: 305-358-5171
F: 305-358-7470
jmcloone@shb.com

David Brent Dwerlkotte, Esq.
Mark D. Anstoetter, Esq.
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO 64108
T: 816-474-6550
dbdwerlkotte@shb.com;
manstoetter@shb.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM ARMSTRONG, GLORIA ATKINS, JAMES BROOKS, CLOVER COFFIE, DEBRA JONES, SHANTE LEGRAND, DONALD MCLEAN, ROBERT REIMBOLD, ELIJAH SMITH, and LINDA WILCHER, each individually and on behalf of all others similarly situated;<br><br>        Plaintiffs,<br><br> v.<br><br>UNITED STATES SUGAR CORPORATION, a Delaware Corporation; SUGAR CANE GROWERS COOPERATIVE OF FLORIDA, a Florida not for profit corporation; FLORIDA CRYSTALS CORPORATION, a Delaware corporation; OKEELANTA CORPORATION, a Delaware corporation; OSCEOLA FARMS, a Florida corporation; SUGARLAND HARVESTING CO., a Florida not for profit corporation, TRUCANE SUGAR CORPORATION, a Florida corporation; INDEPENDENT HARVESTING, INC., a Florida corporation; and J & J AG PRODUCTS, INC., a Florida corporation,<br><br>        Defendants. | No. 9:19-cv-80730-RS-MM<br><br>**PLAINTIFF MCLEAN'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION** |

Plaintiff Donald Mclean, by and through undersigned counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby submits the following objections and responses to Defendants' First Set of Requests for Production of Documents.

## I.   PRELIMINARY STATEMENT

Plaintiff's responses and objections to these Requests for Production of Documents are made for the sole purpose of this litigation. Each response is subject to all objections as to relevance, materiality, propriety, admissibility, privilege, privacy, and any and all other objections on grounds that would require the exclusion of any response herein if such were offered in Court, and such objections are reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended in this response.  Plaintiff's response to all or any part of the Requests for Production should not be taken as an admission that: (1) Plaintiff accepts or admits the existence of any fact(s) set forth in or assumed by the Requests for Production; or (2) Plaintiff has in their possession, custody, or control documents responsive to that Request for Production; or (3) documents responsive to that Request for Production exist. Plaintiff's response to all or any part of any Request for Production of Documents is not intended to be, and shall not be, a waiver by Plaintiff of all or any part of Plaintiff's objection(s) to that Request for Production of Documents.

The following responses are based upon information known at this time and are given without prejudice to Plaintiff's right to supplement or amend these responses prior to trial or to produce evidence based on subsequently discovered information.

## II.   GENERAL OBJECTIONS

1.      Plaintiff objects to these Requests for Production of Documents to the extent they purport to request information that is not relevant to the claims or defenses of the parties, nor reasonably calculated to lead to the discovery of admissible information. Plaintiff will respond to

Defendants' discovery requests to the extent required by the Federal Rules of Civil Procedure and orders of the Court.

2.      Plaintiff objects to these Requests for Production of Documents to the extent they seek information not available or known to Plaintiff. Plaintiff's responses are based upon, and therefore are limited by, Plaintiff's present knowledge and recollection, and consequently, Plaintiff reserves the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made.

3.      Plaintiff objects to these Requests for Production of Documents to the extent the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff will comply with Defendants' requests to the extent required by Rule 26(b)(1).

4.      Plaintiff objects to and will not comply with these Requests for Production of Documents to the extent they seek information that would cause unreasonable annoyance, embarrassment, oppression, burden, or expense to the Plaintiff or others.

5.      Plaintiff objects to these Requests for Production of Documents to the extent they are vague, ambiguous, or incomprehensible. Plaintiff will make reasonable efforts to discern Defendants' intent and define Plaintiff's understanding.

6.      Plaintiff objects to these Requests for Production of Documents to the extent they seek information outside the scope of this litigation. As such, these Requests for Production of Documents are overly broad, unduly burdensome, and seek information that is neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff will only respond with information regarding the events at issue in this litigation.

7.      Plaintiff objects to these Requests for Production of Documents the extent that they seek information that is already in Defendants' possession, custody, or control, or is equally available to Defendant. Plaintiff's responses are based on and limited by Plaintiff's present

knowledge and recollection. To the extent the information sought is already in Defendant's possession, custody, or control, or is equally available to Defendant, Plaintiff will not supplement their response.

8.      Plaintiff objects to these Requests for Production of Documents to the extent they call for legal conclusions. Plaintiff will not respond to discovery requests that call for legal conclusions.

9.      Plaintiff reserves until the time of trial all objections as to the relevance or admissibility of any information provided in response to these Requests for Production of Documents. The supplying of any information contained herein does not constitute an admission by Plaintiff that such document or information is relevant or admissible or that any statement or characterization in these Requests for Production of Documents is accurate or complete.

10.     Plaintiff objects to these Requests for Production of Documents to the extent they purport to require Plaintiff to disclose information concerning any expert or other person or entity retained by Plaintiff's counsel to assist in the preparation of Plaintiff's case: (a) to the extent any such person or entity will not be designated by Plaintiffs as a trial witness on the grounds that such disclosure is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) on the grounds that any such present disclosure is prejudicial to Plaintiff's preparation of this case and is not required by the Federal Rules of Civil Procedure.

11.     Plaintiff objects to these Requests for Production of Documents to the extent that they seek discovery directed at unnamed members of the proposed class. Absent special circumstances, discovery of absent class members is not permitted. Plaintiff will not respond to discovery directed at absent class members.

12.     Plaintiff objects to these Requests for Production of Documents to the extent they are premature, in that discovery in this case is ongoing. Plaintiff reserves the rights to make additional

objections to these Requests for Production of Documents and to supplement and amend Plaintiff's objections and responses.

13.     Plaintiff objects to these Requests for Production of Documents to the extent that they seek information and documents protected from disclosure by the attorney-client privilege, the work product doctrine, or some other privilege or immunity from discovery. Plaintiff will not produce privileged documents or disclose privileged information.

14.     All responses given below incorporate the above General Objections and no response given by Plaintiff shall be deemed to constitute a waiver of any such objections.

### III. OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**Request for Production No. 1: Any visual depiction (including photographs, images, and videos) of any smoke, smoke plume, particulate matter, or other emissions or remnants from any burning, of any source on Your property or in the Glades Agricultural Area.**

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 2: All deeds (including warranty deeds) and trust instruments related to the property to which You refer in ¶ 60 of the TAC.**

> **RESPONSE:** Plaintiffs object to this request to the extent it seeks publicly available records to which Defendants have equal access.  Subject to and without waiving his objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 3: All radon certificates and notices, asbestos certificates and notices, lead certificates and notices, and inspection reports related to the property to which You refer in ¶ 60 of the TAC.**

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 4: All Documents related the financing and valuation of the property to which You refer in ¶ 60 of the TAC, including but not limited to, all warranties, mortgages, mortgage notes, mortgage statements, documentation of home equity lines of credit,**

assignments, appraisal reports and photographs, Documents relating to any efforts to finance or refinance, Documents relating to any effort to post the property as collateral to secure a loan or other financial obligation, and liens related to the property.

>    **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome. Plaintiff does not seek damages for the diminution in value of Plaintiff's property; consequently, the documents sought by this request, all of which relate to the "financing and valuation" of Plaintiff's property, are not relevant to any of the issues in this case.

>    In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 5**: All Documents relating to any rental or attempted rental of the property to which You refer in ¶ 60 of the TAC, whether by You or by a prior owner of Your property, including the rental price and all property disclosures provided by You or any previous owners.

>    **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome. Plaintiff does not seek lost use or loss of income damages for Plaintiff's property; consequently, the documents sought by this request are not relevant to any issue in this case.

>    In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 6**: All Documents relating to any sale or attempted sale of the property to which You refer in ¶ 60 of the TAC, including but not limited to, all purchase and sale agreements, listing agreements, or brokerage contracts relating to the potential or proposed sale of Your property.

>    **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome. Plaintiff does not seek damages for the diminution in value of Plaintiff's property; consequently, the documents sought by this request, all of which relate to the "financing and valuation" of Plaintiff's property, are not relevant to any of the issues in this case.

>    In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 7**: All photographs and videotapes that depict the claimed damage to the property (or parts of it) to which You refer in ¶ 60 of the TAC.

>    **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 8**: All estimates, proposals, contracts and amendments thereto, work orders, bills of material, punch lists, invoices, receipts, inspection reports, progress reports, photographs, and videotapes generated or obtained in connection with Home Renovations to the property referenced in ¶ 60 of the TAC.

> **RESPONSE:**  Plaintiff objects to this Request as irrelevant, overly broad, and unduly burdensome to the extent it seeks "all" estimates, proposals, contracts and amendments thereto, work orders, bills of material, punch lists, invoices, receipts, inspection reports, progress reports, photographs, and videotapes, without any time limit or specification as to the type of renovation performed.  Defendants define "Home Renovations" to include "all repairs, rehabilitation, refurbishment, remodeling, rebuilding, reconstruction, abatement, mitigation, or remediation work."  Therefore, as written, this request would capture a large volume of irrelevant documents, like routine home repairs (e.g., broken pipes, plumbing issues) or improvements (e.g., bathroom or kitchen remodels).

> Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 9**: Documents sufficient to identify all individuals or entities who perform or have performed periodic or routine maintenance on the property to which You refer in ¶ 60 of the TAC, from the time You purchased the property until present, including the type of maintenance performed, the frequency with which the maintenance was performed, the reason for the maintenance, and the time period within which each identified individual or entity performed the maintenance.

> **RESPONSE:** Plaintiff objects to this Request as irrelevant, overly broad, and unduly burdensome to the extent it seeks documents dating back to the time Plaintiff's home was purchased, a period that extends well beyond the class period and potentially back decades.

> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents from June 4, 2009, through the present, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 10**: All Communications with real estate brokers, real estate agents, real estate appraisers, real estate inspectors, banks, lenders, and real estate tax authorities, and all real estate tax assessments and bills, generated or received since the date You purchased the property to which You refer in ¶ 60 of the TAC.

> **RESPONSE:**  Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome.  Plaintiff does not seek damages for the diminution in value of Plaintiff's property; consequently, the documents sought by this request, all of which relate to the valuation and/or sale of Plaintiff's property, are not relevant to any of the issues in this case.  Plaintiff further objects to this request to the extent that it seeks categories of documents, including tax assessments, that are publicly available, and to which Defendants therefore have equal access.

In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 11: All offers to sell, offers to buy, and Communications with prospective purchasers generated or received since the date You purchased the property to which You refer in ¶ 60 of the TAC.**

  **RESPONSE:**  Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome.  Plaintiff does not seek damages for the diminution in value of Plaintiff's property; consequently, the documents sought by this request, all of which relate to the valuation and/or sale of Plaintiff's property, are not relevant to any of the issues in this case.

  In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 12: Documents sufficient to identify all individuals who have come to the property to which You refer in ¶ 60 of the TAC as guests from the time You purchased the property until present.**

  **RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome, as the identities of the individuals who have come to Plaintiff's property, much less the identity of all such individuals dating back to the time of purchase, is not relevant to any issue in this case. Moreover, this request would be impossible to answer competently even for someone with eidetic memory.

  Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and period of this Request.

**Request for Production No. 13: Documents sufficient to identify all properties You have owned or currently own other than the property to which You refer in ¶ 60 of the TAC.**

  **RESPONSE:** Plaintiff objects to this request as irrelevant and overly broad to the extent it seeks documents sufficient to identify property outside of the class area.  Plaintiff's ownership of such property is not relevant to any issue in the case.

  Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents sufficient to identify all properties Plaintiff currently owns, or has previously owned, in the class area, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 14: All Documents supporting Your claims for damages of the property to which You refer in ¶ 60 of the TAC, including (a) all bills of sale, invoices, receipts, purchase and sale agreements, contracts, and warranties generated or received in connection with Your acquisition; (b) all warranty and guarantee claims You submitted; (c) all records You submitted in support of insurance claims and all notices, correspondence, check stubs, invoices, and receipts You received in response to such claims; (d) all policies of homeowner's insurance and applications of homeowner's insurance; (e) all photographs and videotapes**

depicting the property and any before and after condition; (f) all appraisals; (g) all repair and servicing records, including all estimates, proposals, contracts, work orders, parts lists, bills of material, job tickets, warranties, guarantees, invoices, receipts, an correspondence; and (h) all contracts, invoices, receipts, warranties, guarantees, correspondence generated in connection with replacement.

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.
>
> Plaintiff further objects to subparts (a), (b), (c), and (d) of this request as duplicative of Request Nos. 4, 6, 10, and 11, to the extent this request seeks documents related to the diminution in value of Plaintiff's property. The documents sought in subparts (a)-(d) of this request, all of which relate to the valuation and/or sale of Plaintiff's property, are not relevant to any of the issues in this case.
>
> Subject to and without waiving these and the above General Objections, Plaintiff is willing to meet and confer with Defendants to further understand and narrow the scope of this request.

**Request for Production No. 15:** All Documents and Communications concerning analytical testing, sampling, or monitoring (including, but not limited to sampling or monitoring of air using any device including Purple Air monitors, groundwater, surface water, soil, dust, ash, wood, and paint) in and around the Glades Agricultural Area (including on the property to which You refer in ¶ 60 of the TAC) for potential contamination, environmental conditions, air quality, or hazardous substances, whether conducted by You or an outside engineers, experts, or consultants acting on Your behalf.

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.
>
> Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 16:** Documents and Communications relating to any investigation or other efforts to determine the source of alleged particulate matter, smoke, or pollutants found at the property to which You refer in ¶ 60 of the TAC or elsewhere in the Glades

**Agricultural Area, whether conducted by You or an outside engineers, experts, or consultants acting on Your behalf.**

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.
>
> Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 17: All Documents relating to any environmental reports or studies conducted relating to the property to which You refer in ¶ 60 of the TAC or any other property within the Glades Agricultural Area.**

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.
>
> Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 18: All input and output data and files for all AERMOD simulations, iterations, and related pre-processors, including (a) AERSURFACE input and output files; (b) AERMAP input and output files; (c) AERMINUTE input and output files; (d) AERMET input and output files; (e) AERMOD input and output files; (f) raw data used to produce emissions files for AERMOD including Florida Forest Service burn records; (g) spreadsheets or programs used to process the emissions data for input into AERMOD; and (h)**

**post processing spreadsheets or programs used to process the output from the AERMOD simulations.**

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.
>
> Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 19**: **All input and output files and data for the INPUFF simulations, including (a) any raw data used as input to the INPUFF simulations; (b) any preprocessing of the raw data to format it for INPUFF; (c) all INPUFF model input and output files; and (d) a copy of the INPUFF cod as used in the analysis described in the TAC.**

> **RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.
>
> Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 20**: **All modeling files, input and output data, and processing used to generate Figure 31 in the TAC.**

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney

work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 21: All modeling files, input and output data, and processing used to generate Figure 32 in the TAC.**

    **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 22: To the extent not produced in response to Request Nos. 18-21, all Documents and Communications related to: (a) how emission sources were characterized in the models, including location, emission rate, initial dimensions (including field or area size), release height, etc.; (b) how emission rates were calculated, including emission factors used and burn-specific parameters; (c) the meteorological data used in modeling, how it was processed into model-ready format, and how the meteorological data were matched with burn event; (d) outputs of all burn events modeled, including date, location, geographical area, time of burn, and duration of burn; (e) all model input and output files; (f) all raw meteorological data used in the modeling; (g) all meteorological processing files and processed meteorological data used in the modeling; (h) all surface characteristic data, terrain data, and data processing files used in the modeling; and (i) the particle size distribution for all modeled constituents including PM, PM2.5, and PM10.**

    **RESPONSE:** Plaintiff objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

    Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 23: All Documents and Communications generated by You or Your consultants or experts related to modeling, calculations, monitoring, or risk assessments conducted in drafting the TAC, including but not limited to, the modeling, calculations, monitoring, and/or risk assessments referenced in ¶¶ 13, 14, 153, 157, 158, 162, 170, 184, 214, 235, 239 of the TAC.**

    **RESPONSE:** Plaintiff objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the Court. Plaintiff also objects to the extent

this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 24**: **All Documents and Communications relied upon by You or Your consultants or experts related to modeling, calculations, monitoring, or risk assessments conducted in drafting the TAC, including but not limited to, the modeling, calculations, monitoring, and/or risk assessments referenced in ¶¶ 13, 14, 153, 157, 158, 162, 170, 184, 214, 235, 239 of the TAC.**

RESPONSE: Plaintiffs objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the Court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 25**: **All articles, publications, or other sources referenced or cited in the TAC, and all interpretations or summaries of all articles, publications, or other sources referenced or cited in the TAC.**

RESPONSE: Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine, including "all interpretations or summaries of all articles, publications, or other sources referenced or cited in the TAC."

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 26**: **All complaint logs maintained by the Florida Department of Health between 1988 and the present, as referenced in ¶ 124 of the TAC.**

RESPONSE: Plaintiff objects to this request because it seeks publicly available records maintained by the Florida Department of Health to which Defendants have equal access.

Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney

work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 27**: All Documents obtained by You at Meetings or hearings You attended at which sugarcane farming, sugarcane burning, particulate matter, smoke, and/or pollutants was discussed.

> **RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 28**: All Documents generated by You at Meetings or hearings You attended at which sugarcane farming, sugarcane burning, particulate matter, smoke, and/or pollutants was discussed.

> **RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 29**: All logs, diaries, journals, notes, or other Documents prepared by You related to Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c) sugarcane burning; (d) Defendants; (d) Your claimed damages; or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

> **RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.
>
> Subject to and without waiving these and the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 30**: All written or recorded statements, reports, or complaints made by You[1] to any individual, entity, or third party (including, but not limited to, any

---

[1] Please note that "You" is defined to include Yourself, individually, as well as agents including Your attorneys, so any communications from Your counsel or other agents to third-parties is also subject to this request.

reports to local, state, or other government employee, official, or agency) referring or relating to the alleged pollutants, smoke, or particulate matter coming from Defendants' sugarcane agricultural activities.

> **RESPONSE:** Plaintiff objects to this request as unduly burdensome, overbroad, and not proportional to the needs of the case, to the extent Defendants seek statements, reports, or complaints to *any* "individual," "entity," or "third party." Plaintiff further objects to the term "any individual, entity, or third party" as overly broad, vague, and ambiguous.

> Subject to and without waiving these and the above General Objections, Plaintiff will produce all written or recorded statements, reports or complaints made to any local, state, or other government employee, official, or agency, to the extent these documents are not privileged and do not constitute attorney work product, and to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 31**: Documents constituting, referring to, or relating to any Communication between You and any federal, state, municipal or local governmental entity or Agency (including, but not limited to, (1) the Florida Department of Agriculture and Consumer Services; (2) the Florida Department of Health; (3) the Florida Forest Service; (4) the Florida Department of Environmental Protection; and (5) the United States Environmental Protection Agency) concerning Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c) sugarcane burning; (d) Defendants; (e) Your claimed damages; or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

> **RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 32**: Documents constituting, referring to, or relating to any Communication between You and any federal, state, municipal or local governmental entity or Agency (including, but not limited to, (1) the Florida Department of Agriculture and Consumer Services; (2) the Florid Department of Health; (3) the Florida Forest Service; (4) the Florida Department of Environmental Protection; and (5) the United States Environmental Protection Agency) relating to federal or state tools to track and map the effects of sugarcane burning.

> **RESPONSE:** Subject to and without the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 33**: Documents constituting, referring to, or relating to any Communication between You and any other Plaintiff concerning Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, and/or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c)

sugarcane burning; (d) Defendants; (e) Your claimed damages; and/or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

**RESPONSE:** Plaintiff objects to this request the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.  Plaintiff objects to this request as overly broad, irrelevant, and not proportional to the needs of this case.  In light of these objections, Plaintiff will not be producing documents responsive to this request.

**Request for Production No. 34:** Documents constituting, referring to, or relating to any Communication between You and any Defendant or Defendants' employees, directors, officers, representatives, or agents concerning Your claims set forth in the TAC, including but not limited to, (a) the alleged pollutants, smoke, and/or particulate matter coming from Defendants' sugarcane agricultural activities; (b) sugarcane farming; (c) sugarcane burning; (d) Defendants; (e) Your claimed damages; and/or (f) the health effects You claim You will suffer as a result of Defendants' sugarcane agricultural activities.

**RESPONSE:** Plaintiff objects to this request as irrelevant, overly broad, and unduly burdensome to the extent it seeks documents "referring" or "relating" to any communications with Defendants.  Plaintiff further objects to this request to the extent it seeks communications already in Defendants' possession.

Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 35:** Copies of any maps of burn events, smoke plumes, and ash plumes, referred to in Your Initial Disclosures.

**RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 36:** All EPA data referred to in Your Initial Disclosures.

**RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 37:** All documents identified or referred to in Your Initial Disclosures, not otherwise produced.

**RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff will produce responsive documents, if any, that are not privileged and do not constitute attorney work product, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 38: Documents sufficient to identify any person or entity other than You and Your counsel, who have any financial interest in the outcome of this case.**

**RESPONSE:** Subject to and without waiving the above General Objections, Plaintiff states that Plaintiff is not aware of any documents in Plaintiff's possession, custody, or control responsive to this request.

**Request for Production No. 39: All Documents supporting, relating to, demonstrating, or evidencing Your allegation that pesticides, fungicides, and herbicides migrated, as a result of Defendants' actions, as alleged in ¶ 133 of the Third Amended Complaint.**

**RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the court. Plaintiff also objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine.

Discovery is ongoing; Plaintiff will supplement this response to the extent required by the Federal Rules of Civil Procedure and orders of the court.

**Request for Production No. 40: Any Documents on which Plaintiffs or their expert witnesses intend to rely in support of their motion for class certification, including all Documents and Communications considered or relied upon by expert witnesses in forming their opinions.**

**RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Discovery is ongoing; Plaintiff will supplement this response to the extent required by the Federal Rules of Civil Procedure and orders of the court.

**Request for Production No. 41: A color copy of Your Florida Driver's License or Florida identification card.**

**RESPONSE:** Subject to an appropriate protective order, Plaintiff will produce responsive documents, if any, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

**Request for Production No. 42: Documents sufficient to identify any expert witness on whom You intend to rely in support motion for class certification, including all information required by Rule 26(a)(2)(B).**

**RESPONSE:** Plaintiff objects to this request as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the court.

Discovery is ongoing; Plaintiff will supplement this response to the extent required by the Federal Rules of Civil Procedure and orders of the court.

DATED: December 17, 2021          HAGENS BERMAN SOBOL SHAPIRO LLP

By */s/ Steve W. Berman*
   Steve W. Berman (*pro hac vice*)
Theodore Wojcik (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com

Matthew T. Moore, Esq.
Joseph C. Schultz, Esq.
Zachary West, Esq.
THE BERMAN LAW GROUP
PO Box 272789
Boca Raton, FL 33427
Tel: 561-826-5200
Fax: 561-826-5201
Primary Email:
service@thebermanlawgroup.com
Secondary Email:
mmoore@thebermanlawgroup.com;
jschulz@thebermanlawgroup.com;
zwest@thebermanlawgroup.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing to be served by electronic mail on all counsel or parties of record on the service list.

Dated:  December 17, 2021                    /s/ Steve W. Berman
                                             Steve W. Berman

## SERVICE LIST

***Attorneys for Defendant J &J Ag Products, Inc. Andrew S. Connell, Jr., Esq.***
Litchfield Cavo LLP
600 Corporate Drive, Suite 600
Ft. Lauderdale, FL 33334
Tel: 954-689-3000
Fax: 954-689-3001
Connell@litchfieldcavo.com
deatley@litchfieldcavo.com

***Attorneys for Defendant Sugar Cane Growers Cooperative of Florida***
Jennifer J. Kennedy, Esq.
Abbey, Adams, Byelick & Mueller, LLP
360 Central Avenue, 11th Floor
St. Petersburg, FL 33711
T: 727-821-2080
F: 727-822-3970
jkennedy@abbeyadams.com
ServiceJKennedy@AbbeyAdams.com

David J. Abbey, Esq.
Abbey, Adams, Byelick & Mueller, LLP
3201 US Highway 19 South, 9th Floor
St. Petersburg, FL 33711
T: 727-821-2080
servicedabbey@abbeyadams.com
*Pro Hac Vice*

***Attorneys for Defendants United States Sugar Corporation, Sugarland Harvesting Co., and Independent Harvesting, Inc.***
Brian M. McPherson, Esq.
Gregor J. Schwinghammer, Jr., Esq.
Gunster, Yoakley & Stewart, PA
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
T: 561-655-1980
F: 561-655-5677
Primary Email: bmcpherson@gunster.com;
gschwinghammer@gunster.com;
Secondary Emails: eservice@gunster.com;
jhoppel@gunster.com

Mark R. Ter Molen, Esq.
Timothy S. Bishop, Esq.
Mayer Brown, LLP
71 South Wacker Drive
Chicago, IL 60606
Ter Molen – T: 312-701-7307
Bishop – T: 312-701-7829
mtermolen@mayerbrown.com;
tbishop@mayerbrown.com

***Attorneys for Defendants Florida Crystals Corporation, Flo Sun Incorporated, American Sugar Refining, Inc., Okeelanta Corporation, and Osceola Farms***
Jennifer Ann McLoone, Esq.
Shook, Hardy & Bacon, LLP
201 South Biscayne Blvd., Suite 3200
Miami, FL 33131
T: 305-358-5171
F: 305-358-7470
jmcloone@shb.com

David Brent Dwerlkotte, Esq.
Mark D. Anstoetter, Esq.
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO 64108
T: 816-474-6550
dbdwerlkotte@shb.com;
manstoetter@shb.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM ARMSTRONG, GLORIA ATKINS, JAMES BROOKS, CLOVER COFFIE, DEBRA JONES, SHANTE LEGRAND, DONALD MCLEAN, ROBERT REIMBOLD, ELIJAH SMITH, and LINDA WILCHER, each individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES SUGAR CORPORATION, a Delaware Corporation; SUGAR CANE GROWERS COOPERATIVE OF FLORIDA, a Florida not for profit corporation; FLORIDA CRYSTALS CORPORATION, a Delaware corporation; OKEELANTA CORPORATION, a Delaware corporation; OSCEOLA FARMS, a Florida corporation; SUGARLAND HARVESTING CO., a Florida not for profit corporation, TRUCANE SUGAR CORPORATION, a Florida corporation; INDEPENDENT HARVESTING, INC., a Florida corporation; and J & J AG PRODUCTS, INC., a Florida corporation,<br><br>Defendants. | No. 9:19-cv-80730-RS-MM<br><br>**PLAINTIFF WILLIAM ARMSTRONG'S OBJECTIONS AND RESPONSES TO DEFENDANT OKEELANTA CORP.'S FIRST SET OF INTERROGATORIES** |

Plaintiff William Armstrong ("Plaintiff") by and through undersigned counsel, hereby responds and objects to Defendant Okeelanta Corporation's ("Defendant") First Set of Interrogatories.

## **PRELIMINARY STATEMENT**

The following Objections and Responses to the Interrogatories, which were propounded by Defendant, are made on the basis of information that is presently known and available to Plaintiff and Plaintiff's attorneys of record. Plaintiff's discovery, investigation and preparation for trial are not yet complete and are continuing as of the date of these Objections and Responses. For that reason, there may exist documents or information responsive to these Interrogatories which Plaintiff have not yet located, identified or reviewed, and the Objections and Responses to these Interrogatories, therefore, may be incomplete. There is also a possibility that, upon further investigation, certain details set forth in these Objections and Responses may be altered or amended. These Objections and Responses represent Plaintiff's reasonable efforts to provide the information requested based upon documents in Plaintiff's possession, custody or control, and based upon Plaintiff's current knowledge developed within the limited time available. Plaintiff reserves the right to continue the discovery and investigation of facts, witnesses, and supplemental data that may reveal information which, if presently within Plaintiff's knowledge, would have been included in these Objections and Responses. Plaintiff reserves the right to present additional information as may be disclosed through continuing discovery and investigation.

## **GENERAL OBJECTIONS**

1.      Plaintiff objects to these Interrogatories to the extent they seek to establish or imply a waiver of Plaintiff's rights to challenge the relevancy, materiality, or admissibility of the

information or documents provided by Plaintiff, or to object to the use of information or documents in any subsequent proceeding or trial.  In responding to these Interrogatories, Plaintiff does not waive the right to challenge the relevancy, materiality, and/or admissibility of the information or documents provided by Plaintiff, or to object to the use of the information or documents in any subsequent proceeding or trial.

2.     Plaintiff objects to the Interrogatories to the extent they seek disclosure of information protected by the attorney-client privilege or which constitutes attorney work-product/trial preparation materials or any other privileged information.

3.     Plaintiff objects to the Interrogatories to the extent they seek to require responses or supplemental responses beyond the scope and/or requirements of the Federal Rules of Civil Procedure.  Plaintiff will supplement Plaintiff's Objections and Responses, if necessary, in accordance with the requirements of those Rules, and Plaintiff reserve the right to do so as discovery progresses.

4.      Plaintiff objects to the Interrogatories to the extent they are overly broad, unduly burdensome, or seek information that is neither relevant to the claims or defenses of this case nor reasonably calculated to lead to the discovery of documents or information admissible under the Federal Rules of Evidence.

5.     Plaintiff objects to the Interrogatories to the extent they call for a legal conclusion or premature expert discovery.

6.     Plaintiff objects to these Interrogatories to the extent they seek or purport to seek information that already is known by Defendant, that is known to other individuals or entities, or that is in the public domain.  To the extent Defendant is seeking information that is not in Plaintiff's possession, custody or control, information that is more readily available from other

sources, or information that already is known or produced to Defendant, Plaintiff objects to these Interrogatories as unduly burdensome and oppressive.

7.    Plaintiff objects to the Interrogatories to the extent they call for Plaintiff to provide information in the possession of persons other than Plaintiff and to the extent they call for Plaintiff to speculate upon whether and what information is in the possession of any person other than Plaintiff.

8.    Plaintiff objects to the Interrogatories to the extent they seek information contained in the pleadings in this action.

9.    Plaintiff objects generally to each Request to the extent it calls for information on "any" or "all" or "every" topic of a specified nature or type, when a limited amount of such information will suffice on the ground that such request is overly broad, unduly burdensome and oppressive.

10.    Plaintiff objects to the Interrogatories to the extent they are contention discovery requests.  Contention discovery requests have been held to be inappropriate at this stage of the proceeding.

11.    Plaintiff will make reasonable efforts to respond to each Request to the extent Plaintiff understands and interprets the Request and no objection is made.  If Defendant subsequently asserts any interpretation of a Request which differs from that of Plaintiff, then, Plaintiff reserves the right to supplement the Objections and Responses.

12.    Plaintiff does not waive any of Plaintiff's general or particular objections in the event documents are furnished which come within the scope of any objection. The General Objections set forth above, and the objections to specific Interrogatories set forth below, are made as to matters which are clearly objectionable from the face of the Interrogatories.  These objections are made without prejudice to, or waiver of, Plaintiff's right to

object on all appropriate grounds for the production of specific categories of documents or information, and Plaintiff reserves the right to object to the use of any responses herein in any subsequent proceeding, and reserves all objections which may be available to it at any trial or on any motion relating to the use or admissibility of any material produced.

## **RESPONSES & SPECIFIC OBJECTIONS**

**INTERROGATORY NO. 1:**

      1.     Describe Your employment history, including the name and address of each employer, the dates of employment, Your employment title, and the nature of Your employment.

**RESPONSE**:

      Subject to and without waiving his general objections, Plaintiff responds as follows:

- Retired since 2004.
- 1998 to 2004 - Owner of construction businesses, first Armstrong Interior Services, then Phoenix Construction, located in Broward and Miami-Dade Counties.
- Approximately 1991 to 1998 - President of Ultrasonic Power Corporation, 239 E. Stephenson Street, Freeport, IL 61032
- 1988 to 1991 - Burgess Battery Corporation in Illinois.
- 1984 to 1988 - Powers Regulator Company
- 1980 to 1984 - Chief Engineer for Nordson Corporation in Ohio
- Approximately 1977 to 1980 – farmer on a 400 acre farm
- 1970 to 1977 - Bettcher Industries in Ohio and founded Basic Packaging Corporation (Ohio)
- 1965 to 1970 Research Engineer for Dow Chemical

**INTERROGATORY NO. 2:**

      2.     Identify all Medical Conditions, injuries, illnesses, or disabilities you have been diagnosed with or that you believe that you have. For each condition, if a health care professional has diagnosed you with the condition, injury, illness or disability, identify the health care professional and provide the date of diagnosis.

**RESPONSE**:

Plaintiff objects to this Interrogatory as irrelevant, overly broad, and unduly burdensome to the extent it asks that Plaintiff identify "all Medical Conditions, injuries, illnesses or disabilities"; as currently drafted, this would stretch back for decades and would potentially encompass childhood illnesses, orthopedic injuries, and a host of other conditions that are unlikely to reflect any information regarding toxic exposure.

Subject to and without waiving these and his general objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and time period of this Request.

**INTERROGATORY NO. 3:**

3.      Identify each Healthcare Provider that You have seen (including any treatment, hospitalization, visit, consultation, etc.), including the name of the individual professional and the corresponding hospital, entity, practice, group, or affiliation. For each Healthcare Provider identified, provide a complete address; the date or date ranges You were seen; the purpose of the visit or treatment; and the injury or condition treated.

**RESPONSE**:

Plaintiff objects to this Interrogatory as irrelevant, overly broad, and unduly burdensome to the extent it seeks information from any Healthcare Provider for any treatment; as currently drafted, this would stretch back for decades and would potentially encompass childhood illnesses, orthopedic injuries, and a host of other conditions that are unlikely to reflect any information regarding toxic exposure.

Subject to and without waiving these and his general objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and time period of this Request.

**INTERROGATORY NO. 4:**

4.      Identify all individuals who reside in the Glades Agricultural Area, including but not limited to yourself, who you believe suffer from or have been diagnosed with lung cancer.

**RESPONSE**:

Plaintiff objects to this Interrogatory as it requires Plaintiff and his representatives to violate HIPAA by disclosing another person's protected health information without consent, when those other persons are not named in or specifically referenced in the TAC.  Moreover, Plaintiffs' Medical Monitoring claim discusses and alleges a link between the carcinogenic byproducts of sugarcane burning and lung cancer and the benefit to the affected communities of a medical monitoring protocol that will be the subject of expert report and opinion to be disclosed at the appropriate and required time.  Furthermore, if Defendants are seeking data on the prevalence of medical conditions in the affected communities, it is available from publicly available sources without violating the privacy of unnamed parties.

Subject to and without waiving these and his general objections, Plaintiff responds as follows:

Yes I know people in the affected area who have contracted lung cancer.

**INTERROGATORY NO. 5:**

5.      Identify all individuals known to you who may have knowledge concerning the facts and circumstances surrounding or related to your claims against Defendants in this lawsuit, and for each provide a description of that individual's relationship to you and a description of the knowledge you contend each individual has.

**RESPONSE**:

Plaintiff objects to this Interrogatory to the extent it implies that someone living in the community would not know of the issues related to sugarcane burning raised in the TAC. Subject to and without waiving this and his general objections, Plaintiff responds as follows:

I believe my neighbors and those who live and have lived in this community will have knowledge of how the sugarcane burning affects their properties. I believe Steve Laporte has knowledge of the Defendants' sugarcane burning practices and the effects of those practices.

**INTERROGATORY NO. 6:**

6.      Has anyone, including but not limited to any health care professional, told you that you are at a greater risk of lung cancer, because you reside in the Glades Agricultural Area? If so, identify the health care professional and identify the specific substances that you contend you were exposed to which increased your risk of lung cancer.

**RESPONSE**:

Plaintiff objects to this Interrogatory as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the Court.    Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product.  Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the Court.  Plaintiff also objects to the extent this seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and his general objections, Plaintiff responds as follows:

I was told by Steve Laporte that our community is in a cancer cluster. I am not a medical expert or a toxicologist, and cannot identify with specificity which substances have increased my risk of lung cancer, except that I believe that the smoke, ash, and other byproducts of the Defendants' sugarcane burning have increased that risk.

**INTERROGATORY NO. 7:**

7.      Identify all instances wherein you underwent the specialized testing and examinations referenced in ¶ 240 of the TAC, and for each, identify the health care

professional or facility that performed the testing, the date of the testing, the reason for the testing, the nature of the testing, and the results of any testing.

**RESPONSE**:

Plaintiff objects to this Interrogatory in that misstates the purpose and text of Paragraph 240 of the TAC and assumes facts not in evidence.  Paragraph 240 does not state that Plaintiff has had specialized testing or that Plaintiff has lung cancer.  Paragraph 240 alleges that, as part of a medical monitoring program, putative class members would require and benefit form specialized testing for lung cancer.  Thus, this Interrogatory is asking a question that cannot be answered.

**INTERROGATORY NO. 8:**

8.      If You have ever smoked tobacco or other products of any type, including but not limited to marijuana or other drugs, state (a) the dates and/or time periods during which you smoked and the frequency during each period (including packs per day for cigarettes); (b) and the type of tobacco or other products you smoke or have smoked, and the brand (if applicable).

**RESPONSE**:

Subject to and without waiving his general objections, Plaintiff responds as follows:

I have never smoked tobacco or other products of any type.

**INTERROGATORY NO. 9:**

9.      Identify any of Your immediate family members (parents, siblings, spouse, children, grandparents, and grandchildren) who have had or currently have lung cancer, and for each state (a) the name of the relative; (b) the date of diagnosis; (c) whether the relative is living or deceased (and if so, date of death); (d) that relative's current or last known residence; and (e) that relative's employment history.

**RESPONSE**:

Plaintiff objects to this Interrogatory as it requires Plaintiff and his representatives to violate HIPAA by disclosing another person's protected health information without consent,

when those other persons are not named in or specifically referenced in the TAC.  Moreover,

Plaintiffs' Medical Monitoring claim discusses and alleges a link between the carcinogenic

byproducts of sugarcane burning and lung cancer and the benefit to the affected communities of

a medical monitoring protocol that will be the subject of expert report and opinion to be

disclosed at the appropriate and required time.  Furthermore, if Defendants are seeking data on

the prevalence of medical conditions in the affected communities, it is available from publicly

available sources without violating the privacy of unnamed parties.

**INTERROGATORY NO. 10:**

10.     Please state whether you were asked to participate in any studies regarding any purported health effects on humans from preharvest sugarcane burning, as described in the TAC; whether you agreed or declined to participate in any such studies; whether you volunteered to participate in any such studies without being asked; whether you in fact participated in any such studies; whether you received any materials in the mail, by email, or otherwise about any such studies and whether you still have such materials in your possession, custody, or control; the name, sponsor, protocol, date, and other identifying information regarding any such studies in which you were asked to and/or did in fact participate; and why you did or did not participate in any such studies.

**RESPONSE**:

Subject to and without waiving his general objections, Plaintiff responds as follows:

No.

**INTERROGATORY NO. 11:**

11.     State whether You or someone acting on Your behalf performed air monitoring or testing in or around the Glades Agricultural Area (including on the property to which You refer in ¶ 24 of the TAC). If air monitoring or testing was performed, describe (a) the type of test or monitoring that was performed; (b) the substances that were tested for; (c) the name, address, profession, and telephone number for each person who conducted the test; (d) whether You performed any air monitoring or testing through any at-home air monitoring system, including, but not limited to, a "Purple Air" device; (e) when the testing or monitoring took place; (f) at whose request the testing or monitoring took place, if applicable; (g) where the testing or monitoring took place; and (h) all reported monitoring or testing results.

**RESPONSE**:

Plaintiff objects to this Interrogatory as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the Court. Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the Court. Plaintiff also objects to the extent this seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving his general objections, Plaintiff responds as follows: Plaintiff will disclose any sampling and testing done at Plaintiff's home, pursuant to a protocol for exchanging such information to be agreed upon by the parties.

**INTERROGATORY NO. 12:**

12.     State whether any sampling or monitoring (including, but not limited to sampling of air, groundwater, surface water, soil, dust, ash, wood, and paint) was performed at any property you own. If sampling was performed, describe (a) the type of sampling that was performed; (b) the substances that were tested for; (c) the name, address, profession, and telephone number for each person who conducted the sampling; (d) when the sampling took place; (e) at whose request the sampling took place; (f) where on the property the sampling took place; (g) all reported sampling results; and (h) the address of the property where the sampling or monitoring was performed.

**RESPONSE**:

Plaintiff objects to this Interrogatory as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the Court. Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the

11

scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the Court. Plaintiff also objects to the extent this seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving his general objections, Plaintiff responds as follows: Plaintiff will disclose any sampling and testing done at Plaintiff's home, pursuant to a protocol for exchanging such information to be agreed upon by the parties.

Dated:  December 17, 2021

**THE BERMAN LAW GROUP**

By: */s/ Matthew T. Moore*
Matthew T. Moore, Esq., Fla. Bar No. 70034

Primary: service@thebermanlawgroup.com
Secondary: mmoore@thebermanlawgroup.com
Zachary West, Fla. Bar No. 71134
Primary: service@thebermanlawgroup.com
Secondary: zwest@thebermanlawgroup.com
Joseph Schulz, Fla. Bar No. 660620
Primary: service@thebermanlawgroup.com
Secondary: jschulz@thebermanlawgroup.com
P.O. Box 272789
Boca Raton, FL 33427
Telephone: (561) 826-5200
Fax: (561) 826-5201

Steve W. Berman (admitted *pro hac vice*)
Ted Wojcik (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel:  (206) 623-7292
Fax:  (206) 623-0594
steve@hbsslaw.com
tedw@hbsslaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing responses to

interrogatories was served via email upon all counsel or parties of record on the service list.

Dated:  December 17, 2021                         */s/ Matthew Moore*
                                                  Matthew Moore, Esq.

## **SERVICE LIST**

***Attorneys for Plaintiffs***
Matthew T. Moore, Esq.
Joseph C. Schultz, Esq.
Zachary West, Esq.
The Berman Law Group
PO Box 272789
Boca Raton, FL 33427
T: 561-826-5200
F: 561-826-5201
Primary Email:
service@thebermanlawgroup.com
Secondary Email:
mmoore@thebermanlawgroup.com;
jschulz@thebermanlawgroup.com;
zwest@thebermanlawgroup.com

Steve W. Berman, Esq.
Ted Wojcik, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLC
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel: (206) 623-7292
Fax: (206 623-0594
steve@hbsslaw.com
tedw@hbsslaw.com

***Attorneys for Defendant J &J Ag Products, Inc. Andrew S. Connell, Jr., Esq.***
Litchfield Cavo LLP
600 Corporate Drive, Suite 600
Ft. Lauderdale, FL 33334
T: 954-689-3000
F: 954-689-3001 Email:
Connell@litchfieldcavo.com
deatley@litchfieldcavo.com

***Attorneys for Defendant Sugar Cane Growers Cooperative of Florida***
Jennifer J. Kennedy, Esq.
Abbey, Adams, Byelick & Mueller, LLP
360 Central Avenue, 11th Floor
St. Petersburg, FL 33711
T: 727-821-2080
F: 727-822-3970
jkennedy@abbeyadams.com
ServiceJKennedy@AbbeyAdams.com

David J. Abbey, Esq.
Abbey, Adams, Byelick & Mueller, LLP
3201 US Highway 19 South, 9th Floor
St. Petersburg, FL 33711
T: 727-821-2080
Email: servicedabbey@abbeyadams.com
*Pro Hac Vice*

***Attorneys for Defendants United States Sugar Corporation, Sugarland Harvesting Co., and Independent Harvesting, Inc.***
Brian M. McPherson, Esq.
Gregor J. Schwinghammer, Jr., Esq.
Gunster, Yoakley & Stewart, PA
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
T: 561-655-1980
F: 561-655-5677
Primary Email: bmcpherson@gunster.com;
gschwinghammer@gunster.com;
Secondary Emails: eservice@gunster.com;
jhoppel@gunster.com

Mark R. Ter Molen, Esq.
Timothy S. Bishop, Esq.
Mayer Brown, LLP
71 South Wacker Drive
Chicago, IL 60606
Ter Molen – T: 312-701-7307
Bishop – T: 312-701-7829
Email: mtermolen@mayerbrown.com;
tbishop@mayerbrown.com
*Pro Hac Vice*

***Attorneys for Defendants Florida Crystals Corporation, Flo Sun Incorporated, American Sugar Refining, Inc., Okeelanta Corporation, and Osceola Farms***
Jennifer Ann McLoone, Esq.
Shook, Hardy & Bacon, LLP
201 South Biscayne Blvd., Suite 3200
Miami, FL 33131
T: 305-358-5171
F: 305-358-7470
Email: jmcloone@shb.com

David Brent Dwerlkotte, Esq.
Mark D. Anstoetter, Esq.
Shook, Hardy & Bacon, LLP

2555 Grand Boulevard
Kansas City, MO 64108
T: 816-474-6550
Email: dbdwerlkotte@shb.com;
manstoetter@shb.com
*Pro Hac Vice*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM ARMSTRONG, GLORIA ATKINS, JAMES BROOKS, CLOVER COFFIE, DEBRA JONES, SHANTE LEGRAND, DONALD MCLEAN, ROBERT REIMBOLD, ELIJAH SMITH, and LINDA WILCHER, each individually and on behalf of all others similarly situated;<br><br>                   Plaintiffs,<br><br>v.<br><br>UNITED STATES SUGAR CORPORATION, a Delaware Corporation; SUGAR CANE GROWERS COOPERATIVE OF FLORIDA, a Florida not for profit corporation; FLORIDA CRYSTALS CORPORATION, a Delaware corporation; OKEELANTA CORPORATION, a Delaware corporation; OSCEOLA FARMS, a Florida corporation; SUGARLAND HARVESTING CO., a Florida not for profit corporation, TRUCANE SUGAR CORPORATION, a Florida corporation; INDEPENDENT HARVESTING, INC., a Florida corporation; and J & J AG PRODUCTS, INC., a Florida corporation,<br><br>                   Defendants. | No. 9:19-cv-80730-RS-MM<br><br>**PLAINTIFF GLORIA ATKINS' OBJECTIONS AND RESPONSES TO DEFENDANT OKEELANTA CORP.'S FIRST SET OF INTERROGATORIES** |

Plaintiff, Gloria Atkins, ("Plaintiff") by and through undersigned counsel, hereby respond and object to Defendant Okeelanta Corporation's ("Defendant") First Set of Interrogatories.

## PRELIMINARY STATEMENT

The following Objections and Responses to the Interrogatories, which were propounded by Defendant, are made on the basis of information that is presently known and available to Plaintiff and Plaintiff's attorneys of record.  Plaintiff's discovery, investigation and preparation for trial are not yet complete and are continuing as of the date of these Objections and Responses.  For that reason, there may exist documents or information responsive to these Interrogatories which Plaintiff have not yet located, identified or reviewed, and the Objections and Responses to these Interrogatories, therefore, may be incomplete.  There is also a possibility that, upon further investigation, certain details set forth in these Objections and Responses may be altered or amended.  These Objections and Responses represent Plaintiff's reasonable efforts to provide the information requested based upon documents in Plaintiff's possession, custody or control, and based upon Plaintiff's current knowledge developed within the limited time available.  Plaintiff reserves the right to continue the discovery and investigation of facts, witnesses, and supplemental data that may reveal information which, if presently within Plaintiff's knowledge, would have been included in these Objections and Responses.  Plaintiff reserves the right to present additional information as may be disclosed through continuing discovery and investigation.

## GENERAL OBJECTIONS

1.     Plaintiff objects to these Interrogatories to the extent they seek to establish or imply a waiver of Plaintiff's rights to challenge the relevancy, materiality, or admissibility of the information or documents provided by Plaintiff, or to object to the use of information or

documents in any subsequent proceeding or trial.  In responding to these Interrogatories, Plaintiff does not waive the right to challenge the relevancy, materiality, and/or admissibility of the information or documents provided by Plaintiff, or to object to the use of the information or documents in any subsequent proceeding or trial.

2.     Plaintiff objects to the Interrogatories to the extent they seek disclosure of information protected by the attorney-client privilege or which constitutes attorney work-product/trial preparation materials or any other privileged information.

3.     Plaintiff objects to the Interrogatories to the extent they seek to require responses or supplemental responses beyond the scope and/or requirements of the Federal Rules of Civil Procedure.  Plaintiff will supplement Plaintiff's Objections and Responses, if necessary, in accordance with the requirements of those Rules, and Plaintiff reserve the right to do so as discovery progresses.

4.      Plaintiff objects to the Interrogatories to the extent they are overly broad, unduly burdensome, or seek information that is neither relevant to the claims or defenses of this case nor reasonably calculated to lead to the discovery of documents or information admissible under the Federal Rules of Evidence.

5.     Plaintiff objects to the Interrogatories to the extent they call for a legal conclusion or premature expert discovery.

6.     Plaintiff objects to these Interrogatories to the extent they seek or purport to seek information that already is known by Defendant, that is known to other individuals or entities, or that is in the public domain.  To the extent Defendant is seeking information that is not in Plaintiff's possession, custody or control, information that is more readily available from other sources, or information that already is known or produced to Defendant, Plaintiff objects to these Interrogatories as unduly burdensome and oppressive.

7.      Plaintiff objects to the Interrogatories to the extent they call for Plaintiff to provide information in the possession of persons other than Plaintiff and to the extent they call for Plaintiff to speculate upon whether and what information is in the possession of any person other than Plaintiff.

8.      Plaintiff objects to the Interrogatories to the extent they seek information contained in the pleadings in this action.

9.      Plaintiff objects generally to each Request to the extent it calls for information on "any" or "all" or "every" topic of a specified nature or type, when a limited amount of such information will suffice on the ground that such request is overly broad, unduly burdensome and oppressive.

10.     Plaintiff objects to the Interrogatories to the extent they are contention discovery requests.  Contention discovery requests have been held to be inappropriate at this stage of the proceeding.

11.     Plaintiff will make reasonable efforts to respond to each Request to the extent Plaintiff understands and interprets the Request and no objection is made.  If Defendant subsequently asserts any interpretation of a Request which differs from that of Plaintiff, then, Plaintiff reserves the right to supplement the Objections and Responses.

12.     Plaintiff does not waive any of Plaintiff's general or particular objections in the event documents are furnished which come within the scope of any objection. The General Objections set forth above, and the objections to specific Interrogatories set forth below, are made as to matters which are clearly objectionable from the face of the Interrogatories.  These objections are made without prejudice to, or waiver of, Plaintiff's right to object on all appropriate grounds for the production of specific categories of documents or information, and Plaintiff reserves the right to object to the use of any responses herein in any

subsequent proceeding, and reserves all objections which may be available to it at any trial or on

any motion relating to the use or admissibility of any material produced.

## RESPONSES & SPECIFIC OBJECTIONS

**INTERROGATORY NO. 1:**

1.      Describe Your employment history, including the name and address of each employer, the dates of employment, Your employment title, and the nature of Your employment.

**RESPONSE**:

Subject to and without waiving her general objections, Plaintiff responds as follows:

- Hendry Regional Medical Center (about 15 years ago, for about 5 years, medical records).
- Home Care (2007-2015, LPN, tube feeding, administer medicine, taking vitals, etc.).
- Visiting Nurses (about 2018, LPN, same duties as Home Care).
- Seminole Tribe (2002-2010, LPN, same duties as Home Care).
- Delta Medical Center (2000, LPN, administer medication, taking vitals, monitoring blood sugar, etc.).
- Clewiston Healthcare Center (about 6 years ago, for about 3 years, LPN, same duties).
- Labelle Healthcare Center (about 16 years ago, for a few months, LPN, same duties).
- Home care through the Seminole Tribe (for about 10 years, until about 2018, same duties).

**INTERROGATORY NO. 2:**

2.      Identify all Medical Conditions, injuries, illnesses, or disabilities you have been diagnosed with or that you believe that you have. For each condition, if a health care professional has diagnosed you with the condition, injury, illness or disability, identify the health care professional and provide the date of diagnosis.

**RESPONSE**:

Plaintiff objects to this Interrogatory as irrelevant, overly broad, and unduly burdensome

to the extent it asks that Plaintiff identify "all Medical Conditions, injuries, illnesses or

disabilities"; as currently drafted, this would stretch back for decades and would potentially

encompass childhood illnesses, orthopedic injuries, and a host of other conditions that are unlikely to reflect any information regarding toxic exposure.

Subject to and without waiving these and her general objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and time period of this Request.

**INTERROGATORY NO. 3:**

3.      Identify each Healthcare Provider that You have seen (including any treatment, hospitalization, visit, consultation, etc.), including the name of the individual professional and the corresponding hospital, entity, practice, group, or affiliation. For each Healthcare Provider identified, provide a complete address; the date or date ranges You were seen; the purpose of the visit or treatment; and the injury or condition treated.

**RESPONSE**:

Plaintiff objects to this Interrogatory as irrelevant, overly broad, and unduly burdensome to the extent it seeks information from any Healthcare Provider for any treatment; as currently drafted, this would stretch back for decades and would potentially encompass childhood illnesses, orthopedic injuries, and a host of other conditions that are unlikely to reflect any information regarding toxic exposure.

Subject to and without waiving these and her general objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and time period of this Request.

**INTERROGATORY NO. 4:**

4.      Identify all individuals who reside in the Glades Agricultural Area, including but not limited to yourself, who you believe suffer from or have been diagnosed with lung cancer.

**RESPONSE**:

Plaintiff objects to this Interrogatory as it requires Plaintiff and her representatives to violate HIPAA by disclosing another person's protected health information without consent,

when those other persons are not named in or specifically referenced in the TAC.  Moreover,

Plaintiffs' Medical Monitoring claim discusses and alleges a link between the carcinogenic

byproducts of sugarcane burning and lung cancer and the benefit to the affected communities of

a medical monitoring protocol that will be the subject of expert report and opinion to be

disclosed at the appropriate and required time.  Furthermore, if Defendants are seeking data on

the prevalence of medical conditions in the affected communities, it is available from publicly

available sources without violating the privacy of unnamed parties.

Subject to and without waiving these and her general objections, Plaintiff responds as follows:

Yes, I know people in the affected area who have or had lung cancer.

**INTERROGATORY NO. 5:**

5.      Identify all individuals known to you who may have knowledge concerning the facts and circumstances surrounding or related to your claims against Defendants in this lawsuit, and for each provide a description of that individual's relationship to you and a description of the knowledge you contend each individual has.

**RESPONSE**:

Plaintiff objects to this Interrogatory to the extent it implies that someone living in the

community would not know of the issues related to sugarcane burning raised in the TAC.

Subject to and without waiving this and her general objections, Plaintiff responds as follows:

- Elijah Smith, Charlene Mosley, Sandra Robertson, Anne (neighbors)

- Garvielle Jones (daughter), Ricky Atkins (son), Terrance Holmes (godson).

**INTERROGATORY NO. 6:**

6.      Has anyone, including but not limited to any health care professional, told you that you are at a greater risk of lung cancer, because you reside in the Glades Agricultural

Area? If so, identify the health care professional and identify the specific substances that you contend you were exposed to which increased your risk of lung cancer.

**RESPONSE**:

Plaintiff objects to this Interrogatory as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the Court.    Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product.  Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the Court.  Plaintiff also objects to the extent this seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and her general objections, Plaintiff responds as follows:

Yes, the doctor who treated me for a lung infection. I am not a medical expert or a toxicologist, and cannot identify with specificity which substances have increased my risk of lung cancer, except that I believe that the smoke, ash, and other byproducts of the Defendants' sugarcane burning have increased that risk.

**INTERROGATORY NO. 7:**

7.    Identify all instances wherein you underwent the specialized testing and examinations referenced in ¶ 240 of the TAC, and for each, identify the health care professional or facility that performed the testing, the date of the testing, the reason for the testing, the nature of the testing, and the results of any testing.

**RESPONSE**:

Plaintiff objects to this Interrogatory in that misstates the purpose and text of Paragraph

240 of the TAC and assumes facts not in evidence.  Paragraph 240 does not state that Plaintiff

has had specialized testing or that Plaintiff has lung cancer.  Paragraph 240 alleges that, as part

of a medical monitoring program, putative class members would require and benefit form

specialized testing for lung cancer.  Thus, this Interrogatory is asking a question that cannot be

answered.

**INTERROGATORY NO. 8:**

8.      If You have ever smoked tobacco or other products of any type, including but not
limited to marijuana or other drugs, state (a) the dates and/or time periods during which
you smoked and the frequency during each period (including packs per day for
cigarettes); (b) and the type of tobacco or other products you smoke or have smoked, and
the brand (if applicable).

**RESPONSE**:

Subject to and without waiving her general objections, Plaintiff responds as follows:

I have never smoked tobacco or other products of any type.

**INTERROGATORY NO. 9:**

9.      Identify any of Your immediate family members (parents, siblings, spouse,
children, grandparents, and grandchildren) who have had or currently have lung cancer,
and for each state (a) the name of the relative; (b) the date of diagnosis; (c) whether the
relative is living or deceased (and if so, date of death); (d) that relative's current or last
known residence; and (e) that relative's employment history.

**RESPONSE**:

Plaintiff objects to this Interrogatory as it requires Plaintiff and her representatives to

violate HIPAA by disclosing another person's protected health information without consent,

when those other persons are not named in or specifically referenced in the TAC.  Moreover,

Plaintiffs' Medical Monitoring claim discusses and alleges a link between the carcinogenic

byproducts of sugarcane burning and lung cancer and the benefit to the affected communities of

a medical monitoring protocol that will be the subject of expert report and opinion to be

disclosed at the appropriate and required time.  Furthermore, if Defendants are seeking data on

the prevalence of medical conditions in the affected communities, it is available from publicly

available sources without violating the privacy of unnamed parties.

**INTERROGATORY NO. 10:**

10.    Please state whether you were asked to participate in any studies regarding any purported health effects on humans from preharvest sugarcane burning, as described in the TAC; whether you agreed or declined to participate in any such studies; whether you volunteered to participate in any such studies without being asked; whether you in fact participated in any such studies; whether you received any materials in the mail, by email, or otherwise about any such studies and whether you still have such materials in your possession, custody, or control; the name, sponsor, protocol, date, and other identifying information regarding any such studies in which you were asked to and/or did in fact participate; and why you did or did not participate in any such studies.

**RESPONSE**:

Subject to and without waiving her general objections, Plaintiff responds as follows:

No.

**INTERROGATORY NO. 11:**

11.    State whether You or someone acting on Your behalf performed air monitoring or testing in or around the Glades Agricultural Area (including on the property to which You refer in ¶ 31 of the TAC). If air monitoring or testing was performed, describe (a) the type of test or monitoring that was performed; (b) the substances that were tested for; (c) the name, address, profession, and telephone number for each person who conducted the test; (d) whether You performed any air monitoring or testing through any at-home air monitoring system, including, but not limited to, a "Purple Air" device; (e) when the testing or monitoring took place; (f) at whose request the testing or monitoring took place, if applicable; (g) where the testing or monitoring took place; and (h) all reported monitoring or testing results.

**RESPONSE**:

Plaintiff objects to this Interrogatory as premature to the extent it seeks to discover

information that will be the subject of an expert report and/or class certification motion that will

be filed in accordance with the schedule set by the Court. Plaintiff further objects to this request

to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product.  Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the Court.  Plaintiff also objects to the extent this seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving her general objections, Plaintiff responds as follows: Plaintiff will disclose any sampling and testing done at Plaintiff's home, pursuant to a protocol for exchanging such information to be agreed upon by the parties.

**INTERROGATORY NO. 12:**

12.     State whether any sampling or monitoring (including, but not limited to sampling of air, groundwater, surface water, soil, dust, ash, wood, and paint) was performed at any property you own. If sampling was performed, describe (a) the type of sampling that was performed; (b) the substances that were tested for; (c) the name, address, profession, and telephone number for each person who conducted the sampling; (d) when the sampling took place; (e) at whose request the sampling took place; (f) where on the property the sampling took place; (g) all reported sampling results; and (h) the address of the property where the sampling or monitoring was performed.

**RESPONSE**:

Plaintiff objects to this Interrogatory as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the Court. Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product.  Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the

Court.  Plaintiff also objects to the extent this seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving her general objections, Plaintiff responds as follows: Plaintiff will disclose any sampling and testing done at Plaintiff's home, pursuant to a protocol for exchanging such information to be agreed upon by the parties.

Dated:  December 17, 2021

**THE BERMAN LAW GROUP**

By: */s/ Matthew T. Moore*

Matthew T. Moore, Esq., Fla. Bar No. 70034

Primary: service@thebermanlawgroup.com
Secondary: mmoore@thebermanlawgroup.com
Zachary West, Fla. Bar No. 71134
Primary: service@thebermanlawgroup.com
Secondary: zwest@thebermanlawgroup.com
Joseph Schulz, Fla. Bar No. 660620
Primary: service@thebermanlawgroup.com
Secondary: jschulz@thebermanlawgroup.com
P.O. Box 272789
Boca Raton, FL 33427
Telephone: (561) 826-5200
Fax: (561) 826-5201

Steve W. Berman (admitted *pro hac vice*)
Ted Wojcik (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel:  (206) 623-7292
Fax:  (206) 623-0594
steve@hbsslaw.com
tedw@hbsslaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing responses to

interrogatories was served via email upon all counsel or parties of record on the service list.

Dated:  December 17, 2021                    _/s/ Matthew Moore_____
                                              Matthew Moore, Esq.

## **SERVICE LIST**

***Attorneys for Plaintiffs***
Matthew T. Moore, Esq.
Joseph C. Schultz, Esq.
Zachary West, Esq.
The Berman Law Group
PO Box 272789
Boca Raton, FL 33427
T: 561-826-5200
F: 561-826-5201
Primary Email:
service@thebermanlawgroup.com
Secondary Email:
mmoore@thebermanlawgroup.com;
jschulz@thebermanlawgroup.com;
zwest@thebermanlawgroup.com

Steve W. Berman, Esq.
Ted Wojcik, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLC
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel: (206) 623-7292
Fax: (206 623-0594
steve@hbsslaw.com
tedw@hbsslaw.com

***Attorneys for Defendant J &J Ag Products, Inc. Andrew S. Connell, Jr., Esq.***
Litchfield Cavo LLP
600 Corporate Drive, Suite 600
Ft. Lauderdale, FL 33334
T: 954-689-3000
F: 954-689-3001 Email:
Connell@litchfieldcavo.com
deatley@litchfieldcavo.com

***Attorneys for Defendant Sugar Cane Growers Cooperative of Florida***
Jennifer J. Kennedy, Esq.
Abbey, Adams, Byelick & Mueller, LLP
360 Central Avenue, 11th Floor
St. Petersburg, FL 33711
T: 727-821-2080
F: 727-822-3970
jkennedy@abbeyadams.com
ServiceJKennedy@AbbeyAdams.com

David J. Abbey, Esq.
Abbey, Adams, Byelick & Mueller, LLP
3201 US Highway 19 South, 9th Floor
St. Petersburg, FL 33711
T: 727-821-2080
Email: servicedabbey@abbeyadams.com
*Pro Hac Vice*

**Attorneys for Defendants United States Sugar Corporation, Sugarland Harvesting Co., and Independent Harvesting, Inc.**
Brian M. McPherson, Esq.
Gregor J. Schwinghammer, Jr., Esq.
Gunster, Yoakley & Stewart, PA
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
T: 561-655-1980
F: 561-655-5677
Primary Email: bmcpherson@gunster.com;
gschwinghammer@gunster.com;
Secondary Emails: eservice@gunster.com;
jhoppel@gunster.com

Mark R. Ter Molen, Esq.
Timothy S. Bishop, Esq.
Mayer Brown, LLP
71 South Wacker Drive
Chicago, IL 60606
Ter Molen – T: 312-701-7307
Bishop – T: 312-701-7829
Email: mtermolen@mayerbrown.com;
tbishop@mayerbrown.com
*Pro Hac Vice*

**Attorneys for Defendants Florida Crystals Corporation, Flo Sun Incorporated, American Sugar Refining, Inc., Okeelanta Corporation, and Osceola Farms**
Jennifer Ann McLoone, Esq.
Shook, Hardy & Bacon, LLP
201 South Biscayne Blvd., Suite 3200
Miami, FL 33131
T: 305-358-5171
F: 305-358-7470
Email: jmcloone@shb.com

David Brent Dwerlkotte, Esq.
Mark D. Anstoetter, Esq.
Shook, Hardy & Bacon, LLP

2555 Grand Boulevard
Kansas City, MO 64108
T: 816-474-6550
Email: dbdwerlkotte@shb.com;
manstoetter@shb.com
*Pro Hac Vice*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM ARMSTRONG, GLORIA ATKINS, JAMES BROOKS, CLOVER COFFIE, DEBRA JONES, SHANTE LEGRAND, DONALD MCLEAN, ROBERT REIMBOLD, ELIJAH SMITH, and LINDA WILCHER, each individually and on behalf of all others similarly situated;<br><br>                   Plaintiffs,<br><br>    v.<br><br>UNITED STATES SUGAR CORPORATION, a Delaware Corporation; SUGAR CANE GROWERS COOPERATIVE OF FLORIDA, a Florida not for profit corporation; FLORIDA CRYSTALS CORPORATION, a Delaware corporation; OKEELANTA CORPORATION, a Delaware corporation; OSCEOLA FARMS, a Florida corporation; SUGARLAND HARVESTING CO., a Florida not for profit corporation, TRUCANE SUGAR CORPORATION, a Florida corporation; INDEPENDENT HARVESTING, INC., a Florida corporation; and J & J AG PRODUCTS, INC., a Florida corporation,<br><br>                   Defendants. | No. 9:19-cv-80730-RS-MM<br><br>**PLAINTIFF JAMES BROOKS' OBJECTIONS AND RESPONSES TO DEFENDANT OKEELANTA CORP.'S FIRST SET OF INTERROGATORIES** |

Plaintiff James Brooks ("Plaintiff") by and through undersigned counsel, hereby respond and object to Defendant Okeelanta Corporation's ("Defendant") First Set of Interrogatories.

## PRELIMINARY STATEMENT

The following Objections and Responses to the Interrogatories, which were propounded by Defendant, are made on the basis of information that is presently known and available to Plaintiff and Plaintiff's attorneys of record. Plaintiff's discovery, investigation and preparation for trial are not yet complete and are continuing as of the date of these Objections and Responses. For that reason, there may exist documents or information responsive to these Interrogatories which Plaintiff have not yet located, identified or reviewed, and the Objections and Responses to these Interrogatories, therefore, may be incomplete. There is also a possibility that, upon further investigation, certain details set forth in these Objections and Responses may be altered or amended. These Objections and Responses represent Plaintiff's reasonable efforts to provide the information requested based upon documents in Plaintiff's possession, custody or control, and based upon Plaintiff's current knowledge developed within the limited time available. Plaintiff reserves the right to continue the discovery and investigation of facts, witnesses, and supplemental data that may reveal information which, if presently within Plaintiff's knowledge, would have been included in these Objections and Responses. Plaintiff reserves the right to present additional information as may be disclosed through continuing discovery and investigation.

## GENERAL OBJECTIONS

1.      Plaintiff objects to these Interrogatories to the extent they seek to establish or imply a waiver of Plaintiff's rights to challenge the relevancy, materiality, or admissibility of the information or documents provided by Plaintiff, or to object to the use of information or

documents in any subsequent proceeding or trial.  In responding to these Interrogatories, Plaintiff does not waive the right to challenge the relevancy, materiality, and/or admissibility of the information or documents provided by Plaintiff, or to object to the use of the information or documents in any subsequent proceeding or trial.

2.      Plaintiff objects to the Interrogatories to the extent they seek disclosure of information protected by the attorney-client privilege or which constitutes attorney work-product/trial preparation materials or any other privileged information.

3.      Plaintiff objects to the Interrogatories to the extent they seek to require responses or supplemental responses beyond the scope and/or requirements of the Federal Rules of Civil Procedure.  Plaintiff will supplement Plaintiff's Objections and Responses, if necessary, in accordance with the requirements of those Rules, and Plaintiff reserve the right to do so as discovery progresses.

4.       Plaintiff objects to the Interrogatories to the extent they are overly broad, unduly burdensome, or seek information that is neither relevant to the claims or defenses of this case nor reasonably calculated to lead to the discovery of documents or information admissible under the Federal Rules of Evidence.

5.      Plaintiff objects to the Interrogatories to the extent they call for a legal conclusion or premature expert discovery.

6.      Plaintiff objects to these Interrogatories to the extent they seek or purport to seek information that already is known by Defendant, that is known to other individuals or entities, or that is in the public domain.  To the extent Defendant is seeking information that is not in Plaintiff's possession, custody or control, information that is more readily available from other sources, or information that already is known or produced to Defendant, Plaintiff objects to these Interrogatories as unduly burdensome and oppressive.

7.      Plaintiff objects to the Interrogatories to the extent they call for Plaintiff to provide information in the possession of persons other than Plaintiff and to the extent they call for Plaintiff to speculate upon whether and what information is in the possession of any person other than Plaintiff.

8.      Plaintiff objects to the Interrogatories to the extent they seek information contained in the pleadings in this action.

9.      Plaintiff objects generally to each Request to the extent it calls for information on "any" or "all" or "every" topic of a specified nature or type, when a limited amount of such information will suffice on the ground that such request is overly broad, unduly burdensome and oppressive.

10.     Plaintiff objects to the Interrogatories to the extent they are contention discovery requests.  Contention discovery requests have been held to be inappropriate at this stage of the proceeding.

11.     Plaintiff will make reasonable efforts to respond to each Request to the extent Plaintiff understands and interprets the Request and no objection is made.  If Defendant subsequently asserts any interpretation of a Request which differs from that of Plaintiff, then, Plaintiff reserves the right to supplement the Objections and Responses.

12.     Plaintiff does not waive any of Plaintiff's general or particular objections in the event documents are furnished which come within the scope of any objection. The General Objections set forth above, and the objections to specific Interrogatories set forth below, are made as to matters which are clearly objectionable from the face of the Interrogatories.  These objections are made without prejudice to, or waiver of, Plaintiff's right to object on all appropriate grounds for the production of specific categories of documents or information, and Plaintiff reserves the right to object to the use of any responses herein in any

subsequent proceeding, and reserves all objections which may be available to it at any trial or on

any motion relating to the use or admissibility of any material produced.

## <u>RESPONSES & SPECIFIC OBJECTIONS</u>

**INTERROGATORY NO. 1:**

1.      Describe Your employment history, including the name and address of each
employer, the dates of employment, Your employment title, and the nature of Your
employment.

**RESPONSE**:

Subject to and without waiving his general objections, Plaintiff responds as follows:

- I work part time for Alico Citrus (2020-present, equipment operator, mow the grove, and
  other jobs).
- U.S. Sugar (2000-2015, shipping clerk, shipped the semitruck loads of sugar).
- Savannah Foods and Industries (1975-2000, ran packaging machines packaging bags of
  sugar).

**INTERROGATORY NO. 2:**

2.      Identify all Medical Conditions, injuries, illnesses, or disabilities you have been
diagnosed with or that you believe that you have. For each condition, if a health care
professional has diagnosed you with the condition, injury, illness or disability, identify
the health care professional and provide the date of diagnosis.

**RESPONSE**:

Plaintiff objects to this Interrogatory as irrelevant, overly broad, and unduly burdensome

to the extent it asks that Plaintiff identify "all Medical Conditions, injuries, illnesses or

disabilities"; as currently drafted, this would stretch back for decades and would potentially

encompass childhood illnesses, orthopedic injuries, and a host of other conditions that are

unlikely to reflect any information regarding toxic exposure.

Subject to and without waiving these and his general objections, Plaintiff is willing to

meet and confer with Defendants to narrow the scope and time period of this Request.

5

**INTERROGATORY NO. 3:**

3.      Identify each Healthcare Provider that You have seen (including any treatment, hospitalization, visit, consultation, etc.), including the name of the individual professional and the corresponding hospital, entity, practice, group, or affiliation. For each Healthcare Provider identified, provide a complete address; the date or date ranges You were seen; the purpose of the visit or treatment; and the injury or condition treated.

**RESPONSE**:

Plaintiff objects to this Interrogatory as irrelevant, overly broad, and unduly burdensome to the extent it seeks information from any Healthcare Provider for any treatment; as currently drafted, this would stretch back for decades and would potentially encompass childhood illnesses, orthopedic injuries, and a host of other conditions that are unlikely to reflect any information regarding toxic exposure.

Subject to and without waiving these and his general objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and time period of this Request.

**INTERROGATORY NO. 4:**

4.      Identify all individuals who reside in the Glades Agricultural Area, including but not limited to yourself, who you believe suffer from or have been diagnosed with lung cancer.

**RESPONSE**:

Plaintiff objects to this Interrogatory as it requires Plaintiff and his representatives to violate HIPAA by disclosing another person's protected health information without consent, when those other persons are not named in or specifically referenced in the TAC.  Moreover, Plaintiffs' Medical Monitoring claim discusses and alleges a link between the carcinogenic byproducts of sugarcane burning and lung cancer and the benefit to the affected communities of a medical monitoring protocol that will be the subject of expert report and opinion to be

disclosed at the appropriate and required time.  Furthermore, if Defendants are seeking data on

the prevalence of medical conditions in the affected communities, it is available from publicly

available sources without violating the privacy of unnamed parties.

Subject to and without waiving these and his general objections, Plaintiff responds as follows:

Yes, I know people in the affected area who have been diagnosed with lung cancer.

**INTERROGATORY NO. 5:**

5.      Identify all individuals known to you who may have knowledge concerning the facts and circumstances surrounding or related to your claims against Defendants in this lawsuit, and for each provide a description of that individual's relationship to you and a description of the knowledge you contend each individual has.

**RESPONSE**:

Plaintiff objects to this Interrogatory to the extent it implies that someone living in the

community would not know of the issues related to sugarcane burning raised in the TAC.

Subject to and without waiving this and his general objections, Plaintiff responds as follows:

I believe my neighbors and those who live and have lived in the community, including

Melvin Jones (lives in the community); Otis Didley (lives in community); Frank Moody, (lives

in the community); Brenda Brooks (wife); Bobby Stewart (lives in community); and Emmanuel

Wright (lives in the community), will have knowledge of Defendants' sugarcane burning

practices and the effects of those practices.

**INTERROGATORY NO. 6:**

6.      Has anyone, including but not limited to any health care professional, told you that you are at a greater risk of lung cancer, because you reside in the Glades Agricultural Area? If so, identify the health care professional and identify the specific substances that you contend you were exposed to which increased your risk of lung cancer.

**RESPONSE**:

Plaintiff objects to this Interrogatory as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the Court.    Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product.  Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the Court.  Plaintiff also objects to the extent this seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and his general objections, Plaintiff responds as follows:

No.

**INTERROGATORY NO. 7:**

7.      Identify all instances wherein you underwent the specialized testing and examinations referenced in ¶ 240 of the TAC, and for each, identify the health care professional or facility that performed the testing, the date of the testing, the reason for the testing, the nature of the testing, and the results of any testing.

**RESPONSE**:

Plaintiff objects to this Interrogatory in that misstates the purpose and text of Paragraph 240 of the TAC and assumes facts not in evidence.  Paragraph 240 does not state that Plaintiff has had specialized testing or that Plaintiff has lung cancer.  Paragraph 240 alleges that, as part of a medical monitoring program, putative class members would require and benefit form specialized testing for lung cancer.  Thus, this Interrogatory is asking a question that cannot be answered.

**INTERROGATORY NO. 8:**

8.      If You have ever smoked tobacco or other products of any type, including but not limited to marijuana or other drugs, state (a) the dates and/or time periods during which you smoked and the frequency during each period (including packs per day for cigarettes); (b) and the type of tobacco or other products you smoke or have smoked, and the brand (if applicable).

**RESPONSE**:

Subject to and without waiving his general objections, Plaintiff responds as follows:

I smoked marijuana one time the night I graduated high school in 1974.

**INTERROGATORY NO. 9:**

9.      Identify any of Your immediate family members (parents, siblings, spouse, children, grandparents, and grandchildren) who have had or currently have lung cancer, and for each state (a) the name of the relative; (b) the date of diagnosis; (c) whether the relative is living or deceased (and if so, date of death); (d) that relative's current or last known residence; and (e) that relative's employment history.

**RESPONSE**:

Plaintiff objects to this Interrogatory as it requires Plaintiff and his representatives to

violate HIPAA by disclosing another person's protected health information without consent,

when those other persons are not named in or specifically referenced in the TAC.  Moreover,

Plaintiffs' Medical Monitoring claim discusses and alleges a link between the carcinogenic

byproducts of sugarcane burning and lung cancer and the benefit to the affected communities of

a medical monitoring protocol that will be the subject of expert report and opinion to be

disclosed at the appropriate and required time.  Furthermore, if Defendants are seeking data on

the prevalence of medical conditions in the affected communities, it is available from publicly

available sources without violating the privacy of unnamed parties.

**INTERROGATORY NO. 10:**

10.      Please state whether you were asked to participate in any studies regarding any purported health effects on humans from preharvest sugarcane burning, as described in the TAC; whether you agreed or declined to participate in any such studies; whether you volunteered to participate in any such studies without being asked; whether you in fact

participated in any such studies; whether you received any materials in the mail, by email, or otherwise about any such studies and whether you still have such materials in your possession, custody, or control; the name, sponsor, protocol, date, and other identifying information regarding any such studies in which you were asked to and/or did in fact participate; and why you did or did not participate in any such studies.

**RESPONSE**:

Subject to and without waiving his general objections, Plaintiff responds as follows:

No.

**INTERROGATORY NO. 11:**

11.     State whether You or someone acting on Your behalf performed air monitoring or testing in or around the Glades Agricultural Area (including on the property to which You refer in ¶ 37 of the TAC). If air monitoring or testing was performed, describe (a) the type of test or monitoring that was performed; (b) the substances that were tested for; (c) the name, address, profession, and telephone number for each person who conducted the test; (d) whether You performed any air monitoring or testing through any at-home air monitoring system, including, but not limited to, a "Purple Air" device; (e) when the testing or monitoring took place; (f) at whose request the testing or monitoring took place, if applicable; (g) where the testing or monitoring took place; and (h) all reported monitoring or testing results.

**RESPONSE**:

Plaintiff objects to this Interrogatory as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the Court. Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product.  Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the Court.  Plaintiff also objects to the extent this seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving his general objections, Plaintiff responds as follows:

Plaintiff will disclose any sampling and testing done at Plaintiff's home, pursuant to a protocol

for exchanging such information to be agreed upon by the parties.

**INTERROGATORY NO. 12:**

12.     State whether any sampling or monitoring (including, but not limited to sampling
of air, groundwater, surface water, soil, dust, ash, wood, and paint) was performed at any
property you own. If sampling was performed, describe (a) the type of sampling that was
performed; (b) the substances that were tested for; (c) the name, address, profession, and
telephone number for each person who conducted the sampling; (d) when the sampling
took place; (e) at whose request the sampling took place; (f) where on the property the
sampling took place; (g) all reported sampling results; and (h) the address of the property
where the sampling or monitoring was performed.

**RESPONSE**:

Plaintiff objects to this Interrogatory as premature to the extent it seeks to discover

information that will be the subject of an expert report and/or class certification motion that will

be filed in accordance with the schedule set by the Court. Plaintiff further objects to this request

to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the

scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of

the Court, including the improper disclosure of consulting expert work product.  Such testimony

will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the

Court.  Plaintiff also objects to the extent this seeks documents protected by the attorney-client

privilege and work product doctrine.

Subject to and without waiving his general objections, Plaintiff responds as follows:

Plaintiff will disclose any sampling and testing done at Plaintiff's home, pursuant to a protocol

for exchanging such information to be agreed upon by the parties.

Dated:  December 17, 2021

**THE BERMAN LAW GROUP**

By: */s/ Matthew T. Moore*

Matthew T. Moore, Esq., Fla. Bar No. 70034

Primary: service@thebermanlawgroup.com
Secondary: mmoore@thebermanlawgroup.com
Zachary West, Fla. Bar No. 71134
Primary: service@thebermanlawgroup.com
Secondary: zwest@thebermanlawgroup.com
Joseph Schulz, Fla. Bar No. 660620
Primary: service@thebermanlawgroup.com
Secondary: jschulz@thebermanlawgroup.com
P.O. Box 272789
Boca Raton, FL 33427
Telephone: (561) 826-5200
Fax: (561) 826-5201

Steve W. Berman (admitted *pro hac vice*)
Ted Wojcik (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel:  (206) 623-7292
Fax:  (206) 623-0594
steve@hbsslaw.com
tedw@hbsslaw.com

*Attorneys for Plaintiffs*

Dated:  December 17, 2021

**THE BERMAN LAW GROUP**

By: */s/ Matthew T. Moore*
Matthew T. Moore, Esq., Fla. Bar No. 70034

Primary: service@thebermanlawgroup.com
Secondary: mmoore@thebermanlawgroup.com
Zachary West, Fla. Bar No. 71134
Primary: service@thebermanlawgroup.com
Secondary: zwest@thebermanlawgroup.com
Joseph Schulz, Fla. Bar No. 660620
Primary: service@thebermanlawgroup.com
Secondary: jschulz@thebermanlawgroup.com
P.O. Box 272789
Boca Raton, FL 33427
Telephone: (561) 826-5200
Fax: (561) 826-5201

Steve W. Berman (admitted *pro hac vice*)
Ted Wojcik (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel:  (206) 623-7292
Fax:  (206) 623-0594
steve@hbsslaw.com
tedw@hbsslaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing responses to interrogatories was served via email upon all counsel or parties of record on the service list.

Dated:  December 17, 2021                        */s/ Matthew Moore*_____
                                                 Matthew Moore, Esq.

## **SERVICE LIST**

***Attorneys for Plaintiffs***
Matthew T. Moore, Esq.
Joseph C. Schultz, Esq.
Zachary West, Esq.
The Berman Law Group
PO Box 272789
Boca Raton, FL 33427
T: 561-826-5200
F: 561-826-5201
Primary Email:
service@thebermanlawgroup.com
Secondary Email:
mmoore@thebermanlawgroup.com;
jschulz@thebermanlawgroup.com;
zwest@thebermanlawgroup.com

Steve W. Berman, Esq.
Ted Wojcik, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLC
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel: (206) 623-7292
Fax: (206 623-0594
steve@hbsslaw.com
tedw@hbsslaw.com

***Attorneys for Defendant J &J Ag Products, Inc. Andrew S. Connell, Jr., Esq.***
Litchfield Cavo LLP
600 Corporate Drive, Suite 600
Ft. Lauderdale, FL 33334
T: 954-689-3000
F: 954-689-3001 Email:
Connell@litchfieldcavo.com
deatley@litchfieldcavo.com

***Attorneys for Defendant Sugar Cane Growers Cooperative of Florida***
Jennifer J. Kennedy, Esq.
Abbey, Adams, Byelick & Mueller, LLP
360 Central Avenue, 11th Floor
St. Petersburg, FL 33711
T: 727-821-2080
F: 727-822-3970
jkennedy@abbeyadams.com
ServiceJKennedy@AbbeyAdams.com

David J. Abbey, Esq.
Abbey, Adams, Byelick & Mueller, LLP
3201 US Highway 19 South, 9th Floor
St. Petersburg, FL 33711
T: 727-821-2080
Email: servicedabbey@abbeyadams.com
*Pro Hac Vice*

**Attorneys for Defendants United States Sugar Corporation, Sugarland Harvesting Co., and Independent Harvesting, Inc.**
Brian M. McPherson, Esq.
Gregor J. Schwinghammer, Jr., Esq.
Gunster, Yoakley & Stewart, PA
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
T: 561-655-1980
F: 561-655-5677
Primary Email: bmcpherson@gunster.com;
gschwinghammer@gunster.com;
Secondary Emails: eservice@gunster.com;
jhoppel@gunster.com

Mark R. Ter Molen, Esq.
Timothy S. Bishop, Esq.
Mayer Brown, LLP
71 South Wacker Drive
Chicago, IL 60606
Ter Molen – T: 312-701-7307
Bishop – T: 312-701-7829
Email: mtermolen@mayerbrown.com;
tbishop@mayerbrown.com
*Pro Hac Vice*

**Attorneys for Defendants Florida Crystals Corporation, Flo Sun Incorporated, American Sugar Refining, Inc., Okeelanta Corporation, and Osceola Farms**
Jennifer Ann McLoone, Esq.
Shook, Hardy & Bacon, LLP
201 South Biscayne Blvd., Suite 3200
Miami, FL 33131
T: 305-358-5171
F: 305-358-7470
Email: jmcloone@shb.com

David Brent Dwerlkotte, Esq.
Mark D. Anstoetter, Esq.
Shook, Hardy & Bacon, LLP

2555 Grand Boulevard
Kansas City, MO 64108
T: 816-474-6550
Email: dbdwerlkotte@shb.com;
manstoetter@shb.com
*Pro Hac Vice*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM ARMSTRONG, GLORIA ATKINS, JAMES BROOKS, CLOVER COFFIE, DEBRA JONES, SHANTE LEGRAND, DONALD MCLEAN, ROBERT REIMBOLD, ELIJAH SMITH, and LINDA WILCHER, each individually and on behalf of all others similarly situated; | No. 9:19-cv-80730-RS-MM **PLAINTIFF CLOVER COFFIE'S OBJECTIONS AND RESPONSES TO DEFENDANT OKEELANTA CORP.'S FIRST SET OF INTERROGATORIES** |
| Plaintiffs, | |
| v. | |
| UNITED STATES SUGAR CORPORATION, a Delaware Corporation; SUGAR CANE GROWERS COOPERATIVE OF FLORIDA, a Florida not for profit corporation; FLORIDA CRYSTALS CORPORATION, a Delaware corporation; OKEELANTA CORPORATION, a Delaware corporation; OSCEOLA FARMS, a Florida corporation; SUGARLAND HARVESTING CO., a Florida not for profit corporation, TRUCANE SUGAR CORPORATION, a Florida corporation; INDEPENDENT HARVESTING, INC., a Florida corporation; and J & J AG PRODUCTS, INC., a Florida corporation, | |
| Defendants. | |

Plaintiff Clover Coffie, ("Plaintiff") by and through undersigned counsel, hereby responds and objects to Defendant Okeelanta Corporation's ("Defendant") First Set of Interrogatories.

## PRELIMINARY STATEMENT

The following Objections and Responses to the Interrogatories, which were propounded by Defendant, are made on the basis of information that is presently known and available to Plaintiff and Plaintiff's attorneys of record.  Plaintiff's discovery, investigation and preparation for trial are not yet complete and are continuing as of the date of these Objections and Responses.  For that reason, there may exist documents or information responsive to these Interrogatories which Plaintiff have not yet located, identified or reviewed, and the Objections and Responses to these Interrogatories, therefore, may be incomplete.  There is also a possibility that, upon further investigation, certain details set forth in these Objections and Responses may be altered or amended.  These Objections and Responses represent Plaintiff's reasonable efforts to provide the information requested based upon documents in Plaintiff's possession, custody or control, and based upon Plaintiff's current knowledge developed within the limited time available.  Plaintiff reserves the right to continue the discovery and investigation of facts, witnesses, and supplemental data that may reveal information which, if presently within Plaintiff's knowledge, would have been included in these Objections and Responses.  Plaintiff reserves the right to present additional information as may be disclosed through continuing discovery and investigation.

## GENERAL OBJECTIONS

1.     Plaintiff objects to these Interrogatories to the extent they seek to establish or imply a waiver of Plaintiff's rights to challenge the relevancy, materiality, or admissibility of the

information or documents provided by Plaintiff, or to object to the use of information or documents in any subsequent proceeding or trial.  In responding to these Interrogatories, Plaintiff does not waive the right to challenge the relevancy, materiality, and/or admissibility of the information or documents provided by Plaintiff, or to object to the use of the information or documents in any subsequent proceeding or trial.

2.    Plaintiff objects to the Interrogatories to the extent they seek disclosure of information protected by the attorney-client privilege or which constitutes attorney work-product/trial preparation materials or any other privileged information.

3.    Plaintiff objects to the Interrogatories to the extent they seek to require responses or supplemental responses beyond the scope and/or requirements of the Federal Rules of Civil Procedure.  Plaintiff will supplement Plaintiff's Objections and Responses, if necessary, in accordance with the requirements of those Rules, and Plaintiff reserve the right to do so as discovery progresses.

4.     Plaintiff objects to the Interrogatories to the extent they are overly broad, unduly burdensome, or seek information that is neither relevant to the claims or defenses of this case nor reasonably calculated to lead to the discovery of documents or information admissible under the Federal Rules of Evidence.

5.    Plaintiff objects to the Interrogatories to the extent they call for a legal conclusion or premature expert discovery.

6.    Plaintiff objects to these Interrogatories to the extent they seek or purport to seek information that already is known by Defendant, that is known to other individuals or entities, or that is in the public domain.  To the extent Defendant is seeking information that is not in Plaintiff's possession, custody or control, information that is more readily available from other

sources, or information that already is known or produced to Defendant, Plaintiff objects to these Interrogatories as unduly burdensome and oppressive.

7.      Plaintiff objects to the Interrogatories to the extent they call for Plaintiff to provide information in the possession of persons other than Plaintiff and to the extent they call for Plaintiff to speculate upon whether and what information is in the possession of any person other than Plaintiff.

8.      Plaintiff objects to the Interrogatories to the extent they seek information contained in the pleadings in this action.

9.      Plaintiff objects generally to each Request to the extent it calls for information on "any" or "all" or "every" topic of a specified nature or type, when a limited amount of such information will suffice on the ground that such request is overly broad, unduly burdensome and oppressive.

10.     Plaintiff objects to the Interrogatories to the extent they are contention discovery requests.  Contention discovery requests have been held to be inappropriate at this stage of the proceeding.

11.     Plaintiff will make reasonable efforts to respond to each Request to the extent Plaintiff understands and interprets the Request and no objection is made.  If Defendant subsequently asserts any interpretation of a Request which differs from that of Plaintiff, then, Plaintiff reserves the right to supplement the Objections and Responses.

12.     Plaintiff does not waive any of Plaintiff's general or particular objections in the event documents are furnished which come within the scope of any objection. The General Objections set forth above, and the objections to specific Interrogatories set forth below, are made as to matters which are clearly objectionable from the face of the Interrogatories.  These objections are made without prejudice to, or waiver of, Plaintiff's right to

object on all appropriate grounds for the production of specific categories of documents or information, and Plaintiff reserves the right to object to the use of any responses herein in any subsequent proceeding, and reserves all objections which may be available to it at any trial or on any motion relating to the use or admissibility of any material produced.

## <u>RESPONSES & SPECIFIC OBJECTIONS</u>

**INTERROGATORY NO. 1:**

1.      Describe Your employment history, including the name and address of each employer, the dates of employment, Your employment title, and the nature of Your employment.

**RESPONSE**:

Subject to and without waiving his general objections, Plaintiff responds as follows:

Plaintiff intends to supplement this Response.

**INTERROGATORY NO. 2:**

2.      Identify all individuals known to you who may have knowledge concerning the facts and circumstances surrounding or related to your claims against Defendants in this lawsuit, and for each provide a description of that individual's relationship to you and a description of the knowledge you contend each individual has.

**RESPONSE**:

Plaintiff objects to this Interrogatory to the extent it implies that someone living in the community would not know of the issues related to sugarcane burning raised in the TAC.

Subject to and without waiving this and his general objections, Plaintiff responds as follows:

Plaintiff intends to supplement this Response.

**INTERROGATORY NO. 3:**

3.      State whether You or someone acting on Your behalf performed air monitoring or testing in or around the Glades Agricultural Area (including on the property to which You refer in ¶ 67 of the TAC). If air monitoring or testing was performed, describe (a) the type of test or monitoring that was performed; (b) the substances that were tested for;

(c) the name, address, profession, and telephone number for each person who conducted the test; (d) whether You performed any air monitoring or testing through any at-home air monitoring system, including, but not limited to, a "Purple Air" device; (e) when the testing or monitoring took place; (f) at whose request the testing or monitoring took place, if applicable; (g) where the testing or monitoring took place; and (h) all reported monitoring or testing results.

**RESPONSE**:

Plaintiff objects to this Interrogatory as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the Court. Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the Court. Plaintiff also objects to the extent this seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving his general objections, Plaintiff responds as follows: Plaintiff will disclose any sampling and testing done at Plaintiff's home, pursuant to a protocol for exchanging such information to be agreed upon by the parties.


**INTERROGATORY NO. 4:**

4.      State whether any sampling or monitoring (including, but not limited to sampling of air, groundwater, surface water, soil, dust, ash, wood, and paint) was performed at any property you own. If sampling was performed, describe (a) the type of sampling that was performed; (b) the substances that were tested for; (c) the name, address, profession, and telephone number for each person who conducted the sampling; (d) when the sampling took place; (e) at whose request the sampling took place; (f) where on the property the sampling took place; (g) all reported sampling results; and (h) the address of the property where the sampling or monitoring was performed.

**RESPONSE**:

Plaintiff objects to this Interrogatory as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the Court. Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product. Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the Court. Plaintiff also objects to the extent this seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving his general objections, Plaintiff responds as follows: Plaintiff will disclose any sampling and testing done at Plaintiff's home, pursuant to a protocol for exchanging such information to be agreed upon by the parties.

**INTERROGATORY NO. 5:**

5.      Identify the damages You claim as referenced in the TAC and for each type of damage or harm claimed, state the nature of the alleged damages; when you first observed or otherwise learned of the damage; the time period during which you have incurred the damage; whether anyone else has incurred the damage with you; the amount of the damage; and how you calculated the amount claimed.

**RESPONSE**:

Plaintiff objects to this Interrogatory as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the Court.

Plaintiffs further objects to this Interrogatory to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the

improper disclosure of consulting expert work product.  Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the Court.  Plaintiff also objects to the extent this seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and his general objections, Plaintiff will disclose any sampling and testing done at his home, pursuant to a protocol for exchanging such information to be agreed upon by the parties, and further responds as follows:

Plaintiff intends to supplement this Response.

**INTERROGATORY NO. 6:**

6.      Describe every public Meeting or hearing that You attended at which sugarcane farming, sugarcane burning, particulate matter, smoke, and/or pollutants were discussed, including (a) the date the Meeting occurred; (b) where it occurred; (c) who was present; (d) what was discussed; (e) what slides, videotapes, or written materials were presented at the Meeting or hearing; and (f) what reports, agendas, or other written materials You read or obtained at the Meeting or hearing.

**RESPONSE**:

Subject to and without waiving his general objections, Plaintiff responds as follows:

Plaintiff intends to supplement this Response.

**INTERROGATORY NO. 7:**

7.      State whether You have had any Communication related to this litigation, sugarcane burning, particulate matter, smoke, and/or pollutants with Defendants or Defendants' employees, directors, officers, representatives, or agents. For each Communication, identify (a) with whom the Communication occurred; (b) the date of the Communication; (c) where the Communication took place; and (d) the substance of what was said or written, including any actions taken as a result of the Communication.

**RESPONSE**:

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and requesting information that is equally available to Defendant as to Plaintiff. Moreover, to the extent "You"

includes Plaintiff's legal representatives, it would include all correspondence between the parties, which Defendants have copies of.

Subject to and without waiving these and his general objections, Plaintiff responds as follows:

Plaintiff intends to supplement this Response.

**INTERROGATORY NO. 8:**

8.      State whether You have ever made a statement about, reported, or complained of the alleged pollutants, smoke, and/or particulate matter coming from Defendants' sugarcane agricultural activities to any individual, entity, or third party (including, but not limited to, any reports to local, state, or other government employee, official, or agency). For each statement, report, or complaint, identify (a) the name of the individual, entity, or third party to which You made the statement, report, or complaint; (b) the date(s) You made Your statement, report, or complaint; and a description of the manner (e.g., written report, hotline, etc.); and (c) the substance of the statement, report, or complaint (if written or Documented, please produce a copy).

**RESPONSE**:

Plaintiff objects to this Interrogatory as unduly burdensome, overbroad, and not proportional to the needs of the case, to the extent Defendants seek statements, reports or complaints to *any* "individual," "entity," or "third party."  Plaintiff further objects to "any individual, entity, or third party" as overly broad, vague, and ambiguous.  As written it could be read to include, for example, any passing remark ever made to Plaintiff's wife about the issues related to burning, which is overbroad and unduly burdensome on its face.

Subject to and without waiving these and his general objections, Plaintiff responds as follows:

Plaintiff intends to supplement this Response.

Dated:  December 17, 2021          **THE BERMAN LAW GROUP**

By: */s/ Matthew T. Moore*
Matthew T. Moore, Esq., Fla. Bar No. 70034

Primary: service@thebermanlawgroup.com
Secondary: mmoore@thebermanlawgroup.com
Zachary West, Fla. Bar No. 71134
Primary: service@thebermanlawgroup.com
Secondary: zwest@thebermanlawgroup.com
Joseph Schulz, Fla. Bar No. 660620
Primary: service@thebermanlawgroup.com
Secondary: jschulz@thebermanlawgroup.com
P.O. Box 272789
Boca Raton, FL 33427
Telephone: (561) 826-5200
Fax: (561) 826-5201

Steve W. Berman (admitted *pro hac vice*)
Ted Wojcik (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel:  (206) 623-7292
Fax:  (206) 623-0594
steve@hbsslaw.com
tedw@hbsslaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing responses to

interrogatories was served via email upon all counsel or parties of record on the service list.

Dated:  December 17, 2021                    */s/ Matthew Moore*_____
                                             Matthew Moore, Esq.

## **SERVICE LIST**

***Attorneys for Plaintiffs***
Matthew T. Moore, Esq.
Joseph C. Schultz, Esq.
Zachary West, Esq.
The Berman Law Group
PO Box 272789
Boca Raton, FL 33427
T: 561-826-5200
F: 561-826-5201
Primary Email:
service@thebermanlawgroup.com
Secondary Email:
mmoore@thebermanlawgroup.com;
jschulz@thebermanlawgroup.com;
zwest@thebermanlawgroup.com

Steve W. Berman, Esq.
Ted Wojcik, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLC
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel: (206) 623-7292
Fax: (206 623-0594
steve@hbsslaw.com
tedw@hbsslaw.com

***Attorneys for Defendant J &J Ag Products, Inc. Andrew S. Connell, Jr., Esq.***
Litchfield Cavo LLP
600 Corporate Drive, Suite 600
Ft. Lauderdale, FL 33334
T: 954-689-3000
F: 954-689-3001 Email:
Connell@litchfieldcavo.com
deatley@litchfieldcavo.com

***Attorneys for Defendant Sugar Cane Growers Cooperative of Florida***
Jennifer J. Kennedy, Esq.
Abbey, Adams, Byelick & Mueller, LLP
360 Central Avenue, 11th Floor
St. Petersburg, FL 33711
T: 727-821-2080
F: 727-822-3970
jkennedy@abbeyadams.com
ServiceJKennedy@AbbeyAdams.com

David J. Abbey, Esq.
Abbey, Adams, Byelick & Mueller, LLP
3201 US Highway 19 South, 9th Floor
St. Petersburg, FL 33711
T: 727-821-2080
Email: servicedabbey@abbeyadams.com
*Pro Hac Vice*

***Attorneys for Defendants United States Sugar Corporation, Sugarland Harvesting Co., and Independent Harvesting, Inc.***
Brian M. McPherson, Esq.
Gregor J. Schwinghammer, Jr., Esq.
Gunster, Yoakley & Stewart, PA
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
T: 561-655-1980
F: 561-655-5677
Primary Email: bmcpherson@gunster.com;
gschwinghammer@gunster.com;
Secondary Emails: eservice@gunster.com;
jhoppel@gunster.com

Mark R. Ter Molen, Esq.
Timothy S. Bishop, Esq.
Mayer Brown, LLP
71 South Wacker Drive
Chicago, IL 60606
Ter Molen – T: 312-701-7307
Bishop – T: 312-701-7829
Email: mtermolen@mayerbrown.com;
tbishop@mayerbrown.com
*Pro Hac Vice*

***Attorneys for Defendants Florida Crystals Corporation, Flo Sun Incorporated, American Sugar Refining, Inc., Okeelanta Corporation, and Osceola Farms***
Jennifer Ann McLoone, Esq.
Shook, Hardy & Bacon, LLP
201 South Biscayne Blvd., Suite 3200
Miami, FL 33131
T: 305-358-5171
F: 305-358-7470
Email: jmcloone@shb.com

David Brent Dwerlkotte, Esq.
Mark D. Anstoetter, Esq.
Shook, Hardy & Bacon, LLP

2555 Grand Boulevard
Kansas City, MO 64108
T: 816-474-6550
Email: dbdwerlkotte@shb.com;
manstoetter@shb.com
*Pro Hac Vice*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM ARMSTRONG, GLORIA ATKINS, JAMES BROOKS, CLOVER COFFIE, DEBRA JONES, SHANTE LEGRAND, DONALD MCLEAN, ROBERT REIMBOLD, ELIJAH SMITH, and LINDA WILCHER, each individually and on behalf of all others similarly situated; | No. 9:19-cv-80730-RS-MM<br><br>**PLAINTIFF DEBRA JONES' OBJECTIONS AND RESPONSES TO DEFENDANT OKEELANTA CORP.'S FIRST SET OF INTERROGATORIES** |
|                           Plaintiffs, | |
|     v. | |
| UNITED STATES SUGAR CORPORATION, a Delaware Corporation; SUGAR CANE GROWERS COOPERATIVE OF FLORIDA, a Florida not for profit corporation; FLORIDA CRYSTALS CORPORATION, a Delaware corporation; OKEELANTA CORPORATION, a Delaware corporation; OSCEOLA FARMS, a Florida corporation; SUGARLAND HARVESTING CO., a Florida not for profit corporation, TRUCANE SUGAR CORPORATION, a Florida corporation; INDEPENDENT HARVESTING, INC., a Florida corporation; and J & J AG PRODUCTS, INC., a Florida corporation, | |
|                         Defendants. | |

Plaintiff Debra Jones, ("Plaintiff") by and through undersigned counsel, hereby respond and object to Defendant Okeelanta Corporation's ("Defendant") First Set of Interrogatories.

## PRELIMINARY STATEMENT

The following Objections and Responses to the Interrogatories, which were propounded by Defendant, are made on the basis of information that is presently known and available to Plaintiff and Plaintiff's attorneys of record. Plaintiff's discovery, investigation and preparation for trial are not yet complete and are continuing as of the date of these Objections and Responses. For that reason, there may exist documents or information responsive to these Interrogatories which Plaintiff have not yet located, identified or reviewed, and the Objections and Responses to these Interrogatories, therefore, may be incomplete. There is also a possibility that, upon further investigation, certain details set forth in these Objections and Responses may be altered or amended. These Objections and Responses represent Plaintiff's reasonable efforts to provide the information requested based upon documents in Plaintiff's possession, custody or control, and based upon Plaintiff's current knowledge developed within the limited time available. Plaintiff reserves the right to continue the discovery and investigation of facts, witnesses, and supplemental data that may reveal information which, if presently within Plaintiff's knowledge, would have been included in these Objections and Responses. Plaintiff reserves the right to present additional information as may be disclosed through continuing discovery and investigation.

## GENERAL OBJECTIONS

1.      Plaintiff objects to these Interrogatories to the extent they seek to establish or imply a waiver of Plaintiff's rights to challenge the relevancy, materiality, or admissibility of the information or documents provided by Plaintiff, or to object to the use of information or

documents in any subsequent proceeding or trial.  In responding to these Interrogatories, Plaintiff does not waive the right to challenge the relevancy, materiality, and/or admissibility of the information or documents provided by Plaintiff, or to object to the use of the information or documents in any subsequent proceeding or trial.

2.      Plaintiff objects to the Interrogatories to the extent they seek disclosure of information protected by the attorney-client privilege or which constitutes attorney work-product/trial preparation materials or any other privileged information.

3.      Plaintiff objects to the Interrogatories to the extent they seek to require responses or supplemental responses beyond the scope and/or requirements of the Federal Rules of Civil Procedure.  Plaintiff will supplement Plaintiff's Objections and Responses, if necessary, in accordance with the requirements of those Rules, and Plaintiff reserve the right to do so as discovery progresses.

4.       Plaintiff objects to the Interrogatories to the extent they are overly broad, unduly burdensome, or seek information that is neither relevant to the claims or defenses of this case nor reasonably calculated to lead to the discovery of documents or information admissible under the Federal Rules of Evidence.

5.      Plaintiff objects to the Interrogatories to the extent they call for a legal conclusion or premature expert discovery.

6.      Plaintiff objects to these Interrogatories to the extent they seek or purport to seek information that already is known by Defendant, that is known to other individuals or entities, or that is in the public domain.  To the extent Defendant is seeking information that is not in Plaintiff's possession, custody or control, information that is more readily available from other sources, or information that already is known or produced to Defendant, Plaintiff objects to these Interrogatories as unduly burdensome and oppressive.

3

7.      Plaintiff objects to the Interrogatories to the extent they call for Plaintiff to provide information in the possession of persons other than Plaintiff and to the extent they call for Plaintiff to speculate upon whether and what information is in the possession of any person other than Plaintiff.

8.      Plaintiff objects to the Interrogatories to the extent they seek information contained in the pleadings in this action.

9.      Plaintiff objects generally to each Request to the extent it calls for information on "any" or "all" or "every" topic of a specified nature or type, when a limited amount of such information will suffice on the ground that such request is overly broad, unduly burdensome and oppressive.

10.      Plaintiff objects to the Interrogatories to the extent they are contention discovery requests.  Contention discovery requests have been held to be inappropriate at this stage of the proceeding.

11.      Plaintiff will make reasonable efforts to respond to each Request to the extent Plaintiff understands and interprets the Request and no objection is made.  If Defendant subsequently asserts any interpretation of a Request which differs from that of Plaintiff, then, Plaintiff reserves the right to supplement the Objections and Responses.

12.      Plaintiff does not waive any of Plaintiff's general or particular objections in the event documents are furnished which come within the scope of any objection. The General Objections set forth above, and the objections to specific Interrogatories set forth below, are made as to matters which are clearly objectionable from the face of the Interrogatories.  These objections are made without prejudice to, or waiver of, Plaintiff's right to object on all appropriate grounds for the production of specific categories of documents or information, and Plaintiff reserves the right to object to the use of any responses herein in any

subsequent proceeding, and reserves all objections which may be available to it at any trial or on

any motion relating to the use or admissibility of any material produced.

## **RESPONSES & SPECIFIC OBJECTIONS**

**INTERROGATORY NO. 1:**

    1.     Describe Your employment history, including the name and address of each employer, the dates of employment, Your employment title, and the nature of Your employment.

**RESPONSE**:

    Subject to and without waiving her general objections, Plaintiff responds as follows:

- Approximately 1976 to 1985 - Gadsen County School Board, in Quincy, FL, substitute teacher.
- Approximately 1974 to 1985 -  IRS, Tallahassee, FL, typist and a filer.
- Approximately 1994  - Worked at a daycare in South Bay
- Approximately 1994  to 1996 - Worked in the corn fields in the Glades.
- Approximately 1997 to 1999 – Children's Place, West Palm Beach, FL, transporter.
- Approximately 2000 to 2002 - OSAS, daycare in Pahokee.
- 2004 to 2005 - Glades Activity Center, at Lake Shore School in Belle Glade, after school care program taught the first grade
- 2006 - Jones Daycare

**INTERROGATORY NO. 2:**

    2.     Identify all Medical Conditions, injuries, illnesses, or disabilities you have been diagnosed with or that you believe that you have. For each condition, if a health care professional has diagnosed you with the condition, injury, illness or disability, identify the health care professional and provide the date of diagnosis.

**RESPONSE**:

    Plaintiff objects to this Interrogatory as irrelevant, overly broad, and unduly burdensome

to the extent it asks that Plaintiff identify "all Medical Conditions, injuries, illnesses or

disabilities"; as currently drafted, this would stretch back for decades and would potentially

encompass childhood illnesses, orthopedic injuries, and a host of other conditions that are unlikely to reflect any information regarding toxic exposure.

Subject to and without waiving these and her general objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and time period of this Request.

**INTERROGATORY NO. 3:**

3.      Identify each Healthcare Provider that You have seen (including any treatment, hospitalization, visit, consultation, etc.), including the name of the individual professional and the corresponding hospital, entity, practice, group, or affiliation. For each Healthcare Provider identified, provide a complete address; the date or date ranges You were seen; the purpose of the visit or treatment; and the injury or condition treated.

**RESPONSE**:

Plaintiff objects to this Interrogatory as irrelevant, overly broad, and unduly burdensome to the extent it seeks information from any Healthcare Provider for any treatment; as currently drafted, this would stretch back for decades and would potentially encompass childhood illnesses, orthopedic injuries, and a host of other conditions that are unlikely to reflect any information regarding toxic exposure.

Subject to and without waiving these and her general objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and time period of this Request.

**INTERROGATORY NO. 4:**

4.      Identify all individuals who reside in the Glades Agricultural Area, including but not limited to yourself, who you believe suffer from or have been diagnosed with lung cancer.

**RESPONSE**:

Plaintiff objects to this Interrogatory as it requires Plaintiff and her representatives to violate HIPAA by disclosing another person's protected health information without consent,

when those other persons are not named in or specifically referenced in the TAC.  Moreover,

Plaintiffs' Medical Monitoring claim discusses and alleges a link between the carcinogenic

byproducts of sugarcane burning and lung cancer and the benefit to the affected communities of

a medical monitoring protocol that will be the subject of expert report and opinion to be

disclosed at the appropriate and required time.  Furthermore, if Defendants are seeking data on

the prevalence of medical conditions in the affected communities, it is available from publicly

available sources without violating the privacy of unnamed parties.

Subject to and without waiving these and her general objections, Plaintiff responds as
follows:

Plaintiff is unaware of anyone.

**INTERROGATORY NO. 5:**

5.     Identify all individuals known to you who may have knowledge concerning the
facts and circumstances surrounding or related to your claims against Defendants in this
lawsuit, and for each provide a description of that individual's relationship to you and a
description of the knowledge you contend each individual has.

**RESPONSE**:

Plaintiff objects to the Interrogatory to the extent it implies that issues related to

sugarcane burning raised in the TAC would not be known to the entire community.  Subject to

and without waiving this and her general objections, Plaintiff responds as follows:

My husband and daughter; my neighbor Mr. Roberto; and my sister in law Ruth Ann

George. I believe my neighbors and those who live and have lived in this community will have

knowledge of how the sugarcane burning affects their properties. I believe Steve Laporte has

knowledge of the Defendants' sugarcane burning practices and the effects of those practices.

**INTERROGATORY NO. 6:**

6.     Has anyone, including but not limited to any health care professional, told you that you are at a greater risk of lung cancer, because you reside in the Glades Agricultural Area? If so, identify the health care professional and identify the specific substances that you contend you were exposed to which increased your risk of lung cancer.

**RESPONSE**:

Plaintiff objects to this Interrogatory as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the Court.    Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product.  Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the Court.  Plaintiff also objects to the extent this seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and her general objections, Plaintiff responds as follows:

No.

**INTERROGATORY NO. 7:**

7.     Identify all instances wherein you underwent the specialized testing and examinations referenced in ¶ 240 of the TAC, and for each, identify the health care professional or facility that performed the testing, the date of the testing, the reason for the testing, the nature of the testing, and the results of any testing.

**RESPONSE**:

Plaintiff objects to this Interrogatory in that misstates the purpose and text of Paragraph 240 of the TAC and assumes facts not in evidence.  Paragraph 240 does not state that Plaintiff

8

has had specialized testing or that Plaintiff has lung cancer.  Paragraph 240 alleges that, as part

of a medical monitoring program, putative class members would require and benefit form

specialized testing for lung cancer.  Thus, this Interrogatory is asking a question that cannot be

answered.

**INTERROGATORY NO. 8:**

8.      If You have ever smoked tobacco or other products of any type, including but not
limited to marijuana or other drugs, state (a) the dates and/or time periods during which
you smoked and the frequency during each period (including packs per day for
cigarettes); (b) and the type of tobacco or other products you smoke or have smoked, and
the brand (if applicable).

**RESPONSE**:

Subject to and without waiving her general objections, Plaintiff responds as follows:

I smoked cigarettes off and on from about 2000 until about 2019.  I smoked about a pack

ever 1.5 weeks, sometimes less.

**INTERROGATORY NO. 9:**

9.      Identify any of Your immediate family members (parents, siblings, spouse,
children, grandparents, and grandchildren) who have had or currently have lung cancer,
and for each state (a) the name of the relative; (b) the date of diagnosis; (c) whether the
relative is living or deceased (and if so, date of death); (d) that relative's current or last
known residence; and (e) that relative's employment history.

**RESPONSE**:

Plaintiff objects to this Interrogatory as it requires Plaintiff and her representatives to

violate HIPAA by disclosing another person's protected health information without consent,

when those other persons are not named in or specifically referenced in the TAC.  Moreover,

Plaintiffs' Medical Monitoring claim discusses and alleges a link between the carcinogenic

byproducts of sugarcane burning and lung cancer and the benefit to the affected communities of

a medical monitoring protocol that will be the subject of expert report and opinion to be

disclosed at the appropriate and required time.  Furthermore, if Defendants are seeking data on

the prevalence of medical conditions in the affected communities, it is available from publicly

available sources without violating the privacy of unnamed parties.

**INTERROGATORY NO. 10:**

  10. Please state whether you were asked to participate in any studies regarding any
purported health effects on humans from preharvest sugarcane burning, as described in
the TAC; whether you agreed or declined to participate in any such studies; whether you
volunteered to participate in any such studies without being asked; whether you in fact
participated in any such studies; whether you received any materials in the mail, by
email, or otherwise about any such studies and whether you still have such materials in
your possession, custody, or control; the name, sponsor, protocol, date, and other
identifying information regarding any such studies in which you were asked to and/or did
in fact participate; and why you did or did not participate in any such studies.

**RESPONSE**:

  Subject to and without waiving her general objections, Plaintiff responds as follows:

  No.

**INTERROGATORY NO. 11:**

  11. State whether You or someone acting on Your behalf performed air monitoring or
testing in or around the Glades Agricultural Area (including on the property to which
You refer in ¶ 49 of the TAC). If air monitoring or testing was performed, describe (a)
the type of test or monitoring that was performed; (b) the substances that were tested for;
(c) the name, address, profession, and telephone number for each person who conducted
the test; (d) whether You performed any air monitoring or testing through any at-home air
monitoring system, including, but not limited to, a "Purple Air" device; (e) when the
testing or monitoring took place; (f) at whose request the testing or monitoring took
place, if applicable; (g) where the testing or monitoring took place; and (h) all reported
monitoring or testing results.

**RESPONSE**:

  Plaintiff objects to this Interrogatory as premature to the extent it seeks to discover

information that will be the subject of an expert report and/or class certification motion that will

be filed in accordance with the schedule set by the Court. Plaintiff further objects to this request

to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the

scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of

the Court, including the improper disclosure of consulting expert work product.  Such testimony

will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the

Court.  Plaintiff also objects to the extent this seeks documents protected by the attorney-client

privilege and work product doctrine.

Subject to and without waiving her general objections, Plaintiff responds as follows:

Plaintiff will disclose any sampling and testing done at Plaintiff's home, pursuant to a protocol

for exchanging such information to be agreed upon by the parties.


**INTERROGATORY NO. 12:**

12.      State whether any sampling or monitoring (including, but not limited to sampling
of air, groundwater, surface water, soil, dust, ash, wood, and paint) was performed at any
property you own. If sampling was performed, describe (a) the type of sampling that was
performed; (b) the substances that were tested for; (c) the name, address, profession, and
telephone number for each person who conducted the sampling; (d) when the sampling
took place; (e) at whose request the sampling took place; (f) where on the property the
sampling took place; (g) all reported sampling results; and (h) the address of the property
where the sampling or monitoring was performed.

**RESPONSE**:

Plaintiff objects to this Interrogatory as premature to the extent it seeks to discover

information that will be the subject of an expert report and/or class certification motion that will

be filed in accordance with the schedule set by the Court. Plaintiff further objects to this request

to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the

scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of

the Court, including the improper disclosure of consulting expert work product.  Such testimony

will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the

Court.  Plaintiff also objects to the extent this seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving her general objections, Plaintiff responds as follows: Plaintiff will disclose any sampling and testing done at Plaintiff's home, pursuant to a protocol for exchanging such information to be agreed upon by the parties.

Dated:  December 17, 2021                    **THE BERMAN LAW GROUP**

                                             By: */s/ Matthew T. Moore*
                                             Matthew T. Moore, Esq., Fla. Bar No. 70034

                                             Primary: service@thebermanlawgroup.com
                                             Secondary: mmoore@thebermanlawgroup.com
                                             Zachary West, Fla. Bar No. 71134
                                             Primary: service@thebermanlawgroup.com
                                             Secondary: zwest@thebermanlawgroup.com
                                             Joseph Schulz, Fla. Bar No. 660620
                                             Primary: service@thebermanlawgroup.com
                                             Secondary: jschulz@thebermanlawgroup.com
                                             P.O. Box 272789
                                             Boca Raton, FL 33427
                                             Telephone: (561) 826-5200
                                             Fax: (561) 826-5201

                                             Steve W. Berman (admitted *pro hac vice*)
                                             Ted Wojcik (admitted *pro hac vice*)
                                             HAGENS BERMAN SOBOL SHAPIRO LLP
                                             1301 Second Avenue, Suite 2000
                                             Seattle, WA 98101
                                             Tel:  (206) 623-7292
                                             Fax:  (206) 623-0594
                                             steve@hbsslaw.com
                                             tedw@hbsslaw.com

                                             *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing responses to

interrogatories was served via email upon all counsel or parties of record on the service list.

Dated:  December 17, 2021                    _/s/ Matthew Moore_____
                                              Matthew Moore, Esq.

**<u>SERVICE LIST</u>**

***Attorneys for Plaintiffs***
Matthew T. Moore, Esq.
Joseph C. Schultz, Esq.
Zachary West, Esq.
The Berman Law Group
PO Box 272789
Boca Raton, FL 33427
T: 561-826-5200
F: 561-826-5201
Primary Email:
service@thebermanlawgroup.com
Secondary Email:
mmoore@thebermanlawgroup.com;
jschulz@thebermanlawgroup.com;
zwest@thebermanlawgroup.com

Steve W. Berman, Esq.
Ted Wojcik, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLC
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel: (206) 623-7292
Fax: (206 623-0594
steve@hbsslaw.com
tedw@hbsslaw.com

***Attorneys for Defendant J &J Ag Products, Inc. Andrew S. Connell, Jr., Esq.***
Litchfield Cavo LLP
600 Corporate Drive, Suite 600
Ft. Lauderdale, FL 33334
T: 954-689-3000
F: 954-689-3001 Email:
Connell@litchfieldcavo.com
deatley@litchfieldcavo.com

***Attorneys for Defendant Sugar Cane Growers Cooperative of Florida***
Jennifer J. Kennedy, Esq.
Abbey, Adams, Byelick & Mueller, LLP
360 Central Avenue, 11th Floor
St. Petersburg, FL 33711
T: 727-821-2080
F: 727-822-3970
jkennedy@abbeyadams.com
ServiceJKennedy@AbbeyAdams.com

David J. Abbey, Esq.
Abbey, Adams, Byelick & Mueller, LLP
3201 US Highway 19 South, 9th Floor
St. Petersburg, FL 33711
T: 727-821-2080
Email: servicedabbey@abbeyadams.com
*Pro Hac Vice*


***Attorneys for Defendants United States Sugar Corporation, Sugarland Harvesting Co., and Independent Harvesting, Inc.***
Brian M. McPherson, Esq.
Gregor J. Schwinghammer, Jr., Esq.
Gunster, Yoakley & Stewart, PA
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
T: 561-655-1980
F: 561-655-5677
Primary Email: bmcpherson@gunster.com;
gschwinghammer@gunster.com;
Secondary Emails: eservice@gunster.com;
jhoppel@gunster.com


Mark R. Ter Molen, Esq.
Timothy S. Bishop, Esq.
Mayer Brown, LLP
71 South Wacker Drive
Chicago, IL 60606
Ter Molen – T: 312-701-7307
Bishop – T: 312-701-7829
Email: mtermolen@mayerbrown.com;
tbishop@mayerbrown.com
*Pro Hac Vice*


***Attorneys for Defendants Florida Crystals Corporation, Flo Sun Incorporated, American Sugar Refining, Inc., Okeelanta Corporation, and Osceola Farms***
Jennifer Ann McLoone, Esq.
Shook, Hardy & Bacon, LLP
201 South Biscayne Blvd., Suite 3200
Miami, FL 33131
T: 305-358-5171
F: 305-358-7470
Email: jmcloone@shb.com


David Brent Dwerlkotte, Esq.
Mark D. Anstoetter, Esq.
Shook, Hardy & Bacon, LLP

2555 Grand Boulevard
Kansas City, MO 64108
T: 816-474-6550
Email: dbdwerlkotte@shb.com;
manstoetter@shb.com
*Pro Hac Vice*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM ARMSTRONG, GLORIA ATKINS, JAMES BROOKS, CLOVER COFFIE, DEBRA JONES, SHANTE LEGRAND, DONALD MCLEAN, ROBERT REIMBOLD, ELIJAH SMITH, and LINDA WILCHER, each individually and on behalf of all others similarly situated; | No. 9:19-cv-80730-RS-MM  **PLAINTIFF, SHANTE LEGRAND'S OBJECTIONS AND RESPONSES TO DEFENDANT OKEELANTA CORP.'S FIRST SET OF INTERROGATORIES** |
| Plaintiffs, | |
| v. | |
| UNITED STATES SUGAR CORPORATION, a Delaware Corporation; SUGAR CANE GROWERS COOPERATIVE OF FLORIDA, a Florida not for profit corporation; FLORIDA CRYSTALS CORPORATION, a Delaware corporation; OKEELANTA CORPORATION, a Delaware corporation; OSCEOLA FARMS, a Florida corporation; SUGARLAND HARVESTING CO., a Florida not for profit corporation, TRUCANE SUGAR CORPORATION, a Florida corporation; INDEPENDENT HARVESTING, INC., a Florida corporation; and J & J AG PRODUCTS, INC., a Florida corporation, | |
| Defendants. | |

Plaintiff , Shante Legrand, ("Plaintiff") by and through undersigned counsel, hereby respond and object to Defendant Okeelanta Corporation's ("Defendant") First Set of Interrogatories.

## PRELIMINARY STATEMENT

The following Objections and Responses to the Interrogatories, which were propounded by Defendant, are made on the basis of information that is presently known and available to Plaintiff and Plaintiff's attorneys of record.  Plaintiff's discovery, investigation and preparation for trial are not yet complete and are continuing as of the date of these Objections and Responses.  For that reason, there may exist documents or information responsive to these Interrogatories which Plaintiff have not yet located, identified or reviewed, and the Objections and Responses to these Interrogatories, therefore, may be incomplete.  There is also a possibility that, upon further investigation, certain details set forth in these Objections and Responses may be altered or amended.  These Objections and Responses represent Plaintiff's reasonable efforts to provide the information requested based upon documents in Plaintiff's possession, custody or control, and based upon Plaintiff's current knowledge developed within the limited time available.  Plaintiff reserves the right to continue the discovery and investigation of facts, witnesses, and supplemental data that may reveal information which, if presently within Plaintiff's knowledge, would have been included in these Objections and Responses.  Plaintiff reserves the right to present additional information as may be disclosed through continuing discovery and investigation.

## GENERAL OBJECTIONS

1.      Plaintiff objects to these Interrogatories to the extent they seek to establish or imply a waiver of Plaintiff's rights to challenge the relevancy, materiality, or admissibility of the

information or documents provided by Plaintiff, or to object to the use of information or documents in any subsequent proceeding or trial. In responding to these Interrogatories, Plaintiff does not waive the right to challenge the relevancy, materiality, and/or admissibility of the information or documents provided by Plaintiff, or to object to the use of the information or documents in any subsequent proceeding or trial.

2.      Plaintiff objects to the Interrogatories to the extent they seek disclosure of information protected by the attorney-client privilege or which constitutes attorney work-product/trial preparation materials or any other privileged information.

3.      Plaintiff objects to the Interrogatories to the extent they seek to require responses or supplemental responses beyond the scope and/or requirements of the Federal Rules of Civil Procedure. Plaintiff will supplement Plaintiff's Objections and Responses, if necessary, in accordance with the requirements of those Rules, and Plaintiff reserve the right to do so as discovery progresses.

4.       Plaintiff objects to the Interrogatories to the extent they are overly broad, unduly burdensome, or seek information that is neither relevant to the claims or defenses of this case nor reasonably calculated to lead to the discovery of documents or information admissible under the Federal Rules of Evidence.

5.      Plaintiff objects to the Interrogatories to the extent they call for a legal conclusion or premature expert discovery.

6.      Plaintiff objects to these Interrogatories to the extent they seek or purport to seek information that already is known by Defendant, that is known to other individuals or entities, or that is in the public domain. To the extent Defendant is seeking information that is not in Plaintiff's possession, custody or control, information that is more readily available from other

sources, or information that already is known or produced to Defendant, Plaintiff objects to these Interrogatories as unduly burdensome and oppressive.

7.      Plaintiff objects to the Interrogatories to the extent they call for Plaintiff to provide information in the possession of persons other than Plaintiff and to the extent they call for Plaintiff to speculate upon whether and what information is in the possession of any person other than Plaintiff.

8.      Plaintiff objects to the Interrogatories to the extent they seek information contained in the pleadings in this action.

9.      Plaintiff objects generally to each Request to the extent it calls for information on "any" or "all" or "every" topic of a specified nature or type, when a limited amount of such information will suffice on the ground that such request is overly broad, unduly burdensome and oppressive.

10.     Plaintiff objects to the Interrogatories to the extent they are contention discovery requests.  Contention discovery requests have been held to be inappropriate at this stage of the proceeding.

11.     Plaintiff will make reasonable efforts to respond to each Request to the extent Plaintiff understands and interprets the Request and no objection is made.  If Defendant subsequently asserts any interpretation of a Request which differs from that of Plaintiff, then, Plaintiff reserves the right to supplement the Objections and Responses.

12.     Plaintiff does not waive any of Plaintiff's general or particular objections in the event documents are furnished which come within the scope of any objection. The General Objections set forth above, and the objections to specific Interrogatories set forth below, are made as to matters which are clearly objectionable from the face of the Interrogatories.  These objections are made without prejudice to, or waiver of, Plaintiff's right to

object on all appropriate grounds for the production of specific categories of documents or information, and Plaintiff reserves the right to object to the use of any responses herein in any subsequent proceeding, and reserves all objections which may be available to it at any trial or on any motion relating to the use or admissibility of any material produced.

## **<u>RESPONSES & SPECIFIC OBJECTIONS</u>**

**INTERROGATORY NO. 1:**

1.      Identify all Medical Conditions, injuries, illnesses, or disabilities you have been diagnosed with or that you believe that you have. For each condition, if a health care professional has diagnosed you with the condition, injury, illness or disability, identify the health care professional and provide the date of diagnosis.

**RESPONSE**:

Plaintiff objects to this Interrogatory as irrelevant, overly broad, and unduly burdensome to the extent it asks that Plaintiff identify "all Medical Conditions, injuries, illnesses or disabilities"; as currently drafted, this would stretch back for decades and would potentially encompass childhood illnesses, orthopedic injuries, and a host of other conditions that are unlikely to reflect any information regarding toxic exposure.

Subject to and without waiving these and her general objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and time period of this Request.

**INTERROGATORY NO. 2:**

2.      Identify each Healthcare Provider that You have seen (including any treatment, hospitalization, visit, consultation, etc.), including the name of the individual professional and the corresponding hospital, entity, practice, group, or affiliation. For each Healthcare Provider identified, provide a complete address; the date or date ranges You were seen; the purpose of the visit or treatment; and the injury or condition treated.

**RESPONSE**:

Plaintiff objects to this Interrogatory as irrelevant, overly broad, and unduly burdensome to the extent it seeks information from any Healthcare Provider for any treatment; as currently drafted, this would stretch back for decades and would potentially encompass childhood illnesses, orthopedic injuries, and a host of other conditions that are unlikely to reflect any information regarding toxic exposure.

Subject to and without waiving these and her general objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and time period of this Request.

**INTERROGATORY NO. 3:**

3.      Identify all individuals who reside in the Glades Agricultural Area, including but not limited to yourself, who you believe suffer from or have been diagnosed with lung cancer.

**RESPONSE**:

Plaintiff objects to this Interrogatory as it requires Plaintiff and her representatives to violate HIPAA by disclosing another person's protected health information without consent, when those other persons are not named in or specifically referenced in the TAC.  Moreover, Plaintiffs' Medical Monitoring claim discusses and alleges a link between the carcinogenic byproducts of sugarcane burning and lung cancer and the benefit to the affected communities of a medical monitoring protocol that will be the subject of expert report and opinion to be disclosed at the appropriate and required time.  Furthermore, if Defendants are seeking data on the prevalence of medical conditions in the affected communities, it is available from publicly available sources without violating the privacy of unnamed parties.

Subject to and without waiving these and her general objections, Plaintiff responds as follows:

Plaintiff intends to supplement her response.

**INTERROGATORY NO. 4:**

4. Has anyone, including but not limited to any health care professional, told you that you are at a greater risk of lung cancer, because you reside in the Glades Agricultural Area? If so, identify the health care professional and identify the specific substances that you contend you were exposed to which increased your risk of lung cancer.

**RESPONSE**:

Plaintiff objects to this Interrogatory as premature to the extent it seeks to discover

information that will be the subject of an expert report and/or class certification motion that will

be filed in accordance with the schedule set by the Court. Plaintiff further objects to this

request to the extent that it seeks to obtain discovery of opinion testimony prematurely and

outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and

orders of the Court, including the improper disclosure of consulting expert work product. Such

testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders

of the Court. Plaintiff also objects to the extent this seeks documents protected by the attorney-

client privilege and work product doctrine.

Subject to and without waiving these and her general objections, Plaintiff responds as

follows:

Plaintiff intends to supplement her response.

**INTERROGATORY NO. 5:**

5. Identify all instances wherein you underwent the specialized testing and examinations referenced in ¶ 240 of the TAC, and for each, identify the health care professional or facility that performed the testing, the date of the testing, the reason for the testing, the nature of the testing, and the results of any testing.

**RESPONSE**:

Plaintiff objects to this Interrogatory in that misstates the purpose and text of Paragraph

240 of the TAC and assumes facts not in evidence. Paragraph 240 does not state that Plaintiff

has had specialized testing or that Plaintiff has lung cancer.  Paragraph 240 alleges that, as part

of a medical monitoring program, putative class members would require and benefit form

specialized testing for lung cancer.  Thus, this Interrogatory is asking a question that cannot be

answered.

**INTERROGATORY NO. 6:**

6.      If You have ever smoked tobacco or other products of any type, including but not limited to marijuana or other drugs, state (a) the dates and/or time periods during which you smoked and the frequency during each period (including packs per day for cigarettes); (b) the type of tobacco or other products you smoke or have smoked, and the brand (if applicable).

**RESPONSE**:

Subject to and without waiving her general objections, Plaintiff responds as follows:

Plaintiff intends to supplement her response.

**INTERROGATORY NO. 7:**

7.      Identify any of Your immediate family members (parents, siblings, spouse, children, grandparents, and grandchildren) who have had or currently have lung cancer, and for each state (a) the name of the relative; (b) the date of diagnosis; (c) whether the relative is living or deceased (and if so, date of death); (d) that relative's current or last known residence; and (e) that relative's employment history.

**RESPONSE**:

Plaintiff objects to this Interrogatory as it requires Plaintiff and her representatives to

violate HIPAA by disclosing another person's protected health information without consent,

when those other persons are not named in or specifically referenced in the TAC.  Moreover,

Plaintiffs' Medical Monitoring claim discusses and alleges a link between the carcinogenic

byproducts of sugarcane burning and lung cancer and the benefit to the affected communities of

a medical monitoring protocol that will be the subject of expert report and opinion to be

disclosed at the appropriate and required time.  Furthermore, if Defendants are seeking data on

the prevalence of medical conditions in the affected communities, it is available from publicly

available sources without violating the privacy of unnamed parties.

**INTERROGATORY NO. 8:**

> 8.      Please state whether you were asked to participate in any studies regarding any purported health effects on humans from preharvest sugarcane burning, as described in the TAC; whether you agreed or declined to participate in any such studies; whether you volunteered to participate in any such studies without being asked; whether you in fact participated in any such studies; whether you received any materials in the mail, by email, or otherwise about any such studies and whether you still have such materials in your possession, custody, or control; the name, sponsor, protocol, date, and other identifying information regarding any such studies in which you were asked to and/or did in fact participate; and why you did or did not participate in any such studies.

**RESPONSE**:

> Subject to and without waiving her general objections, Plaintiff responds as follows:

> Plaintiff intends to supplement her response.

Dated:  December 17, 2021               **THE BERMAN LAW GROUP**


By: */s/ Matthew T. Moore*
Matthew T. Moore, Esq., Fla. Bar No. 70034

Primary: service@thebermanlawgroup.com
Secondary: mmoore@thebermanlawgroup.com
Zachary West, Fla. Bar No. 71134
Primary: service@thebermanlawgroup.com
Secondary: zwest@thebermanlawgroup.com
Joseph Schulz, Fla. Bar No. 660620
Primary: service@thebermanlawgroup.com
Secondary: jschulz@thebermanlawgroup.com
P.O. Box 272789
Boca Raton, FL 33427
Telephone: (561) 826-5200
Fax: (561) 826-5201

Steve W. Berman (admitted *pro hac vice*)
Ted Wojcik (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel:  (206) 623-7292
Fax:  (206) 623-0594
steve@hbsslaw.com
tedw@hbsslaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing responses to

interrogatories was served via email upon all counsel or parties of record on the service list.

Dated:  December 17, 2021                    */s/ Matthew Moore*

                                             Matthew Moore, Esq.

## SERVICE LIST

***Attorneys for Plaintiffs***
Matthew T. Moore, Esq.
Joseph C. Schultz, Esq.
Zachary West, Esq.
The Berman Law Group
PO Box 272789
Boca Raton, FL 33427
T: 561-826-5200
F: 561-826-5201
Primary Email:
service@thebermanlawgroup.com
Secondary Email:
mmoore@thebermanlawgroup.com;
jschulz@thebermanlawgroup.com;
zwest@thebermanlawgroup.com

Steve W. Berman, Esq.
Ted Wojcik, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLC
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel: (206) 623-7292
Fax: (206 623-0594
steve@hbsslaw.com
tedw@hbsslaw.com

***Attorneys for Defendant J &J Ag Products, Inc. Andrew S. Connell, Jr., Esq.***
Litchfield Cavo LLP
600 Corporate Drive, Suite 600
Ft. Lauderdale, FL 33334
T: 954-689-3000
F: 954-689-3001 Email:
Connell@litchfieldcavo.com
deatley@litchfieldcavo.com

***Attorneys for Defendant Sugar Cane Growers Cooperative of Florida***
Jennifer J. Kennedy, Esq.
Abbey, Adams, Byelick & Mueller, LLP
360 Central Avenue, 11th Floor
St. Petersburg, FL 33711
T: 727-821-2080
F: 727-822-3970
jkennedy@abbeyadams.com
ServiceJKennedy@AbbeyAdams.com

David J. Abbey, Esq.
Abbey, Adams, Byelick & Mueller, LLP
3201 US Highway 19 South, 9th Floor
St. Petersburg, FL 33711
T: 727-821-2080
Email: servicedabbey@abbeyadams.com
*Pro Hac Vice*

***Attorneys for Defendants United States Sugar Corporation, Sugarland Harvesting Co., and Independent Harvesting, Inc.***
Brian M. McPherson, Esq.
Gregor J. Schwinghammer, Jr., Esq.
Gunster, Yoakley & Stewart, PA
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
T: 561-655-1980
F: 561-655-5677
Primary Email: bmcpherson@gunster.com;
gschwinghammer@gunster.com;
Secondary Emails: eservice@gunster.com;
jhoppel@gunster.com

Mark R. Ter Molen, Esq.
Timothy S. Bishop, Esq.
Mayer Brown, LLP
71 South Wacker Drive
Chicago, IL 60606
Ter Molen – T: 312-701-7307
Bishop – T: 312-701-7829
Email: mtermolen@mayerbrown.com;
tbishop@mayerbrown.com
*Pro Hac Vice*

***Attorneys for Defendants Florida Crystals Corporation, Flo Sun Incorporated, American Sugar Refining, Inc., Okeelanta Corporation, and Osceola Farms***
Jennifer Ann McLoone, Esq.
Shook, Hardy & Bacon, LLP
201 South Biscayne Blvd., Suite 3200
Miami, FL 33131
T: 305-358-5171
F: 305-358-7470
Email: jmcloone@shb.com

David Brent Dwerlkotte, Esq.
Mark D. Anstoetter, Esq.
Shook, Hardy & Bacon, LLP

2555 Grand Boulevard
Kansas City, MO 64108
T: 816-474-6550
Email: dbdwerlkotte@shb.com;
manstoetter@shb.com
*Pro Hac Vice*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM ARMSTRONG, GLORIA ATKINS, JAMES BROOKS, CLOVER COFFIE, DEBRA JONES, SHANTE LEGRAND, DONALD MCLEAN, ROBERT REIMBOLD, ELIJAH SMITH, and LINDA WILCHER, each individually and on behalf of all others similarly situated; | No. 9:19-cv-80730-RS-MM **PLAINTIFF LINDA WILCHER'S OBJECTIONS AND RESPONSES TO DEFENDANT OKEELANTA CORP.'S FIRST SET OF INTERROGATORIES** |
| Plaintiffs, | |
| v. | |
| UNITED STATES SUGAR CORPORATION, a Delaware Corporation; SUGAR CANE GROWERS COOPERATIVE OF FLORIDA, a Florida not for profit corporation; FLORIDA CRYSTALS CORPORATION, a Delaware corporation; OKEELANTA CORPORATION, a Delaware corporation; OSCEOLA FARMS, a Florida corporation; SUGARLAND HARVESTING CO., a Florida not for profit corporation, TRUCANE SUGAR CORPORATION, a Florida corporation; INDEPENDENT HARVESTING, INC., a Florida corporation; and J & J AG PRODUCTS, INC., a Florida corporation, | |
| Defendants. | |

Plaintiff Linda Wilcher ("Plaintiff") by and through undersigned counsel, hereby respond and object to Defendant Okeelanta Corporation's ("Defendant") First Set of Interrogatories.

## PRELIMINARY STATEMENT

The following Objections and Responses to the Interrogatories, which were propounded by Defendant, are made on the basis of information that is presently known and available to Plaintiff and Plaintiff's attorneys of record.  Plaintiff's discovery, investigation and preparation for trial are not yet complete and are continuing as of the date of these Objections and Responses.  For that reason, there may exist documents or information responsive to these Interrogatories which Plaintiff have not yet located, identified or reviewed, and the Objections and Responses to these Interrogatories, therefore, may be incomplete.  There is also a possibility that, upon further investigation, certain details set forth in these Objections and Responses may be altered or amended.  These Objections and Responses represent Plaintiff's reasonable efforts to provide the information requested based upon documents in Plaintiff's possession, custody or control, and based upon Plaintiff's current knowledge developed within the limited time available.  Plaintiff reserves the right to continue the discovery and investigation of facts, witnesses, and supplemental data that may reveal information which, if presently within Plaintiff's knowledge, would have been included in these Objections and Responses.  Plaintiff reserves the right to present additional information as may be disclosed through continuing discovery and investigation.

## GENERAL OBJECTIONS

1.      Plaintiff objects to these Interrogatories to the extent they seek to establish or imply a waiver of Plaintiff's rights to challenge the relevancy, materiality, or admissibility of the information or documents provided by Plaintiff, or to object to the use of information or

documents in any subsequent proceeding or trial.  In responding to these Interrogatories, Plaintiff

does not waive the right to challenge the relevancy, materiality, and/or admissibility of the

information or documents provided by Plaintiff, or to object to the use of the information or

documents in any subsequent proceeding or trial.

      2.     Plaintiff objects to the Interrogatories to the extent they seek disclosure of

information protected by the attorney-client privilege or which constitutes attorney work-

product/trial preparation materials or any other privileged information.

      3.     Plaintiff objects to the Interrogatories to the extent they seek to require responses

or supplemental responses beyond the scope and/or requirements of the Federal Rules of Civil

Procedure.  Plaintiff will supplement Plaintiff's Objections and Responses, if necessary, in

accordance with the requirements of those Rules, and Plaintiff reserve the right to do so as

discovery progresses.

      4.     Plaintiff objects to the Interrogatories to the extent they are overly broad, unduly

burdensome, or seek information that is neither relevant to the claims or defenses of this case nor

reasonably calculated to lead to the discovery of documents or information admissible under the

Federal Rules of Evidence.

      5.     Plaintiff objects to the Interrogatories to the extent they call for a legal conclusion

or premature expert discovery.

      6.     Plaintiff objects to these Interrogatories to the extent they seek or purport to seek

information that already is known by Defendant, that is known to other individuals or entities, or

that is in the public domain.  To the extent Defendant is seeking information that is not in

Plaintiff's possession, custody or control, information that is more readily available from other

sources, or information that already is known or produced to Defendant, Plaintiff objects to these

Interrogatories as unduly burdensome and oppressive.

7.      Plaintiff objects to the Interrogatories to the extent they call for Plaintiff to provide information in the possession of persons other than Plaintiff and to the extent they call for Plaintiff to speculate upon whether and what information is in the possession of any person other than Plaintiff.

8.      Plaintiff objects to the Interrogatories to the extent they seek information contained in the pleadings in this action.

9.      Plaintiff objects generally to each Request to the extent it calls for information on "any" or "all" or "every" topic of a specified nature or type, when a limited amount of such information will suffice on the ground that such request is overly broad, unduly burdensome and oppressive.

10.      Plaintiff objects to the Interrogatories to the extent they are contention discovery requests.  Contention discovery requests have been held to be inappropriate at this stage of the proceeding.

11.      Plaintiff will make reasonable efforts to respond to each Request to the extent Plaintiff understands and interprets the Request and no objection is made.  If Defendant subsequently asserts any interpretation of a Request which differs from that of Plaintiff, then, Plaintiff reserves the right to supplement the Objections and Responses.

12.      Plaintiff does not waive any of Plaintiff's general or particular objections in the event documents are furnished which come within the scope of any objection. The General Objections set forth above, and the objections to specific Interrogatories set forth below, are made as to matters which are clearly objectionable from the face of the Interrogatories.  These objections are made without prejudice to, or waiver of, Plaintiff's right to object on all appropriate grounds for the production of specific categories of documents or information, and Plaintiff reserves the right to object to the use of any responses herein in any

subsequent proceeding, and reserves all objections which may be available to it at any trial or on any motion relating to the use or admissibility of any material produced.

## RESPONSES & SPECIFIC OBJECTIONS[1]

**INTERROGATORY NO. 1:**

1.      Describe Your employment history, including the name and address of each employer, the dates of employment, Your employment title, and the nature of Your employment.

**RESPONSE**:

Subject to and without waiving her general objections, Plaintiff responds as follows:

Ms. Wilcher is now deceased, and is joined in these in these Objections and Responses at this time to ensure no waiver of rights.

**INTERROGATORY NO. 2:**

2.      Identify all Medical Conditions, injuries, illnesses, or disabilities you have been diagnosed with or that you believe that you have. For each condition, if a health care professional has diagnosed you with the condition, injury, illness or disability, identify the health care professional and provide the date of diagnosis.

**RESPONSE**:

Plaintiff objects to this Interrogatory as irrelevant, overly broad, and unduly burdensome to the extent it asks that Plaintiff identify "all Medical Conditions, injuries, illnesses or disabilities"; as currently drafted, this would stretch back for decades and would potentially encompass childhood illnesses, orthopedic injuries, and a host of other conditions that are unlikely to reflect any information regarding toxic exposure.

---

[1] Undersigned has recently learned of the death of Ms. Wilcher. Ms. Wilcher joins in these Objections and Responses at this time to ensure no waiver of rights.

Subject to and without waiving these and her general objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and time period of this Request.

**INTERROGATORY NO. 3:**

3.     Identify each Healthcare Provider that You have seen (including any treatment, hospitalization, visit, consultation, etc.), including the name of the individual professional and the corresponding hospital, entity, practice, group, or affiliation. For each Healthcare Provider identified, provide a complete address; the date or date ranges You were seen; the purpose of the visit or treatment; and the injury or condition treated.

**RESPONSE**:

Plaintiff objects to this Interrogatory as irrelevant, overly broad, and unduly burdensome to the extent it seeks information from any Healthcare Provider for any treatment; as currently drafted, this would stretch back for decades and would potentially encompass childhood illnesses, orthopedic injuries, and a host of other conditions that are unlikely to reflect any information regarding toxic exposure.

Subject to and without waiving these and her general objections, Plaintiff is willing to meet and confer with Defendants to narrow the scope and time period of this Request.

**INTERROGATORY NO. 4:**

4.     Identify all individuals who reside in the Glades Agricultural Area, including but not limited to yourself, who you believe suffer from or have been diagnosed with lung cancer.

**RESPONSE**:

Plaintiff objects to this Interrogatory as it requires Plaintiff and her representatives to violate HIPAA by disclosing another person's protected health information without consent, when those other persons are not named in or specifically referenced in the TAC.  Moreover, Plaintiffs' Medical Monitoring claim discusses and alleges a link between the carcinogenic

byproducts of sugarcane burning and lung cancer and the benefit to the affected communities of

a medical monitoring protocol that will be the subject of expert report and opinion to be

disclosed at the appropriate and required time.  Furthermore, if Defendants are seeking data on

the prevalence of medical conditions in the affected communities, it is available from publicly

available sources without violating the privacy of unnamed parties.

Subject to and without waiving these and her general objections, Plaintiff responds as
follows:

Ms. Wilcher is now deceased, and is joined in these in these Objections and Responses at

this time to ensure no waiver of rights.

**INTERROGATORY NO. 5:**

5.      Identify all individuals known to you who may have knowledge concerning the
facts and circumstances surrounding or related to your claims against Defendants in this
lawsuit, and for each provide a description of that individual's relationship to you and a
description of the knowledge you contend each individual has.


**RESPONSE**:

Subject to and without waiving her general objections, Plaintiff responds as follows:

Ms. Wilcher is now deceased, and is joined in these in these Objections and Responses at

this time to ensure no waiver of rights.

**INTERROGATORY NO. 6:**

6.      Has anyone, including but not limited to any health care professional, told you
that you are at a greater risk of lung cancer, because you reside in the Glades Agricultural
Area? If so, identify the health care professional and identify the specific substances that
you contend you were exposed to which increased your risk of lung cancer.


**RESPONSE**:

Plaintiff objects to this Interrogatory as premature to the extent it seeks to discover

information that will be the subject of an expert report and/or class certification motion that will

be filed in accordance with the schedule set by the Court.    Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product.  Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the Court.  Plaintiff also objects to the extent this seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these and her general objections, Plaintiff responds as follows:

Ms. Wilcher is now deceased, and is joined in these in these Objections and Responses at this time to ensure no waiver of rights.

**INTERROGATORY NO. 7:**

7.    Identify all instances wherein you underwent the specialized testing and examinations referenced in ¶ 240 of the TAC, and for each, identify the health care professional or facility that performed the testing, the date of the testing, the reason for the testing, the nature of the testing, and the results of any testing.

**RESPONSE**:

Plaintiff objects to this Interrogatory in that misstates the purpose and text of Paragraph 240 of the TAC and assumes facts not in evidence.  Paragraph 240 does not state that Plaintiff has had specialized testing or that Plaintiff has lung cancer.  Paragraph 240 alleges that, as part of a medical monitoring program, putative class members would require and benefit form specialized testing for lung cancer.  Thus, this Interrogatory is asking a question that cannot be answered.

**INTERROGATORY NO. 8:**

8.      If You have ever smoked tobacco or other products of any type, including but not limited to marijuana or other drugs, state (a) the dates and/or time periods during which you smoked and the frequency during each period (including packs per day for cigarettes); (b) and the type of tobacco or other products you smoke or have smoked, and the brand (if applicable).

**RESPONSE**:

Subject to and without waiving her general objections, Plaintiff responds as follows:

Ms. Wilcher is now deceased, and is joined in these in these Objections and Responses at this time to ensure no waiver of rights.

**INTERROGATORY NO. 9:**

9.      Identify any of Your immediate family members (parents, siblings, spouse, children, grandparents, and grandchildren) who have had or currently have lung cancer, and for each state (a) the name of the relative; (b) the date of diagnosis; (c) whether the relative is living or deceased (and if so, date of death); (d) that relative's current or last known residence; and (e) that relative's employment history.

**RESPONSE**:

Plaintiff objects to this Interrogatory as it requires Plaintiff and her representatives to

violate HIPAA by disclosing another person's protected health information without consent,

when those other persons are not named in or specifically referenced in the TAC.  Moreover,

Plaintiffs' Medical Monitoring claim discusses and alleges a link between the carcinogenic

byproducts of sugarcane burning and lung cancer and the benefit to the affected communities of

a medical monitoring protocol that will be the subject of expert report and opinion to be

disclosed at the appropriate and required time.  Furthermore, if Defendants are seeking data on

the prevalence of medical conditions in the affected communities, it is available from publicly

available sources without violating the privacy of unnamed parties.

**INTERROGATORY NO. 10:**

10.     Please state whether you were asked to participate in any studies regarding any purported health effects on humans from preharvest sugarcane burning, as described in the TAC; whether you agreed or declined to participate in any such studies; whether you volunteered to participate in any such studies without being asked; whether you in fact participated in any such studies; whether you received any materials in the mail, by email, or otherwise about any such studies and whether you still have such materials in your possession, custody, or control; the name, sponsor, protocol, date, and other identifying information regarding any such studies in which you were asked to and/or did in fact participate; and why you did or did not participate in any such studies.

**RESPONSE**:

Subject to and without waiving her general objections, Plaintiff responds as follows:

Ms. Wilcher is now deceased, and is joined in these in these Objections and Responses at this time to ensure no waiver of rights.

**INTERROGATORY NO. 11:**

11.     State whether You or someone acting on Your behalf performed air monitoring or testing in or around the Glades Agricultural Area (including on the property to which You refer in ¶ 70 of the TAC). If air monitoring or testing was performed, describe (a) the type of test or monitoring that was performed; (b) the substances that were tested for; (c) the name, address, profession, and telephone number for each person who conducted the test; (d) whether You performed any air monitoring or testing through any at-home air monitoring system, including, but not limited to, a "Purple Air" device; (e) when the testing or monitoring took place; (f) at whose request the testing or monitoring took place, if applicable; (g) where the testing or monitoring took place; and (h) all reported monitoring or testing results.

**RESPONSE**:

Plaintiff objects to this Interrogatory as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the Court. Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product.  Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the

Court.  Plaintiff also objects to the extent this seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving her general objections, Plaintiff responds as follows: Plaintiff will disclose any sampling and testing done at Plaintiff's home, pursuant to a protocol for exchanging such information to be agreed upon by the parties.

**INTERROGATORY NO. 12:**

12.     State whether any sampling or monitoring (including, but not limited to sampling of air, groundwater, surface water, soil, dust, ash, wood, and paint) was performed at any property you own. If sampling was performed, describe (a) the type of sampling that was performed; (b) the substances that were tested for; (c) the name, address, profession, and telephone number for each person who conducted the sampling; (d) when the sampling took place; (e) at whose request the sampling took place; (f) where on the property the sampling took place; (g) all reported sampling results; and (h) the address of the property where the sampling or monitoring was performed.

**RESPONSE**:

Plaintiff objects to this Interrogatory as premature to the extent it seeks to discover information that will be the subject of an expert report and/or class certification motion that will be filed in accordance with the schedule set by the Court. Plaintiff further objects to this request to the extent that it seeks to obtain discovery of opinion testimony prematurely and outside the scope of expert discovery contemplated by the Federal Rules of Civil Procedure and orders of the Court, including the improper disclosure of consulting expert work product.  Such testimony will be disclosed in accordance with the Federal Rules of Civil Procedure and orders of the Court.  Plaintiff also objects to the extent this seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving her general objections, Plaintiff responds as follows:

Plaintiff will disclose any sampling and testing done at Plaintiff's home, pursuant to a protocol for exchanging such information to be agreed upon by the parties.

Dated:  December 17, 2021           **THE BERMAN LAW GROUP**

By: */s/ Matthew T. Moore*
Matthew T. Moore, Esq., Fla. Bar No. 70034

Primary: service@thebermanlawgroup.com
Secondary: mmoore@thebermanlawgroup.com
Zachary West, Fla. Bar No. 71134
Primary: service@thebermanlawgroup.com
Secondary: zwest@thebermanlawgroup.com
Joseph Schulz, Fla. Bar No. 660620
Primary: service@thebermanlawgroup.com
Secondary: jschulz@thebermanlawgroup.com
P.O. Box 272789
Boca Raton, FL 33427
Telephone: (561) 826-5200
Fax: (561) 826-5201

Steve W. Berman (admitted *pro hac vice*)
Ted Wojcik (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel:  (206) 623-7292
Fax:  (206) 623-0594
steve@hbsslaw.com
tedw@hbsslaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing responses to

interrogatories was served via email upon all counsel or parties of record on the service list.

Dated:  December 17, 2021                    _/s/ Matthew Moore_____
                                             Matthew Moore, Esq.

## **SERVICE LIST**

***Attorneys for Plaintiffs***
Matthew T. Moore, Esq.
Joseph C. Schultz, Esq.
Zachary West, Esq.
The Berman Law Group
PO Box 272789
Boca Raton, FL 33427
T: 561-826-5200
F: 561-826-5201
Primary Email:
service@thebermanlawgroup.com
Secondary Email:
mmoore@thebermanlawgroup.com;
jschulz@thebermanlawgroup.com;
zwest@thebermanlawgroup.com

Steve W. Berman, Esq.
Ted Wojcik, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLC
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel: (206) 623-7292
Fax: (206 623-0594
steve@hbsslaw.com
tedw@hbsslaw.com

***Attorneys for Defendant J &J Ag Products, Inc. Andrew S. Connell, Jr., Esq.***
Litchfield Cavo LLP
600 Corporate Drive, Suite 600
Ft. Lauderdale, FL 33334
T: 954-689-3000
F: 954-689-3001 Email:
Connell@litchfieldcavo.com
deatley@litchfieldcavo.com

***Attorneys for Defendant Sugar Cane Growers Cooperative of Florida***
Jennifer J. Kennedy, Esq.
Abbey, Adams, Byelick & Mueller, LLP
360 Central Avenue, 11th Floor
St. Petersburg, FL 33711
T: 727-821-2080
F: 727-822-3970
jkennedy@abbeyadams.com
ServiceJKennedy@AbbeyAdams.com

David J. Abbey, Esq.
Abbey, Adams, Byelick & Mueller, LLP
3201 US Highway 19 South, 9th Floor
St. Petersburg, FL 33711
T: 727-821-2080
Email: servicedabbey@abbeyadams.com
*Pro Hac Vice*

**Attorneys for Defendants United States Sugar Corporation, Sugarland Harvesting Co., and Independent Harvesting, Inc.**
Brian M. McPherson, Esq.
Gregor J. Schwinghammer, Jr., Esq.
Gunster, Yoakley & Stewart, PA
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
T: 561-655-1980
F: 561-655-5677
Primary Email: bmcpherson@gunster.com;
gschwinghammer@gunster.com;
Secondary Emails: eservice@gunster.com;
jhoppel@gunster.com

Mark R. Ter Molen, Esq.
Timothy S. Bishop, Esq.
Mayer Brown, LLP
71 South Wacker Drive
Chicago, IL 60606
Ter Molen – T: 312-701-7307
Bishop – T: 312-701-7829
Email: mtermolen@mayerbrown.com;
tbishop@mayerbrown.com
*Pro Hac Vice*

**Attorneys for Defendants Florida Crystals Corporation, Flo Sun Incorporated, American Sugar Refining, Inc., Okeelanta Corporation, and Osceola Farms**
Jennifer Ann McLoone, Esq.
Shook, Hardy & Bacon, LLP
201 South Biscayne Blvd., Suite 3200
Miami, FL 33131
T: 305-358-5171
F: 305-358-7470
Email: jmcloone@shb.com

David Brent Dwerlkotte, Esq.
Mark D. Anstoetter, Esq.
Shook, Hardy & Bacon, LLP

2555 Grand Boulevard
Kansas City, MO 64108
T: 816-474-6550
Email: dbdwerlkotte@shb.com;
manstoetter@shb.com
*Pro Hac Vice*